STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

Case No. 21-50466-btb

(Chapter 13)

JULIANA MAYER LOZA,

Debtor.

**DEBTOR'S MOTION FOR SANCTIONS AGAINST LEVERTY & ASSOCIATES LAW, CHTD. AND ALLIED FORECLOSURE SERVICES FOR WILLFUL VIOLATION OF THE §362(a) AUTOMATIC STAY AND TO DECLARE FORECLOSURE SALE VOID AB INITIO**

_____/

Hearing Date:
Hearing Time:
Est. Time:          30 minutes
Set by:             Judge Beesley per OST

JULIANA MAYER LOZA ("Debtor"), by and through her attorney, STEPHEN R.

HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, hereby files her DEBTOR'S MOTION

FOR SANCTIONS AGAINST LEVERTY & ASSOCIATES LAW, CHTD. AND ALLIED

FORECLOSURE SERVICES FOR WILLFUL VIOLATION OF THE § 362(a) AUTOMATIC

STAY AND TO DECLARE FORECLOSURE SALE VOID AB INITIO ("Motion"), and states

and alleges as follows:

## BACKGROUND

1.      The Debtor, her deceased husband, Ray Warren Exley, M.D., and their pension

plan, Athena Medical Group Defined Contribution Pension Plan and Trust Number Three

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1

1   ("Athena"), all have a long and tortured litigation history with Leverty & Associates Law Chtd.,

2   a Nevada corporation ("Leverty") and in particular one of its principals, Vernon E. Leverty, Esq.

3   ("Mr. Leverty"). As a result, there were, and are, several state and federal civil actions involving

4   Leverty and the Debtor in her capacity as Co-Trustee or Special Administrator.

5        2.     One such action in the United States District Court, District of Nevada, captioned

6   <u>Leverty & Associates Law Chtd., a Nevada corporation v. Ray Warren Exley, an individual</u>, Case

7   No. 3:17-00175-MMD-VPC, resulted in a Judgment in favor of Leverty and against Dr. Exley,

8   deceased, and Juliana Loza as Judgment Debtors, in the principal sum of $161,000 ("First

9   Judgment"). On March 12, 2021, the District Court entered a Writ of Execution in the amount of

10   $199,598.08, a copy of which is attached hereto as **Exhibit A**.

11        3.     In its attempt to collect on the First Judgment, Leverty filed a Complaint in the

12   Ninth Judicial District Court, Douglas County, Nevada, on March 23, 2021, against the Debtor,

13   Ray W. Exley, M.D. Nevada Family Trust, Juliana Mayer Loza as a Corporate Officer of Athena

14   Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust

15   Number Three, Juliana Mayer Loza as Special Administrator and Personal Representative of Ray

16   Exley Estate, and multiple other related entities (collectively the "Defaulted Defendants"), as

17   Case No. 2021-CV-00057 ("Complaint"). The Complaint sought the avoidance of several

18   purportedly fraudulent transfers of the real property located 429 Panorama Drive, Stateline, NV

19   89449, APN: 1318-25-111-017 ("Real Property"). The Debtor estimates the current market value

20   of the Real Property to be approximately $1.4 Million.

21        4.     Even though Leverty knew that the Defaulted Defendants were represented by

22   legal counsel, it did not provide their counsel with notice of intent to default and as a result, a

23   Judgment by Default was entered by the state court on May 25, 2021 ("Default Judgment"). A

24   copy of the Default Judgment is attached hereto as **Exhibit B**. The effect of the Default Judgment

25   was to avoid four transfers and revert title to the Real Property back to Ray Warren Exley, M.D,

26   deceased ("Dr. Exley's Estate").

27        5.     The Real Property was also encumbered by a Deed of Trust securing a Note in

28   favor of Rovert I. Novasel and Richard W. Schwarte, Co-Trustees of the Novasel & Schwarte

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

2

1    Investments, Inc. Profit Sharing Plan, in the approximate sum of $175,000. In connection thereto,

2    Allied Foreclosure Services recorded a Notice of Default and Election to Sell ("NOD") on April

3    20, 2020, and a Notice of Trustee's Sale on January 4, 2021. Copies of the recorded NOD and

4    Notice of Trustee's Sale are attached hereto as **Exhibit C**.

5          6.    Seeing an opportunity to control the Real Property and divest the Debtor of any

6    equity, Leverty purchased for $220,000.00 the Note and Deed of Trust sometime on or before

7    January 22, 2021, and recorded an Assignment of Deed of Trust on January 22, 2021. A copy of

8    the Assignment of Deed of Trust is attached hereto as **Exhibit D**. The trustee's foreclosure sale

9    was originally scheduled for January 27, 2021, at 1:00 p.m., but was continued so that a new sale

10   was ultimately scheduled for June 23, 2021, at 1:00 p.m.

11         7.    As stated previously, the Real Property has an estimated market value of $1.4

12   million and substantial equity above the Deed of Trust. And the Debtor has a beneficial and

13   equitable interest in the Real Property whether title to the Real Property is held in the Debtor's

14   name, in Dr. Exley's Estate, or in Athena because she is a special administrator, co-trustee, and

15   beneficiary.

16         8.    Thus, in order to preserve the equity in the Real Property, on June 22, 2021, at

17   3:03 p.m., an agent for Athena recorded a Quitclaim Deed in Douglas County, Nevada, as

18   Document No. 2021-969515, transferring any and all interest in the Real Property from Ray

19   Warren Exley, deceased, to The Athena Medical Group Defined Contribution Pension Plan and

20   Trust Number Three. Immediately thereafter, an agent for the Debtor recorded a Quitclaim Deed

21   in Douglas County, Nevada, as Document No. 2021-969516, transferring any and all interest in

22   the Real Property from Athena to the Debtor, Juliana Mayer Loza. Copies of the recorded

23   Quitclaim Deeds are attached hereto as **Exhibit E**.

24         9.    Debtor then filed her voluntary petition for Chapter 13 bankruptcy relief on June

25   22, 2021, at approximately 6:18 p.m. PDT (*See* DE 1). Thus, at the time of the Debtor's

26   bankruptcy filing, the Debtor held actual title to the Real Property. The Debtor, individually and

27   in her capacity as special administrator and co-trustee, also held beneficial and equitable interests

28   in any assets owned by Dr. Exley's Estate and Athena. The Real Property and any beneficial and

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

3

1  equitable interests were immediately protected by the provisions of the 11 U.S.C. § 362(a)

2  automatic stay.

3         10.     Shortly after filing the Debtor's Chapter 13 case, at approximately 6:18 p.m. on

4  June 22, 2021, undersigned counsel emailed a letter and Notice of Bankruptcy Filing to Mr.

5  Leverty and William Ginn, Esq. at the Leverty law firm, advising them of the bankruptcy filing

6  and automatic stay. Copies of the Quitclaim Deeds were also emailed to Mr. Leverty and Mr.

7  Ginn, showing that Debtor held title to the Real Property. Copies of the letter and emails are

8  attached hereto as **Exhibit F**. The same letter and Quitclaim Deeds were also emailed and faxed

9  to Allied Foreclosure Services ("Allied"). As evidenced by the email chains attached hereto as

10  Exhibit F, Mr. Ginn replied to undersigned counsel and was thus aware of the bankruptcy filing

11  and automatic stay.

12         11.     Notwithstanding actual notice of the Debtor's bankruptcy filing and automatic

13  stay, Leverty and Allied elected to proceed with the trustee's foreclosure sale on June 23, 2021,

14  at 1:00 p.m., at which time the Real Property was purportedly sold for approximately $976,000.00

15  to Kamma, LLC, attention Brett Nelson, Manager.

16         12.     Even up to the immediate time of the sale, Debtor's counsel advised Patrick

17  Leverty, Esq., through co-counsel Gene Kaufmann, Esq., that Leverty and Allied were violating

18  the automatic stay by proceeding with the foreclosure sale. But Leverty and its agents disregarded

19  the warning and proceeded with the sale anyway, although it purportedly advised all potential

20  bidders that the Debtor had filed bankruptcy and was alleging a violation of the bankruptcy stay.

21         13.     As a result of Leverty and Allied's blatant and willful violation of the 11 U.S.C. §

22  362(a) automatic stay, the Debtor had to file this Motion for sanctions and to set aside any

23  purported foreclosure sale.

24                           **LEGAL ARGUMENT**

25  A.  **Leverty and Allied willfully violated the automatic stay by proceeding with the**

26        **foreclosure sale of the Real Property despite their knowledge of the bankruptcy**.

27       Upon the filing of a bankruptcy case, § 362(a) imposes an automatic stay on all creditor

28  collection activities against the debtor. *See* 11 U.S.C. § 362(a). Section 362(a) provides in part:

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

"A petition filed under section 301, 302 or 303 . . . operates as a stay, applicable to all entities, of . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . ." The stay likewise applies to "any act to . . . enforce any lien against property of the estate." and "any act to  . . . enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before commencement of the case." 11 U.S.C. §§ 362(a)(4) and (5).

The purpose of the automatic stay is to give the debtor a breathing spell from his or her creditors, to stop all collection efforts, harassment, and foreclosure actions. *First Nat'l Bank of Anchorage and Alaska Title Guaranty Co. (In re Roach )*, 660 F.2d 1316, 1318 (9th Cir. 1981) (citations omitted). And "functionally the automatic stay is a combination of a temporary restraining order and a preliminary injunction." *In re Henry*, 266 B.R. 457 (Bankr. C.D. Cal. 2001). But importantly, the automatic stay differs from a temporary restraining order and a preliminary injunction in six ways: (1) it is automatic upon the filing of a bankruptcy petition and does not require a court order; (2) a debtor is not required to carry any burden of proof or provide any level of evidence to obtain it; (3) a creditor is not entitled to be heard, or even to be given notice, before it is imposed; (4) it requires no bond; (5) it is binding on all creditors, whether or not they have notice of it, and lack of notice is chiefly a defense to punitive damages. *Id.*

The Ninth Circuit has addressed the breadth of the automatic stay and applies it seriously, because the automatic stay plays a vital role in bankruptcy. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). The automatic stay is one of the fundamental protections provided by the Bankruptcy Code, and it is meant to give the debtor a breathing spell and to stop "all collection efforts, all harassment. and all foreclosure actions." *Id.*

The Ninth Circuit has also explained that courts will not reward those who violate the automatic stay. *Id.* at 572. Importantly, "[t]he Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay." *Id.* If a creditor believes it has cause to continue post-petition collection efforts, then it has the burden of obtaining relief from the automatic stay. *Id.* (citing *In re Williams*, 124 B.R. 311, 317–18 (Bankr. C.D. Cal. 1991)).

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

Here, the Quitclaim Deeds were recorded several hours before the Debtor's bankruptcy filing, thereby vesting all interest in the Real Property in the Debtor. And it is undisputed that Leverty and Allied were aware of the bankruptcy filing and willfully chose to violate the automatic stay with no explanation. After the foreclosure sale, Patrick Leverty, Esq., agent of Leverty, advised Debtor's co-counsel Gene Kaufmann, Esq. and in turn Debtor's counsel, that Leverty did not believe the automatic stay applied to the Real Property because the Quitclaim Deed from Athena to the Debtor was signed on June 21, 2021, but the Quitclaim Deed from Dr. Exley's Estate to Athena was not signed until the next day, on June 22, 2021. Thus, Leverty argued that when Athena transferred its interest to the Debtor, it did not hold any interest to transfer because Athena did not accept its interest in the Real Property until the next day when Dr. Exley's Estate signed the Quitclaim Deed transferring its interest to Athena. But this argument is unpersuasive because Leverty and Allied have no knowledge of the intent of the grantors and grantees in delivering and accepting the deeds. The signature dates do not correlate with delivery and acceptance of the deeds, both of which are required to make deeds effective. Moreover, for purposes of title record and notice to the world, the Quitclaim Deeds were recorded in the order that reflected the parties' intent, thus vesting final title in the Debtor.

Finally, NRS 111.160 provides that after-acquired title passes to a grantee. Specifically, "[i]f any person shall convey any real property, by conveyance purporting to convey the same in fee simple absolute, and shall not at the time of such conveyance have the legal estate in such real property but shall afterward acquire the same, the legal estate subsequently acquired shall immediately pass to the grantee, and such conveyance shall be valid as if such legal estate had been in the grantor at the time of the conveyance." NRS 111.160. Thus, even assuming for argument sake that Leverty was correct that the Quitclaim Deeds were delivered and accepted by the grantors and grantees out of order, the conveyances are still valid under NRS 111.160.

Moreover, even if the Debtor did not hold actual title in the Real Property, she had an equitable and beneficial interest in the Real Property individually as a beneficiary, and in her capacity as special administrator and co-trustee of Dr. Exley's Estate and the Athena trust. And Leverty is well aware of the Debtor's multiple roles because it has sued her in all of those

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

6

1   capacities.

2       Regardless of any purported argument concocted by Leverty about the signature dates of

3   the Quitclaim Deeds, the point is that it was not up to Leverty and Allied to unilaterally adjudicate

4   any dispute and willfully violate the automatic stay. If they had a colorable argument about

5   whether or not the automatic stay protected the Real Property, the Bankruptcy Code places the

6   burden on them to seek guidance or permission from this Court first. But apparently Leverty and

7   Allied believe they are above the law and that their legal theories preempt both the Bankruptcy

8   Code and this Court's authority.

9      **B. Because Leverty and Allied willfully violated the automatic stay, the Court is**

10         **required to award the Debtor her actual damages.**

11      A willful violation of the automatic stay results in a mandatory imposition of actual

12   damages, costs, and attorney's fees under 11 U.S.C. § 362(k)(1). *In re Ramirez*, 183 B.R. 583,

13   589 (B.A.P. 9th Cir. 1995). 11 U.S.C. §362(k) provides that an individual injured by any willful

14   violation of the automatic stay "<u>shall</u> recover actual damages, including costs and attorneys' fees,

15   and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k) (emphasis

16   added). Section 362(k) requires a two-prong inquiry: First, the Bankruptcy Court must determine

17   that the individual seeking the award was indeed injured by the violation of the automatic stay.

18   Second, the court must determine that the violation was willful.

19      The Ninth Circuit has explained that "[b]y limited the availability of actual damages under

20   §362(k) to individuals, Congress signaled its special interest in redressing harms that are unique

21   to human beings. *In re Dawson*, 390 F.3d 1139, 1148 (9th Cir. 2004). One such harm is emotional

22   distress, which can be suffered by individuals but not by organizations." *Id.* at 1146. Proof of

23   pecuniary loss is not required for an award of emotional distress damages. *Id.* at 1149. To recover

24   damages for emotional distress under § 362(k), an individual must either: (1) suffer significant

25   harm; (2) clearly establish the significant harm; or (3) demonstrate a causal connection between

26   that significant harm and the violation of the automatic stay. *Id.* Emotional harm may be proved

27   by: (1) medical evidence; (2) non-experts, such as family members, friends, or coworkers; or (3)

28   even without corroborative evidence where significant emotional distress is readily apparent. *Id.*

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

7

The last category includes cases where the violator's conduct is "egregious," or where the conduct is not egregious but the circumstances make it obvious that a reasonable person would suffer significant emotional harm. *Id. See In re Shwartz-Tallard*, 438 B.R. 313, 321–22 (D. Nev. 2010), *affirmed* 803 F.3d 1095 (9th Cir. 2015) (en banc); *In re Martinez*, 561 B.R. 132 (Bankr. Nev. 2016).

In *Schwartz-Tallard*, Chief Judge Gloria M. Navarro of the U.S. District Court for the District of Nevada affirmed Judge Linda B. Riegle's award of $80,000 in damages for a willful violation of the automatic stay. *Schwartz-Tallard*, 438 B.R. at 316. That case also involved the post-petition taking of real property through a foreclosure sale. *Id.* Judge Navarro affirmed Judge Riegel's award of $40,000 in emotional distress damages, $20,000 in attorney's fees, and $20,000 in punitive damages. *Id.* With regard to the emotional distress damages, Judge Navarro explained that any reasonable person that has their home wrongfully taken from them "would suffer significant emotional distress . . . ." *Id.* at 322.

This case presents the same significant emotional distress encountered by Judge Navarro. The Debtor expended significant time and effort precisely to save her family home and it was wrongly taken from her at a time when she thought it was protected by the Bankruptcy Code. As any reasonable person would, Debtor suffered significant emotional distress, especially because she has been mercilessly targeted by Leverty's heavy-handed litigation tactics for several years. Indeed, the Debtor has tried to pay Leverty's First Judgment a few times by refinancing or selling the Real Property. For malicious reasons, Leverty has thwarted each attempt by recording frivolous pleadings and *lis pendens* against the Real Property to cloud its title, or by initiating new lawsuits—all in Mr. Leverty's quest to extend his personal vendetta against the Debtor. Indeed, the First Judgment is against the Debtor as well as Dr. Exley, so transferring the Real Property from his estate to her does not in any way evade payment of the First Judgment by dissipating executable assets. But Leverty is determined not only to collect payment of its judgment, but also to deprive the Debtor of any surplus equity. All of this has substantially compounded the emotional distress suffered by the Debtor upon finding out that Leverty and Allied would proceed with the Real Property's foreclosure sale despite her bankruptcy filing.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

8

In addition to emotional distress damages, the Debtor has also incurred attorneys' fees and costs in responding to Leverty and Allied's willful violation of the stay. These are actual damages which the Court must award, but the exact amount will not be known until this Motion is adjudicated.

Having established that Debtor has suffered actual damages because of Leverty and Allied's actions, the Court must decide if their violation of the stay was willful. It undoubtedly was. "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather the statute provides for damages upon a finding that the creditor knew of the automatic stay and that the creditors' actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded." *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989).

Here, it is undisputed that Leverty and Allied knew of the automatic stay. Their actions in conducting the foreclosure sale were also flagrant and intentional. Thus, it does not matter whether they had novel legal theories about why the Real Property was not really vested in the Debtor despite the recorded Quitclaim Deeds. Any questions about the applicability of the automatic stay should have been brought to this Court first—Leverty and Allied are not entitled to act as judge, jury, and executioner; they willfully violated the automatic stay.

In summary, under the circumstances presented here, the Court should award $50,000 to the Debtor for emotional distress damages, in addition to the Debtor's actual attorneys' fees and costs in an amount to be determined, jointly and severally against Leverty and Allied.

**C. This Court should also award Debtor punitive damages.**

As noted above, 11 U.S.C. § 362(k) empowers this Court to award punitive damages for a violation of the automatic stay. "Generally speaking, there are two underlying purposes for punitive damages awards: to punish outrageous conduct and to deter future similar conduct." *In re Orian*, 2018 Bankr. LEXIS 3734, 37 (B.A.P. 9th Cir. 2018). In *Snowden*, the Ninth Circuit found that a "reckless or callous disregard for the law," supports an award of punitive damages. *Snowden*, 769 F.3d 651, 657 (9th Cir. 2014), quoting *In re Bloom*, 785 F.2d 224, 228 (9th Cir. 1989). While there is no fixed ratio or formula for determining the proper proportion, a court

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

9

1  should generally consider (1) the nature of the stay violator's acts; (2) the amount of compensatory

2  damages awarded; and (3) the wealth of the stay violator. *Prof'l Seminar Consultants, Inc. v. Sino*

3  *Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1473 (9th Cir. 1984).

4      In this case, Leverty and Allied have most certainly acted recklessly and in callous

5  disregard for the law. First, they conducted the foreclosure sale with full knowledge that this

6  bankruptcy case was pending. Second, they are sophisticated legal experts well-versed in the law

7  and the consequences of violating the bankruptcy stay. Indeed, Leverty and Allied believe they

8  are so well-versed in the law that they decided they were entitled to unilaterally conclude that the

9  bankruptcy stay did not protect the Real Property even though title was clearly held in the

10 Debtor's name based on the public record. Very rarely do creditors show such blatant disregard

11 for the Bankruptcy Code and this Court's authority. Therefore, punitive damages are warranted.

12     The gravity of Leverty and Allied's actions warrants an award of punitive damages in the

13 amount of $50,000. Such a damage is at a one-to-one ratio to the emotional distress damages

14 requested by the Debtor. Debtor is informed and believes that Leverty and Allied are sufficiently

15 wealthy to be able to easily pay such punitive damages. In fact, Leverty purchased the Note and

16 Deed of Trust against the Real Property earlier this year just to be able to exercise more control

17 over the Debtor, so Leverty obviously has sufficient funds to pay such punitive damages. In this

18 regard, the Debtor believes that anything less than $50,000 may not be sufficient to deter similar

19 future conduct by Leverty and Allied.

20     Debtor thus asks this Court to award her punitive damages of $50,000 or more, jointly and

21 severally against Leverty and Allied.

22     **D.  The foreclosure sale is void ab initio because it was conducted in violation of the**

23         **automatic stay.**

24     The final issue is that the Debtor seeks an order determining that the Real Property

25 foreclosure sale conducted on June 23, 2021, by Leverty and Allied is void *ab initio*. The Ninth

26 Circuit has clearly stated that acts done in violation of the automatic stay are void, rather than

27 voidable, because merely voidable acts "would have the effect of encouraging disrespect for the

28 stay by increasing the possibility that violators of the automatic stay may profit from their

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

10

1  disregard for the law, provided it goes undiscovered for a sufficient period of time." *Schwartz*,

2  954 F.2d a6 569. Indeed, Leverty and Allied displayed outrageous disrespect for the automatic

3  stay by unilaterally deciding they were above the law.

4       In conclusion, the Debtor is not required to take any special action to avoid the effect of

5  the foreclosure sale. This Court can enter its order determining that the foreclosure sale was

6  conducted in violation of the automatic stay and is thus void *ab initio*.

7                          **CONCLUSION**

8       Based on the foregoing, the Debtor respectfully requests that this Court enter its Order:

9  (1) Compelling Leverty and Allied to cancel any trustee deeds issued at the Real Property

10 foreclosure sale; (2) finding that the Real Property foreclosure sale was conducted in violation of

11 the 11 U.S.C. § 362(a) automatic stay and is void and of no effect; (3) finding that Leverty and

12 Allied knowingly and willfully violated  the automatic stay; (4) awarding Debtor emotional

13 distress damages in the amount of $50,000; (5) awarding Debtor punitive damages in the amount

14 of $50,000, or more; (6) awarding Debtor her actual attorneys' fees and costs incurred in

15 recovering her Real Property, estimated at $10,000.00, to be determined after this Motion is fully

16 adjudicated; and (7) for such other relief as this Court deems to be appropriate or necessary.

17       DATED this 24th day of June 2021.

18                          STEPHEN R. HARRIS, ESQ.
                            HARRIS LAW PRACTICE LLC
19                          */s/ Stephen R. Harris*

20                          _____

21                          Attorney for Debtor

22

23

24

25

26

27

28

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

DOUGLAS COUNTY, NV **2021-965113**
Rec:$40.00
Total:$40.00 **04/08/2021 11:03 AM**
LEVERTY & ASSOCIATES LAW Pgs=4

0013229120210965113004049

KAREN ELLISON, RECORDER

( for Recorder's use only )

APN# 1318-25-111-017

**Recording Requested by:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

**When Recorded Mail to:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

Writ of Execution
**( Title of Document )**

**Please complete Affirmation Statement below:**

☒ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:_____
(State specific law)

_____          _____
**Signature**                                                                    **Title**

Jess Rinehart
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.          (Additional recording fee applies)

MAR 18 2021

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

1
2
3  LEVERTY & ASSOCIATES LAW CHTD., a    )
   Nevada Corporation,                  )
4                                       )
                      Plaintiff,        )
5  v.                                   )
                                        )
6  RAY WARREN EXLEY, an individual; DOES )   Case No. 3:17-00175-MMD-VPC
   I-XXX; and ABC CORPORATIONS A-Z;     )
7  inclusive,                           )
                                        )
8                     Defendants        )
   RAY WARREN EXLEY, an individual;     )
9                                       )
                      Counter-Plaintiff )
10                                      )
   v                                    )
11                                      )
   LEVERTY & ASSOCIATES LAW CHTD., a    )
12 Nevada Corporation,DOES I-XXX; and ABC )
   CORPORATIONS A-Z inclusive,          )
13                                      )
                      Counter-Defendants )
14 _____

15                      **WRIT OF EXECUTION**

16 TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF NEVADA:

17         On February 25, 2019, a Judgment was entered in the docket of the above-entitled Court

18 and action, in favor of Leverty & Associates Law Chtd. as Judgment Creditor and against Ray

19 Warren Exley, deceased[1] and Juliana Loza as Judgment Debtors, for $161,000 principal, making

20 a total of $161,000 JUDGMENT AS ENTERED.

21         WHEREAS, according to an affidavit and request for issuance of writ of execution filed

22 herein, it appears that further sums have accrued since the entry of judgment, to wit:

23         $38,598.08 accrued interest.

24         Credit must be given for payments and partial satisfaction in the amount of zero dollars

25 and no cents ($0.00), leaving a net balance of $ _____$199,598.08_____ ACTUALLY DUE on the

26 _____

27         [1] Juliana Loza is the personal representative to the Estate of Ray Warren Exley.  (ECF

28 177).

                                        1

1   date of the issuance of this writ, of which $161,000 is due on the Judgment as entered, and bears

2   interest pursuant to the Court's February 25, 2019, Judgment (ECF 145) as follows:

3         Interest has been accruing at the legal rate set forth in NRS § 17.130(2), commencing on

4   July 27, 2017.  The ACCRUED interest since July 27, 2017, was computed at the following rates

5   pursuant to the Court's February 25, 2019, Judgment:

6         a.    July 27, 2017 through December 31, 2017 - 6.25%

7         b.    January 1, 2018 through June 30, 2018 - 6.5%

8         c.    July 1, 2018 through December 31, 2018 - 7.00%

9         d.    January 1, 2019 through June 30, 2019 - 7.50%

10        e.    July 1, 2019 through December 31, 2019 - 7.50%

11        f.    January 1, 2020 through June 30, 2019 - 6.75%

12        g.    July 1, 2020 through December 31, 2020 - 5.25%

13        h.    January 1, 2021 through March 11, 2021 - $5.25%

14        The $161,000 due on the Judgment as entered, bears interest at 5.25% in the amount of

15  $23.16 PER DAY from the date of the Affidavit and Request for Issuance of Writ of Execution

16  to the date of issuance of this writ, to which must be added the accrued costs and fees and the

17  commissions and costs of the officer executing this writ.

18        Notice by mail of any sale of property under this writ of execution has been requested.

19  The following named persons have requested such notice of sale:

20      Vernon E. Leverty, Esq.
        William R. Ginn, Esq,

21      Leverty & Associates Law Chtd.
        832 Willow St.

22      Reno, NV 89502
        (775) 3226636

23

24        YOU ARE THEREFOR COMMANDED to satisfy said Judgment with interest and costs
    as provided by law and your costs and disbursements out of the personal property of said

25  debtors, except that for any pay period, 75 percent of the disposable earnings of the debtor
    during this period or for each week of the period 30 times the minimum hour wage prescribed by

26  section 6(a)(1) of the Federal Labor Standards Act of 1938 [29 U.S.C. Sec. 206(a)(1)], and in the
    effect at the time the earnings are payable, whichever is greater, is exempt from any levy of

27  execution pursuant to this writ, and if sufficient personal property cannot not found, then out of
    the debtors real property, or if the Judgment be a lien upon real property, then out of the real

28                             2

property belonging to such debtors, and make return of this writ not less than (10) days nor more than sixty (60) days after your receipt thereof with what you have done endorsed hereon.

Judgment Creditor/Plaintiff will identify to the U.S. Marshall or his representatives assets that are to be seized to satisfy the judgment and order. Said assets include real property of said debtors, including Douglas County Assessor Parcel Number 1318-25-111-017, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449.

YOU ARE FURTHER COMMANDED if necessary, to turn over any property seized under this order to a third party custodian or to the plaintiff. The U.S. Marshall or his representative is authorized to use reasonable force in the execution of this Judgment/Order and the Judgment Creditor/Plaintiff will hold the U.S. Marshall Services harmless of any liability that may be imposed as a result of the execution of the Judgment.



CLERK OF COURT

Date: ___March 12, 2021___

Signature of Clerk or Deputy Clerk

I hereby attest and certify on 3-17-2021
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By Samantha C _____ Deputy Clerk

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

DOUGLAS COUNTY, NV **2021-968971**
Rec:$40.00
Total:$40.00         **06/11/2021 01:12 PM**
LEVERTY & ASSOCIATES LAW         Pgs=11

0013655520210968971011 0115

KAREN ELLISON, RECORDER         E03

APN# 1318-25-111-017

**Recording Requested by:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

**When Recorded Mail to:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

JUDGMENT BY DEFAULT
**( Title of Document )**

**Please complete Affirmation Statement below:**

☒ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

**-OR-**

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law: _____
    (State specific law)

_____        _____
**Signature**                **Title**

Jess Rinehart
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.        (Additional recording fee applies)

RECEIVED

MAY 2 4 2021

Douglas County
District Court Clerk

F I L E D

2021 ... 25  AM 8: 58

... WILLIAMS
CLERK
...DEPUTY

Case No.: 2021-CV-00057

Dept No.: 1

This document does not contain personal information of any person

IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

LEVERTY & ASSOCIATES LAW CHTD.,

Plaintiff.

v.

Athena Medical Group Defined Contribution
Pension Plan and Trust Number Three; et al.

Defendants.

## JUDGMENT BY DEFAULT

Judgment by Default against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada

Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee

of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings

individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical

Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena

Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group

Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined

Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust

Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada

non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray

Exley Estate.

JUDGMENT BY DEFAULT

This matter came before the Court on Plaintiff Leverty & Associates Law Chtd.'s Application for Judgment by Default.  The Court, having review the file, the pleadings therein, the argument of counsel, and the evidence presented, **THE COURT HEREBY FINDS:**

1.    On March 23, 2021, Leverty & Associates Law Chtd. ("Leverty") filed a Complaint against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate.  (Hereinafter Collectively "Defaulted Defendants").

2.    On March 31, 2021, Defendant Juliana Mayer Loza was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

3.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza, and no further time has been requested or granted.

4.    On March 31, 2021, Defendant Ray W. Exley M.D. Nevada Family Trust was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

5. On April 23, 2021, the Clerk of the Court entered Default against Defendant Ray W. Exley M.D. Nevada Family Trust, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ray W. Exley M.D. Nevada Family Trust, and no answer or other appearance had been filed by Defendant Ray W. Exley M.D. Nevada Family Trust, and no further time has been requested or granted.

6. On March 31, 2021, Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

7. On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

8. On March 31, 2021, Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

9. On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the

date of service, had expired since service upon Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

10.    On March 31, 2021, Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

11.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

12.    On March 31, 2021, Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

13.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

14.    On March 31, 2021, Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

15.    On April 23, 2021, the Clerk of the Court entered Default against Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no further time has been requested or granted.

16.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

17.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

18.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

JUDGMENT BY DEFAULT

19.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

20.    On April 9, 2021, Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

21.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no answer or other appearance had been filed by Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no further time has been requested or granted.

22.    On April 9, 2021, Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

23.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, and no answer or other

appearance had been filed by Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate.

24.     On or about May 21, 2021, Plaintiff Leverty & Associates Law Chtd. filed an Application for Judgment by Default against the Default Defendants which was dated Mary 21, 2021.

25.     The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about May 12, 2017, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from Ray Warren Exley, M.D. to Ray Warren Exley, as Trustee of the Ray Warren Exley, M.D. Nevada Family Trust. ("First Fraudulent Transfer").

26.     The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about February 23, 2018, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from the Ray Warren Exley, M.D. Nevada Family Trust to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Second Fraudulent Transfer").

27.     The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about January 22, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred

pursuant to a "Quit Claim Deed" from Athena Medical Group Defined Contribution Pension Plan and Trust Number Three to Juliana Mayer Loza. ("Third Fraudulent Transfer").

28.     The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about March 30, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quit Claim Deed" from to Juliana Mayer Loza to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Fourth Fraudulent Transfer").

29.     Pursuant to Nevada law, and the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), the First Fraudulent Transfer, Second Fraudulent Transfer, Third Fraudulent Transfer and Fourth Fraudulent Transfer, are all void.

**IT IS HEREBY ORDERED:**

1.     The May 12, 2017, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2017-898535, is hereby void.

2.     The February 23, 2018, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2018-910723, is hereby void.

3.     The January 22, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-960445, is hereby void.

4.     The March 30, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-964432, is hereby void.

5.     Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, hereby reverts back and is to be titled in the name of Ray Warren Exley, M.D.

6.    Upon any foreclosure on Douglas County Assessor Parcel No. 1318-25-111-017, after payment of monies to the foreclosing party/lender, the trustee or agent for the foreclosing party shall deposit all remaining monies with the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas so that such funds may be safeguarded and deposited in a a blocked financial account until such time they can be properly allocated or disbursed.

DATED this 25 day of May , 2021

_____
DISTRICT COURT JUDGE

CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original in file and of record in my office.
DATE 6-11-21
BOBBIE R. WILLIAMS, Clerk of Court of the State of Nevada, in and for the County of Douglas,
By _____ Deputy

JUDGMENT BY DEFAULT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

A. P. No. 1318-25-111-017
Foreclosure No. 18034

DOUGLAS COUNTY, NV
Rec:$40.00
$40.00        Pgs=4
FIRST CENTENNIAL - RENO (MAIN OFFICE)
KAREN ELLISON, RECORDER
**2021-959310**
**01/04/2021 09:15 AM**

When recorded mail to:
Allied Foreclosure Services
190 W. Huffaker Lane, #408
Reno, NV  89511

**AFFIRMATION PURSUANT TO
NRS 111.312(1)(2) AND 239B.030(4)**

*Pursuant to NRS 239B.030, the undersigned, hereby
affirm(s) that the below document, including any exhibits,
hereby submitted for recording does not contain the social
security number of any person or persons.*

NOTICE OF TRUSTEE'S SALE

WHEREAS, ROBERT I. NOVASEL and RICHARD W. SCHWARTE, Co-
Trustees of the NOVASEL & SCHWARTE INVESTMENTS, INC. PROFIT
SHARING PLAN, are the owners and holders of that certain
obligation evidenced by a Promissory Note dated May 23,
2017, and secured by that certain real property as evidenced
by a Deed of Trust executed by RAY WARREN EXLEY, Trustee of
the RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST, Trustor, to
FIRST AMERICAN TITLE INSURANCE CORPORATION, Trustee for
ROBERT I. NOVASEL and RICHARD W. SCHWARTE, Co-Trustees of
the NOVASEL & SCHWARTE INVESTMENTS, INC. PROFIT SHARING
PLAN, Beneficiary, which Deed of Trust was dated May 23,
2017, and recorded June 5, 2017, as Document No. 2017-
899576, Official Records, Douglas County, Nevada; and

WHEREAS, AUTOMATIC FUNDS TRANSFER SERVICES, INC., a
Washington corporation, dba ALLIED TRUSTEE SERVICES, was
substituted as Trustee under said Deed of Trust in the place
and stead of FIRST AMERICAN INSURANCE CORPORATION, by
document recorded April 2, 2020, as Document No. 2020-
944257, Official Records, Douglas County, Nevada; and

WHEREAS, default has been made by said Trustor in the
payment of the debt evidenced by the Promissory Note for
which said Deed of Trust is security, and the said ROBERT I.

LAW OFFICES OF JUDITH A. OTTO, LTD. ♦ 3748 LAKESIDE DRIVE, SUITE 102 ♦ RENO, NEVADA 89509

NOVASEL and RICHARD W. SCHWARTE, Co-Trustees of the NOVASEL & SCHWARTE INVESTMENTS, INC. PROFIT SHARING PLAN did cause Notice of Default and Election To Sell under said Deed of Trust to be recorded on September 24, 2020, as Document No. 2020-953294, Official Records, Douglas County, Nevada; and

WHEREAS, ROBERT I. NOVASEL and RICHARD W. SCHWARTE, Co-Trustees of the NOVASEL & SCHWARTE INVESTMENTS, INC. PROFIT SHARING PLAN have made demand upon said Trustee that said Trustee proceed to sell the land and premises described in said Deed of Trust;

NOW, THEREFORE, pursuant to said demand, and in accordance with the terms and under the authority of said Deed of Trust, said AUTOMATIC FUNDS TRANSFER SERVICES, dba ALLIED TRUSTEE SERVICES, as such Trustee, does hereby give notice that on the 27th day of January, 2021, at the hour of 1:00 o'clock **P.M.** on said day, at the front entrance to the Douglas County Courthouse located at 1038 Buckeye Road, in Minden, Nevada, said Trustee will sell at public auction to the highest bidder, for current lawful money of the United States of America, all that certain real property situate in the County of Douglas, State of Nevada, that is described as follows:

That portion of Lots 13 & 14, of Kingsbury Palisades as said Lots were set forth on the map filed in the office of the County Recorder of Douglas County, State of Nevada, September 18, 1962, as Document No. 20864, Official Records of Douglas County, State of Nevada, and that portion of the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B.&M., being a portion of Lot 11 –Kingsbury Lakeview, unofficial, described as follows:

Commencing at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" West 104.27 feet to a point that lies South 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, an arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence

-2-

North 59°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West 132.00 feet to the point of beginning.

NOTE (NRS 111.312): The above metes and bounds description appeared previously in that certain document recorded December June 5, 2017, in Book 1283, as Instrument No. 2017-899576.

TOGETHER WITH the improvements thereon, and all and singular the tenements, hereditaments and appurtenances thereunto belonging or appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

The property address is purported to be 429 Panorama Drive, Stateline, Nevada.  The current outstanding principal balance is approximately $149,932.85, which is owed together with interest, late charges, advances, interest on advances, foreclosure fees and costs, and other expenses or costs not herein disclosed.  The opening bid amount may be more or less than the outstanding principal balance as indicated.

The undersigned disclaims any liability for the accuracy of the above-described address, APN, or principal balance.  Verification of such information can be requested during normal business hours at the office of the Trustee, whose address is 190 W. Huffaker Lane, #408, Reno, Nevada 89511, Telephone No. (775) 851-0881.

DATED: December 29, 2020.

AUTOMATIC FUNDS TRANSFER SERVICES, dba ALLIED TRUSTEE SERVICES

By: GENEVA MARTINKUS
Its: MANAGER

-3-

STATE OF NEVADA    )
          )SS.
COUNTY OF WASHOE    )

  This instrument was acknowledged before me on December 29, 2020, by Geneva Martinkus as Manager of/for AUTOMATIC FUNDS TRANSFER SERVICES, dba ALLIED TRUSTEE SERVICES.

_____
    Notary Public



DIANE ULLESEIT
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 20-8275-02 - Expires April 19, 2024

- 4 -

| | |
|---|---|
| **DOUGLAS COUNTY, NV** | **2020-953294** |
| Rec:$290.00 | |
| $290.00    Pgs=11 | **09/24/2020 03:48 PM** |
| FIRST CENTENNIAL - RENO (MAIN OFFICE) | |
| **KAREN ELLISON, RECORDER** | |

APN No.: **1318-25-111-017**

Escrow No.: **20002299-CT**

Recording Requested By:
First Centennial Title Company of Nevada
896 W Nye Ln., Suite 104
Carson City, NV 89703

When Recorded Return to:
Allied Foreclosure Services
190 W. Huffaker Lane, #408
Reno, NV 89511

SPACE ABOVE FOR RECORDERS USE

## Notice of Default and Election to Sale
(Title of Document)

Re-recording of Substitution of Trustee under Deed of Trust recorded on April 2, 2020, as Document No.
2020-944258 to RESTART foreclosure proceedings

### Please complete Affirmation Statement below:

I, the undersigned, hereby affirm that the attached document, including any exhibits, hereby submitted for
recording does not contain the social security number of any person or persons. (Per NRS 239B.030)

SIGNATURE _____          Title Assistant _____
                                            TITLE

Roseanne Cusumano _____
Print Signature

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS
239B.030 Section 4.

**This cover page must be typed or printed in black ink.**

SPACE BELOW FOR RECORDER

| DOUGLAS COUNTY, NV | **2020-944258** |
| Rec:$290.00 | |
| $290.00      Pgs=9 | **04/02/2020 01:30 PM** |
| FIRST CENTENNIAL - RENO (MAIN OFFICE) | |
| KAREN ELLISON, RECORDER | |

A. P. No. 1318-25-111-017
Foreclosure No. 18034

When recorded mail to:
Allied Foreclosure Services
190 W. Huffaker Lane, #408
Reno, NV 89511

AFFIRMATION PURSUANT TO
NRS 111.312(1)(2) AND 239B.030(4)

*Pursuant to NRS 239B.030, the undersigned, hereby affirm(s) that the below document, including any exhibits, hereby submitted for recording does not contain the social security number of any person or persons.*

NOTICE OF DEFAULT
AND ELECTION TO SELL

TO WHOM IT MAY CONCERN:

WHEREAS, on May 23, 2017, RAY WARREN EXLEY, Trustee of the RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST, executed as Trustor a Deed of Trust with Assignment of Rents, wherein FIRST AMERICAN TITLE INSURANCE CORPORATION, is Trustee for ROBERT I. NOVASEL and RICHARD W. SCHWARTE, Co-Trustees of the NOVASEL & SCHWARTE INVESTMENTS, INC. PROFIT SHARING PLAN, Beneficiary, as security for the payment of a Promissory Note made, executed and delivered on May 23, 2017, which said Deed of Trust was recorded June 5, 2017, as Document No. 2017-899576, Official Records, Douglas County, Nevada; and

WHEREAS, there have been no endorsements to the Note or Assignments of the beneficial interest of the Deed of Trust; and

WHEREAS, the undersigned is in actual or constructive possession of the original Note secured by the Deed of Trust; and

LAW OFFICES OF JUDITH A. OTTO, LTD. ♦ 3748 LAKESIDE DRIVE, SUITE 102 ♦ RENO, NEVADA 89509

Recorded Electronically
ID *2020-944258*
County *Douglas*
Date *4-2-200* Time *1:30 pm*
Simplifile.com 800.460.5657

A. P. No. 1318-25-111-017
Foreclosure No. 18034

<u>When recorded mail to:</u>
Allied Foreclosure Services
190 W. Huffaker Lane, #408
Reno, NV  89511

AFFIRMATION PURSUANT TO
NRS 111.312(1)(2) AND 239B.030(4)

*Pursuant to NRS 239B.030, the undersigned, hereby affirm(s) that the below document, including any exhibits, hereby submitted for recording does not contain the social security number of any person or persons.*

<u>NOTICE OF DEFAULT</u>
<u>AND ELECTION TO SELL</u>

TO WHOM IT MAY CONCERN:

WHEREAS, on May 23, 2017, RAY WARREN EXLEY, Trustee of the RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST, executed as Trustor a Deed of Trust with Assignment of Rents, wherein FIRST AMERICAN TITLE INSURANCE CORPORATION, is Trustee for ROBERT I. NOVASEL and RICHARD W. SCHWARTE, Co-Trustees of the NOVASEL & SCHWARTE INVESTMENTS, INC. PROFIT SHARING PLAN, Beneficiary, as security for the payment of a Promissory Note made, executed and delivered on May 23, 2017, which said Deed of Trust was recorded June 5, 2017, as Document No. 2017-899576, Official Records, Douglas County, Nevada; and

WHEREAS, there have been no endorsements to the Note or Assignments of the beneficial interest of the Deed of Trust; and

WHEREAS, the undersigned is in actual or constructive possession of the original Note secured by the Deed of Trust; and

---

LAW OFFICES OF JUDITH A. OTTO, LTD. ♦ 3748 LAKESIDE DRIVE, SUITE 102 ♦ RENO, NEVADA 89509

WHEREAS, AUTOMATIC FUNDS TRANSFER SERVICES, INC., a Washington corporation, dba ALLIED TRUSTEE SERVICES, was substituted as Trustee under said Deed of Trust, in the place and stead of FIRST AMERICAN TITLE INSURANCE CORPORATION, a Nebraska corporation, by document recorded concurrently herewith; and

WHEREAS, AUTOMATIC FUNDS TRANSFER SERVICES, INC., dba ALLIED TRUSTEE SERVICES, has the authority to exercise the power of sale with respect to the property encumbered by the Deed of Trust pursuant to the instruction of the undersigned; and

WHEREAS, a breach of the obligation for which said transfer in trust as security was made has occurred in that default has been made in the failure to pay the installment of principal and interest due on February 1, 2019, and in the failure to pay each such monthly installment that thereafter became due, in the failure to pay the real property taxes for the fiscal year 2019-2020; and in the failure to perform any other term, covenant or condition contained in the Deed of Trust securing the Promissory Note and to be performed by Trustor, whether such failure to perform occurred prior to or subsequent to the date hereof, together with penalties and advances that have been incurred or made or will be incurred or made during the period of default;

NOTICE IS HEREBY GIVEN that the undersigned has elected to consider all of the unpaid balance of principal and interest to be due in consequence of said default, together with attorney's fees and costs that have been incurred and will hereafter accrue, all in accordance with the terms of said Promissory Note and Deed of Trust, and the undersigned has elected to sell or cause to be sold the real property commonly known as 429 Panorama Drive, Stateline, Nevada, and described in said Deed of Trust to satisfy said obligation.

To obtain further information with respect to this Notice of Default and Election To Sell, contact the Foreclosure Office of Foreclosure Office of Allied Foreclosure Services, 190 W. Huffaker Lane, #408, Reno, Nevada 89511, Telephone No. (775) 851-0881, between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday.

-2-

Attached hereto is the Affidavit of Authority to Exercise the Power of Sale and Declaration of Mortgage Servicer which are hereby incorporated herein by this reference.

The Beneficiary represents that the property encumbered by the above Deed of Trust is occupied by tenants and is NOT occupied by the owners of the property.

DATED: ___3/17___, 2020.

BENEFICIARY:

_Robert I. Novasel_

Robert I. Novasel,
Co-Trustee


STATE OF       )
             )SS.
COUNTY OF     )

This instrument was acknowledged before me on _____, 2020, by ROBERT I. NOVASEL, as Co-Trustee of the NOVASEL & SCHWARPE INVESTMENTS, INC. PROFIT SHARING PLAN.


_____
Notary Public

_See attached acknowledgment_

-3-

LAW OFFICES OF JUDITH A. OTTO, LTD. ♦ 3748 LAKESIDE DRIVE, SUITE 102 ♦ RENO, NEVADA 89509

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ El Dorado _____ )

On ___ 3/17/2020 _____ before me, ___ Paul E. Sullivan, notary public _____

(insert name and title of the officer)

personally appeared ___ Robert I. Novasel _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature ___ Paul E. Sullivan _____     (Seal)

PAUL E. SULLIVAN
Notary Public - California
El Dorado County
Commission # 2270158
My Comm. Expires Dec 8, 2022

A. P. No. 1318-25-111-017

Foreclosure No. 18034

# AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE
## (NRS 107.0805(1)(b)(3) Compliance Affidavit)

**Property Owners:**
RAY WARREN EXLEY, Trustee
of the RAY WARREN EXLEY,
M.D. NEVADA FAMILY TRUST

**Trustee Address:**
Allied Foreclosure Services
190 W. Huffaker Lane, #408
Reno, NV  89511

**Property Address:**
429 Panorama Drive
Kingsbury Grade, Stateline
Nevada

**Deed of Trust Document
Instrument Number:**
2017-899576
(Douglas County)

STATE OF _California_ )
                                       )  ss:
COUNTY OF _El Dorado_ )

The undersigned affiant, being first duly sworn upon oath, based on direct personal knowledge, or the personal knowledge which the affiant acquired by a review of the business records of the beneficiary, the successor in interest of the beneficiary or the servicer of the obligation or debt secured by the deed of trust, and under penalty of perjury does hereby attest as follows:

1. The full name and business address of the current trustee or the current trustee's personal representative or assignee is:

   Allied Foreclosure Services
   190 W. Huffaker Lane, #408
   Reno, NV  89511

1

The full name and business address of the current
holder of the note secured by the Deed of Trust is:

ROBERT I. NOVASEL, Co-Trustee of the
NOVASEL & SCHWARTE INVESTMENTS, INC.
PROFIT SHARING PLAN

_Rob & Novasel_

_3170 Highway 50, Suite 10, South Lake Tahoe, CA 96150_

RICHARD W. SCHWARTE, Co-Trustee of the
NOVASEL & SCHWARTE INVESTMENTS, INC.
PROFIT SHARING PLAN

_3170 Highway 50, Suite 10_
_South Lake Tahoe, CA 96150_

The full name and business address of the current
beneficiary of record of the Deed of Trust is:

ROBERT I. NOVASEL, Co-Trustee of the
NOVASEL & SCHWARTE INVESTMENTS, INC.
PROFIT SHARING PLAN

_Rob & Novasel_

_3170 Highway 50, Suite 10, South Lake Tahoe, CA 96150_

RICHARD W. SCHWARTE, Co-Trustee of the
NOVASEL & SCHWARTE INVESTMENTS, INC.
PROFIT SHARING PLAN

_3170 Highway 50 Suite 10_
_South Lake Tahoe, CA 96150_

The full name and business address of the current
servicer of the obligation or debt secured by the Deed
of Trust is:

2

ROBERT I. NOVASEL and
RICHARD W. SCHWARTE, Co-Trustees
of the NOVASEL & SCHWARTE INVESTMENTS, INC.
PROFIT SHARING PLAN

*Nov. & Novasel*

3170 Highway 50, Suite 10, South Lake Tahoe, CA 96150

2. The beneficiary under the Deed of Trust, the successor
   in interest of the beneficiary, or the trustee, is in
   actual or constructive possession of the note secured
   by the Deed of Trust; or the beneficiary, its
   successor in interest, or the trustee is entitled to
   enforce the obligation or debt secured by the Deed of
   Trust.

3. The Beneficiary, its successor in interest, the
   servicer of the obligation or debt secured by deed of
   trust, the trustee, or an attorney representing any of
   those persons, has sent to the obligor or borrower of
   the obligation or debt secured by the Deed of Trust a
   written statement of:

   (I)    The amount of payment required to make good the
          deficiency in performance or payment, avoid the
          exercise of the power of sale and reinstate the
          terms and conditions of the underlying obligation
          or debt existing before the deficiency in
          performance or payment, as of the date of the
          statement;
   (II)   The amount in default;
   (III)  The principal amount of the obligation or debt
          secured by the deed of trust.
   (IV)   The amount of accrued interest and late charges;
   (V)    A good faith estimate of all fees imposed in
          connection with the exercise of the power of
          sale; and
   (VI)   Contact information for obtaining the most
          current amounts due and the local or toll-free
          telephone number described in subparagraph (4).

4. The local or toll-free telephone number that may be
   called by the obligor or borrower of the obligation or
   debt to received the most current amounts due and a
   recitation of the information contained in this affidavit
   is:____1 888 738 1031_____.

3

5. The date and the recordation number, and the name of each
   assignee under, each recorded assignment of the deed of
   trust which information is based on the knowledge or
   information as described in NRS 107.0805(1)(b)(5)(I-IV),
   is provided as follows:

   There are no assignments of record.

6. The affiant acknowledges that they understand that
   recording a false affidavit that they know or have
   reason to know if forged or groundless, contains a
   material misstatement or false claim or is otherwise
   invalid constitutes a felony in the State of Nevada,
   under NRS 205.395.

   Dated this _17TH_ day of _March_, 2020.


   Affiant Name:  ROBERT I. NOVASEL, Co-Trustee

   Signed By: _Robert I. Novasel_

   Print Name:  ROBERT I. NOVASEL, Co-Trustee


   STATE OF _____ )
                            )  ss:
   COUNTY OF _____ )

   On this _____ day of _____, 2020,
   personally appeared before me, a Notary Public, in
   and for said County and State, ROBERT I. NOVASEL, as
   Co-Trustee of the NOVASEL & SCHWARTE INVESTMENTS,
   INC. PROFIT SHARING PLAN, known to me to be the
   person described in and who executed the foregoing
   instrument in the capacity set forth therein, who
   acknowledged to me that he/she executed the same
   freely and voluntarily and for the uses and purposes
   therein mentioned.


                            _____
                            NOTARY PUBLIC IN AND FOR
                            SAID COUNTY AND STATE

   _See attached acknowledgment_

---

LAW OFFICES OF JUDITH A. OTTO, LTD. ♦ 3748 LAKESIDE DRIVE, SUITE 102 ♦ RENO, NEVADA 89509

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ El Dorado _____ )

On ___ 3/17/2020 _____ before me, __ Paul E. Sullivan, notary public _____
(insert name and title of the officer)

personally appeared __ Robert I. Novasel _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

PAUL E. SULLIVAN
Notary Public - California
El Dorado County
Commission # 2270158
My Comm. Expires Dec 8, 2022

Signature _Paul E. Sullivan_____    (Seal)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

Parcel ID Number: 1318-25-111-017

DOUGLAS COUNTY, NV                    **2021-960418**
Rec:$40.00
$40.00          Pgs=4          **01/22/2021 08:47 AM**
FIRST CENTENNIAL - RENO (MAIN OFFICE)
KAREN ELLISON, RECORDER

**Recording Requested by**:
Leverty & Associates Law, Chtd.
832 Willow Street
Reno, NV 89502

**When Recorded Mail to**:
Leverty & Associates Law, Chtd.
832 Willow Street
Reno, NV 89502

**Mail Tax Statement to**:
Leverty & Associates Law, Chtd.
832 Willow Street
Reno, NV 89502

NOTE – This Assignment should be kept with the Note and Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, Robert I. Novasel and Richard Schwarte, Co-Trustees of the Novasel & Schwarte Investments, Inc. Profit Sharing Plan, owners and holders of certain obligation evidenced by promissory note dated May 23, 2017 secured by certain real property described below as evidenced by a Deed or Trust executed by Ray Warren Exley, M.D., Nevada Family Trust, Trustor, First American Title Insurance Corporation, Trustee for Robert I. Novasel and Richard W. Schwarte, Co-Trustees of the Novasel & Schwarte Investments, Inc. Profit Sharing Plan, Beneficiary, which Deed of Trust was dated May 23, 2017, and recorded June 5, 2017, as Document No. 2017-899576, Official Records, Douglas County, Nevada; hereby assign, grants, assigns and transfers all interest including all beneficial interest to Leverty & Associates Law Chtd., a Nevada Corporation.

## REAL PROPERTY DESCRIPTION:

That portion of Lots 13 & 14, of Kingsbury Palisades as said Lots were set forth on the map filed in the office of the County Recorder of Douglas County, State of Nevada, September 18, 1962, as Document No. 20864, Official Records of Douglas County, State of Nevada, and that portion of the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B.&M., being a portion of Lot 11 -Kingsbury Lakeview, unofficial, described as follows:

Commencing at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" West 104.27 feet to a point that

- 1 -

lies South 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, an arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West 132.00 feet to the point of beginning.

NOTE (NRS 111.312) : The above metes and bounds description appeared previously in that certain document recorded December June 5, 2017, in Book 1283, as Instrument No. 2017-899576.

TOGETHER WITH the improvements thereon, and all and singular the tenements, hereditaments and appurtenances thereunto belonging or appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

Automatic Funds Transfer Services, Inc., a Washington corporation, dba Allied Trustee Services, was substituted as Trustee, under said Deed of Trust, in the place and stead of First American Insurance Corporation by document recorded April 2, 2020, as Document No. 2020-944257, Official Records, Douglas County, Nevada.

DATED this 13ᵗʰ day of January , 2021.

*Rad I. Novasel*
_____
ROBERT I. NOVASEL
Co-Trustee of the Novasel & Schwarte Investments, Inc. Profit Sharing Plan

STATE OF NEVADA        )
                       :
COUNTY OF DOUGLAS )

      This instrument was acknowledged before me on the ___ day of _____, 2021, by ROBERT I. NOVASEL.

_____
          NOTARY PUBLIC

*See attached acknowledgment*

- 2 -

DATED this _13th_ day of ___January___, 2021.

_[signature]_
_____
RICHARD W. SCHWARTE
Co-Trustee of the Novasel & Schwarte Investments, Inc. Profit Sharing Plan

STATE OF NEVADA        )
                       :
COUNTY OF DOUGLAS )

        This instrument was acknowledged before me on the ____ day of _____, 2021, by RICHARD W. SCHWARTE.

_____
NOTARY PUBLIC

_See attached acknowledgment_

- 3 -

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ El Dorado _____ )

On __1-13-2021_____ before me, __Paul E Sullivan, notary public_____

(insert name and title of the officer)

personally appeared __Robert I Novasel and Richard W. Schwarte_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Paul E. Sullivan_____    **(Seal)**

PAUL E. SULLIVAN
Notary Public - California
El Dorado County
Commission # 2270158
My Comm. Expires Dec 8, 2022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

APN: 1318-25-111-017

RECORDING REQUESTED BY and
**AFTER RECORDING MAIL THIS DOCUMENT TO:**
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

**MAIL TAX STATEMENTS TO GRANTEE:**
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

DOUGLAS COUNTY, NV        **2021-969515**
Rec:$40.00
Total:$40.00              **06/22/2021 03:03 PM**
JULIANA L. LOZA                    Pgs=4


0013716720210969515004004f

KAREN ELLISON, RECORDER              E07

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.                                                    *(Per NRS 239B. 030)*

## QUIT CLAIM DEED

A default Judgment, entered in Douglas County District Court case number 2021-CV-00057, purported to vest title with RAY WARREN EXLEY, deceased. Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY contests the validity of the default judgment and contends that legal title remains vested with The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three. Therefore, Juliana Mayer Loza does hereby QUIT CLAIM any interest which the Estate may have to The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449,more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-910723.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title to a Tax Exempt ERISA Trust.

Dated: This 22 day of June, 2021 in Minden, Douglas County, Nevada.

By: _____

Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF NEVADA                     )
                                    )       ss:
COUNTY OF DOUGLAS                   )


On __June 22, 2021__ before me __Lisa Apple_____

notary public, personally appeared Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within __Quit Claim Deed__ and acknowledged to me that she executed same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument


I certify under PENALTY of PERJURY under the laws of the State of Nevada that the forgoing paragraph is true and correct.


**WITNESS** my hand and official seal.

*Lisa apple*



NOTARY PUBLIC
STATE OF NEVADA
County of Douglas
00-62875-5        LISA APPLE
My Appointment Expires September 8, 2021

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a) 1318-25-111-017
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land   b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg     f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural  h) ☐ Mobile Home
   i) ☐ Other_____

   | FOR RECORDERS OPTIONAL USE ONLY |
   | BOOK_____PAGE_____ |
   | DATE OF RECORDING:_____ |
   | NOTES:_____ Trust Dr - 9 |

3. Total Value/Sales Price of Property:                        $ _____
   Deed in Lieu of Foreclosure Only (value of property)        ( _____
   Transfer Tax Value:                                         $ _____
   Real Property Transfer Tax Due:                             $ $0.00

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7
   b. Explain Reason for Exemption: A transfer of title to or from a trust without consideration
   _____

5. Partial Interest:  Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS
375.110, that the information provided is correct to the best of their information and belief, and can be
supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the
parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may
result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity _____ Grantor _____

Signature _____    Capacity _____

| SELLER (GRANTOR) INFORMATION | BUYER (GRANTEE) INFORMATION |
| (REQUIRED) | (REQUIRED) |

Print Name: Juliana Mayer Loza          Print Name: Ingrid van Vuerings, Trustee
Address: 195 Hwy 50 Ste 104             Address: 195 Hwy 50 Ste 104, P.M.B.7172-262
City: Stateline                         City: Stateline
State: NV    Zip: 89449                 State: NV    Zip: 89449-7172

COMPANY/PERSON REQUESTING RECORDING
   (required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law    Escrow # _____
Address: 1625 State Route 88, Ste. 401
City: Minden          State: NV          Zip: 89423

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

APN: 1318-25-111-017

RECORDING REQUESTED BY and
**AFTER RECORDING MAIL THIS DOCUMENT TO:**
Gene M. Kaufmann, Esq.
SULLIVAN LAW
1625 State Route 88, Suite 401
Minden, NV 89423

**MAIL TAX STATEMENTS TO GRANTEE:**
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

DOUGLAS COUNTY, NV    **2021-969516**
Rec:$40.00
Total:$40.00    **06/22/2021 03:03 PM**
JULIANA L. LOZA    Pgs=4


0013716820210969516004048

KAREN ELLISON, RECORDER    E07

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.    *(Per NRS 239B. 030)*

## QUIT CLAIM DEED

The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three by and through its Trustee Committee and the Board of Directors of its sponsoring corporation, herein by and through its Co-Trustee and Corporate Officer/Secretary Ingrid van Vuerings, having determined by unanimous consent in consideration of the Distribution of some of her entitled ERISA Plan Benefits, does hereby QUIT CLAIM to **Juliana Mayer Loza** an individual, all rights, title and interest of the undersigned in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449,more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-964432.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title from a Tax Exempt ERISA Trust.

Dated: This ___21___ day of June, 2021 in Los Angeles County California. USA

By: _____

Ingrid van Vuerings, Co-Trustee
the ATHENA MEDICAL GROUP DEFINED
CONTRIBUTION PENSION PLAN AND
TRUST Number Three and Corporate Officer of the
Athena Medical Group, Inc., (Nevada)

**CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
                                                    )    ss:
COUNTY OF LOS ANGELES )

On _21 June 2021_ before me _Alexandra Kelsey_ notary public, personally appeared **Ingrid van Vuerings** who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within _Quit Claim Deed_ and acknowledged to me that she executed same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of California that the forgoing paragraph is true and correct.

**WITNESS** my hand and official seal.



ALEXANDRA KELSEY
COMM. #2268232
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires July 31, 2023

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a) _____1318-25-111-017_____
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land    b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse   d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg      f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural   h) ☐ Mobile Home
   i) ☐ Other_____

   ┌─────────────────────────────────────┐
   │ FOR RECORDERS OPTIONAL USE ONLY      │
   │ BOOK_____PAGE_____       │
   │ DATE OF RECORDING:_____        │
   │ NOTES: _Trust of____                 │
   └─────────────────────────────────────┘

3. Total Value/Sales Price of Property:            $_____
   Deed in Lieu of Foreclosure Only (value of property)  (_____
   Transfer Tax Value:                             $_____
   Real Property Transfer Tax Due:                 $$0.00_____

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7_____
   b. Explain Reason for Exemption: A transfer of title to or from a trust without consideration
      _____

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity ___Grantor___

Signature _____    Capacity _____

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
|---|---|
| Print Name: Ingrid van Vuerings, Trustee | Print Name: Juliana Mayer Loza |
| Address: 195 Hwy 50 Ste 104, P.M.B.7172-262 | Address: 195 Hwy 50 Ste 104 |
| City: Stateline | City: Stateline |
| State: NV    Zip: 89449-7172 | State: NV    Zip: 89449 |

COMPANY/PERSON REQUESTING RECORDING
(required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law        Escrow # _____
Address: 1625 State Route 88, Ste. 401
City: Minden            State: NV            Zip: 89423
(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

**Steve Harris**

| | |
|---|---|
| **From:** | Steve Harris |
| **Sent:** | Tuesday, June 22, 2021 7:04 PM |
| **To:** | geneva@allied1031exchange.net |
| **Cc:** | gene@levertylaw.com; bill@levertylaw.com |
| **Subject:** | Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449 |
| **Attachments:** | doc0021442021062219014.pdf |
| | |
| **Importance:** | High |

All,

Enclosed please find correspondence for your immediate review to advise you that the bankruptcy automatic stay is in effect with respect to any foreclosure sale of the above-referenced property.

Thank you,
Steve Harris

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

# HARRIS LAW PRACTICE LLC
## ATTORNEY AND COUNSELOR AT LAW
### STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

June 22, 2021

*Via Email- geneva@allied1031exchange.net – and -*
*Facsimile- 888-313-0021*
Allied Foreclosure Services
190 W. Huffaker Lake, #408
Reno, NV 89511

    **Re:**    **Juliana Mayer Loza Chapter 13 BK-21-50466-btb**
           **APN: 1318-25-111-017- 425 Panorama Drive, Stateline, NV 89449**

To Whom It May Concern:

    This law firm represents Juliana Mayer Loza in a Chapter 13 bankruptcy case filed in the United States Bankruptcy Court, Reno, Nevada, on June 22, 2021.   Enclosed please find a copy of the Notice of Bankruptcy Case Filing.

    In that regard, it is our understanding that a trustee's foreclosure sale is scheduled to occur on Wednesday, June 23, 2021, with respect to the Debtor's real property located at 425 Panorama Drive, Stateline, NV 89449, identified as your Foreclosure No. 18034.

    Also enclosed herewith are two (2) Quit Claim Deeds recorded in Douglas County, State of Nevada, showing the subject real property title in Ms. Loza's name.   Ms. Loza also has a beneficial interest in the Athena Medical Group Defined Contribution Pension Plan and Trust Number Three.

    Due to Ms. Loza's Chapter 13 filing, the 11 U.S.C. §362(a) bankruptcy automatic stay is in effect as to any pending collection or foreclosure actions. Please confirm that your scheduled trustee's foreclosure sale will not take place as currently scheduled.

    Thank you.

                      Very truly yours,
                      */s/ Stephen R. Harris*
                      STEPHEN R. HARRIS, ESQ.

Encl.
cc:    Leverty & Associates Law, CHTD.,
        Attn: Vernon E. Leverty, Esq. and William R. Ginn, Esq.(via email)
        Juliana Mayer Loza (via email)

United States Bankruptcy Court
District of Nevada

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 06/22/2021 at 6:18 PM and filed on 06/22/2021.

**JULIANA MAYER LOZA**
429 PANORAMA DRIVE
STATELINE, NV 89449



The case was filed by the debtor's attorney:

**STEPHEN R HARRIS**
HARRIS LAW PRACTICE LLC
6151 LAKESIDE DR, STE 2100
RENO, NV 89511
(775) 786-7600

The case was assigned case number 21-50466.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.nvb.uscourts.gov or at the Clerk's Office, 300 Booth
Street, Reno, NV 89509.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

Mary A. Schott
Clerk, U.S. Bankruptcy
Court

| PACER Service Center |
| --- |
| Transaction Receipt |
| 06/22/2021 18:18:55 |

## Steve Harris

| | |
|---|---|
| **From:** | Bill Ginn <bill@levertylaw.com> |
| **Sent:** | Tuesday, June 22, 2021 7:20 PM |
| **To:** | Steve Harris; geneva@allied1031exchange.net |
| **Cc:** | Gene Leverty; Patrick Leverty; Jess Rinehart |
| **Subject:** | RE: Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449 |

Dear Mr. Harris,

Please provide the attachments that you reference in your letter. They were not attached.

Sincerely,

William R. Ginn, Esq.



LEVERTY & ASSOCIATES LAW CHTD.
"Reno Gould House"
832 Willow Street
Reno, Nevada 89502
Dir.: (775)538-6631
Main Office.: (775) 322-6636
Fax: (775) 322-3953
www.levertylaw.com
bill@levertylaw.com
Licensed in Nevada and California

---

PLEASE NOTE: This e-mail message is intended only for the use of the individual or entity of which it is addressed and may contain information that is privilege, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

**From:** Steve Harris <steve@harrislawreno.com>
**Sent:** Tuesday, June 22, 2021 7:04 PM
**To:** geneva@allied1031exchange.net
**Cc:** Gene Leverty <gene@levertylaw.com>; Bill Ginn <bill@levertylaw.com>
**Subject:** Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449
**Importance:** High

All,

Enclosed please find correspondence for your immediate review to advise you that the bankruptcy automatic stay is in effect with respect to any foreclosure sale of the above-referenced property.

Thank you,
Steve Harris

1

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

**Steve Harris**

| | |
|---|---|
| **From:** | Steve Harris |
| **Sent:** | Tuesday, June 22, 2021 8:01 PM |
| **To:** | Bill Ginn; geneva@allied1031exchange.net |
| **Cc:** | Gene Leverty; Patrick Leverty; Jess Rinehart; Steve Harris |
| **Subject:** | RE: Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449 |
| **Attachments:** | doc00214520210622195927.pdf |

I apologize. Attached are the quit claim deeds.

Thank you,
Steve

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

**From:** Bill Ginn <bill@levertylaw.com>
**Sent:** Tuesday, June 22, 2021 7:20 PM
**To:** Steve Harris <steve@harrislawreno.com>; geneva@allied1031exchange.net
**Cc:** Gene Leverty <gene@levertylaw.com>; Patrick Leverty <Pat@levertylaw.com>; Jess Rinehart <jess@levertylaw.com>
**Subject:** RE: Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449

Dear Mr. Harris,

Please provide the attachments that you reference in your letter. They were not attached.

Sincerely,

William R. Ginn, Esq.



LEVERTY & ASSOCIATES LAW CHTD.
"Reno Gould House"
832 Willow Street
Reno, Nevada 89502
Dir.: (775)538-6631
Main Office.: (775) 322-6636
Fax: (775) 322-3953
www.levertylaw.com
bill@levertylaw.com
Licensed in Nevada and California

1

PLEASE NOTE:  This e-mail message is intended only for the use of the individual or entity of which it is addressed and may contain information that is privilege, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

**From:** Steve Harris <steve@harrislawreno.com>
**Sent:** Tuesday, June 22, 2021 7:04 PM
**To:** geneva@allied1031exchange.net
**Cc:** Gene Leverty <gene@levertylaw.com>; Bill Ginn <bill@levertylaw.com>
**Subject:** Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449
**Importance:** High

All,

Enclosed please find correspondence for your immediate review to advise you that the bankruptcy automatic stay is in effect with respect to any foreclosure sale of the above-referenced property.

Thank you,
Steve Harris

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

APN: 1318-25-111-017

RECORDING REQUESTED BY and
<u>AFTER RECORDING MAIL THIS DOCUMENT TO:</u>
Gene M. Kaufmann, Esq.
SULLIVAN LAW
1625 State Route 88, Suite 401
Minden, NV 89423

<u>MAIL TAX STATEMENTS TO GRANTEE:</u>
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017



DOUGLAS COUNTY, NV      **2021-969516**
Rec:$40.00
Total:$40.00            06/22/2021 03:03 PM
JULIANA L. LOZA                   Pgs=4

0013716820210969516004 0048

KAREN ELLISON, RECORDER          E07

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.
*(Per NRS 239B. 030)*

## <u>QUIT CLAIM DEED</u>

The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three by and through its Trustee Committee and the Board of Directors of its sponsoring corporation, herein by and through its Co-Trustee and Corporate Officer/Secretary Ingrid van Vuerings, having determined by unanimous consent in consideration of the Distribution of some of her entitled ERISA Plan Benefits, does hereby QUIT CLAIM to **Juliana Mayer Loza** an individual, all rights, title and interest of the undersigned in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449,more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-964432.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title from a Tax Exempt ERISA Trust.

Dated: This _21_ day of June, 2021 in Los Angeles County California. USA

By: _____

Ingrid van Vuerings, Co-Trustee
the ATHENA MEDICAL GROUP DEFINED
CONTRIBUTION PENSION PLAN AND
TRUST Number Three and Corporate Officer of the
Athena Medical Group, Inc., (Nevada)

**CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
                                       )    ss:

COUNTY OF LOS ANGELES    )

On 21 June 2021 before me Alexandra Kelsey notary public, personally appeared **Ingrid van Vuerings** who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within Quit Claim Deed and acknowledged to me that she executed same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of California that the forgoing paragraph is true and correct.

**WITNESS** my hand and official seal.



ALEXANDRA KELSEY
COMM. #2238232
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires July 31, 2023

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a)     1318-25-111-017
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land   b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg       f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural   h) ☐ Mobile Home
   i) ☐ Other_____

   ```
   FOR RECORDERS OPTIONAL USE ONLY
   BOOK_____ PAGE_____
   DATE OF RECORDING:_____
   NOTES: ___Trust of - ___
   ```

3. Total Value/Sales Price of Property:     $_____
   Deed in Lieu of Foreclosure Only (value of property)  (_____
   Transfer Tax Value:                   $_____
   Real Property Transfer Tax Due:       $ $0.00_____

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7_____
   b. Explain Reason for Exemption: A transfer of title to or from a trust without consideration
   _____

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____  Capacity   Grantor_____

Signature _____  Capacity _____

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
|---|---|
| Print Name: Ingrid van Vuerings, Trustee | Print Name: Juliana Mayer Loza |
| Address: 195 Hwy 50 Ste 104, P.M.B.7172-262 | Address: 195 Hy 50 Ste 104 |
| City: Stateline | City: Stateline |
| State: NV     Zip: 89449-7172 | State: NV     Zip: 449 |

COMPANY/PERSON REQUESTING RECORDING
(required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law     Escrow #_____
Address: 1625 State Route 88, Ste. 401
City:   Minden          State: NV          Zip: 89423
(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)



DOUGLAS COUNTY, NV
Rec:$40.00
Total:$40.00
JULIANA L LOZA

2021-969515
06/22/2021 03:03 PM
Pgs=4

APN: 1318-25-111-017

RECORDING REQUESTED BY and
**AFTER RECORDING MAIL THIS DOCUMENT TO:**
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

00137167202109695150040041

KAREN ELLISON, RECORDER              E07

**MAIL TAX STATEMENTS TO GRANTEE:**
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any
person or persons.                                           *(Per NRS 239B. 030)*

# QUIT CLAIM DEED

A default Judgment, entered in Douglas County District Court case number 2021-CV-00057, purported to vest title with RAY WARREN EXLEY, deceased. Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY contests the validity of the default judgment and contends that legal title remains vested with The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three. Therefore, Juliana Mayer Loza does hereby QUIT CLAIM any interest which the Estate may have to The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449,more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-910723.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title to a Tax Exempt ERISA Trust.

Dated: This _22_ day of June, 2021 in Minden, Douglas County, Nevada.

By: _____

Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF NEVADA                )
                               )    ss:
COUNTY OF DOUGLAS              )

On _June 22, 2021_ before me _Lisa Apple_____
notary public, personally appeared Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within _Quit Claim Deed_ and acknowledged to me that she executed same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument

I certify under PENALTY of PERJURY under the laws of the State of Nevada that the forgoing paragraph is true and correct.

**WITNESS** my hand and official seal.

_Lisa apple_



NOTARY PUBLIC
STATE OF NEVADA
County of Douglas
00-62875-5    LISA APPLE
My Appointment Expires September 8, 2021

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a)      1318-25-111-017
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land   b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse   d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg      f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural   h) ☐ Mobile Home
   i) ☐ Other _____

   | FOR RECORDERS OPTIONAL USE ONLY |
   | --- |
   | BOOK _____ PAGE _____ |
   | DATE OF RECORDING: _____ |
   | NOTES: _____ |
   | _Trust OF = Ø_ |

3. Total Value/Sales Price of Property:    $ _____
   Deed in Lieu of Foreclosure Only (value of property)   ( _____
   Transfer Tax Value:    $ _____
   Real Property Transfer Tax Due:    $ $0.00

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7
   b. Explain Reason for Exemption: A transfer of title to or from a trust without consideration
   _____

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity    Grantor

Signature _____    Capacity _____

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
| --- | --- |
| Print Name: Juliana Mayer Loza | Print Name: Ingrid van Vuerings, Trustee |
| Address: 195 Hwy 50 Ste 104 | Address: 195 Hwy 50 Ste 104, P.M.B.7172-262 |
| City: Stateline | City: Stateline |
| State: NV   Zip: 89449 | State: NV   Zip: 89449-7172 |

COMPANY/PERSON REQUESTING RECORDING
(required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law    Escrow # _____
Address: 1625 State Route 88, Ste. 401
City: Minden    State: NV    Zip: 89423

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

## Steve Harris

| | |
|---|---|
| **From:** | Steve Harris |
| **Sent:** | Tuesday, June 22, 2021 8:07 PM |
| **To:** | Bill Ginn; geneva@allied1031exchange.net |
| **Cc:** | Gene Leverty; Patrick Leverty; Jess Rinehart |
| **Subject:** | RE: Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449 |

All,

I also just noticed that my letter to you inadvertently stated the property address was 425 Panorama Drive, and it is in fact 429 Panorama Drive, Stateline, NV 89449, as evidenced on the quit claim deeds.

Thank you,
Steve

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

**From:** Bill Ginn <bill@levertylaw.com>
**Sent:** Tuesday, June 22, 2021 7:20 PM
**To:** Steve Harris <steve@harrislawreno.com>; geneva@allied1031exchange.net
**Cc:** Gene Leverty <gene@levertylaw.com>; Patrick Leverty <Pat@levertylaw.com>; Jess Rinehart <jess@levertylaw.com>
**Subject:** RE: Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449

Dear Mr. Harris,

Please provide the attachments that you reference in your letter. They were not attached.

Sincerely,

William R. Ginn, Esq.



LEVERTY & ASSOCIATES LAW CHTD.
"Reno Gould House"
832 Willow Street
Reno, Nevada 89502
Dir.: (775)538-6631
Main Office.: (775) 322-6636
Fax: (775) 322-3953
www.levertylaw.com
bill@levertylaw.com

1

Licensed in Nevada and California

PLEASE NOTE:  This e-mail message is intended only for the use of the individual or entity of which it is addressed and may contain information that is privilege, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

**From:** Steve Harris <steve@harrislawreno.com>
**Sent:** Tuesday, June 22, 2021 7:04 PM
**To:** geneva@allied1031exchange.net
**Cc:** Gene Leverty <gene@levertylaw.com>; Bill Ginn <bill@levertylaw.com>
**Subject:** Juliana Mayer Loza Ch 13 Bankruptcy Case No. 12-50466-btb/ 425 Panorama Drive, Stateline, NV 89449
**Importance:** High

All,

Enclosed please find correspondence for your immediate review to advise you that the bankruptcy automatic stay is in effect with respect to any foreclosure sale of the above-referenced property.

Thank you,
Steve Harris

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com