1  Vernon E. Leverty, Esq. NV Bar No. 1266
   Patrick R. Leverty, Esq. NV Bar No. 8840
2  William R. Ginn Esq. NV Bar No. 6989
   Jess P. Rinehart, Esq., NV Bar No. 11697
3  LEVERTY & ASSOCIATES LAW CHTD.
   832 Willow St., Reno, NV 89502
4  (775) 322-6636
   *Attorneys for Leverty & Associates Law Chtd.*
5  *and Automatic Funds Transfer Services, a Seattle Corp.*
   *dba Allied Trustee Services*
6

RECEIVED
AND FILED

2021 JUN 25  AM 8: 11

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

7              UNITED STATE BANKRUPTCY COURT

8              FOR THE DISTRICT OF NEVADA          6/25/21
                                                    10:00
9                      *****    21-50466-BTB

10 IN RE:                        **LEVERTY & ASSOCIATES LAW**
                                 **CHTD.'S AND AUTOMATIC FUNDS**
11    JULIANA MAYER LOZA,        **TRANSFER SERVICE'S, A SEATTLE**
                                 **CORP. DBA ALLIED TRUSTEE**
12         Debtor.              **SERVICE'S OPPOSITION TO**
                                **DEBTOR'S MOTION FOR SANCTIONS**
13  _____/    **AND TO DECLARE THE**
                                 **FORECLOSURE SALE VOID AB**
14                               **INITIO**

15                               **RESPONDING PARTIES REQUEST**
                                 **FOR SANCTIONS**
16

17         Leverty & Associates Law Chtd. and Automatic Funds Transfer Service, a Seattle Corp.

18  dba Allied Trustee Services[1], by the through its undersigned counsel, hereby opposes Debtor's

19  Motion for Sanctions and to Declare Foreclosure Sale Void Ab Initio, and requests sanctions of its

20  own against Debtor Juliana Mayer Loza, Stephen Harris and the Harris Law Practice LLC. This

21  motion is made and based upon the following opposition, the papers and pleadings on file herein,

22  and anything else the Court wishes to consider.

    / / / /
23
    / / /
24

25  _____

26         [1] Debtor Loza's Motion for Sanctions against Allied Trustee Services names the incorrect
    party in interest.  The correct name for the party is Automatic Funds Transfer Services, a Seattle
27  Corp.dba Allied Trustee Services.

28              OPPOSITION AND REQUEST FOR SANCTIONS
                                1

I.    **NATURE OF ACTION**

This matter is before the Court based upon Debtor's ongoing and continued fraud executed to avoid paying for legal services rendered. The Ninth Judicial District Court has entered judgment finding four (4) separate instances of fraudulent transfers of real property intended to hinder, delay or defraud creditors of Ray Warren Exley, MD, including Leverty & Associates Law Chtd. The latest fraudulent transfers by Debtor Loza are the attempted filings of two (2) quitclaim deeds on a parcel of real property just three (3) hours prior to the filing of her bankruptcy matter in order to attempt to transfer Ray Warren Exley's probate away from known creditors and into her bankruptcy estate.

Simply put, Debtor Loza is defrauding this court with her bad faith filing for an improper purpose, as once against Debtor has attempted to transfer real properties in order to hinder, delay or defraud creditors of Ray Warren Exley, MD. Debtor Loza should not be able to collaterally attack a valid Nevada State Court Judgment through the commencement of a bad faith improper bankruptcy action.

II.    **BACKGROUND**

Commencing from about April 2014 through approximately February 2017, Ray Warren Exley (hereinafter "Exley") was a client of Leverty & Associates Law Chtd. (hereinafter "Leverty") in which Leverty represented Exley and provided legal services in a property ownership lawsuit concerning Douglas County Assessor Parcel No. 1318-25-111-017 (hereinafter "Subject Property"), In the Ninth Judicial District Court of Nevada In and for the County of Douglas, Case No. 14-CV-0130. Exley was ultimately successful in his suit, and was awarded a 100% ownership interest in the Subject Property.

Despite the success in Case No. 14-CV-0130, the relationship between Leverty and Exley deteriorated because of his attempts, with the aid and direction of Debtor Juliana Mayer Loza (hereinafter "Debtor Loza") to avoid paying for any legal fees and services provided by Leverty. Thereafter, in February of 2017, Leverty filed an attorney's lien on the Subject Property with the

1 | Douglas County Recorder. On May 3, 2017, Leverty filed a Motion to Adjudicate Leverty's Rights

2 | and to Enforce Lien for Attorney's Fees. (Exh. 1). In the prayer for relief to the Motion to

3 | Adjudicate, Leverty respectfully requested a Judgment be entered against Exley which attaches to

4 | the Subject Property.

5 | Seeing the writing on the wall with regard to a Judgment attaching to the Subject Property,

6 | on May 12, 2017, **less than 10 days** after Leverty's Motion to Adjudicate was filed with Court,

7 | Exley deeded the Subject Property titled in his name to the Ray Warren Exley Family Trust, with

8 | Exley as trustee. Thereafter, on May 24, 2017, the Ninth Judicial District Court granted a Judgment

9 | Lien in favor of Leverty which attaches to the Subject Property. (Exh. 2).

10 | In an effort to enforce the Judgment Lien, on or about February 12, 2017, Leverty filed a

11 | Complaint against Exley that was removed to United States District Court District of Nevada., Case

12 | No. 3:17-CV-0175-MMD-VPC. On or about July 27, 2017, Federal Court Magistrate Judge Cooke

13 | held a mediation in the matter in which the parties reached a settlement which was binding upon

14 | Exley. Thereafter, Exley and Debtor Loza fired their counsel and announced their intention to not

15 | comply with the settlement agreement agreed upon in Court. Leverty was forced to file a Motion

16 | to Compel the settlement agreement. On February 12, 2018, a hearing on the motion to enforce

17 | settlement was held wherein Magistrate Cooke was forced to read virtually all of the transcript that

18 | was made recording the terms of the settlement agreement previously agreed upon by Exley and

19 | Debtor Loza. From the bench, Magistrate Judge Cook stated she would be issuing a written report

20 | and recommendation that the terms of the settlement agreement previously agreed upon related to

21 | the Subject Property would be affirmed, and that Exley and Debtor Loza's attempts to renege on

22 | the settlement agreement were baseless, and Exley was sanctioned $45,045 for his in appropriate

23 | conduct. See *Leverty & Assocs. Law Chtd. v. Exley*, No. 3:17-cv-00175-MMD-WGC, 2018 U.S.

24 | Dist. LEXIS 221766 (D. Nev. Nov. 5, 2018).

25 | In keeping with the spirit of attempting to avoid paying for any legal services concerning

26 | the successful Subject Property lawsuit, on February 23, 2018, **a mere 2 days** after Magistrate

27 |

28 |

1   Judge Cooke stated her intention to uphold the settlement agreement, Exley signed a Quitclaim

2   Deed transferring the Subject Property, for "NON CONSIDERATION" to Athena Medical Group

3   Defined Contribution Pension Plan and Trust Number Three. (hereinafter "Athena") (Exh. 3).

4          On March 19, 2018, Federal Magistrate Judge Cooke issued a report and recommendation

5   confirming the settlement agreement affecting the Subject Property, which was accepted an adopted

6   by U.S. District Court Judge Du on February 29, 2019.  On February 25, 2019, the United States

7   District Court issued a Judgment in a Civil Case which was recorded against the Subject Property

8   on March 5, 2019.  (Exh. 4).  Thereafter, in an effort to secure payment on amounts owed to

9   Leverty, Leverty, on or about January 22, 2021, purchased and took an assignment of a Deed of

10  Trust recorded against the Subject Property on February 1, 2017, which was related to a Promissory

11  Note on the Subject Property dated May 23, 2017.

12         Consistent with their prior conduct, Athena, one of the numerous entities of Exley,

13  countered Leverty's purchase of the Deed of Trust with another transfer of the Subject Property to

14  avoid the Judgment in a Civil Case.  On or about January 22, 2021, the Subject Property was once

15  again quit claimed, for "NO CONSIDERATION," this time to Debtor Loza.

16         Thereafter, on March 12, 2021, Levertyobtained a Writ of Execution against Ray Warren

17  Exley and Debtor Loza[2] from the United States District Court District of Nevada.   (Exh. 5).

18  Pursuant to the Writ of Execution obtained, the U.S. Marshall was permitted to seize the Subject

19  Property to satisfy the judgment against Exley. (Exh. 6).  On March 23, 2021, Leverty also filed

20  the fraudulent transfer Complaint against numerous Exley affiliated Defendants in the Ninth

21  Judicial District Court of Nevada in and for the County of Douglas, Case No. 2021-CV-00057.

22  (Exh. 6).

23         As the Court may have come to expect, the Subject Property was once again transferred to

24  hinder, delay and/or defraud Leverty as a Judgement Creditor.  On March 30, 2021, **less than two**

25

26         [2]  On April 23, 2021, the Court issued a Minutes of Proceeding clarifying Writ was
27  against Ray Warren Exley and his Estate, not Loza individually.

28

1   **weeks** after the Writ of Execution, and only 7 days after the fraudulent transfer Complaint was filed,

2   Debtor Loza filed a Quit Claim Deed on the Subject Property (Exh. 7).   As provided in the

3   Quitclaim Deed, <u>Debtor Loza has now decided to "reject" the January 22, 2021, transfer</u> from

4   Athena to herself, stating "said conveyance as an error," quitclaiming the Subject property back to

5   Athena.  (Exh. 7)

6        Thereafter, Leverty filed an Application for Judgment by Default against the numerous

7   Exley affiliated Defendants in the Ninth Judicial District Court of Nevada in and for the County of

8   Douglas, Case No. 2021-CV-00057.  (Having come before the Court, and with the Court having

9   reviewed the file, pleadings therein, the argument of counsel, and the evidence presented, the Court

10  issued a May 25, 2021, Judgment by Default.  (Exh. 9).  The May 25, 2021, Judgment found the

11  aforementioned four (4) transfers of the Subject Property were fraudulent and intended to hinder,

12  delay or defraud creditors of Exley in accordance with the provisions of Nevada Revised Statute

13  Chapter 112 - Fraudulent Transfers (Uniform Act). (Exh. 9).  The Court Ordered the four (4)

14  fraudulent transfers were thereby void, and the Subject Property **thereby reverts back and is to**

15  **be titled in the name of Ray Warren Exley, M.D**. (Exh. 9).  In accordance with the Court's May

16  25, 2021, Order, on June 11, 2021, Leverty filed the Judgment by Default with the Douglas County

17  Recorder, thereby transferring title of the real property into the name of Ray Warren Exley MD.

18  (Exh. 10, 11).

19        On June 22, 2021, at <u>7:07 pm on the **night before the foreclosure sale**</u> of the Subject

20  Property, counsel for Debtor Loza, Steve Harris, provided a June 22, 2021, written letter via

21  electronic mail. (Exh. 12).  It should be no surprise to the Court, Debtor Loza once again attempted

22  to fraudulently transfer the Subject Property to hinder, delay and/or defraud Leverty as a judgment

23  creditor of Exley, and as the foreclosing party on the Subject Property. (Exhs. 13, 14).  The first

24  fraudulent transfer dated June 21, 2021, was a quitclaim purported to transfer title from Athena into

25  the name of Debtor Loza, in her individual capacity. (Exh. 13).  The second fraudulent transfer

26  dated June 22, 2021, was a quitclaim deed purporting to transfer title from Special Administrator

27

28

1   Juliana Loza of the Estate of Ray Warren Exley to Athena. (Exh. 14).  **Three (3) hours** after the

2   two newest fraudulent transfers, Debtor Loza declared Chapter 13 bankruptcy.  On June 23, 2021,

3   a foreclosure sale took place on the Subject Property with the property going to the highest bidder.

4   **III.    LEGAL ARGUMENT**

5          This matter is before the Court on Debtor's Motion which argues that Debtor Loza's

6   bankruptcy automatically stayed the foreclosure action on the Subject Property, as 11 U.S.C. §

7   362(a) imposes and automatic stay on all collection activities against the debtor and debtor's

8   property.  Of issue, is the fact that the Subject Property was titled in the name of Exley at the time

9   of the commencement of the Debtor's bankruptcy matter.  Debtor Loza did not have a legal or

10  equitable interest in the Subject Property at the time of the commencement of the foreclosure action

11  or at the time of the June 23, 2021, foreclosure sale.

12         **A.    LEGAL STANDARD - 11 U.S.C. § 362(a); 11 U.S.C. § 541(a)**

13         11 U.S.C § 362 provides, in pertinent part: "[a] petition filed under section 301, 302 or

14  303...operates as a stay applicable to all entities, of...(3) any act to obtain possession of property of

15  the estate or of property from the estate or to exercise control over property of the estate..."  The

16  stay likewise applies to "any act to...enforce any lien against the property of the estate" and "any

17  act to...enforce against property of the debtor any lien to the extent such lien secures a claim that

18  arose before the commencement of the case."  11 U.S.C. 362(a)(4)(5)

19         11 U.S.C. § 541(a) provides, pertinent part: "The commencement of a case under 301, 302,

20  or 303 of this title creates an estate.  Such estate is comprised of the following property, whenever

21  located and whomever held: (1) ...all legal or equitable interests of the debtor in property as of the

22  commencement of the case."

23         **B.    DEBTOR HAS NO LEGAL INTEREST IN THE SUBJECT PROPERTY**

24         Debtor Loza's bankruptcy estate, as defined by 11 U.S.C. § 541(a), does not include the

25  Subject Property.  Debtor Loza has no legal interest in the Subject Property.  She had no legal

26  interest at the time of the commencement of the bankruptcy action, and no legal interest at the time

27

28

1  of the June 23, 2021, foreclosure sale.

2       As provided above, on May 25, 2021, the Ninth Judicial District Court entered a Judgment

3  related to the ownership of the Subject Property. (Exh. 9). Pursuant to the Court's Order, four (4)

4  separate transfers of the Subject Property by Exley and Debtor Loza were found to be fraudulent

5  and intended to hinder, delay or defraud creditors of Exley in accordance with the provisions of

6  Nevada Revised Statute Chapter 112 - Fraudulent Transfers (Uniform Act). (Exh. 9). The Court

7  Ordered the four (4) fraudulent transfers were thereby void, with the Subject Property **reverting**

8  **back to be titled in the name of Exley**. In accordance with the Court's May 25, 2021, Order, on

9  June 11, 2021, Leverty filed the Judgment with the Douglas County Recorder, thereby transferring

10  title of the real property into the name of Exley. (Exh. 10, 11).

11       On June 22, 2021, at 7:07 pm on the **night before the foreclosure sale** of the Subject

12  Property, counsel for Debtor, Steve Harris, provided a written letter via electronic mail. (Exh. 12).

13  What should be no surprise to the Court, Debtor Loza once again attempted to fraudulently transfer

14  the Subject Property to hinder, delay and/or defraud Leverty as a judgment creditor of Exley, and

15  as the foreclosing party on the Subject Property. (Exhs. 13, 14).

16       The first fraudulent transfer dated June 21, 2021, was a quitclaim purported to transfer title

17  from Athena into the name of Debtor Loza, in her individual capacity. (Exh. 13). The second

18  fraudulent transfer dated June 22, 2021, was a quitclaim deed purporting to transfer title from

19  Special Administrator Juliana Loza of the Estate of Ray Warren Exley to Athena. (Exh. 14). **Three**

20  **(3) hours** after the two newest fraudulent transfers, Debtor Loza declared Chapter 13 bankruptcy,

21  with the Subject Property purportedly in her name via the two (2) flatulent transfers.

22       There are number of reasons why the two (2) fraudulent transfers did not vest title in the

23  name of Debtor Loza, and into the Debtor's estate as argued in Debtor's Motion. First, as provided

24  above, the Court recently Ordered title into the name of Exley. At the time of the commencement

25  of the bankruptcy, title with the Douglas County Assessor's Office was in the name of Exley. At

26  the time of the commencement of the foreclosure action, title was in the name of Exley. As of June

27

28

1  24, 2021, the Douglas County Assessor's Office had title in the name of Exley. (*See* Exh. 11 -

2  Douglas County Assessor's Parcel Detail; Exh. 14 - Declaration of jess P. Rinehart, Esq.)[3]  In fact,

3  Jess P. Rinehart, Esq. of Leverty & Associates Law Chtd. called the Douglas County Assessor's

4  office on June 24, 2021, about the two (2) attempted quitclaim deeds of June 22, 2021, wherein he

5  was informed that the filings were deficient, and did not transfer title to the Subject Property as

6  purported by Debtor Loza. (Exh. 15).

7      Second, Debtor Loza should not be able to collaterally attack a valid Nevada State Court

8  Judgment, committing fraud and using the Bankruptcy Court to do so.  The second dated fraudulent

9  transfer from the Exley's probate estate to Athena states Loza, as Special Administrator, "contests

10  the validity of the default judgment and contends that legal title remains vested" with Athena. (Exh.

11  14).  While she may want that to be the case, the Ninth Judicial District Court entered a valid and

12  enforceable judgment transferring title into the name of Exley. Debtor Loza's dislike of the Court's

13  Order does not allow her to just transfer property out of the name of Exley and out his probate estate

14  where there are known creditors and creditor notices filed.

15      Debtor Loza's recent fraudulent transfers and bad faith bankruptcy filing are an attempt to

16  have this Court collaterally attack a valid and enforceable judgment in the Ninth Judicial District

17  Court.  28 U.S.C. § 1738 provides that the judicial proceedings of any court "shall have the same

18  full faith and credit in every court of the United States . . . as they have by law or usage in the courts

19  of such State". As such, federal courts must give state court judgments the same preclusive effect

20  that those judgments would enjoy under the law of the state in which the judgment was rendered.

21  *Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 993 (9th Cir. 2001); *Jung Sup Lee v. TCAST*

22  *Communs., Inc. (In re Jung Sup Lee)*, 335 B.R. 130, 138 (B.A.P. 9th Cir. 2005). To the extent that

---

[3]  The Court should take judicial notice of the Douglas County, Nevada Assessor's Office
Parcel Detail for the Subject Property printed from the Douglas County Assessor website. Fed.
R. Evidence 201 provides "[t]he Court may judicially notice a fact that is not subject to
reasonable dispute because it: (2) can be accurately and readily determined from sources whose
accuracy cannot be reasonably questioned."

1 | Debtor Loza contends that both the previous federal Judgment and/or the Ninth Judicial District

2 | Court Judgment should be set aside, this constitutes an impermissible collateral attack on those

3 | judgments. See *Briggs v. Spacey*, 793 F. App'x 634, 635 (9th Cir. 2020), citing *Mullis v. U.S. Bankr.*

4 | *Court for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987). This is especially true given the fact

5 | that the monies from the foreclosure sale are to be paid into the Ninth Judicial District Court for

6 | proper allocation and distribution. (Exh. 9).

7 | A state court Judgement entered against the debtor in a civil suit is entitled to preclusive

8 | effect in the bankruptcy proceeding. *Lake v. Camps (In re Lake)*, 202 B.R. 751, 756 (B.A.P. 9th

9 | Cir. 1996), citing *In re Daghighfekr*, 161 Bankr. 685 (9th Cir. BAP 1993). In Nevada, a default

10 | judgment satisfies the "actually litigated" basis required to give such a judgment preclusive effect

11 | if the "the court entering the default made findings to support the default judgment. See *Howard*

12 | *v. Sandoval (In re Sandoval)*, 126 Nev. 136, 140, 232 P.3d 422, 424 (2010).

13 | Third, Nevada Revised Statute Chapter 140 titled Special Administrators, does not permit

14 | Special Administrator Loza from transferring real property from Exley's probate estate without

15 | prior Court approval. Juliana Loza is solely the special administrator for the purpose of the

16 | litigation that was, at that time pending both in the Nevada Supreme Court[4] and the 9th Circuit Court

17 | of Appeals[5]. At no time have general letters of administration pursuant to NRS 139 been issued.

18 | Instead, the letters of administration were issued pursuant to NRS 140.010. Therefore, since she

19 | does not have (and never has had) the legal power to transfer the property, it does not exist within

20 | her bankruptcy estate. This is because a quitclaim deed can only transfer pursuant to the rights of

21 | the transferor. See *Miranti v. Advance Mgmt. Corp.*, 88 Nev. 59, 62, 493 P.2d 707, 708-709

22 | (1972)("the quitclaim deed transferred any interest in the property which the Mirantis might have

23 | retained."); See also *Brophy Mining Co. v. Brophy & Dale Gold & Silver Mining Co.*, 15 Nev. 101,

24 | 107 (1880). It is well-established under Nevada law that a grantor can convey no greater title or

25 |

26 | [4] Case No. 80857.

27 | [5] Case No. 19-15545

28 |

1  interest than he or she has in the property *SEC v. Glob. Express Capital Real Estate Inv. Fund I,*

2  *LLC*, 2010 U.S. Dist. LEXIS 132231, at *7-8 (D. Nev. Nov. 30, 2010), citing *Brophy Mining*. Since

3  neither Loza nor Athena had an interest to transfer, and because the purported transfers were done

4  via a quitclaim deed, the purported "transfers" did not actually transfer any interest. Therefore, the

5  sole basis for bringing the Bankruptcy petition was to impermissibly and collaterally attack the state

6  court judgment as to deprive known creditors who have filed creditor claims against the probate

7  Estate. By flatulently transferring property from the Estate, Loza is defrauding known creditors to

8  the Estate.

9        Fourth, the two June 22, 2021, quitclaim deeds were fraudulent transfer pursuant to Nevada

10  law and void.

11        The elements for a fraudulent transfer are as follows:

12            A transfer made or obligation incurred by a debtor is fraudulent as to a
     creditor, whether the creditor's claim arose before or after the transfer was made
13     or the obligation was incurred, if the debtor made the transfer or incurred the
     obligation:
14     (a)    With actual intent to hinder, delay or defraud any creditor of the debtor;
     or
15     (b)    Without receiving a reasonably equivalent value in exchange for the
     transfer or obligation, and the debtor:
16            (1)    Was engaged or was about to engage in a business or a transaction
     for which the remaining assets of the debtor were unreasonably small in relation
17     'to the business or transaction; or
            (2)    Intended to incur, or believed or reasonably should have believed
18     that the debtor would incur, debts beyond his or his ability to pay as they became
     due.
19  NRS 112.180(1)

20        In determining a party's actual intent to hinder, delay or defraud a creditor, the

21  following factors are to be evaluated:

22            1.    The transfer or obligation was to an insider;
            2.    The debtor retained possession or control of the property
23     transferred after the transfer;
            3.    The transfer or obligation was disclosed or concealed;
24            4.    Before the transfer was made or obligation was incurred,
     the debtor had been sued or threatened with suit;
25            5.    The transfer was of substantially all the debtor's assets;
            6.    The debtor absconded;
26            7.    The debtor removed or concealed assets;
            8.    The value of the consideration received by the debtor was
27

28

1    reasonably equivalent to the value of the asset transferred or the
     amount of the obligation incurred;

2    9.    The debtor was insolvent or became insolvent shortly after the
     transfer was made or the obligation was incurred;

3    10.    The transfer occurred shortly before or shortly after a substantial
     debt was incurred; or

4    11.    The debtor transferred the essential assets of the business to a
     Lienor who transferred the assets to an insider of the debtor.

5    NRS 112.180(2)

6    Here, Special Administration Loza attempted to fraudulently transfer the Exley's Estate real

7    property, and only asset of value, with the sole intent to hinder, delay and/or defraud known

8    creditors to the Estate. (*See* NRS 112.180(a)). The transfers were to an insider, as Juliana Loza was

9    the Special Administrator to the Estate and attempted to take title in her name individually. (*See*

10   NRS 112.180(1)). The transfer of this real property was substantially all of the Estate's asset (*See*

11   NRS 112.180(2)(5)) and was an attempt to entirely remove the sole asset from the Estate (NRS

12   112.180(2)(7)), despite the fact a Court Ordered title into the name Exley. Through this attempted

13   transfer, the Estate immediately becomes insolvent and unable to pay known creditors who have

14   filed creditor claims with the Estate. (*See* NRS 112.180(2)(9)). The attempted transfers were not

15   made for reasonably equivalent value, as the first transfer was done with no listed consideration,

16   and the second transfer was done without the value of the consideration listed. (Exhs. 13, 14).

17   Fifth, it is a farce for Debtor Loza to now claims title to the property when under three

18   months ago, on March 30, 2021, she filed a quitclaim deed rejecting a transfer from Athena to

19   herself, stating "said conveyance as an error." (Exh. 7).

20   Simply put, Debtor Juliana Loza clearly does <u>not</u> have a legal interest in the Subject

21   Property, it is <u>not</u> in her bankruptcy estate. Furthermore, the subsequent transfer on June 22, 2021,

22   from the Estate of Exley to Athena further evidences that the property did not transfer to Loza. The

23   Subject Property is also not part of Debtor Loza's equitable estate triggering an automatic stay on

24   the Subject Property.

25   C.    **DEBTOR HAS NO EQUITABLE INTEREST IN THE SUBJECT
       PROPERTY**

26

27   Debtor Loza's bankruptcy estate, as defined by 11 U.S.C. § 541(a), <u>does not include</u> the

28

1   Subject Property.  Debtor Loza has <u>no equitable interest</u> in the Subject Property as argued.

2   Defendant's Motion argues even if the Debtor did not hold actual title in the Real Property, she had

3   an equitable and beneficial interest in her capacity as a special administrator of Dr. Exley's Estate

4   and Athena.  There are several issues with this argument.

5        <u>First and foremost</u>, Debtor Loza provided <u>no</u> evidence to the Court that Debtor Loza has any

6   actual equitable or beneficial interest in the Subject Property.  Mere statements that she has an

7   interest are not sufficient, and provide the Court, Leverty and Allied Trustee Services with nothing

8   to work with.  The Court can not determine property belongs in Debtor Loza's bankruptcy estate

9   through mere allegations. Further, the bankruptcy petition is a nothing but a bare bones petition that

10  provides no schedule of assets listing the alleged legal or equitable interests. The Court must have

11  actual documentary evidence for Debtor Loza to claim an interest.

12       Second, as provided in detail above, the Subject Property is not in the name of the Athena.

13  Debtor's Loza's counsel's June 22, 2021, letter to Lwevety provides "Ms. Loza also has a

14  beneficiary interest in the Athena Medical Group Defined Contribution Plan and Trust Number

15  Three." Pursuant to the Ninth Judicial's valid Order, property is vested in the name of Exley. (Exh.

16  9). Debtor Loza can not claim property in the name of her Debtor's Estate based upon an alleged

17  beneficiary interest in Athena, an entity without any legal title to the property.   It does not matter

18  that Loza's fradulent quitclaim deed from Exley's Estate to Athena "contests the validity of the

19  default judgment." (Exh. 14). What matter is the Court's valid and enforceable Judgment vesting

20  title in the name of Exley.  (Exh. 9).

21       Third, Juliana Loza does not have a equitable interest as a special administrator.  Debtor

22  Loza has provided no case law showing a special administrator having their own equitable or

23  beneficial interest in property of a probate estate such that the property is considered Estate property

24  of a Debtor.  Further, she filed bankruptcy in her personal name, not in her appointed role as a

25  special administrator.

26  **IV.      THE COURT SHOULD AWARD SANCTIONS TO THE RESPONDING PARTIES**

27

28

11 U.S.C. § 9011 provides a Court may impose sanctions upon the attorneys, law firms or parties if they violate 11 U.S.C. § 9011(b). Such sanctions do not have a safe harbor rule allowing the filing party to withdraw or appropriately correct the filing within 21 days of service of the sanction motion, as "this limitation does not apply if the conduct alleged is the filing of a petition in violation of subdivision b." 11 U.S.C. § 9011(b)(1) provides that by certifying a filing with the Court, it is to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the filing is "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Here, the facts above clearly show a bankruptcy filing petition presented for an improper purpose. The facts above outline a clear history of fraudulent transfers on the Subject Property in order to hinder, delay or defraud creditors of Exley, including Leverty The Ninth Judicial Court feels the same way and on May 25, 2021, filed a Judgment. (Exh. 9). The Judgment found four (4) transfers of the Subject Property were fraudulent and intended to hinder, delay or defraud creditors of Exley in accordance with Nevada's Fraudulent Transfers (Uniform Act). (Exh. 9).

Similar to the four (4) fraudulent transfer above, the two quitclaims of June 22, 2021, were fraudulent transfers as outlined in Section III (B). The two (2) fraudulent transfers purporting to transfer the Subject Property were filed a mere three (3) hours prior to the bankruptcy filing. The bankruptcy petition was filed on the eve of the foreclosure sale on the real property in a clear and not subtle attempt to shield the Subject Property from known creditors to the Exley Estate. Additionally, this matter was commenced as a bare bones filing wherein the Debtor has not filed any of her schedules or statement of financial affairs. The Debtor has also improperly filed this case in Nevada, as her residential address in other matters has always been, and she has been served at, her long time residence at 9504 Highridge Place, Beverly Hills, CA 90210. (Exh. 16). This is not her family home and emotionally distressful as argued in Debtor's Motion. In fact, it was titled in the name of Exley's ex-wife prior to Leverty's successful suit before the Ninth Judicial District Court, Case No. 14-CV-0130.

1    The bankruptcy filing was clearly intended for improper purpose. This especially is evident

2    in the fact that **less than (3) months ago** Debtor Loza rejected a quitclaim deed from Athena into

3    her individual name. This is the exact transfer Debtor Loza has now attempted to make on June 22,

4    2021. The reason behind this is clear, in both circumstances Leverty & Associates Law Chtd. were

5    in a position to collect upon monies owed.

6    Additionally, notably absent from Debtor Loza's sanction motion is yet another litigation

7    on the property, filed by the Exley's Athena entities. The case, currently pending before the United

8    States District Court for the State of Nevada, Case No. 3:21-cv-00274, and is entitled Athena v.

9    Leverty., et al. The Complaint seeks to avoid the foreclosure sale of June 23, 2021, on the novel

10   theory that because Athena committed fraud in encumbering the property, then Athena is entitled

11   to keep the money and the property. This, along with all of the other fraudulent conduct of Debtor

12   Loza and Exley, is strong indica that the sole purpose of the filing of bankruptcy petition was "part

13   of a scheme to delay, hinder, or defraud creditors that involved either—(A) transfer of all or part

14   ownership of, or other interest in, such real property without the consent of the secured creditor or

15   court approval;" 11 U.S.C. 362(d)(4).

16   The Court should sanction Debtor Loza, Stephen Harris and the Harris Law Practice for

17   their filing of a bankruptcy petition for a clearly improper purpose. The responding parties

18   respectfully request the Court impose a sanction "sufficient to deter repetition of such conduct or

19   comparable conduct by others similarly situated." 11 U.S.C. § 9011(b)(1).

20   Pursuant to 11 U.S.C. § 105, the federal courts, including bankruptcy courts, the Courts also

21   have inherent power to impose sanctions for a broad range of wilful or improper litigation conduct.

22   *Knupfer v. Lindblade (In re Dyer0*, 322 F.3d 1178, 1196 (9th Cir. 2003). A federal court is not

23   forbidden to sanction bad-faith conduct by means of the inherent power simply because the conduct

24   could also be sanctioned under the statuette or rules. *Chamber v. NASCO, Inc.*, 501 U.S. 32, 50

25   (1991). "In reviewing sanctions under the court's inherent power, our cases have consistently

26   focused on bad faith...[A] specific finding of bad faith...must precede any sanction under the court's

27

28

1    inherent powers." " *Fink v. Gomez*, 239 F.3d 989, 992; 2001 U.S. App. LEXIS 1804. The Ninth

2    Circuit has stated the Court may impose sanctions pursuant to is inherent authority when it finds

3    "willful actions, including recklessness when combined with an additional factor such as

4    frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994.

5         As outline immediately above in Section IV, Debtor Loza's actions are tantamount to bad

6    faith. Debtor's attempted fraudulent transfers of June 22, 2021, were willful and clearly done in

7    an attempt to defraud creditors to the Estate of Ray Warren Exley. Simply put, Debtor Loza's

8    bankruptcy matter was brought for a clear improper purpose. The responding parties respectfully

9    request sanctions be awarded in this matter

10        The responding parties respectfully request sanctions be awarded against Debtor Loza,

11    Stephen Harris and the Harris Law Practice in this matter, be it by either 11 U.S.C. § 9011 or the

12    Court's inherent power pursuant to 11 U.S.C. § 105. The responding parties respectfully request

13    the dismissal of Debtor Loza's bankruptcy matter, or in the alternative, declaring the Subject

14    Property is not part of the Debtor's Estate, allowing the foreclosure sale to proceed. Additionally.

15    the responding parties request an award of $10,000 for attorney fees and costs for needing to defend

16    themselves in this fraudulent matter.

17        Further, the responding parties respectfully request that Court issue a motion stay as to any

18    further filings by Debtor, Loza as a Special Administrator to the Estate of Exley or any of Exley's

19    Athena related entities. Debtor Loza's motion hints that there may be additional attempts at to

20    fraudulently transfer the Subject Property away from Exley's Estate and the known creditors to the

21    Estate.

22  **III.**    **CONCLUSION**

23        For the foregoing reasons, Leverty & Associates Law Chtd. and Automatic Funds Transfer

24    Services, a Seattle Corp. dba Allied Trustee Services respectfully request the Court deny Debtor

25    Loza's motion in its entirety and grant the responding parties request for sanctions and stay.

26    */ / / /*

27

28

DATED this 25 day of June, 2021

Vernon E. Leverty, Esq. NV Bar No. 1266
Patrick R. Leverty, Esq. NV Bar No. 8840
William R. Ginn Esq. NV Bar No. 6989
Jess P. Rinehart, Esq., NV Bar No. 11697
LEVERTY & ASSOCIATES LAW CHTD.
*Attorneys for Leverty & Associates Law Chtd.* and *Automatic Funds Transfer Services, a Seattle Corp. dba Allied Trustee Services*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I am an employee of Leverty & Associates Law, Chtd., and that service of the foregoing was made via the Court's electronic filing system to:

| | |
|---|---|
| Debtor Juliana M. Loza<br>c/o Stephen Harris, Esq.<br>Harris Law Practice LLC<br>6151 Lakeside Drive, Ste. 2100<br>Reno, NV 89511 | |

Dated this 25 day of June, 2021.

An Employee of Leverty & Associates Law, Chtd.

# EXHIBIT 1

# EXHIBIT 1

1    Case No. 14-cv-0130

2    Dept. No. II

RECEIVED

MAY 0 3 2017

Douglas County
District Court Clerk

FILED

2017 MAY -3 PM 1: 15

BOBBIE R. WILLIAMS
CLERK
A. NEWTON
BY_____DEPUTY

3

4

5

6

7    IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8    IN AND FOR THE COUNTY OF DOUGLAS

9    RAY WARREN EXLEY, an individual,            )
                                                )
10                    Plaintiff,                 )    MOTION TO ADJUDICATE LEVERTY &
                                                )    ASSOCIATES LAW CHTD.'S RIGHTS
11        vs.                                    )    AND  TO  ENFORCE  LIEN  FOR
                                                )    ATTORNEY'S FEES
12    LOIS M. O'BRIEN, an individual; DOES       )
      I-XXX; and ABC CORPORATIONS A-Z;          )
13    inclusive,                                 )
                                                )
14                    Defendants.               )
                                                )
15    _____)
      LOIS M. O'BRIEN, an individual            )
16                                              )
                      Counter-Claimant,         )
17                                              )
          vs.                                   )
18                                              )
      RAY WARREN EXLEY, an individual;          )
19    DOES 1-100,  inclusive,  and  ROE         )
      CORPORATIONS 1-100 inclusive, .           )
20                                              )
                      Counter-Defendants,       )
21    _____)
                                                )
22    AND ALL RELATED CLAIMS.                   )
                                                )

23

24        Leverty & Associates Law Chtd., hereby brings this Motion to Adjudicate its Rights and to

25    Enforce its Lien for Attorney's Fees.  This Motion is based on Nevada Revised Statute 18.015, the

26    following memorandum of points and authorities, the attached exhibits and declaration of counsel,

27    the pleadings on file herein and any other evidence the Court wishes to consider.

28

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    I.    <u>INTRODUCTION</u>

3        In April 2014, Ray Warren Exley ("Dr. Exley") reached out and solicited Leverty &

4    Associates Law, Chtd. ("Leverty & Associates") to represent him in a dispute with his ex-wife over

5    a piece of property in Stateline, Nevada. Ultimately, this led to Leverty & Associates successful

6    representation of Dr. Exley before this Court, where Dr. Exley obtained all of the relief this Court

7    could offer. Dr. Exley then declined to pay his attorneys fees.

8        As a result, on February 1, 2017, Leverty & Associates filed a Notice of Lien for Attorney's

9    Fees, and properly served it upon all interested parties pursuant to Nevada Revised Statute ("NRS")

10    18.015(3). While the Notice of Lien is in the amount of $151,226.76, this amount was inadvertently

11    overstated. The actual amount sought by Leverty & Associates is $150,780.76.[1]

12        As a result of Dr. Exley's refusal to pay his attorneys, Leverty & Associates has been forced

13    to adjudicate its rights and enforce its lien for attorney's fees before the Court. Dr. Exley's

14    statements and actions have made it clear that payment will not be forthcoming.

15        Leverty & Associates attempted to resolve this dispute outside judicial intervention to no

16    avail. Instead of paying his bill, Dr. Exley wishes to transfer the real property title from his name to

17    one or more unknown entities or other individuals, effectively removing any security interest Leverty

18    & Associates relied upon for payment and its basis for its representation of Dr. Exley. Leverty &

19    Associates has proposed and provided Dr. Exley with an assignable deed of trust and promissory

20    note in hopes of resolution, but Dr. Exley has flatly refused to even consider the security proposal.

21        Throughout Leverty & Associates' representation of Dr. Exley, Dr. Exley was provided with

22    monthly billings computed on a time and charge basis with itemized listings of legal services

23    performed. Dr. Exley has never disputed the monthly billings and itemized services performed and

24    has recently represented that he will remunerate Leverty & Associates for all amounts due and

25    _____

26        [1] The original amount requested was $151,226.76, but in preparing the declarations for
Dr. Exley's motion for attorneys fees, Leverty & Associates discovered two separate billing
27    entries, totaling $446.00, that should not have been included in Dr. Exley's bills.

28                                            1

1   owing. Despite his assurances of payment in full, Dr. Exley's actions and statements are to the

2   contrary.

3   II.    FACTS

4          As the Court is aware, this litigation arises over an ownership dispute involving a home at

5   429 Panorama Drive, Stateline, Nevada 89449. ("Panorama Property")  When Dr. Exley initially

6   sought representation from Leverty & Associates in April 2014, the owners of the Panorama

7   Property were listed as Ray Warren Exley, M.D., an unmarried man, and Lois O'Brien, an unmarried

8   woman, as Joint Tenants.

9          Based on Dr. Exley's word, in April of 2014, Leverty & Associates, as attorney, began

10  providing legal services to Dr. Exley, as client. Dr. Exley and Leverty & Associates reached a written

11  agreement for legal services over the Panorama Property in June 2014. (Exh. 1). On June 13, 2014,

12  Leverty & Associates filed suit on behalf of Dr. Exley against his ex-wife, and co-tenant, Lois

13  O'Brien in the Ninth Judicial District Court of the State of Nevada, in and for the County of

14  Douglas, Case No. 14-cv-0130.

15         After discovery closed, on August 8, 2016, Leverty & Associates filed the motion for

16  summary judgment that they drafted on behalf of Dr. Exley.  Upon full briefing on the matter,

17  including a countermotion for summary judgment filed by Dr. O'Brien, on October 21, 2016, this

18  Court granted summary judgment in favor of Dr. Exley, reserving issues regarding setoff for trial.

19         On January 19, 2017, a one day trial was held in this case regarding the issue of whether Dr.

20  O'Brien was entitled to any financial offset concerning the real property.  Leverty & Associates

21  represented Dr. Exley at this trial. On January 26, 2017, this Court issued an Order granting Dr.

22  Exley judgment as a matter of law, providing Dr. O'Brien is not entitled to any financial setoff. At

23  this point in time, Leverty & Associates had successfully advocated on behalf of Dr. Exley

24  concerning the sole substantive issues in the matter and ruled upon by the Court.

25         Leverty & Associates provided legal services to Dr. Exley through January of 2017.  From

26  April of 2014 through January 23, 2017, Leverty & Associates provided Dr. Exley with monthly

27  billings statements detailing and itemizing legal services performed. (Mtn. Atty. Fees, Appendix 1,

28                                                    2

1   Exh. 1 at Declaration 1:13-18 and at Exh. 1 to Declaration).[2]  Dr. Exley has failed to make any

2   payments for attorney's fees accrued.[3]

3            Through January 23, 2017, Dr. Exley was provided with monthly billings which provided

4   for an amount due and owing to Leverty & Associates of $150,780.76.[4]  (See Mtn. Atty. Fees,

5   Appendix 1, Exh.1 at Exh. 1 to Declaration; Exh. 1).  Of this amount, $149,445.50 is attributable to

6   unpaid attorney's fees for which Dr. Exley was billed.  The remaining $1,335.26 is attributable to

7   outstanding costs billed.  (See Mtn. Atty. Fees, Appendix 1, Exh.1 at Exh. 1 to Declaration).

8            From the onset of legal representation, the parties agreed that attorneys fees would be

9   calculated and owed to Leverty & Associates on a time and charge basis based upon hourly rates

10  agreed to by the parties.[5]  Monetary amounts accrued for each monthly period were provided to Dr.

11  Exley as monthly billings statements detailing and itemizing legal services performed and the

12  respective work and hourly rate for a given attorney's services.  (See Mtn. Atty. Fees, Appendix 1,

13  Exh. 1 at Exh. 1 to Declaration).  Monthly bills were due when presented, a matter discussed with

14  Dr. Exley on more than one occasion and expressly stated in the June 3, 2014, electronic mail in

15  which Dr. Exley did not object.  (Mtn. Atty. Fees, Appendix 1, Exh. 1 at Exh. 2 to Declaration).

16  However, as Leverty & Associates began providing legal services, Dr. Exley began to fail to to make

17  payments on amounts due and owing.  Despite his failure to pay as he had previously agreed to do,

18  ────────────────────

19     [2] The attorney-client communications in these bills have been redacted.
       [3] The very small amount paid went to costs.

20     [4] As set forth above in footnote 1, the billed and lien amount of $151,226,76 was
    inadvertently overstated by $446.00.

21     [5] The parties verbally agreed from the onset of legal representation in April of 2014 upon
    hourly rates and basis for billing (Mtn. Atty. Fees, Appendix 2, Exh. 3 at 2:10-11; Appendix 1,

22  Exh. 1 at Declaration 1:21-22).  For April and May 2014, Leverty & Associates provided legal
    services to Dr. Exley related to the real property at issue.  During this time, Leverty & Associates

23  provided Dr. Exley with monthly billing statements reflecting the agreed upon rates, identifying
    the respective attorneys and their hourly rates. (Mtn. Atty. Fees, Appendix 1, Exh. 1 at Exh. 1 to

24  Declaration).  Two months after the onset of legal representation, in June of 2014, Leverty &
    Associates discounted its normal hourly rates and provided written verification of the agreement

25  via a June 3, 2014, email to Dr. Exley. (Mtn. Atty. Fees, Appendix 2, Exh. 3 at 2:12-20;
    Appendix 1, Exh. 1 at 1:23-2:3; Appendix 1, Exh. 1 at Exh 2 to Declaration; Exh. 1).  Dr. Exley

26  acknowledged the June 3, 2014, electronic mail and did not raise any objection or concern to the

27  respective hourly rates and time and charge basis for billing. (Mtn. Atty. Fees, Appendix 1, Exh.
    1 at Declaration 2:23-25; Exh. 1).

28                                                          3

1    Leverty & Associates went out on a limb for Dr. Exley (*See* Exh. 2 at Exh. D) and agreed to further

2    representation based upon Dr. Exley's repeated promises and assurances that Leverty & Associates

3    would have security in the Nevada real property in dispute (Mtn. Atty. Fees, Appendix 2, Exh. 3 at

4    15:8-10). Based upon this representation for future payment, Leverty & Associates zealously

5    advocated on Dr. Exley's behalf and achieved extraordinarily favorable results for Dr. Exley. (Mtn.

6    Atty. Fees, Appendix 2, Exh. 3 at 15:10-13).

7        Once he received the extraordinarily results in his favor, Dr. Exley informed Leverty &

8    Associates that upon the filing of transfer documents transferring 100 % ownership interest to Dr.

9    Exley, Dr. Exley advised he was immediately transferring the real property title out of his name, and

10   into the name of one or more trust, LLC or individual(s), depriving Leverty & Associates of the

11   security promised by Dr. Exley for the attorneys fees.  (Exh 2, Declaration of Vernon E. Leverty at

12   ¶¶ 5, 6 and 7).

13       Leverty & Associates has requested payment in full and has attempted to resolve this matter

14   without judicial intervention.  However, despite Dr. Exley's repeated assurances that payment will

15   be made in full on all amounts due and owing (Exh. 2 at ¶¶ 8, 10 and 11), it has become apparent that

16   payment is not forthcoming, and a real property transfer to other entities or individuals would be

17   detrimental to Leverty & Associates.

18       To resolve this impasse, Leverty & Associates proposed, prepared, and provided Dr. Exley

19   with an assignable deed of trust and promissory note in hopes of resolution. (Exh. 2 at ¶ 12). Dr.

20   Exley has shown no interest in providing security in the real property, and refused to consider the

21   proposal. Despite its best efforts, this issue has come to an impasse at this time and Leverty &

22   Associates has been forced to adjudicate its rights and enforce its lien for attorney's fees before the

23   Court pursuant to NRS 18.015(6).

24       On February 1, 2017, Leverty & Associates filed a Notice of Lien for Attorney's Fees. The

25   Notice of Lien for Attorney's Fees claims the lien, states the amount of the lien, and was properly

26   served upon Dr. Exley pursuant to NRS 18.015(3). (Exh. 3). Thereafter, and *subsequent* to the filing

27   of the attorney's lien, the Court entered a March 14, 2017, final Judgment, declaring Dr. Exley the

28                                                     4

1 | sole owner of the Panorama Property, with Dr. O'Brien having no right, title or interest in the
2 | property.

3 | III.    LEGAL ARGUMENT
4 |     A.    LEGAL STANDARD FOR ATTORNEY'S LIEN

5 |     Nevada Revised Statue ("NRS") 18.015(1) provides an attorney at law "shall have a lien"
6 | (a) Upon any claim, demand or cause of action...which has been placed in an attorney's hands by a
7 | client for suit or collection, or upon which a suit or other action has been instituted." NRS 18.015(4)
8 | provides a lien pursuant to NRS 18.015(1)(a) attaches to any verdict, judgement or decree entered
9 | and to any money or property recovered which is recovered on account of the suit or action.

10 |     Nevada recognizes two kinds of attorney's lien. *Figliuzzi v. District Court*, 111 Nev. 338,
11 | 342, 890 P.2d 798, 801 (1995). The first lien, a creature of statute, is a "charging lien on the
12 | judgment or settlement [that] the attorney has obtained for the client." (Emphasis added). *Argentena*
13 | *Consol. Mining Co. V. Jolley Urga Wirth Woodbury & Standish*, 125. Nev. 527, 532, 216 P.3d 779
14 | (2009) (overruled on other grounds), citing to *Figliuzzi*, 111 Nev. At 342, 890 P.2d at 801.

15 |     "A district court is empowered to render judgment either for or against a person or entity only
16 | if it has jurisdiction over the parties and the subject matter." *Argentena*, 125 Nev. at 532-533
17 | (overruled on other grounds) citing to *C.H.A. Venture v. G.C. Wallace Consulting*, 106 Nev. 381,
18 | 383, 794 P.2d 707, 708 (1990). "The district court's in personam jurisdiction to adjudicate a fee
19 | dispute based on a charging lien is derived from the fact that the client has already submitted...to the
20 | court's jurisdiction and the court has personal jurisdiction over the attorney due to the attorney's
21 | appearance as the client counsel of record." *Argentena*, 125 Nev. at 533 (overruled on other grounds)
22 | citing to *Earl v. Las Vegas Auto Parts*, 73 Nev. 58, 63, 307 P.2d 781, 783 (1957). "Concerning the
23 | court's subject matter jurisdiction, the court has in rem jurisdiction to resolve a fee dispute between
24 | an attorney and client, which arises from a charging lien, because the attorney's fee is recovered on
25 | account fo the suit or the action." *Argentena,* 125 Nev. at 533 (overruled on other grounds).

26 |     Pursuant to NRS 18.015(6), "On motion filed by an attorney having a lien...the court shall,
27 | after 5 days' notice to all interested parties, adjudicate the rights of the attorney...and enforce the

28 |

lien." (Emphasis added).

   B.    LEVERTY & ASSOCIATES HAS AN ENFORCEABLE LIEN ATTACHING
         TO THE REAL PROPERTY RECOVERED

   Pursuant to NRS 18.015, Leverty & Associates has an enforceable charging lien which attaches to APN No. 1318-25-111-017 as a result of final Judgment entered by the Court.

   i.    Leverty & Associates has an Enforceable Charging Lien

   Pursuant to NRS 18.015(3), an attorney "perfects a lien...by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client, and if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien."

         a.    Notice was Served Upon Dr. Exley Pursuant to NRS 18.015(3)

   Pursuant to NRS 18.015(3), an attorney perfects a lien by first "serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client, and if applicable, upon the party against whom the client has a cause of action claiming the lien and stating the amount of the lien."

   On February 1, 2017, Leverty & Associates filed its Notice of Lien for Attorney's Fees. Pursuant to the Certificate of Service, on January 31, 2017, "a true and correct copy...was sent via US Certified Mail, return receipt requested" to Dr. Exley and Dr. O'Brien. The Notice of Lien for Attorney's Fees was delivered to the USPS Facility on January 31, 2017, and was received and signed for by Dr. Exley on February 8, 2017. (Exh. 3).

   The February 1, 2017, Notice of Lien for Attorney's Fees provides Leverty & Associates is claiming a lien which attaches to real property recovered on account of the action, and is being claimed in the amount of $151,226.75.  However, as provided in Section II above, the total unpaid balance shall be reduced to $150,780.76, with the unpaid portion of attorney's fees being reduced to $149,445.50 and the unpaid costs being $1,335.26.  NRS 18.015(3) does not require a specific dollar amount. *Golighty & Vannah, PLLC v. TJ Allen, LLC*, 373 P.3d 103, 106, 2016 Nev. LEXIS 484 (2016).

////

6

b.    Leverty & Associates Charging Lien is Perfected and Has Priority

A charging lien attaches to the property which is recovered on account of judgment…"from the time of service of the notice." *Id*, 373 P.3d at 105 (finding a personal injury settlement obtained prior to notice of the lien being sent prevents the lien from being perfected and having priority, but affirming the existence of the lien and the district court's pro-rata distribution of the proceeds received after notice).

Here, the Court entered a January 26, 2017, Order granting summary judgment. The January 26, 2017, Order provides, in pertinent part, "IT IS FURTHER ORDERED that Dr. Exley shall submit a *proposed judgment* consistent with…the order granting summary judgment…" (*Emphasis Added*).    The Court's March 14, 2017 final Judgment declared Dr. Exley the sole owner of the Panorama Property.

Prior to the issuance of the March 14, 2017, final Judgment, Leverty & Associates filed a Notice of Lien for Attorney's Fees on February 1, 2017. As such, Leverty & Associates' attorney's lien has been perfected and has priority as to the real property.[6]

On February 22, 2017, this Court entered an Order granting Leverty & Associates' Law Chtd.'s Motion to Withdrawal as counsel, and notice of entry of this order was filed on February 27, 2017. Despite the fact that Leverty & Associates withdrew prior to the Court's March 14, 2017, Judgment on the property, Leverty & Associates still possess an enforceable attorney's lien. This is because the plain language of NRS 18.015 makes no distinction for a final judgment obtained on real property after an attorney has withdrawn. "An attorney 'shall have a lien' if employed by a client; there is no requirement that the attorney serve the client at the moment of recovery. Instead, there is a generalized requirement of a recovery so that the lien can actually attach to something of value." *McDonald Carano Wilson LLP v. Bourassa Grp., LLC*, 131 Nev.__, 362 P.3d 89, 91 (2015).

---

[6] Should the Court find that Leverty & Associates' lien has not been perfected, the Court should still award attorney's fees to Leverty & Associates based upon the fees as set forth in *Golighty & Vannah* concerning an un-perfected lien. Furthermore, the Court may find that the lien is still perfected due to the fact that the Court entered an October 21, 2016, Order granting summary judgment on the property.

1   NRS 18.015 "allows an attorney to enforce a charging lien against a client's affirmative recovery,

2   even if that attorney withdrew before recovery occurred." *Id* (finding the district court erred by

3   precluding McDonald Carano from enforcing its charging lien due to its withdrawal.)

4      Here, real property was recovered on behalf of suit, satisfying the generalized requirement

5   of a recovery so that the lien can actually attach to something of value.  Leverty & Associates's lien

6   attaches to the Panorama Property.

7           ii.      **Leverty & Associates' Charging Lien Attaches to the Real Property
                     Recovered**
8

9        Pursuant to NRS 18.015(4)(a), Leverty & Associates charging lien attaches to "any judgment

10  or decree entered...and to any money or property recovered on account of the suit or other action."

11  As outlined above in Section II, Leverty and Associates provided legal services to Dr. Exley,

12  including filing suit on his behalf, and prosecuting this action through trial. The suit was intended

13  to resolve the dispute over the Panorama Property. As set forth more fully above, Leverty &

14  Associates obtained an extraordinary recovery for Dr. Exley, first via the motion for summary

15  judgment researched and drafted by Leverty & Associates on behalf of Dr. Exley, and later at trial.

16  A final judgment was entered on the summary judgement and trial results on March 14, 2017.

17  (Judgment, 1:19-25).

18       Pursuant to NRS 18.015(4)(a), Leverty & Associates Law Chtd.'s lien attaches to the March

19  14, 2017, final Judgment and the real property recovered on account of the suit. See *McDonald

20  Carano Wilson LLP,* supra. ("There is a generalized requirement of a recovery so that the lien can

21  actually attach to something of value.")

22          iii.     **Leverty & Associates' Charging Lien is for an Amount Agreed Upon by
                     the Parties**

23       As shown by Exh. 1, an agreement for legal services was approved by and between Dr.

24  Exley, as client, and Leverty & Associates, as attorney.

25           a.      **Total Amount of Fees Agreed Upon**

26       Pursuant to NRS 18.015, the lien amount shall be "for the amount of any fee agreed upon by

27  the attorney and client." As detailed in Exh. 1, Leverty & Associates and Dr. Exley agreed upon

28

1   attorneys fees which would be calculated and owed to Leverty & Associates on a time and charge

2   basis based upon hourly rates agreed to by the parties. "Basic contract principles require, for an

3   enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v.*

4   *Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "A meeting of the minds exists when

5   the parties have agreed upon the contract's essential terms." *Certified Fire Prot. V. Precision*

6   *Constr. Inc.*, 128 Nev. 371, 378, 283 P.3d 250 (2012) citing to *Roth v. Scott*, 112 Nev. 1078, 1083,

7   921 P.2d. 1262, 1265 (1996).

8         Here, the parties agreed upon legal representation and legal services in exchange for amounts

9   due and owing to Leverty & Associates. From the onset of legal representation, the parties agreed

10  to the essential terms. The parties agreed that attorneys fees would be calculated and owed to

11  Leverty & Associates on a time and charge basis based upon hourly rates agreed to by the parties,

12  and agreed to the hourly rates for each attorney.[7] Monetary amounts accrued for each monthly period

13  were provided to Dr. Exley as monthly billings statements detailing and itemizing legal services

14  performed and the respective work and hourly rate for a given attorney's services. (*See* Mtn. Atty.

15  Fees, Appendix 1, Exh. 1 at Exh. 1 to Declaration).

16        From April of 2014 through January 23, 2017, Dr. Exley was provided with monthly billings

17  which provided for an amount due and owing to Leverty & Associates. As detailed above, the

18  unpaid portion of attorney's fees is $149,445.50, and the unpaid of costs are $1,335.26.

19        On or about April 17, 2017, Dr. Exley filed a Motion for Attorney's fees seeking the same

20  attorneys fees that he was billed by Leverty & Associates. In the conclusion of his motion, Dr. Exley

21  requested that "This court should enter its order against O'Brien and in favor of Exley in the amount

22  of...$149,512 claimed by Dr. Exley." (Mtn. Atty. Fees, 8:5-6). With such a straightforward request,

23  the only issue appears to be the fact that the amount of attorney's fees owed to Leverty & Associates

24  shall be reduced to $149,445.50, as extensively touched upon this Motion. Furthermore, in multiple

25  email correspondence to Leverty & Associates subsequent to the January 23, 2017, final monthly

26

27      [7] For April and May 2014, this was based on an oral agreement. After June 2014, it was based on a written agreement. (Exh. 1)

28                             9

1  billing, Dr. Exley repeated assured that payment will be made in full on all amounts due and owing.

2  (Exh. 2 at ¶¶ 8, 10 and 11). These assurances by Dr. Exley once again evidence his acknowledgment

3  and agreement to the essential terms that were laid out in the June 3, 2014, correspondence from Mr.

4  Leverty, and the thirty-four (34) itemized monthly billings provided to Dr. Exley which included

5  respective rates and a running balance due and owing to Leverty & Associates.

6      Leverty & Associates respectfully requests this Court enter a Judgment in the amount of

7  $150,780.76 against the Panorama Property, the real property in which Leverty & Associates' lien

8  attaches. In the alternative, should the Court determine that the outstanding costs of $1,335.26[8] not

9  be included in the judgment, Leverty & Associates respectfully requests this Court enter judgment

10  in the amount of $149,445.50 for the outstanding balance of attorney's fees owed.

11          b.    In the Alternative, the Lien is for an Amount of Reasonable
                  Services Rendered
12

13      As provided in Section II(B)(iii)(a) above, the lien in this matter is clearly for an amount fees

14  agreed upon by the attorney and client. Dr. Exley has not disputed his monthly billings and has

15  acknowledged that payment will be made in full on all amounts due and owing. Nonetheless, despite

16  Dr. Exley's ratification of the bills by seeking those amounts from Dr. O'Brien, based upon Dr.

17  Exley's past conduct, Leverty & Associates must address an alterative fee calculation should the

18  need arise.

19      Pursuant to NRS 18.015, "In the absence of an agreement, the lien is for a reasonable fee for

20  the services which the attorney has rendered for the client." Once again, Dr. Exley received monthly

21  itemized billings with a running balance of amounts due and owing. In response to the billings

22  provided, Dr. Exley provided assurances as to his forthcoming payment in full (Exh. 2 at ¶¶ 8, 10

23  and 11). In doing so, Dr. Exley acknowledged that such fees sought by Leverty & Associates were

24  reasonable. By seeking these same fees from Dr. O'Brien, Dr. Exley acknowledged that these fees

25      [8] The total costs incurred by Leverty & Associates is $6,264.74. Dr. Exley's

26  Memorandum of Costs seeks costs of $32,295.39, which is far in excess of the amount of costs
    incurred by Dr. Exley's attorneys or billed to Dr. Exley by Leverty & Associates. Indeed, Leverty

27  & Associates is unaware of any services that were incurred by any outside entity for Dr. Exley's
    litigation against Dr. O'Brien.

28                                              10

1  were reasonable.

2  As provided in Dr. Exley's Motion for Attorney's Fees, "the parties undertook extensive

3  discovery, and filed cross motions for summary judgment," in addition to, a January 19, 2017, trial.

4  (Mtn. Atty. Fees, 2:7-8). Based upon the extensive legal services performed, Dr. Exley provided the

5  Court with three declarations of counsel in support of an award for attorney's fees. (Mtn. Atty. Fees,

6  Appendix 1 and 2).  As detailed in the declarations filed by Dr. Exley, the rates charged are

7  reasonable and supportable in the community.  (Mtn. Atty. Fees, Appendix 2, Exhibit 3 at 6:9-9:4;

8  Appendix 1, Exhibit 1 at 3:25-6:6).  Furthermore, in previous correspondence sent on behalf of Dr.

9  Exley, Dr. Exley acknowledges Leverty & Associates rate is well inside the published average. (Exh.

10  2 at ¶ 13).

11  As provided in Section II above, and in the declarations of counsel filed by Dr. Exley, the

12  results obtained by Leverty and Associates were excellent, with the two substantive issues in this

13  matter being decided in favor of Dr. Exley.  In acknowledgment of the results, in previous

14  correspondence sent on behalf of Dr. Exley, Dr. Exley touts Leverty & Associates incredible work

15  and success.  (Exh. 2 at ¶ 9).

16  Finally, Dr. Exley's Motion for Attorney's Fees addresses Mr. Carlson's, namely the attorney

17  representing Ms. O'Brien until he withdrew, fees as support for the reasonableness of an award for

18  attorney's fees based upon Leverty & Associates' billings.  Dr. Exley addresses the fact that Mr.

19  Carlson's fees reached over $100,000 through December 14, 2016, with total fees likely being

20  significantly more and somewhere in the range of $154,000. (Mtn. Atty. Fees, 4:1-5).  Dr. Exley

21  infers this as a comparative reasonable billing despite the fact that such billing is greater than Leverty

22  & Associates and does not take into account amounts billed by Leverty & Associates for the

23  preparation and conducting of the January 19, 2017, trial.  If anything, Leverty & Associates

24  reasonable rate could be in excess of the $149,445.50 in attorneys fees sought, especially in light of

25  the fact that Leverty & Associates reduced its normally hourly rates in June of 2014. (Mtn. Atty.

26  Fees, Appendix 2, Exh. 3 at 2:12-20).

27  ////

28

IV.    CONCLUSION

Leverty & Associates respectfully requests the Court timely adjudicate Leverty & Associates rights and enforce its lien for attorney's fees pursuant to the time frame provided for in NRS 18.015. Leverty & Associates Law Chtd. respectfully requests the Court enter a Judgment stating the following:

1.    The Judgment is in the amount of $150,780.76 against APN No. 1318-25-111-017, real property of value in which Leverty & Associates' lien attaches.

2.    The attorneys fees incurred were reasonable and necessary.

3.    The attorneys fees were incurred pursuant to a valid contract between Leverty & Associates and Dr. Exley; and

4.    Any monies awarded and paid to Dr. Exley be deposited with the Court so that the Court can properly disburse monies due and owing to satisfy any Judgment obtained.

<u>AFFIRMATION</u>
(NRS 239B.030)

The undersigned does hereby affirm that the preceding document filed in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas does not contain any personal information.

DATED this 2 day of May, 2017.

LEVERTY & ASSOCIATES LAW CHTD.

Jess P. Rinehart, Esq, NV Bar No. 11697

1

<u>CERTIFICATE OF SERVICE</u>

2      Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee

3 of Leverty & Associates Law, Chtd., and that I mailed a copy of the foregoing hand, via U.S.

4 Mail, prepaid, upon:

5      Ray Warren Exley, M.D.                     Lois M. O'Brien, M.D.
        9504 Highridge Place                        1836 Parnell Avenue, Unit 201
6      Beverly Hills, CA 90201                     Los Angeles, CA 90025

7      DATED this _3_ day of May, 2017.

8

9                                                    An Employee of Leverty & Associates Law, Chtd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    13

1

## INDEX OF EXHIBITS

2

| EXH. # | DESCRIPTION | PAGES* |
|--------|-------------|--------|
| 1 | Written Agreement for Legal Services | 4 |
| 2 | Declaration of Vernon E. Leverty (With REDACTED Exhibits, A, B, C, D, E and F) | 21 |
| 3 | Proof Service - Dr. Exley | 1 |

*Number of Pages Does <u>Not</u> Include the Divider Page that Marks the Exhibit Number at the Top and Bottom of the Page

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

# EXHIBIT 1

# EXHIBIT 1

## Gene Leverty

From:
Sent:          trustee@athenamedicalgroup.com
To:            Wednesday, June 11, 2014 12:03 PM
Subject:       Gene Leverty
               RE: FW: Exley – Deed of Trust


Yes. and I replied with the attachment of the April bill.
Also I'm going to switch to another email.  Athena.medicalgroup@gmail.com because adding attachments is easier.
I just sent you an email from that address with other Tahoe/Stateline documents.

Thanks.


On 11-06-2014, Gene Leverty wrote:

Jill- It wasn't a letter that I sent but the below email dated June 3rd.  Did you receive the below email?

Sincerely,


*Gene Leverty*




Gene@levertylaw.com


LEVERTY & ASSOCIATES LAW, CHTD.

"Reno Gould House"

832 Willow Street

Reno, Nevada 89502

Tel.: (775) 322-6636

1

Fax: (775) 322-3953

PLEASE NOTE: THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURES. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

*Please consider the environment before printing this e-mail*

From: Gene Leverty
Sent: Tuesday, June 03, 2014 2:57 PM
To: 'trustee@athenamedicalgroup.com'
Cc: Jess Rinehart; Bill Ginn; Leverty Staff; Office
Subject: RE: FW: Exley - Deed of Trust


Jill-

Now I am confused because I don't know what letter you are referring to in your below email. I did suggest that we have a telephone discussion about pursuing the partnership termination on the South Lake Tahoe property.

It has come to my attention that we do not have a current retainer agreement with Dr. Exley for the services we performed concerning the Deed of Trust and related costs nor with respect to potential services related to the potential complaint for termination of the partnership on the South Shore property.

My hourly rate is $350.00. This law firm's billings will be computed on a time and charges basis at rate of $350.00 for my services, $300 for the services of Pat Leverty and William Ginn and $200 for the services of Jess Rinehart . All charges will be billed each month by us and will be sent to Dr. Exley at 9504 Highridge Place, Beverly Hills, CA 90210. In addition, we request that we be provided Dr. Exley's email address so that statements and communication can be provided to him by email as well. Each statement will be itemized to show each conference, telephone conference, research and other work performed. The hourly rate may be changed by prior written notice of twenty (20) days. Our billings concerning this case will be sent to your attention and you will be personally responsible for you and your companies. Our billing cycle follows the calendar month; thus the monthly bill will usually be sent within the first ten (10) business days of the following calendar month. Bills are due when presented, although if there are any questions about a bill, we certainly want to hear from you.

You should also understand that Dr. Exley has the right at any time to terminate our services after written notice. However, he will not be relieved of the obligation to pay fees for services rendered before the termination is effective.

In addition to time charges, our firm also bills for staff expense, photocopying projects, and all out of pocket expenses for travel and although there are no charges for long distance telephone calls (which is the same for faxes), conference calls are billed at actual billing rate, if they are incurred.

Sincerely,

*Gene Leverty*



Gene@levertylaw.com

LEVERTY & ASSOCIATES LAW, CHTD.

"Reno Gould House"

832 Willow Street

Reno, Nevada 89502

Tel.: (775) 322-6636

Fax: (775) 322-3953

PLEASE NOTE: THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURES. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

Office

| | |
|---|---|
| From: | Gene Leverty |
| Sent: | Tuesday, June 03, 2014 2:57 PM |
| To: | trustee@athenamedicalgroup.com |
| Cc: | Jess Rinehart; Bill Ginn; Leverty Staff Office |
| Subject: | RE: Exley - Deed of Trust |

Jill-

Now I am confused because I don't know what letter you are referring to in your below email. I did suggest that we have a telephone discussion about pursuing the partnership termination on the South Lake Tahoe property.

It has come to my attention that we do not have a current retainer agreement with Dr. Exley for the services we performed concerning the Deed of Trust and related costs nor with respect to potential services related to the potential complaint for termination of the partnership on the South Shore property.

My hourly rate is $350.00. This law firm's billings will be computed on a time and charges basis at rate of $350.00 for my services, $300. for the services of Pat Leverty and William Ginn and $200 for the services of Jess Rinehart . All charges will be billed each month by us and will be sent to Dr. Exley at 9504 Highridge Place, Beverly Hills, CA 90210. In addition, we request that we be provided Dr. Exley's email address so that statements and communication can be provided to him by email as well. Each statement will be itemized to show each conference, telephone conference, research and other work performed. The hourly rate may be changed by prior written notice of twenty (20) days. Our billings concerning this case will be sent to your attention and you will be personally responsible for you and your companies. Our billing cycle follows the calendar month; thus the monthly bill will usually be sent within the first ten (10) business days of the following calendar month. Bills are due when presented, although if there are any questions about a bill, we certainly want to hear from you.

You should also understand that Dr. Exley has the right at any time to terminate our services after written notice. However, he will not be relieved of the obligation to pay fees for services rendered before the termination is effective.

In addition to time charges, our firm also bills for staff expense, photocopying projects, and all out of pocket expenses for travel and although there are no charges for long distance telephone calls (which is the same for faxes), conference calls are billed at actual billing rate, if they are incurred.
Sincerely,

*Gene Leverty*

Gene@levertylaw.com

LEVERTY & ASSOCIATES LAW, CHTD.
"Reno Gould House"
832 Willow Street
Reno, Nevada 89502
Tel.: (775) 322-6636
Fax: (775) 322-3953

PLEASE NOTE: THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURES. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

*Please consider the environment before printing this e-mail*

From: trustee@athenamedicalgroup.com [mailto:trustee@athenamedicalgroup.com]
Sent: Tuesday, June 03, 2014 1:32 PM
To: Gene Leverty
Subject: Re: FW: Exley - Deed of Trust

Jill Gene,
Hope all went well with your trip and family in Arizona.
Got your letter. A bit confused

I thought the service address for Dr. Exley is the
9504 Highridge Place,
Beverly Hills CA 90210

Just incase you need the address for Athena is

ATHENA MEDICAL GROUP INC
195 HIGHWAY 50 SUITE 104
STATELINE NV 89449

Also really would like to discuss the Nevada Partnership laws and how to take action against Lois O'Brien for breach of fiduciary duty and involuntarily put the property into a partnership. (I believe it is possible as there are only a few "proofs" to make it retroactive.

Thanks,
Jill Loza
310-858-6676
310-858-1093

PLEASE NOTE: This e-mail message is intended only for the use of the individual or entity of which it is addressed and may contain information that is privilege, confidential and/or except from disclosure. If you are the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

# EXHIBIT 2

# EXHIBIT 2

<u>DECLARATION OF VERNON E. LEVERTY</u>

I, Vernon E. Leverty, being first duly sworn, say under penalty of perjury, that:

1. I am an attorney at the law firm of Leverty & Associates Law Chartered, previous counsel of record for Ray Warren Exley, Case No. 14-cv-0130, Ninth Judicial District Court of the State of Nevada, in and for the County of Washoe.

2. I am licensed to practice law in the States of Nevada and California.

3. I have firsthand knowledge of the facts stated herein, and hereby declare that the following assertions are true to the best of my knowledge and belief.

4. I make this Declaration based upon personal knowledge, and in lieu of Affidavit pursuant to NRS 53.045.

5. On January 24, 2017, an email correspondence was sent from Dr. Exley's email address to Mr. Ginn of Leverty & Associates Law Chtd. addressing transferring title to Assessor Parcel No. 1318-25-111-017. The email correspondence provides, in part: "we want to transfer ownership from the Exley Trust to a LLC." (*See* Exh. A).

6. On January 26, 2017, an email correspondence was sent from Dr. Exley's email address to Mr. Ginn of Leverty & Associates Law Chtd. addressing transferring title to Assessor Parcel No. 1318-25-111-017. The email correspondence provides, in part: "So having both the recording from Lois to Ray and Ray to the Exley NV Family Trust..." (*See* Exh. B).

7. On January 26, 2017, an email correspondence was sent from Dr. Exley's email address to Mr. Ginn of Leverty & Associates Law Chtd. addressing transferring title to Assessor Parcel No. 1318-25-111-017. The email correspondence provides, in part: "Rays brother Charles wants to have the property title clear and he & I (JILL) the sole owners..." (*See* Exh. B).

8. On January 26, 2017, Dr. Exley wrote a letter to me stating, in part: "YOU WILL BE PAID." (*See* Exh. C).

9. On January 26, 2017, an email correspondence was sent from Dr. Exley's email address to Mr. Ginn of Leverty & Associates Law Chtd. stating, in part "with great gratitude and respect for your truly INCREDIBLE work and SUCCESS on this." (*See* Exh. B)

10. On January 28, 2017, an email correspondence was sent from Dr. Exley to me stating, in

part: "WE WILL PAY ALL OF THE OUTSTANDING MONEY OWED TO YOUR FIRM."

11.    On January 28, 2017, an email correspondence was sent from Dr. Exley to me stating, in part: "We deeply appreciate your past confidence and trust as demonstrated by years of legal support and we shall not disappoint." (*See* Exh. D)

12.    On February 1, 2017, I emailed Dr. Exley and provided him with a Promissory Note and Deed of Trust in hopes of resolution of the outstanding balance owed to Leverty & Associates. (*See* Exh. E)

13.    On February 11, 2017, an email correspondence was sent from Dr. Exley's email address to Bill Ginn, Esq. of Leverty & Associates Law Chtd., stating, in part: "a rate of $275-350 is published average which is well inside your billing range." (*See* Exh. F)

DATED this 2ND day of May, 2017

Vernon E. Leverty, Esq.

# EXHIBIT A

# EXHIBIT A

Jess Rinehart

Subject:                              FW: EXLEY v Lyin' LOIS O'BRIEN

From: Ray Exley [mailto:rwe.tahoe@gmail.com]
Sent: Tuesday, January 24, 2017 9:22 AM
To: Bill Ginn <bill@levertylaw.com>
Cc: Ray Exley <rayexley@yahoo.com>
Subject: EXLEY v Lyin' LOIS O'BRIEN

we want to transfer ownership from the Exley Trust to a LLC

1

# EXHIBIT B

# EXHIBIT B

Jess Rinehart

Subject:                    FW: EXLEY v Lyin' Lois

From: Ray Exley [mailto:rwe.tahoe@gmail.com]
Sent: Thursday, January 26, 2017 9:32 AM
To: Bill Ginn <bill@levertylaw.com>
Cc: Ray Exley <rayexley@yahoo.com>
Subject: Re: EXLEY v Lyin' Lois

he & I the sole owners                    Ray's brother Charles wants to have the property title clear and

So having both the recording from Lois to Ray and Ray to the Exley NV Family Trust

Our best and always with great gratitude and respect for your truly INCREDIBLE work and SUCCESS on this and everything upcoming.

# EXHIBIT C

# EXHIBIT C

January 26, 2017
Beverly Hills, California

Dear Gene.

(BTW you were absolutely correct to discourage Ray from sharing the title in 1983.)

YOU WILL BE PAID

Thank you again.

Warmest regards and respect.

Ray and Jill (mostly Ray).

# EXHIBIT D

# EXHIBIT D

Jess Rinehart

Subject:                               FW: Outstanding Attorney Fees and Costs-

From: Ray Exley <rwe.tahoe@gmail.com>
Date: January 28, 2017 at 6:09:53 PM PST
To: Gene Leverty <gene@levertylaw.com>
Subject: Re: FW: Outstanding Attorney Fees and Costs-

Jan 28, 2017  6:09pm


Dear Gene




                                                      WE WELL PAY ALL 0F
THE OUTSTANDING MONEY OWED TO YOUR FIRM

et

We deeply appreciate your past confidence and trust as demonstrated by the years of legal support and we shall not disappoint.

Yours

Ray Exley

PLEASE NOTE:  THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURES.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

EXHIBIT E

EXHIBIT E

## Gene Leverty

| | |
|---|---|
| From: | Gene Leverty |
| Sent: | Wednesday, February 1, 2017 1:22 PM |
| To: | Ray Exley |
| Subject: | Exley - proposed Deed & Note |
| Attachments: | Promissory Note (Atty Fees - Deed of Trust).pdf; ATT00001.htm; Deed of Trust.(Promissory.Atty.Fees).pdf; ATT00002.htm |

Dear Dr. Exley and Jill:

Please find attached a Promissory Note on the last invoice for legal services and costs and Deed of Trust on the Nevada property.

I hope you agree the enclosed promissory note and deed of Trust once signed by Dr. Exley will allow us to move forward and put the issue of the attorney fees and costs owed to this firm pursuant to the last invoice and Nevada security behind us.


Sincerely,

Gene Leverty


LEVERTY & ASSOCIATES LAW CHTD.

"Reno Gould House"

832 Willow Street

Reno, Nevada 89502

Tel.: (775) 322-6636

Fax: (775) 322-3953

www.renoinsuranceattorney.com

jess@levertylaw.com

PLEASE NOTE: This e-mail message is intended only for the use of the individual or entity of which it is addressed and may contain information that is privilege, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete this e-mail message.

# EXHIBIT F

# EXHIBIT F

## Jess Rinehart

| | |
|---|---|
| From: | Bill Ginn |
| Sent: | Saturday, February 11, 2017 10:53 PM |
| To: | Jess Rinehart; Gene Leverty |
| Subject: | Fwd: Exley Filings |
| Attachments: | 2017-02-11 to Bill Ginn from RWE-JML.pdf; ATT00001.htm |

Begin forwarded message:

> From: Ray Exley <rwe.tahoe@gmail.com>
> Date: February 11, 2017 at 4:09:06 PM PST
> To: Bill Ginn <bill@levertylaw.com>
> Cc: Ray Exley <rayexley@yahoo.com>
> Subject: Re: FW: Exley Filings
>
> Saturday, February 11, 2017
> Beverly Hills, CA
>
> Dear Bill

However unless the Leverty bills are incredibly high, by market comparison (something I wouldn't know... a rate of $275-$350 is published average which is well inside your billing range)

# EXHIBIT 3

# EXHIBIT 3

# USPS Tracking® Results

FAQs   (http://faq.usps.com/?articleId=220900)

Track Another Package  +

Remove

Tracking Number: 70011140000080753805

)) Delivered

## Product & Tracking Information

See Available Actions

Postal Product:        Features:
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| February 8, 2017, 3:00 pm | Delivered, Left with Individual | BEVERLY HILLS, CA 90210 |

Your item was delivered to an individual at the address at 3:00 pm on February 8, 2017 in BEVERLY HILLS, CA 90210.

| | | |
|---|---|---|
| February 3, 2017, 6:49 pm | In Transit to Destination | |
| February 2, 2017, 6:49 pm | Departed USPS Facility | LOS ANGELES, CA 90052 |
| February 2, 2017, 9:55 am | Arrived at USPS Facility | LOS ANGELES, CA 90052 |
| February 2, 2017, 5:36 am | In Transit to Destination | |
| February 1, 2017, 5:31 am | Departed USPS Facility | RENO, NV 89510 |
| January 31, 2017, 10:12 pm | Arrived at USPS Facility | RENO, NV 89510 |



**SENDER: COMPLETE THIS SECTION**

☒ Complete items 1, 2, and 3.
☒ Print your name and address on the reverse so that we can return the card to you.
☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ray Warren Exley
9504 Highridge Place
Beverley Hills, CA

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
         ☒ Addressee

B. Received by (Printed Name)   C. Date of Delivery
WARREN EXLEY 02-09-17

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

FEB 0 9 2017



9590 9402 2066 6132 1265 79

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7001 1140 0000 8075 3805

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

# EXHIBIT 2

# EXHIBIT 2

1    Case No. 14-cv-0130      RECEIVED       FILED

2    Dept. No. II            MAY 2 4 2017

3                  Douglas County      2017 MAY 24  AM 9:01
                   District Court Clerk

4                                   BOBBIE R. WILLIAMS
                                    CLERK

5                                   A. NEWTON DEPUTY

6

7      IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8           IN AND FOR THE COUNTY OF DOUGLAS

9    RAY WARREN EXLEY, an individual,      )

10             Plaintiff,          )      JUDGMENT LIEN

11       vs.                 )

12    LOIS M. O'BRIEN, an individual; DOES    )
   I-XXX; and ABC CORPORATIONS A-Z;    )

13    inclusive,                  )

14             Defendants.       )

15    _____ )

16    LOIS M. O'BRIEN, an individual       )

17           Counter-Claimant,    )

           vs.                 )

18    RAY WARREN EXLEY, an individual;    )

19    DOES 1-100, inclusive, and ROE      )
   CORPORATIONS 1-100 inclusive,      )

20           Counter-Defendants,    )

21    _____ )

22    AND ALL RELATED CLAIMS.      )
                                  )

23       THIS MATTER comes before the court at the request of Leverty & Associates Law Chtd.,

24 on its May 3, 2017, Motion to Adjudicate Leverty & Associates Law Chtd.'s Rights and to Enforce

25 Lien for Attorney's Fee. Plaintiff Ray Warren Exley filed an opposition dated May 15, 2017, and

26 Leverty & Associated Law Chtd. filed a reply dated May 22, 2017.

27

28                                    1

The Court having considered the pleadings and it satisfactorily appearing from the evidence submitted by the parties, the COURT HEREBY FINDS:

1) Leverty & Associates Law Chtd., as attorney, began providing legal services to Ray Warren Exley, as client, in April 2014;

2) A valid and enforceable agreement for legal services, specifically the prosecution of the instant litigation, existed between Leverty & Associates Law Chtd., as attorney, and Ray Warren Exley, as client;

3) Leverty & Associates Law Chtd. provided legal services to Ray Warren Exley from April of 2014 through January of 2017;

4) From April of 2014 through January of 2017, Leverty and Associates Law Chtd. provided Ray Warren Exley with monthly billings computed on a time and charge basis with itemized listings of legal services performed. Such monthly billings identified respective attorneys' work performed, respective hourly rates, and included a full running balance on all amounts due and owing to Leverty & Associates;

5) As of the February 1, 2017, filing of Leverty & Associates Law Chtd.'s Notice of Attorney's Lien, recorded in the office of the County Recorder of Douglas County, State of Nevada as Document No. 2017-894082, Ray Warren Exley had a balance due and owing to Leverty & Associates of $150,780.76, with $149,445.50 of the outstanding balance being attributable to outstanding attorney's fees, and $1,335.26 being attributable to outstanding costs;

6) Ray Warren Exley has not paid the attorneys fees charged to him that he is liable to pursuant to the contract between him and Leverty & Associates Law, Chtd;

7) The hourly rates charged by Leverty & Associates Law, Chtd. are reasonable in this community;

8) The number of hours incurred by Leverty & Associates Law, Chtd. were reasonable and necessary in the prosecution of the case; and

9) The total amount charged by Leverty & Associates Law, Chtd., was reasonable and necessary given the character of this litigation.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1) Leverty & Associates Law Chtd.'s May 3, 2017, Motion to Adjudicate Levety & Associates Law Chtd.'s Rights and to Enforce Lien for Attorney's Fee is hereby granted;

2) Leverty & Associates Law Chtd.'s February 1, 2017, Notice of Attorney's Lien, recorded in the office of the County Recorder of Douglas County, State of Nevada as Document No. 2017-894082, is enforceable in the amount of $150,780.76, and has been perfected pursuant to NRS 18.015;

3) Leverty & Associates Law Chtd., as judgment creditor, is hereby granted a Judgment Lien against judgment debtor, Ray Warren Exley, and any successors in interest who acquired an interest in APN 1318-25-111-017 following the recording of Leverty & Associates February 1, 2017, Notice of Attorney's Lien, Document No. 2017-

2

894082, including, but not limited to, Ray Warren Exley, M.D., Nevada Family Trust;

4)   Any successor in interest who acquired an interest in APN 1318-25-111-017 following the recording of Leverty & Associates February 1, 2017, Notice of Attorney's Lien, Document No. 2017-894082, takes title or any possessory interest of APN 1318-25-111-017 subject to the February 1, 2017, Notice of Attorney's Lien and this Judgment Lien;

5)   Leverty & Associates Law Chtd.'s February 1, 2017, Notice of Attorney's Lien, Document No. 2017-894082, attaches to APN 1318-25-111-017, real property commonly known as 429 Panorama Drive, Stateline, NV 89449;

6)   Leverty & Associates Law Chtd., as judgment creditor, is hereby granted an attached, perfected and enforceable Judgment Lien in the amount of $150,780.76 against APN 1318-25-111-017, real property commonly known as 429 Panorama Drive, Stateline, NV 89449;

7)   The $150,780.76 Judgment Lien against APN 1318-25-111-017, real property commonly known as 429 Panorama Drive, Stateline, NV 89449, is effective as of the February 1, 2017, Notice of Attorney's Lien, Document No. 2017-894082;

8)   Any monies awarded to Ray Warren Exley in this matter shall be deposited with the Court so that such monies can be properly allocated and disbursed to Leverty & Associates Law Chtd. in partial and/or whole satisfaction of this Judgment Lien.

9)   Interest shall be added as compound interest monthly at the legal rate set forth in NRS 17.130(2) from the date of this Judgment until such time as it is satisfied.

**IT IS SO ORDERED**

DATED this 2$9^{th}$ day of May, 2017.

DISTRICT COURT JUDGE

3

# EXHIBIT 3

# EXHIBIT 3

25'

APN: 1318-25-111-017
WHEN RECORDED RETURN TO:

ATHENA MEDICAL GROUP, INC.
E.R.I.S.A. RETIREMENT TRUST
195 Hwy 50 Suite 104
P.M.B. 7172-262
Stateline, NV 89449-7172

DOUGLAS COUNTY, NV
Rec:$35.00
Total:$35.00
ATHENA MEDICAL GROUP, INC

**2018-910723**
02/23/2018 10:54 AM
Pgs=3



0006928520180910723030031

KAREN ELLISON, RECORDER        E07

## QUITCLAIM DEED

FOR NON CONSIDERATION, Ray Warren Exley as Trustee of the **RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST** hereby releases and forever quitclaims to the **ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three** all the rights, title and interest of the undersigned in and to real property Assessor's Parcel No. 1318-25-111-017, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449, more particularly described as follows:

That portion of Lots 13 & 14 of Kingsbury Palisades as said lots were set forth on the map filed in the office of the County Recorder of Douglas County, State of Nevada, September 18, 1962, Document No. 20864, Official Records of Douglas County, State of Nevada, and that portion of the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., being a portion of Lot 11 - Kingsbury Lakeview, unofficial, described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, an arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29° 12' West 1,347.78 feet; thence North 0°05' West 132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas County, Nevada. APN: 1318-25-1111-017

DATED this __22__ day of February, 2018.

RAY WARREN EXLEY, TRUSTEE
THE RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST
DATED DECEMBER 30, 2015

**(ALL SIGNATURES MUST BE ACKNOWLEDGED)**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy or validity of that document

STATE OF CALIFORNIA      )
                                          ) ss
COUNTY OF LOS ANGELES    )

On __22 Feb 2018__ before me __Alexandra Kelsey__ Notary Public, personally appeared __RAY WARREN EXLEY M.D.__ who provided to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and the his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS by my hand and official seal.

Signature __Alexandra Kelsey__

Name: __Alexandra Kelsey__
_____(Typed or printed)_____                    (Area reserved for official notarial seal)

ALEXANDRA KELSEY
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2116161
LOS ANGELES COUNTY
My Comm. Expires July 31, 2019

STATE OF NEVADA DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a) _____1318-25-111-017_____
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land  b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg  f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural  h) ☐ Mobile Home
   i) ☐ Other_____

   FOR RECORDERS OPTIONAL USE ONLY
   BOOK_____ PAGE_____
   DATE OF RECORDING:
   NOTES: _Verified Trust A_

3. Total Value/Sales Price of Property:         $    $0.00
   Deed in Lieu of Foreclosure Only (value of property)  $    $0.00
   Transfer Tax Value:                          $    $0.00
   Real Property Transfer Tax Due:              $    $0.00

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section #  7
   b. Explain Reason for Exemption:  A transfer of property to the Athena ERISA Retirement Trust
      and Athena Medical Group Defined Contribution Pension Plan and Trust without consideration.

5. Partial Interest: Percentage being transferred: 100.0 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____  Capacity  Trustee, RW Exley MD Nevada Fam. Trust

Signature _____  Capacity  Trustee, Athena Medical Group, ERISA Trust

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
|---|---|
| Print Name: Ray W. Exley, M.D, Trustee, Ray Warren Exley, M.D. Nevada Family Trust | Print Name: ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST NO.3 |
| Address: 9504 Highridge Place | Address: 195 HWY 50 Suite 104/ PMB 7172-262 |
| City: Beverly Hills | City: Stateline |
| State: California  Zip: 90210 | State: Nevada  Zip: 89447 |

COMPANY/PERSON REQUESTING RECORDING
   (required if not the seller or buyer)
Print Name: _____  Escrow # _____
Address: _____
City: _____  State: _____  Zip: _____

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# EXHIBIT 4

# EXHIBIT 4

DOUGLAS COUNTY, NV **2019-926706**
Rec $35 00
Total $35 00    03/15/2019 09 26 AM
LEVERTY & ASSOCIATES LAW    Pgs=2

APN# 1318-25-111-017

0008807020190926706002 0029

KAREN ELLISON, RECORDER

Recording Requested by/Mail to:

Name    Vernon E Leverty, Esq

Address    832 Willow Street

City/State/Zip    Reno, Nevada 89502

Mail Tax Statements to:

Name _____

Address _____

City/State/Zip _____

## JUDGMENT IN A CIVIL CASE

Title of Document (required)

------------------------(Only use if applicable)------------------------

The undersigned hereby affirms that the document submitted for recording
DOES contain personal information as required by law (check applicable)

_____ Affidavit of Death – NRS 440 380(1)(A) & NRS 40 525(5)

_____ Judgment – NRS 17 150(4)

_____ Military Discharge – NRS 419 020(2)

Signature

Veron E Leverty
Printed Name

This document is being (re-)recorded to correct document #_____, and is correcting

_____

_____

AO450 (NVD Rev 2/18)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CERTIFIED ~~...~~ COPY
Clerk, United States District Court
By _____

LEVERTY & ASSOCIATES LAW CHTD ,

        Plaintiff,

  v

RAY WARTREN EXLEY, et al

        Defendants

JUDGMENT IN A CIVIL CASE

Case Number  3 17-cv-00175-MMD-WGC

___  **Jury Verdict.**  This action came before the Court for a trial by jury  The issues have been tried and the jury has rendered its verdict

___  **Decision by Court.**  This action came to trial or hearing before the Court  The issues have been tried or heard and a decision has been rendered

_X_  **Decision by Court.**  This action came for consideration before the Court  The issues have been considered and a decision has been rendered

    **IT IS ORDERED AND ADJUDGED** that the two reports and recommendations of Magistrate Judge Cobb (ECF Nos  135, 137) are adopted

    **IT IS FURTHER ORDERED AND ADJUDGED** that the parties' objections (ECF Nos  136, 139) are overruled

    **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's motions for sanctions (ECF Nos 97, 117) are granted in part and denied in part as explained in Judge Cobb's R&R Regarding Sanctions (ECF No  137)  The Court imposes sanctions in favor of Plaintiff and against Defendant in the amount of $45,045

    **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's motion to enter judgment (ECF No  141) is granted

    **IT IS FURTHER ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Plaintiff and against Defendant as follows  (1) the Settlement Amount of $161,000, with interest accruing at the legal rate set forth in NRS § 17 130(2) commencing on July 27, 2017 (ECF No  92-1 at 3, ¶ 1), and (2) the sanctions amount of $45,045

Date  February 25, 2019



DEBRA K  KEMPI
Clerk

/s/K  Walker
Deputy Clerk

# EXHIBIT 5

# EXHIBIT 5

1      UNITED STATES DISTRICT COURT

2      DISTRICT OF NEVADA

3   LEVERTY & ASSOCIATES LAW CHTD., a          )
    Nevada Corporation,                        )
4                                              )
              Plaintiff,                       )
5                                              )
    v.                                         )
6                                              )   Case No. 3:17-00175-MMD-VPC
    RAY WARREN EXLEY, an individual; DOES      )
    I-XXX; and ABC CORPORATIONS A-Z;           )
7   inclusive,                                 )
                                               )
8   _____)
              Defendants                       )
    RAY WARREN EXLEY, an individual;           )
9                                              )
              Counter-Plaintiff                )
10                                             )
    v                                          )
11                                             )
    LEVERTY & ASSOCIATES LAW CHTD., a          )
12  Nevada Corporation,DOES I-XXX; and ABC     )
    CORPORATIONS A-Z inclusive,                )
13                                             )
              Counter-Defendants               )
14  _____

15                   **WRIT OF EXECUTION**

16  TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF NEVADA:

17          On February 25, 2019, a Judgment was entered in the docket of the above-entitled Court

18  and action, in favor of Leverty & Associates Law Chtd. as Judgment Creditor and against Ray

19  Warren Exley, deceased[1] and Juliana Loza as Judgment Debtors, for $161,000 principal, making

20  a total of $161,000 JUDGMENT AS ENTERED.

21          WHEREAS, according to an affidavit and request for issuance of writ of execution filed

22  herein, it appears that further sums have accrued since the entry of judgment, to wit:

23          $38,598.08 accrued interest.

24          Credit must be given for payments and partial satisfaction in the amount of zero dollars

25  and no cents ($0.00), leaving a net balance of $ _$199,598.08_____ ACTUALLY DUE on the

26  _____

27          [1] Juliana Loza is the personal representative to the Estate of Ray Warren Exley. (ECF
    177).

28                                          1

1    date of the issuance of this writ, of which $161,000 is due on the Judgment as entered, and bears

2    interest pursuant to the Court's February 25, 2019, Judgment (ECF 145) as follows:

3         Interest has been accruing at the legal rate set forth in NRS § 17.130(2), commencing on

4    July 27, 2017. The ACCRUED interest since July 27, 2017, was computed at the following rates

5    pursuant to the Court's February 25, 2019, Judgment:

6         a.    July 27, 2017 through December 31, 2017 - 6.25%

7         b.    January 1, 2018 through June 30, 2018 - 6.5%

8         c.    July 1, 2018 through December 31, 2018 - 7.00%

9         d.    January 1, 2019 through June 30, 2019 - 7.50%

10        e.    July 1, 2019 through December 31, 2019 - 7.50%

11        f.    January 1, 2020 through June 30, 2019 - 6.75%

12        g.    July 1, 2020 through December 31, 2020 - 5.25%

13        h.    January 1, 2021 through March 11, 2021 - $5.25%

14        The $161,000 due on the Judgment as entered, bears interest at 5.25% in the amount of

15    $23.16 PER DAY from the date of the Affidavit and Request for Issuance of Writ of Execution

16    to the date of issuance of this writ, to which must be added the accrued costs and fees and the

17    commissions and costs of the officer executing this writ.

18        Notice by mail of any sale of property under this writ of execution has been requested.

19    The following named persons have requested such notice of sale:

20        Vernon E. Leverty, Esq.
          William R. Ginn, Esq,
21        Leverty & Associates Law Chtd.
          832 Willow St.
22        Reno, NV 89502
          (775) 3226636
23

24        YOU ARE THEREFOR COMMANDED to satisfy said Judgment with interest and costs
     as provided by law and your costs and disbursements out of the personal property of said
25    debtors, except that for any pay period, 75 percent of the disposable earnings of the debtor
     during this period or for each week of the period 30 times the minimum hour wage prescribed by
26    section 6(a)(1) of the Federal Labor Standards Act of 1938 [29 U.S.C. Sec. 206(a)(l)], and in the
     effect at the time the earnings are payable, whichever is greater, is exempt from any levy of
27    execution pursuant to this writ, and if sufficient personal property cannot not found, then out of
     the debtors real property, or if the Judgment be a lien upon real property, then out of the real

28                                            2

Case 3:17-cv-00175-MMD-WGC    Document 182    Filed 03/12/21    Page 3 of 3

property belonging to such debtors, and make return of this writ not less than (10) days nor more than sixty (60) days after your receipt thereof with what you have done endorsed hereon.

Judgment Creditor/Plaintiff will identify to the U.S. Marshall or his representatives assets that are to be seized to satisfy the judgment and order. Said assets include real property of said debtors, including Douglas County Assessor Parcel Number 1318-25-111-017, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449.

YOU ARE FURTHER COMMANDED if necessary, to turn over any property seized under this order to a third party custodian or to the plaintiff. The U.S. Marshall or his representative is authorized to use reasonable force in the execution of this Judgment/Order and the Judgment Creditor/Plaintiff will hold the U.S. Marshall Services harmless of any liability that may be imposed as a result of the execution of the Judgment.



Date: ___March 12, 2021___

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

I hereby attest and certify on 3-17-2021
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By SamanthaC _____ Deputy Clerk

3

# EXHIBIT 6

# EXHIBIT 6

1  LEVERTY & ASSOCIATES LAW CHTD.
   Vernon E. Leverty, Esq., NV Bar No. 1266
2  Patrick R. Leverty, Esq., NV Bar No. 8840
   William R. Ginn, Esq., NV Bar No. 6989
3  Jess P. Rinehart, Esq., NV Bar No. 11697
   832 Willow Street
4  Reno, Nevada 89502
   Telephone: (775) 322-6636
5  Facsimile: (775) 322-3953
   Attorneys for Plaintiff

FILED

2021 MAR 23 PM 4: 06

DOBBIE R. WILLIAMS
CLERK

BY M. CARNEY DEPUTY

RECEIVED

MAR 2 3 2021

Douglas County
District Court Clerk

6

7            IN THE NINTH JUDICIAL DISTRICT COURT OF NEVADA

8               IN AND FOR THE COUNTY OF DOUGLAS

9  LEVERTY & ASSOCIATES LAW CHTD.,

10                    Plaintiff,
                 vs.

11

12 Athena Medical Group Defined Contribution       Case No.: 2021-CV-00057
   Pension Plan and Trust Number Three;
   Athena Medical Group, Inc. E.R.I.S.A.
13 Retirement Trust; Athena Medical Group Inc.,     Dept. No.: II
   a Nevada corporation aka Athena Medical Group
14 Corp., a Nevada non filing entity; Athena
   Medical Group, Inc. Defined Benefit Pension
15 Plan and Trust Chtd.; The Estate of Ray W.
   Exley; Ingrid van Vuerings individually and as
16 a corporate officer of Athena Medical Group      **COMPLAINT**
   and as Trustee of the Athena Medical Group Inc.
17 Defined Pension Plan and Trust Number Three;
   Ingrid van Vuerings as Trustee for Athena
18 Medical Group Inc. Defined Benefit Pension
   Plan and Trust, Chtd.; Juliana Mayer Loza as a
19 corporate officer of Athena Medical Group, Inc.,
   and as Trustee of the Athena Medical Group
20 Defined Pension Plan and Trust Number Three;
   Juliana Mayer Loza as Special Administrator and
21 Personal Representative of Ray Exley Estate;
   Ray W. Exley M.D. Nevada Family Trust; Juliana
22 Mayer Loza; Athena Medical Group, Inc. Defined
   Contribution Plan Number Two; Juliana Mayer
23 Loza as Trustee of Athena Medical Group, Inc.
   Defined Contribution Plan Number Two;  Does I
24 through XXX; ABC Corporations A-M; and N-Z
   Limited Liability Partnerships,
25                              Defendants. /

26        Plaintiff LEVERTY & ASSOCIATES LAW CHTD. claims and alleges causes of action

27 against the above-named Defendants, as follows:

28                                    1

# I. JURISDICTION

1. Plaintiff Leverty & Associates Law Chtd. is, and at all times mentioned in this Complaint, a Nevada professional corporation.

2. Defendant Athena Medical Group Inc. is a Nevada corporation, formed in Nevada on or about November 13, 2012. It is also referred to as Athena Medical Group Corp, which, on or about July 29, 2019 was registered with the Nevada Secretary of State as a Nevada non-filing domestic entity.

3. Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. is an alleged pension benefit entity.

4. Defendant Ingrid van Vuerings, Defendant Juliana Mayer Loza are Trustees or acting as Trustees in the State of Nevada for Athena Medical Group, Inc. Defined Benefits Pension Plan and Trust Chtd.

5. Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, also known as Athena Medical Group Defined Contribution Pension Plan and Trust Number 3 (hereinafter "ADBP3") is an alleged trust entity for Athena Medical Group, a Nevada non-filing domestic entity. At all pertinent times, Juliana Mayer Loza and/or Ingrid van Vuerings were Trustees or acting as Trustees for ADBP3 in the State of Nevada and engaging on its behalf in transactions in the State of Nevada.

6. Defendant Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust located, at all pertinent times, at 195 Hwy 50, Suite 104, Stateline, Nevada 89449-7172. At all pertinent ?times, Juliana Mayer Loza and/or Ingrid van Vuerings were Trustees or acting as Trustees in the State of Nevada engaging on its behalf in transactions in the State of Nevada. Defendant Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust may be an alter ego or other name used for ADBP3.

7. Due to the apparent co-mingling of the assets and names of ADBP3 and Defendant Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust, all references "ADBP3" may mean either of these entities, unless the name of the entity is fully spelled out.

8.    Defendant Ingrid van Vuerings acting as the Trustee in the State of Nevada and as the Trustee of the ADBP3, who acted to transfer real property held by ADBP3 to Juliana Mayer Loza.  It is believed Ingrid van Vuerings is a resident of Los Angeles, California.

9.    Ingrid van Vuerings as Trustee or acting in the State of Nevada as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust, Chtd.

10.    Defendant Ingrid van Vuerings is an officer of Athena Medical Group, Inc., a Nevada corporation.

11.    Defendant Juliana Mayer Loza is a corporate officer of Athena Medical Group, Inc., a Nevada corporation, also known as Athena Medical Group Corp.

12.    Defendant Juliana Mayer Loza is a Trustee or acting as a Trustee in the State of Nevada of Athena Medical Group, Inc. Defined Contribution Plan Number Two.

13.    Defendant Juliana Mayer Loza is Trustee in the State of Nevada of  ADPB3.

14.    Upon information and belief, Defendant Juliana Mayer Loza, is the special administrator and personal representative of the Ray W. Exley Estate with Letters of Administration issued in Case No. 20-PB-00129 Ninth Judicial Court of the State of Nevada, In and For the County of Douglas, on or about November 12, 2020.

15.    Defendant Athena Medical Group, Inc. Defined Contribution Pension Plan Number Two, also referenced as Number 002 effective as of July 1, 1978 (hereinafter "ADBP2"). The address listed for this entity is 9504 Highridge Place, Beverly Hills, CA 90210.

16.    Athena Medical Group, Inc., is a former California corporation, commenced on or about June 5, 1978, and suspended as a California corporation at year end of 2012. On information and belief, the Nevada corporation of Athena Medical Group commenced November 13, 2012, was the replacement entity for Defendant Athena Medical Group, Inc. Defined Contribution Pension Plan Number Two ("ADBP2").

17.    Defendant Ray W. Exley Estate, as referenced in Case No. 20-PB-00129 Ninth Judicial Court of the State of Nevada, In and For the County of Douglas.

18.    Defendant Ray W. Exley M.D. Nevada Family Trust dated 12/9/2015, a Nevada trust for

3

1    property holdings in the State of Nevada.

2    19.    Defendant Juliana Mayer Loza , a.k.a. Juliana M. Exley, as the former spouse and

3    successor trustee of Ray W. Exley M.D. Nevada Family Trust dated 12/9/2015.

4    20.    Defendant Juliana Mayer Loza, individually and at all pertinent times, is a self proclaimed

5    resident of the State of Nevada. Hereinafter, Defendant Juliana Mayer Loza is referred to

6    as "Loza."

7    21.    Plaintiff does not know the true names or capacities of the defendants sued herein as DOES

8    I through XXX; therefore, Plaintiff sues said Defendants by such fictitious names and prays

9    leave that, when the true names of said Defendants are ascertained, they may be inserted

10    with appropriate allegations. Plaintiff is informed and believes, and upon such information

11    and belief, alleges that each of the defendants designated herein by such fictitious names

12    is responsible in some manner for the events and happenings hereinafter referred to and

13    that such conduct of Defendants caused injury and damages proximately thereby to

14    Plaintiff. Upon learning the true names and identities of DOES I through XXX, Plaintiff

15    will seek leave of Court to amend this Complaint.

16    22.    Plaintiff does not know the true names or capacities of the defendants sued herein as ABC

17    CORPORATIONS A-M; therefore, Plaintiff sues said Defendants by such fictitious names

18    and prays leave that, when the true names of said Defendants are ascertained, they may be

19    inserted with appropriate allegations. Plaintiff is informed and believes, and upon such

20    information and belief, allege that each of the defendants designated herein by such

21    fictitious names is responsible in some manner for the events and happenings hereinafter

22    referred to and that such conduct of Defendants caused injury and damages proximately

23    thereby to Plaintiff. Upon learning the true names and identities of ABC CORPORATION

24    A-M, Plaintiff will seek leave of Court to amend this Complaint.

25    23.    Plaintiff does not know the true names or capacities of the defendants sued herein as N-Z

26    Limited Liability Partnerships; therefore, Plaintiff sues said Defendants by such fictitious

27    names and prays leave that, when the true names of said Defendants are ascertained, they

28                                                        4

1   may be inserted with appropriate allegations. Plaintiff is informed and believes, and upon

2   such information and belief, alleges that each of the defendants designated herein by such

3   fictitious names is responsible in some manner for the events and happenings hereinafter

4   referred to and that such conduct of Defendants caused injury and damages proximately

5   thereby to Plaintiff. Upon learning the true names and identities of N-Z Limited Liability

6   Partnerships, Plaintiff will seek leave of Court to amend Complaint.

7  24.  At all times relevant herein, Defendants, and each of them, were the agents and employees

8   of each of the remaining Defendants, and were at all times acting within the course and

9   scope of said agency and employment, and each Defendant has ratified and approved the

10   acts of the other. Therefore, each Defendant is liable for the acts of each remaining

11   Defendant. That the conduct of each and every Defendant was ratified and adopted by each

12   and every other Defendant in this action.

13  25.  The Corporation Defendants, and each of them, were acting by and through their

14   authorized employees, agents, and/or representatives, who were acting within the scope and

15   course of said capacity, and whose conduct was ratified by each of said Defendants.

16  26.  The Limited Liability Partnership Defendants, and each of them, were acting by and

17   through their authorized employees, agents, and/or representatives, who were acting within

18   the scope and course of said capacity, and whose conduct was ratified by each of said

19   Defendants. The parties have caused events to occur in Nevada from which these claims

20   arise.

21                     **II. FACTS**

22  27.  On or about May 8, 2014, Ray W. Exley M.D. executed a Deed of Trust in favor of Athena

23   Medical Group, Inc., Defined Benefit Pension Plan Trust Chtd on his real property located

24   at 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel No. 1318-25-111-017.

25   (Hereinafter "The Property") The Deed of Trust was recorded in Douglas County, Nevada,

26   on or about May 14, 2014 as Document 0842993.

27  28.  On information and belief, Athena Medical Group Inc. Defined Benefit Pension Plan Trust

28

5

1    Chtd was the pension plan of Ray W. Exley, M.D., in which, in the year 2014, he was the

2    administrator and trustee.

3    29.    On or about August 26, 2014, there was a Resolution by the Board of Directors of the

4    Athena Medical Group, Inc., and the Trustees of the Athena Medical Group, Inc.

5    Retirement Trust, being Resolution #2014-08A voiding in its entirety the July 1, 1987

6    Secured Promissory Note Signed by Ray W. Exley M.D. The Resolution signed by Juliana

7    Loza as Trustee of Athena Retirement Trust and as President and CEO of Athena Medical

8    Group, Inc., Ross Willner, as a Trustee of Athena Retirement Trust and as Sr. Vice

9    President of Athena Medical Group, Inc., and Charles Exley, as a Trustee of Athena

10    Retirement Trust and as Vice President of Athena Medical Group, Inc. It was witnessed

11    by Ingrid van Vuerings, Secretary/Treasurer of Athena Medical Group Inc and a Trustee

12    of Athena Retirement Trust. In pertinent part, the Resolution provided:

13    "Now, THEREFORE, BE IT RESOLVED that the Athena Medical
    Group, Inc., having considered the aforesaid matters, hereby finds
14    the July 1, 1987 Secured Promissory Note dated July 1, 1987 NULL
    AND VOID AND WITHOUT VALUE, and further directs
15    attorneys Leverty Law Chartered to immediately undertake to
    revoke, terminate and forever satisfy and discharge said Promissory
16    Note and Deed of Trust and Assignment of Rents, Document
    number 8942993 re parcel 1318-25-111-017 recorded in Douglas
17    County, State of Nevada on May 21, 2014."

18    30.    Commencing from about April 2014 up to and through February 2017, Ray Warren Exley,

19    M.D. (hereinafter "Dr. Exley"), was a client of Plaintiff in which it represented him

20    concerning his ex-wife's claim in The Property. After a trial in January of 2017, the Court

21    fully awarded Ray Warren Exley the property, as it was determined his ex-wife had no

22    interest.

23    31.    While Plaintiff represented Ray Warren Exley in his property dispute with his ex-wife, it

24    periodically provided him with statements for legal services incurred on his behalf. The

25    amounts due and owing accumulated because of the promise of Dr. Exley to pay them

26    immediately after the trial. Statements were provided by Plaintiff to Dr. Exley from April

27    2014 through January 2017.

28                                                    6

32. Despite the success of the trial, the relationship with Dr. Exley deteriorated because of his attempts, with the aid and direction of Loza, to avoid paying for legal services by attempting to obtain the deed to the property and casting negative assertions about Plaintiff attorneys.

33. Dr. Exley, at the urging and instruction of Loza, refused to pay his long outstanding attorney statements for services provided by Plaintiff, resulting in Plaintiff withdrawing in representing Dr. Exley in early February 2017.

34. On or about February 12, 2017, Leverty & Associates filed an attorney's lien on the Property in the amount of the accrued, but unpaid, attorneys fees.

35. On February 14, 2017, Plaintiff filed a Complaint in the Second Judicial District Court, in and for the State of Nevada, County of Washoe. The complaint was served on Dr. Exley on February 25, 2017. On March 17, 2017, Plaintiff made an offer of judgment to Dr. Exley for $147,226.76, pursuant to NRCP 68, which was not accepted.

36. On March 22, 2017, Dr. Exley removed the case that Plaintiff filed in the Second Judicial District Court, in and for State of Nevada, County of Washoe, to the United States District Court, District of Nevada, and filed a lengthy and legally unsupportable counterclaim alleging seven causes of action against Plaintiff.

37. On or about April 4, 2017, Defendant Ingrid van Vuerings, as alleged Trustee, Secretary and Plan Administrator for Athena Medical Group Inc. Defined Benefit Pension Plan Trust Chtd, executed a substitution of original Trustee for the Deed of Trust in favor of Athena Medical Group, Inc., Defined Benefit Pension Plan Trust Chtd on the real property located at 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel 1318-25-111-017. The Deed of Trust was recorded in Douglas County, Nevada, on or about May 14, 2014 as Document 0842993. The substituted Trustee in place of the original Trustee. Vernon E. Leverty, was Centennial Title Company. This Substitution of Trustee was filed on April 7, 2017 as Document 2017-896951.

38. On or about May 12, 2017, Dr. Exley deeded The Property to Ray Warner Exley as Trustee

7

1      of the Ray Warner Exley, M.D. Nevada Family Trust.

2  39.  After Leverty & Associates filed a motion to confirm its attorney's lien, that was opposed

3      by Exley, on or about May 25, 2017, the Ninth Judicial District Court issued an attorney's

4      lien in favor of Leverty & Associates Law Chtd. on Dr. Exley's Stateline property.

5  40.  On or about May 26, 2017, Dr. Exley executed a Subordination Agreement related to The

6      Property, securing him as owner and the lien of Athena Medical Group, Inc. Defined

7      Benefit Pension Plan and Trust CHTD as Creditor was subordinated to the Deed of Trust

8      securing the loan made by NOVASEL & SCHWARTE INV. INC. The Subordination

9      Agreement was executed by Defendant Ingrid van Vuerings as Trustee for Athena Medical

10     Group, Inc. Defined Benefit Pension Plan and Trust Chtd. As Creditor and Ray Warren

11     Exley, M.D., as owner. The Subordination Agreement provided:

12         This Agreement, executed this 26th day of May, 2017, by RAY
           WARREN EXLEY M.D. owner of the land hereafter described and
13         hereinafter referred to as "Owner" and the Athena Medical Group,
           Inc, Defined Benefit Pension Plan and Trust CHTD, hereinafter
14         referred to as "CREDITOR".

15     This document was recorded with Douglas County on June 5, 2017 as document

16     2017-899575.

17 41.  On or about May 31, 2017, Ray Warren Exley as Trustee of the Ray Warren Exley M.D.

18     Nevada Family Trust executed a NOTE SECURED BY A DEED OF TRUST concerning

19     The Property regarding the $150,000 loan in which he promised to pay Robert I. Novasel

20     and Richard W. Schwarte, as co-trustee of the Novasel and Schwarte Investments Inc.

21     Profit Sharing Plan the loan with interest of 11%.

22 42.  The Deed of Trust benefitting Novasel & Schwarte, made May 23, 2017, by Ray Warren

23     Exley as Trustee of the RAY WARREN EXLEY, M.D. Nevada Family Trust whose

24     address set forth as 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel No.

25     1318-25-111-017 was recorded in Douglas County on June 5, 2017 as document

26     2017-899576.

27 43.  On June 1, 2017, there was a case management conference before Federal Court Magistrate

28                                         8

1    Judge Cooke. At this conference, Exley, who was appearing pro se, admitted that he was

2    approving improper assistance in drafting and preparing his pleadings. When Exley was

3    asked about specific issues in his motions, it was obvious to Magistrate Judge Cooke that

4    Exley had no idea about either the arguments or concepts in the motion. Exley then stated

5    that the Court was being improperly influenced by Leverty & Associates. The Court then

6    set a continued case management conference to occur on June 20, 2017, and ordered Exley

7    to appear in person at the June 20, 2017, case management conference to discuss the

8    matters with him.

9  44.  Exley retained counsel, and, in violation of the Court's order, did not appear at the June 20,

10    2017, case management conference. The Court set a show cause hearing for July 27, 2017.

11    The parties also set a mediation with the Court to follow the show cause hearing for July

12    27, 2017. Exley then fired his counsel, and retained new counsel.

13  45.  On or about July 27, 2017, Federal Court Magistrate Judge Cooke held a mediation

14    following the Show Cause Hearing. After a full day mediating, the parties reached the

15    terms of a settlement. The Court then placed the material terms of the settlement on the

16    record, and received the confirmation of all parties as to the terms of the settlement. The

17    Court's record of settlement included that the settlement was binding as to Dr. Exley, Loza

18    and Athena Medical Group, Inc. Defined Benefit Plan Trust.

19  46.  However, the formal settlement agreement was unable to be completed despite

20    approximately three (3) months of attempting to finalize the settlement agreement with Dr.

21    Exley's and Loza's then counsel before Dr. Exley and Loza fired their counsel in October

22    of 2017.

23  47.  On October 31, 2017, Dr. Exley's and Loza's then counsel filed his motion to withdraw.

24    Dr. Exley and Loza then announced their intention to not comply with the settlement

25    agreement.

26  48.  Plaintiff then filed its Motion to Compel compliance with the settlement agreement. Dr.

27    Exley, with the aid and assistance of Loza, filed a motion to vacate the mediation

28    9

1 agreement. The Magistrate Judge denied the motion to vacate the mediation agreement.

2 49. On February 21, 2018, the hearing on the motion to enforce the settlement was held.

3 Statements during the hearing by Dr. Exley and Loza led Magistrate Judge Cooke to read

4 virtually all of the transcript that was made recording the terms of the settlement agreement

5 made immediately after they were agreed upon on July 27, 2017, by Dr. Exley, Loza and

6 Athena Medical Group, Inc. Defined Benefit Plan Trust.

7 50. From the bench, Magistrate Judge Cooke stated that she would be issuing a written report

8 and recommendation that the terms of the settlement agreement that were placed on the

9 record would be affirmed, and that Exley's claim that no agreement as to the terms of the

10 settlement had occurred was baseless.

11 51. Less than 24 hours after the hearing held on February 21, 2018, with the Magistrate Judge

12 on enforcing the settlement in which Magistrate Judge Cooke advised she was going to

13 enforce the settlement, Dr. Exley, with the assistance of Defendant Loza and recorded on

14 February 23, 2018, transferred for "NON CONSIDERATION" the only significant and

15 possibly sole asset of Dr. Exley except for his interest in his pension plan, being The

16 Property, which was solely in his name as Trustee of his trust to which he had transferred

17 to such trust on May 12, 2017, and then as Trustee of his trust transferred The Property to

18 ADBP3.

19 52. ADBP3, to which The Property was transferred to, was an alleged trust benefitting Dr.

20 Exley as a participant and his wife, Loza, was an alleged fiduciary of such trust.

21 53. The alleged basis for the transfer of the property from Dr. Exley's trust to ADBP3, as

22 asserted in Dr. Exley's Opposition to Motion to Expunge Lis Pendes, filed June 27, 2019,

23 in the United States District Court, District of Nevada matter, Case No.

24 3:17-cv-00175-MMD-WGC, was because it was allegedly discovered by its Trustees, in

25 May of 2018, that Dr. Exley owed on a 1987 Promissory Note secured by a Deed of Trust,

26 with the beneficiary being Athena Medical Group Inc. Defined Benefit Plan Trust, Chtd.

27 In May of 2018, the Trustees of ADBP3, allegedly determined the loan made to Dr. Exley

28

1    by Athena Medical Group Inc., Defined Benefit Plan Trust, Chtd., despite it having been

2    long ago determined to have been paid in full, was now due and payable. Exley received

3    no consideration for the transfer of the real property to the alleged pension plan for the

4    alleged unpaid loan to Dr. Exley.

5    54.    Prior to the transfer of The Property to ADBP3, the property was held, in all respects, by

6    Dr. Exley by and through his Nevada trust. Prior to the transfer by Dr. Exley to his Nevada

7    trust, Dr. Exley had held full title to The Property in his own name.

8    55.    The beneficiary of Dr. Exley's promissory note, secured by the 1987 Deed of Trust, was

9    never ADBP3.

10    56.    On March 19, 2018, Federal Magistrate Judge Cooke issued "Sealed-Report and

11    Recommendation." This report confirmed all but one paragraph of the settlement proposal

12    that Plaintiff provided to Dr. Exley's then counsel. The Magistrate's order recommended

13    the settlement terms be reduced to a judgment by Federal Court Judge Miranda M. Du.

14    57.    Federal Magistrate Judge Cooke, in her Report of March 19, 2018, provided the terms of

15    the settlement were:

16        "The parties and counsel understood that the settlement was a
         mutual release of all claims raised in the litigation, including claims
17        between Leverty and Exley, Leverty and Loza, and Leverty and
         Athena, Nevada ECF 55-9 at 5:11-25, 6:1-25, 7:1-19."

18    58.    Federal Magistrate Judge Cooke, in her March 19, 2018, report, provided:

19

20        "The parties and counsel understood and agreed that Leverty has a
         first priority judgment lien on real property located in Douglas
21        County, Nevada known as the Panorama Drive property and that the
         judgment lien would remain in place."

22    59.    Federal Magistrate Judge Cooke, in her March 19, 2018, report, provided:

23        "The very first settlement term placed on the record to which all
         parties and counsel agreed, was that Athena Nevada, Inc would be
24        part of the mutual release of all claims, whether or not they were
         raised in the litigation."

25    Further, provided in the report:

26

27        "The court agrees that this is an essential term of the settlement
         agreement that Exley and Loza agreed to, therefore, the settlement

28                                            11

1    agreement is enforceable."

2    The report further provides:

3    "Based upon the foregoing, the court concludes that Exley, Loza
     and Athena Nevada entered into a binding settlement agreement in
4    open court on July 27, 2017."

5    60.    Federal Magistrate Judge Cooke, in her Order dated March 19, 2018, provided that Loza

6    appeared telephonically. Federal Magistrate Judge Cooke wrote in her report, "It is evident

7    to the court that Loza had injected herself in this case from its inception..."

8    61.    On February 22, 2019, U.S. District Court Judge Du further accepted and adopted the

9    Magistrate Judge Cook's Report and Recommendation and the motion to enforce the

10    settlement agreement was granted and bound Dr. Exley, Loza and Athena Medical Group

11    Defined Benefit Plan Trust Chtd to the settlement.

12    62.    On April 18, 2018, Plaintiff filed its Motion for Sanctions against Dr. Exley.

13    63.    The Federal Magistrate Judge Cobb then made his Report and Recommendation to the

14    Honorable Miranda M. Du, United States District Judge, on Plaintiff's Motion for

15    Sanctions against Dr. Exley. The Magistrate stated in the report: "The Court finds that

16    Leverty's request for sanctions and fees and costs should be granted in part and denied in

17    part. Sanctions against Exley are clearly warranted under the court's inherent power due

18    to Exley's bad faith conduct, including his refusal to execute the settlement agreement and

19    needless multiplication of this litigation." The Magistrate Judge determined that Exley

20    be sanctioned in the amount of $45,045.00, to be paid within 30 days of an order adopting

21    and accepting the Report and Recommendation.

22    64.    Honorable United States District Court Judge Miranda M. Du accepted the Report and

23    Recommendation concerning Sanctions against Dr. Exley and so ordered sanctions on

24    February 22, 2019. According to the terms of Judge Du's order, Dr. Exley had 30 days

25    from February 22, 2019, to pay the full sanctions. The awarded sanctions have yet to be

26    paid and the 30 days have long expired for payment.

27    65.    Honorable Miranda M. Du's February 22, 2019 order provides:

28    12

1    It is further ordered that Plaintiff's motion to enter judgment (ECF
      N.141) is granted.
2    It is further ordered that the Clerk enter judgment in favor of
      Plaintiff and against Defendant as follows: The Settlement
3    Agreement Amount of $161,000, with interest accruing at the legal
      rate set forth in NRS 17.130(2) commencing July 27, 2017 (ECF
4    No. 92-1 at 3 Par 1) and (2) the sanctions amount of $45,045.

5    66.    The judgment rendered by Honorable Miranda M. Due was recorded against The Property

6    on March 5, 2019. The judgment filing lays out the United States District Court, District

7    of Nevada matter, Case No. 3:17-CV-00175-MMD-WGC, and provides a settlement of

8    $161,000 with interest accruing at the legal rate as provided in NRS 17.130(2)

9    commencing July 27, 2017, and sanctions in the amount of $45,045 with interest effective

10   and commencing February 25, 2019.

11   67.    On information and belief, on the date of this Complaint, there are no filings with the

12   Department of the Treasury, Internal Revenue Service or the Department of Labor

13   Employee Benefit Security Administration, by FORM 5500 or otherwise for Athena

14   Medical Group Defined Contribution Pension Plan and Trust Number Three, also known

15   as Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust, as the U.S. Department of

16   Labor's website that allows for searching of ERISA entities only identifies a single entity

17   that has filed for Athena Medical Group as the only filings with the U.S. Department of

18   Labor is for Athena Medical Group, Inc. Defined Contribution Pension Plan Number Two,

19   as submitted by Loza as the Plan Administrator.

20   68.    A notice of default and election to sell, under the terms of the Deed of Trust recorded June

21   5, 2017, as Document No. 2017-899576 Official Records, Douglas County, Nevada, was

22   first recorded April 2, 2020, as Document No. 2020-944258 and re-recorded September

23   24, 2020, as Document No. 2020-953294 Official Records, Douglas County, Nevada,

24   concerning The Property.

25   69.    On information provided by Dr. Exley's Nevada attorney, Kirk Nevada Walker, in a reply

26   filed June 24, 2020, in the Response to Show Cause in Case 80844 in the Supreme Court

27   of the State of Nevada, was the first notice that Dr. Exley had died. The Reply, in its

28                                    13

1   opening paragraph, provided, "Mr. Exley passed away in June 2020 and counsel was

2   retained in this matter on the afternoon of June 24, 2020." The Reply further provided,

3   "Appellant filed its Response to Order to Show Cause ("Response") on June 1, 2020. Ray

4   Warren Exley passed away on or about June 1, 2020."

5   70.   It has been recently learned that Dr. Exley died on June 1, 2020. It has been recently

6   learned that a Notice of Petition to Administer Estate of Ray Warren Exley, a.k.a. Ray W.

7   Exley a.k.a. Ray W. Exley, M.D., a.k.a. Ray Ex-Ley M.D., was filed on October 16, 2020,

8   in the Superior Court of California, County of Los Angeles, being Case No. 20STPB08595.

9   However, to date, no administrator has yet been appointed in said California proceeding.

10  71.   On or about November 9, 2020, Juliana Loza Exley, spouse and successor trustee of the

11  Ray Warren Exley, M.D. Nevada Family Trust dated 12/9/15 was duly appointed as

12  Special Administrator in the Ninth Judicial District Court of the State of Nevada. On

13  November 12, 2020, the Court ordered that Loza be duly appointed as Special

14  Administrator of the Ray Warren Exley estate and was given court authority to act by

15  virtue thereof.

16  72.   On or about January 22, 2021, Leverty & Associates Law Chtd. obtained the Deed of Trust,

17  recorded against The Property on February 1, 2017, from Robert I. Novasel and Richard

18  W. Schwarte, Co-Trustees of the Novasel & Schwarte Investments, Inc. Profit Sharing Plan

19  and, in all respects, was assigned all rights, title and interest in said Deed of Trust. The

20  assignment of the Deed of Trust was recorded, demonstrating that all rights, title and

21  interest in the Deed of Trust recorded June 5, 2017, securing The Property, related to the

22  Promissory Note on the property dated May 23, 2017, incurred by Dr. Exley as Trustor and

23  Trustee of the Ray Warren Exley, M.D. Nevada Family Trust, with beneficiary being

24  Robert Novasell and Richard W. Schwarte, Co-Trustees of the Novasel & Schwarte

25  Investments, Inc., Profit Sharing Plan. On January 22, 2021, and possibly on notice a few

26  days prior, Defendant Loza was made aware that the Deed of Trust, recorded June 5, 2017,

27  was, in all respects, assigned to Leverty & Associates Law Chtd.

28                              14

73.  On January 22, 2021, ADBP3 quitclaimed The Property to Loza for no consideration, providing that the transfer was pursuant to the terms of the trust.

**FIRST CAUSE OF ACTION**
**(Fraudulent Transfer Against Defendants**
**Juliana Loza, ADBP3, Ingrid van Vuerings)**

74.  Plaintiff hereby incorporates by reference and realleges each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

75.  On February 22, 2019, in Federal Case No. 3:17-CV-00175- MMM-WGC, Plaintiff obtained a final judgment in the sum of $161,000 with interest at NRS 17.130(2) commencing July 17, 2017 against Defendant Dr. Exley including Defendant Loza and Defendant Athena Medical Group Defined Benefit Plan Trust. An abstract of such final judgment was recorded on March 15, 2019, in the Office of the County Recorder of Douglas County, Nevada, as Document 2019-926706, against The Property.

76.  By virtue of that judgment, Plaintiff acquired a judgment lien on all of the right, title, and interest of Defendant Dr. Exley, Defendant Loza and Athena Medical Group Defined Benefit Plan Trust in and to all of Defendant's real property, including but not limited to, The Property.

77.  On February 22, 2018, Dr. Exley, as the Trustee of his Trust known as Ray W. Exley Nevada Family Trust, transferred The Property to ADBP3. The alleged later asserted reasons provided on Dr. Exley's behalf for the transfer was that Dr. Exley allegedly owed on a 1987 Promissory Note secured by a Deed of Trust with the beneficiary being Athena Medical Group Inc. Defined Benefit Plan Trust, Chtd. was determined by Dr. Exley's wife, Loza to be still due and payable, requiring the alleged transfer.

78.  On information and belief, Dr. Exley was the primary, and possibly sole, beneficiary and recipient of the benefits of ADBP3. However, ADBP3 NEVER had a security interest in The Property, so Dr. Exley's beneficial interest in ADBP3, was assessable for collection of the judgment entered by U.S. District Judge Du.

79.  On January 22, 2021, ADBP 3 transferred The Property to Loza for no consideration.

15

80. Prior to the transfer on January 22, 2021, Defendants Athena Medical Group Inc., a Nevada corporation, aka Athena Medical Group Corp., the Estate of Ray W. Exley, Ingrid van Vuerings, ADBP3, and Juliana Loza in her individual capacity as Will trustee and special administrator of the estate of Ray W. Exley, fraudulently and unlawfully agreed and conspired together to conceal the true ownership of the real property with intent to defraud creditors of Dr. Exley, his trust, his estate and his beneficial interest in ADBP3, and especially Plaintiff, by making improper transfers without real consideration or entitlement from ADBP3

81. By virtue of the conspiracy and the acts in pursuit of it, The Property was recorded in the name of Defendant Loza, but the property was in fact owned by Defendant Ray W. Exley Nevada Family Trust. Neither Defendant ADBP3, nor Loza paid any consideration nor were otherwise legally entitled to the real property and the property should be subject to the Plaintiff's judgment.

82. Plaintiff is informed and believes, and thereupon alleges, that Defendant Loza and Defendant ADBP3, claimed an interest in The Property. However, the claim of said Defendants, and each of them, is without any right whatsoever and said Defendants, and each of them, have no legal or equitable right, claim or interest in said property.

83. Plaintiff therefore seeks a declaration that the title to the subject property is the vestiges of Defendant Ray W. Exley as Trustee of his trust and said property should be subject to the judgment against him. Further, that Defendants Juliana Loza and ADBP3, and each and every Defendant, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff's judgment.

### SECOND CAUSE OF ACTION
**(Aiding, Abetting, Conspiracy in Fraudulent Transfers by Defendants Ingrid van Vuerings, Juliana M Loza, and ADBP3)**

84. Plaintiff hereby incorporates by reference and realleges each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

85. Defendant Ingrid van Vuerings, at all times, was aware that Plaintiff asserted that Dr. Ray

16

1    Exley owed it for attorney fees and costs related to representing him in a Nevada legal

2    action concerning The Property, commencing in April 2014 to January 2017.

3  86.    Defendant Loza, at all times, was aware that Plaintiff asserted that Dr. Ray Exley owed

4    it for attorney fees and costs related to representing him in a Nevada legal action

5    concerning The Property, commencing in April 2014 to January 2017.

6  87.    Defendant Ingrid van Vuerings, at all pertinent times including in the year 2017, was the

7    Trustee of Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust, Chtd.

8  88.    Defendant Loza, at all pertinent times including in the year 2017, was the Trustee of

9    Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust, Chtd.

10  89.    Defendant Ingrid van Vuerings was aware, on or shortly after July 27, 2017, that Dr. Exley

11    had agreed to a settlement with Plaintiff that was placed on the U.S. Magistrate Judge's

12    record where it was agreed to pay Plaintiff the sum of $161,000.00 with interest thereon,

13    secured by the existing lien on The Property.

14  90.    Defendant Loza was aware, on or shortly after July 27, 2017, that Dr. Exley had agreed

15    to a settlement with Plaintiff that was placed on the U.S. Magistrate Judge's record where

16    it was agreed to pay Plaintiff the sum of $161,000.00 with interest thereon, secured by the

17    existing lien on The Property.

18  91.    Defendant Ingrid van Vuerings was aware, on or about October 31, 2017, that Dr. Exley

19    and Defendant Loza had determined to not proceed with the agreed upon settlement.

20  92.    Defendant Ingrid van Vuerings was aware that, because Dr. Exley and Defendant Loza had

21    determined to not enter into the previously agreed upon settlement, Plaintiff filed a Motion

22    to Compel compliance with the settlement agreement. Defendant Ingrid van Vuerings is

23    further aware because, on information and belief, she assisted Defendant Loza prepare and

24    file a Motion to vacate the mediation settlement.

25  93.    Under the terms of ADBP3 which, upon information and belief, was created by Defendant

26    Loza and, on information and belief, also with the assistance of Defendant Ingrid van

27    Vuerings, that the primary beneficiary and entitled recipient of ADBP3 benefits was Ray

28    17

1    W. Exley or his Trust, Ray W. Exley M.D. Nevada Family Trust.

2    94.    Defendant Ingrid van Vuerings was, at all pertinent times including in the year 2021, the

3    Trustee of ADBP3 and she aided and abetted Defendant Loza in the alleged transfer of the

4    real property from ADBP3 to Loza on or about January 22, 2021.

5    95.    Defendant Loza was, at all pertinent times including in the year 2021, the Trustee of

6    ADBP3 and she improperly transferred assets purportedly owned by the trust, specifically

7    The Property, into her own name on or about January 22, 2021, in violation of her fiduciary

8    duties to the trust.

9    96.    Defendant Ingrid van Vuerings learned, on or before January 22, 2021, that the promissory

10    note and deed of trust executed by Dr. Exley on or about May 26, 2017, in favor of Novasel

11    & Schwarte Investment Inc., had been purchased by Plaintiff such that all rights and

12    entitlement of the Promissory Note and Deed of Trust were assigned to Plaintiff on or

13    about January 22, 2021.

14    97.    Defendant Loza, on or before January 22, 2021, that the promissory note and deed of trust

15    executed by Dr. Exley on or about May 26, 2017, in favor of Novasel & Schwarte

16    Investment Inc., had been purchased by Plaintiff such that all rights and entitlement of the

17    Promissory Note and Deed of Trust were assigned to Plaintiff on or about January 22,

18    2021.

19    98.    On information and belief, Defendant Ingrid van Vuerings then conspired, aided and

20    abetted Defendant Loza in transferring the property from an attachable asset of Dr. Exley

21    in an intentional attempt to wrongfully transfer the property to Loza in an effort to prevent

22    execution against ADBP3.

23    99.    Defendant Ingrid van Vuerings, as Trustee of the ADBP3 executed, on or about January

24    22, 2021, the Quitclaim deed transferring The Property to Loza.

25    100.    Defendant Ingrid van Vuerings and Defendant Loza knew, or should have known, that

26    these actions and attempted transfer of the only assets of Dr. Exley were for the purpose

27    of preventing the Nevada property from being attached for payment of outstanding

28

1    judgment and for outstanding due and owing sanctions.

2    101.    As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

3    aiding and abetting Dr. Exley and Defendant Loza's fraudulent transfer of The Property,

4    Plaintiff has been damaged in an amount in excess of this Court's jurisdictional minimum.

5    102.    As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

6    fraudulent transfer of the only asset of Dr. Exley and only asset for which the judgment

7    entered by the Court could be satisfied, Plaintiff has been damaged in an amount in excess

8    of this Court's jurisdictional minimum and the transfers should be null and voided by the

9    Courts.

10    103.    In engaging in these actions, the actions of Defendant Ingrid van Vuerings, Defendant

11    ADBP3 and Defendant  Loza were done with oppression, malice and fraud. Plaintiff,

12    therefore, seeks punitive damages by way of punishment and deterrence in an amount to

13    be determined at trial.

14    **THIRD CAUSE OF ACTION**
**(Aiding and Abetting in Fraudulent Transfer by Ingrid van Vuerings,**
15    **Loza, ADBP3, Does I through XXX, ABC Corporations A-M**
**and N-Z Limited Liability Partnerships)**

16    104.    Plaintiff hereby incorporates by reference and realleges each and every allegation contained

17    in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

18    105.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

19    Limited Liability Partnership were, at all times, aware that Plaintiff asserted that Dr. Ray

20    Exley owed it for attorney fees and costs related to representing him in a Nevada legal

21    action concerning The Property, commencing in April 2014 to January 2017.

22    106.    Defendant Ingrid van Vuerings, at all pertinent times including in the year 2017, was the

23    Trustee of Athena Medical Group, Inc, Defined Benefit Pension Plan and Trust, Chtd.

24    107.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

25    Limited Liability Partnership were aware, on or shortly after July 27, 2017, that Dr. Exley

26    had agreed to a settlement with Plaintiff that was placed on the U.S. Magistrate Judge's

27

28                                            19

1    court record where it was agreed to pay Plaintiff the sum of $161,000.00 with interest

2    thereon, secured by the existing lien on The Property.

3    108.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

4    Limited Liability Partnership were aware, on or about October 31, 2017, that Dr. Exley and

5    Defendant Exley had determined to not proceed with the agreed upon settlement.

6    109.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

7    Limited Liability Partnership were aware and/or later learned that, because Dr. Exley and

8    Defendant Loza had determined to not enter into the previously agreed upon settlement,

9    Plaintiff filed a Motion to Compel compliance with the settlement agreement.  Defendant

10    Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z Limited

11    Liability Partnership were further aware because, on information and belief, they, and each

12    of them, assisted Defendant Loza prepare and file a Motion to vacate the mediation

13    settlement.

14    110.    Under the terms of ADBP3 which, upon information and belief, was created by Defendant

15    Loza and, on information and belief, also with the assistance of Defendant Ingrid van

16    Vuerings, and Does I through XXX, ABC Corporations A-M and N-Z Limited Liability

17    Partnership that the beneficiary and entitled recipient of ADBP3 benefits was Ray W.

18    Exley or his Trust, Ray W. Exley M.D. Nevada Family Trust.

19    111.    Defendant Ingrid van Vuerings and Does I through XXX, ABC Corporations A-M and N-Z

20    Limited Liability Partnership were, at all pertinent times including in the year 2021, the

21    Trustee of ADBP3 and she aided and abetted Defendant Loza in the alleged transfer of the

22    real property from ADBP3 to Loza on or about January, 22, 2021.

23    112.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporation A-M, and N-Z

24    Limited Liability Partnership learned, on or before January 22, 2021, that the promissory

25    note and deed of trust executed by Dr. Exley on or about May 26, 2017, in favor of

26    Novasel & Schwarte Investment Inc. had been purchased by Plaintiff such that all rights

27    and entitlement of the Promissory Note and Deed of Trust were assigned to Plaintiff on or

28

1    about January 22, 2022.

2  113.  On information and belief, Defendant Ingrid van Vuerings, Does I through XXX, ABC

3    Corporations A-M and N-Z Limited Liability Partnership then conspired, aided and abetted

4    Defendant Loza in transferring the property from an attachable asset of Dr. Exley in an

5    intentional attempt to wrongfully transfer the property to Loza in an effort to prevent

6    execution against ADBP3.

7  114.  Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

8    Limited Liability Partnership substantially assisted, aided and abetted Defendant Loza in

9    wrongfully and improperly transferring the primary and only asset of Dr. Exley, The

10    Property, to Loza.

11  115.  Defendant Ingrid van Vuerings, as Trustee of the ADBP3, executed, on or about January

12    22, 2021, the Quitclaim deed transferring The Property to Loza.

13  116.  Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M, N-Z

14    Limited Liability Partnership, and Defendant Loza knew, or should have known, that these

15    actions and attempted transfer of the only assets of Dr. Exley were for the purpose of

16    preventing the Nevada property from being attached for payment of the outstanding

17    judgment and for outstanding due and owing sanctions.

18  117.  Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

19    Limited Liability Partnership, by their actions in improperly transferring the said real

20    property to Loza, were the direct and proximate result of transferring the said property to

21    Loza and substantially assisting, aiding and abetting the property's improper transfer.

22  118.  As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

23    aiding and abetting Dr. Exley and Defendant Loza's fraudulent transfer of The Property,

24    Plaintiff has been damaged in an amount in excess of this Court's jurisdictional minimum.

25  119.  As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

26    fraudulent transfer of the only asset of Dr. Exley and only asset for which the judgment

27    entered by the Court could be satisfied, Plaintiff has been damaged in an amount in excess

28                         21

1  of this Court's jurisdictional minimum and the transfers should be null and voided by the

2  Courts.

3  120.  In engaging in these actions, the actions of  Defendant Ingrid van Vuerings, Defendant

4  ADBP3 and Defendant Loza were done with oppression, malice and fraud. Plaintiff,

5  therefore, seeks punitive damages by way of punishment and deterrence in an amount to

6  be determined at trial.

7  **FOURTH CAUSE OF ACTION**
   **(Declaratory Relief Seeking the Court's Determination of the Person, Trust or Entity**

8  **that Should Validly Hold Title of the Real Property,**
   **for Rights and Entitlements upon Foreclosure)**

9  121.  Plaintiff hereby incorporates by reference and realleges each and every allegation contained

10  in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

11  122.  Plaintiff has the assignment to the Deed of Trust and Promissory Note, which is currently

12  being foreclosed on for lack of any payment thereon by Dr. Ray W. Exley or his Trust.

13  123.  Defendants  Loza, Ingrid van Vuerings, Ray W. Exley, M.D. Nevada Family Trust,

14  ADBP3, Does I  through XXX, ABC Corporations A-M and  N-Z Limited Liability

15  Partnerships have transferred The Property, among persons and entities, without

16  consideration, all being done in subversive actions for the purpose of attempting to destroy

17  the ability of Plaintiff to collect on its Judgments.

18  124.  The various transfers of the said property were done at times to attempt to avoid the ability

19  of Plaintiff to collect on its judgment. These transfers by Defendants, Ingrid van Vuerings,

20  ADBP3, Athena Medical Group, Inc., aka , Athena Medical Group Corp., Athena Medical

21  Group Inc. Defined Benefit Plan Number Two, Athena Medical Group Inc. E.R,I.S.A

22  Retirement Trust, Athena Medial Group, Inc. Defined Benefit Pension Plan and Trusts

23  Chartered were transacted in the attempt to prevent the collection of a just debt which

24  resulted in judgments.

25  125.  The result of the improper multiple transfers of said real property has resulted in the

26  property being now in the name of Loza, for no consideration, having been transferred to

27

28                                    22

1    her by ADBP3, which obtained the said property when it had no entitlement to it. ADBP3

2    had no right or entitlement to the real property being transferred, with no consideration, by

3    Ray. W. Exley as Trustee of Ray W. Exley M.D. Nevada Family Trust.

4    126.    The intent of Dr. Ray Exley, Defendants  Loza, Ingrid van Vuerings, ADBP3, Athena

5    Medical Group, Inc. aka Athena Medical Group Corp.; Athena Medical Group Inc. Defined

6    Benefit Plan Number Two, Athena Medical Group Inc. E.R,I.S.A Retirement Trust, Athena

7    Medical Group, Inc. Defined Benefit Pension Plan and Trusts Chartered, Does I through

8    XXX, ABC Corporations A-M and NZ Limited Liability Partnership was primarily to

9    avoid Plaintiff being able to collect on its judgments.

10   127.    The multiple improper transfers of the said real property has resulted in a question that, if

11   there becomes excess money over and above the money owed to Plaintiff for its now

12   holding of the Deed of Trust which is currently being foreclosed for non payment, to whom

13   such excess funds should be paid? If Loza is determined by the Court to not be the current

14   owner of the property and not entitled to funds over and above the foreclosure amount, then

15   the real property will revert to ADBP3, the Ray W. Exley M.D. Nevada Family Trust, or

16   even possibly to the Estate of Ray Warren Exley, at which time a Writ of Execution can

17   be exercised against his interest.

18   128.    An actual controversy has arisen and now exists between Plaintiff and Defendants, and

19   each of them, concerning their respective rights, if any, in that Plaintiff contends none of

20   the transfers of The Property, on or after the title was held by Ray W. Exley, M.D., Nevada

21   Family Trust, were valid or for any purpose or right and done only to avoid Judgments.

22   129.    Plaintiff desires a judicial determination of the valid ownership for consideration of The

23   Property and a determination of the person, trust or entity entitled to any excess funds over

24   and above payment of all prior liens against the said real property.

25   130.    A judicial declaration is necessary and appropriate at this time, under the circumstances,

26   in order that Plaintiff and its agents may ascertain whose has entitlement to The Property.

27   131.    A judicial declaration is necessary and appropriate at this time, under the circumstances,

28                                                    23

1    in order that Plaintiff and its agents may ascertain rights and duties upon foreclosure and

2    entitlement for collection of judgments.

3    ### FIFTH CAUSE OF ACTION
     **(Conspiracy vs. All Defendants)**

4

132.    Plaintiff hereby incorporates by reference and realleges each and every allegation

5    contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

6

133.    At all times pertinent, Loza acted in a fiduciary and/or controlling capacity with each of the

7    following defendants: Athena Medical Group Defined Contribution Pension Plan and Trust

8    Number Three; Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust; Athena Medical

9    Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; and Athena Medical Group, Inc.

10    Defined Contribution Plan Number Two.

11

134.    At all times pertinent, Loza acted as a corporate officer for the following entities: Athena

12    Medical Group Inc., a Nevada corporation,  aka Athena Medical Group Corp., a Nevada

13    non filing entity.

14

135.    Since November 2020, Loza has acted in a fiduciary capacity for the Estate of Ray W.

15    Exley.

16

136.    Loza's actions on behalf of these defendants are indistinguishable as to which entity they

17    were done on behalf of, and thus, by co-mingling them, has subjected them to liability.

18

137.    The actions of Ray W. Exley, during his life, on behalf of Athena Medical Group Defined

19    Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc.

20    E.R.I.S.A. Retirement Trust; Athena Medical Group, Inc. Defined Benefit Pension Plan

21    and Trust Chtd.; and Athena Medical Group, Inc. Defined Contribution Plan Number Two;

22    Athena Medical Group Inc., a Nevada corporation aka Athena Medical Group Corp., and

23    in his individual capacity, were indistinguishable from each other, and thus, by co-mingling

24    them, has subjected each of them to liability.

25

138.    At all times pertinent Ingrid van Vuerings was acting in a fiduciary capacity for Athena

26    Medical Group; Athena Medical Group Inc. Defined Pension Plan and Trust Number

27

28

1    Three; and Athena Medical Group Inc. Defined Benefit Pension Plan and Trust, Chtd.

2  139.  At all times pertinent Ingrid van Vuerings was acting as a corporate officer for Athena

3    Medical Group.

4  140.  Corporations and Trusts can only operate through their officers, employees, and/or trustees.

5  141.  All actions of the Corporate and Trust Defendants, and the Estate of Ray W. Exley as

6    described in this complaint were performed through their corporate officers and/or

7    fiduciaries.

8  142.  Upon information and belief, Loza and van Vuerings acted in concert to improperly

9    transfer The Property from the ownership of one or more of the Defendants and to ensure

10    that the other Defendants were not provided with any ownership interest in The Property

11    in an attempt to avoid paying the legitimate debts of the Estate of Ray W. Exley to

12    creditors, including, but not limited to, Leverty & Associates.

13  143.  Leverty & Associates has been harmed as a result of the actions of Defendants in an

14    amount in excess of this Court's jurisdictional minimum.

15    **PRAYER FOR RELIEF**

16    Wherefore, Plaintiff, prays for relief as follows:

17    1.    For an order from this court that the transfer from Defendant ADBP3 to Defendant

18    Juliana M. Loza  be set aside and voided to the extent necessary to satisfy

19    Plaintiff's judgment of $161,000.00 with interest at the legal rate set forth in NRS

20    17.130.2 commencing July 27, 2017;

21    2.    For an order enjoining Defendants ADBP3, Defendant Juliana M. Loza or any

22    named Defendant in this case from selling, transferring, encumbering, or disposing

23    of the real property located at 429 Panorama Drive, Stateline, Nevada 89449,

24    Assessor's Parcel No. 1318-25-111-017;

25    3.    Plaintiff be awarded damages in excess of this Court's jurisdictional minimum and

26    in such amounts as may be proven at trial;

27    4.    For special and consequential damages in an amount to be proved at trial;

28                                      25

5.   For pre-judgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate;

6.   For a declaration that the real property at 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel No. 1318-25-111-017, is currently rightfully owned by either Ray W. Exley, M.D. Nevada Family Trust and/or ADBP3 and/or the Estate of Ray Warren Exley;

7.   For costs and attorneys' fees incurred in connection with this action;

8.   For punitive damages in such amount as may be proved at trial; and

9.   For such other and further relief as the Court deems just and appropriate.

## AFFIRMATION
### (NRS 239B.030)

The undersigned does hereby affirm that the preceding document filed in the Ninth Judicial District Court, does not contain any personal information.

Dated this 23RD day of March, 2021.

LEVERTY & ASSOCIATES LAW CHTD.

Vernon E. Leverty, Esq., NV Bar No. 1266
Patrick R. Leverty, Esq., NV Bar No. 8840
William R. Ginn, Esq., NV Bar No. 6989
Jess P. Rinehart, Esq., NV Bar No. 11697
832 Willow Street
Reno, Nevada 89502
Attorneys for Plaintiff