# EXHIBIT 7

# EXHIBIT 7

APN: 1318-25-111-017

| DOUGLAS COUNTY, NV | **2021-964432** |
| RPTT:$0.00  Rec:$40.00 | |
| $40.00        Pgs=4 | 03/30/2021 08:35 AM |
| DEEDS.COM, INC. | |
| KAREN ELLISON, RECORDER | E07 |

RECORDING REQUESTED BY and
AFTER RECORDING MAIL THIS DOCUMENT TO:

  Gene M. Kaufmann, Esq.
  SULLIVAN LAW
  1625 State Route 88, Suite 401
  Minden, NV  89423

MAIL TAX STATEMENTS TO GRANTEE:

  Athena Medical Group Defined Contribution
  Pension Plan Number Three
  9504 Highridge Place
  Beverly Hills, CA 90210

☑ I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.
                                                *(Per NRS 239B.030)*

## QUIT CLAIM DEED

Whereas, the ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PLAN AND TRUST Number Three, on or about January 22, 2021 executed a quitclaim transfer of ownership to Juliana Mayer Loza.

Juliana Mayer Loza herein rejects said conveyance as an error and Quitclaims any and all interest in the property to the ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PLAN AND TRUST Number Three.

All rights, title and interest of the undersigned in and to real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449, more particularly described as follows:

That portion of Lots 13 & 14 of Kingsbury Palisades as said lots were set forth on the map filed in the office of the County Recorder of Douglas County, State of Nevada, September 18, 1962, Document No. 20864, Official Records of Douglas County, State of Nevada, and that portion of the Southwest ¼ of the Northwest ¼ of Section 25, Township 13 North, Range 18 East, M.D.B. & M., being a portion of Lot 11 – Kingsbury Lakeview, unofficial, described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West ¼ corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West 132.00 feet to the point of beginning.

5C8C09CG-F5F2-4778-A463-B95B462FDA2D — 20210226 15:09:44 -6:00 — Remote Notary



RESERVING therefrom that portion lying in the Southwest ¼ of the Northwest ¼ of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co., a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas County, Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 02/23/2018 as Document No. 2018-910723.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title from a trust without consideration.

Dated:    03/26/2021



Juliana Mayer Loza



## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of       Nevada                                    )
                                                          ) ss:
County of   Douglas                                      )

On _____, before me, _____, a

notary public, personally remotely appeared Juliana Mayer Loza, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Nevada that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC

LISA APPLE
NOTARY PUBLIC
STATE OF NEVADA
Commission # 00-62875-5
My Appt. Expires September 08, 2021







## Quitclaim Deed 2.pdf

| | |
|---|---|
| DocVerify ID: | 9C880BC6-F5F2-4778-A463-B95B462FDA2D |
| Created: | March 26, 2021 15:39:44 -8:00 |
| Pages: | 3 |
| Remote Notary: | Yes / State: NV - Notarial act performed by means of audio video communication |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary, or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

### E-Signature Summary

**E-Signature 1: Juliana Loza (Jml)**
March 26, 2021 15:50:17 -8:00 [3762EB446CF1] [76.91.241.203]
estate-of@rayexley.com (Principal) (Personally Known)

**E-Signature Notary: Lisa Apple (LA)**
March 26, 2021 15:50:17 -8:00 [1CCFF606E1FD] [174.83.167.9]
lisa@mindenlaw.com
I, Lisa Apple, did witness the participants named above electronically sign this document.





DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a) 1318-25 111-017
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land  b) ☒ Single Fam. Res.
   c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg  f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural  h) ☐ Mobile Home
   i) ☐ Other_____

   FOR RECORDERS OPTIONAL USE ONLY
   BOOK_____ PAGE_____
   DATE OF RECORDING:_____
   NOTES:_____
   Trust Cert OK - KLC

3. Total Value/Sales Price of Property:                    $_____
   Deed in Lieu of Foreclosure Only (value of property)    $_____
   Transfer Tax Value:                                     $_____
   Real Property Transfer Tax Due:                         $_____

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7
   b. Explain Reason for Exemption: To the trust as trust
      without consideration

5. Partial Interest:  Percentage being transferred:_____%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____ Capacity Attorney for Seller

Signature _____ Capacity _____

|  SELLER (GRANTOR) INFORMATION  | BUYER (GRANTEE) INFORMATION |
|  (REQUIRED)  | (REQUIRED) |

Print Name: Juliann Mayer Loza        Print Name: Same
Address: 9504 Hazlehurst Place        Address: _____
City: Beverly Hills CA                City: _____
State: CA        Zip: 90210           State: _____ Zip: _____

COMPANY/PERSON REQUESTING RECORDING
(required if not the seller or buyer)
Print Name: Gena McKinmann            Escrow # _____
Address: 1625 Highway 88, Suite 401
City: Minden        State: NV        Zip: 89423
(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# EXHIBIT 8

# EXHIBIT 8

RECEIVED

MAY 24 2021

Douglas County
District Court Clerk

FILE COPY

FILED

2021 MAY 24  AM 10: 40

BOBBIE R. WILLIAMS
CLERK
C. WALKER
BY_____DEPUTY

1   Case No.: 2021-CV-00057

2   Dept No.: I

3   This document does not contain personal information of any person

4

5        IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

6              IN AND FOR THE COUNTY OF DOUGLAS

7

8   LEVERTY & ASSOCIATES LAW CHTD.,

             Plaintiff,

9

        v.

10

11   Athena Medical Group Defined Contribution
    Pension Plan and Trust Number Three; et al.

12              Defendants.

13       __APPLICATION FOR JUDGMENT BY DEFAULT__

14

15      Plaintiff LEVERTY & ASSOCIATES LAW CHTD., by and through its undersigned counsel,

16   and pursuant to NRCP 55(b)(2), hereby applies to the Court for an entry of Judgment by Default against

17   Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada Family Trust; Juliana Mayer Loza as a

18   Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined

19   Pension Plan and Trust Number Three; Ingrid Van Vuerings individually and as a Corporate Officer of

20   Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust

21   Number Three; Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution

22   Plan Number Two; Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit

23   Pension Plan and Trust Chtd.; Athena Medical Group Defined Contribution Pension Plan and Trust

24   Number Three; Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical

25   Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Inc., a Nevada

26   Corporation aka Athena Medical Group Corp., a Nevada non-filing entity and Juliana Mayer Loza as

27

28

MAY 2 6 2021

1    Special Administrator and Personal Representative of Ray Exley Estate. (Hereinafter collectively

2    "Defaulted Defendants").

3    **I.    DEFAULTS- CLERK OF THE COURT**

4    On March 23, 2021, Plaintiff Leverty & Associates Law Chtd. ("Leverty") filed a Complaint

5    against Defendants.

6    On March 31, 2021, Defendant Juliana Mayer Loza was served a copy of the Summons and

7    Complaint, which was filed with the Court on April 14, 2021. Pursuant to NRCP 55(a), on April 23,

8    2021, Leverty filed a Default against Defendant Juliana Mayer Loza with supporting affidavit signed by

9    counsel. As provided in the supporting affidavit to the Default, more than 21 days, exclusive of the date

10   of service, have expired since service upon Defendant Juliana Mayer Loza. No answer or other

11   appearance has been filed by Defendant Juliana Mayer Loza, and no further time has been requested or

12   granted. On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer

     Loza.

13   On March 31, 2021, Defendant Ray W. Exley M.D. Nevada Family Trust was served a copy of

14   the Summons and Complaint, which was filed with the Court on April 14, 2021. Pursuant to NRCP

15   55(a), on April 23, 2021, Leverty filed a Default against Defendant Juliana Mayer Loza with supporting

16   affidavit signed by counsel. As provided in the supporting affidavit to the Default, more than 21 days,

17   exclusive of the date of service, have expired since service upon Defendant Ray W. Exley M.D. Nevada

18   Family Trust. No answer or other appearance has been filed by Defendant Ray W. Exley M.D. Nevada

19   Family Trust, and no further time has been requested or granted. On April 23, 2021, the Clerk of the

20   Court entered Default against Defendant Ray W. Exley Exley M.D. Nevada Family Trust.

21   On March 31, 2021, Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical

22   Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three

23   was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

24   Pursuant to NRCP 55(a), on April 23, 2021, Leverty filed a Default against Defendant Juliana Mayer

25   Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group

26   Defined Pension Plan and Trust Number Three with supporting affidavit signed by counsel. As

27   provided in the supporting affidavit to the Default, more than 21 days, exclusive of the date of service,

     have expired since service upon Defendant Juliana Mayer Loza as a Corporate Officer of Athena

28

1   Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust

2   Number Three. No answer or other appearance has been filed by Defendant Juliana Mayer Loza as a

3   Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined

4   Pension Plan and Trust Number Three, and no further time has been requested or granted. On April 23,

5   2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as a Corporate

6   Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension

7   Plan and Trust Number Three.

8          On March 31, 2021, Defendant Ingrid Van Vuerings individually and as a Corporate Officer of

9   Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust

10  Number Three was served a copy of the Summons and Complaint, which was filed with the Court on

11  April 14, 2021. Pursuant to NRCP 55(a), on April 23, 2021, Leverty filed a Default against Defendant

12  Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of

13  the Athena Medical Group Defined Pension Plan and Trust Number Three with supporting affidavit

14  signed by counsel. As provided in the supporting affidavit to the Default, more than 21 days, exclusive

15  of the date of service, have expired since service upon Defendant Ingrid Van Vuerings individually and

16  as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined

17  Pension Plan and Trust Number Three. No answer or other appearance has been filed by Defendant

18  Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of

19  the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been

20  requested or granted. On April 23, 2021, the Clerk of the Court entered Default against Defendant

21  Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of

22  the Athena Medical Group Defined Pension Plan and Trust Number Three.

23         On March 31, 2021, Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc.

24  Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was

25  filed with the Court on April 14, 2021. Pursuant to NRCP 55(a), on April 23, 2021, Leverty filed a

26  Default against Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined

27  Contribution Plan Number Two with supporting affidavit signed by counsel. As provided in the

28  supporting affidavit to the Default, more than 21 days, exclusive of the date of service, have expired

    since service upon Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined

1    Contribution Plan Number Two.  No answer or other appearance has been filed by Defendant Juliana

2    Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no

3    further time has been requested or granted.  On April 23, 2021, the Clerk of the Court entered Default

4    against Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution

5    Plan Number Two.

6    On March 31, 2021, Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc.

7    Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which

8    was filed with the Court on April 14, 2021.  Pursuant to NRCP 55(a), on April 23, 2021, Leverty filed a

9    Default against Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined

10   Benefit Pension Plan and Trust Chtd. with supporting affidavit signed by counsel.  As provided in the

11   supporting affidavit to the Default, more than 21 days, exclusive of the date of service, have expired

12   since service upon Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined

13   Benefit Pension Plan and Trust Chtd..  No answer or other appearance has been filed by Defendant

14   Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust

15   Chtd., and no further time has been requested or granted.  On April 23, 2021, the Clerk of the Court

16   entered Default against Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc.

17   Defined Benefit Pension Plan and Trust Chtd.

18   On March 31, 2021, Defendant Athena Medical Group Defined Contribution Pension Plan and

19   Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court

20   on April 14, 2021.  Pursuant to NRCP 55(a), on April 23, 2021, Leverty filed a Default against

21   Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three with

22   supporting affidavit signed by counsel.  As provided in the supporting affidavit to the Default, more than

23   21 days, exclusive of the date of service, have expired since service upon Defendant Athena Medical

24   Group Defined Contribution Pension Plan and Trust Number Three.  No answer or other appearance has

25   been filed by Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number

26   Three, and no further time has been requested or granted.  On April 23, 2021, the Clerk of the Court

27   entered Default against Defendant Athena Medical Group Defined Contribution Pension Plan and Trust

     Number Three.

28

On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021. Pursuant to NRCP 55(a), on April 23, 2021, Leverty filed a Default against Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two with supporting affidavit signed by counsel. As provided in the supporting affidavit to the Default, more than 21 days, exclusive of the date of service, have expired since service upon Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two. No answer or other appearance has been filed by Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted. On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two.

On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021. Pursuant to NRCP 55(a), on April 23, 2021, Leverty filed a Default against Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. with supporting affidavit signed by counsel. As provided in the supporting affidavit to the Default, more than 21 days, exclusive of the date of service, have expired since service upon Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.. No answer or other appearance has been filed by Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted. On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.

On April 9, 2021, Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021. Pursuant to NRCP 55(a), on May 7, 2021, Leverty filed a Default against Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity with supporting affidavit signed by counsel. As provided in the supporting affidavit to the Default, more than 21 days, exclusive of the date of service, have expired since service upon Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity. No answer or other appearance has been filed by Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a

Nevada non-filing entity, and no further time has been requested or granted. On May 7, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity.

On March 31, 2021, Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021. Pursuant to NRCP 55(a), on May 11, 2021, Leverty filed a Default against Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate with supporting affidavit signed by counsel. As provided in the supporting affidavit to the Default, more than 21 days, exclusive of the date of service, have expired since service upon Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate. No answer or other appearance has been filed by Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, and no further time has been requested or granted. On May 11, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate.

## II.    APPLICATION FOR JUDGMENT BY DEFAULT

### A.    APPLICATION FOR DEFAULT

Pursuant to NRCP 55(b)(2), Plaintiff Leverty hereby applies to the Court for an entry of Judgment by Default against Defaulted Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate.

Leverty & Associates Law Chtd.'s March 23, 2021, Complaint against Defendants alleges 1) Fraudulent Transfers against Defendants Juliana Mayer Loza, Athena Medical Group Defined Contribution Pension Plan and Trust Number Three and Ingrid Van Vuerings; 2) Aiding, Abetting, Conspiracy in Fraudulent Transfer against Defendants Ingrid Van Vuerings, Juliana Mayer Loza and Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; 3) Aiding and Abetting in Fraudulent Transfers against Ingrid Van Vuerings, Juliana Mayer Loza and Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; 4) Declaratory Relief Seeking the Court's Determination of the Person, Trust or Entity that Should Validly Hold Title of the Real Property, for Rights and Entitlements upon Foreclosure; 5) Conspiracy against all Defendants.

The March 23, 2021, Complaint against Defendants prayed, in part: "6) For a declaration that the real property at 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel No. 1318-25-111-017, is currently rightfully owned by either Ray W. Exley...and/or the Estate of Ray Warren Exley; and "[f]or such other and further relief as the Court deems just and proper.

**B.    FACTS**

Commencing from about April 2014 through approximately February 2017, Ray Warren Exley was a client of Leverty & Associates Law Chtd. in which Leverty represented Ray Warren Exley and provided legal services in a property ownership lawsuit concerning Douglas County Assessor Parcel No. 1318-25-111-017 (hereinafter "Subject Property"), In the Ninth Judicial District Court of Nevada In and for the County of Douglas, Case No. 14-CV-0130 (Complaint at ¶ 30).  Exley was ultimately successful in his suit, and was awarded a 100% ownership interest in the Subject Property. (Complaint at ¶ 30).  The Subject Property, and the issue of its fraudulent transfers, is the subject matter of this current suit. (*See* Complaint).

Despite the success in Case No. 14-CV-0130, the relationship between Leverty and Ray Warren Exley deteriorated because of his attempts, with the aid and direction of Defendant Juliana Mayer Loza, to avoid paying for any legal fees and services provided by Leverty & Associates Law Chtd. (Complaint at ¶ 32-33).  Thereafter, in February of 2017, Leverty & Associates filed an attorney's lien on the

Subject Property with the Douglas County Recorder.  On May 3, 2017, Leverty filed a Motion to Adjudicate Leverty & Associates Law Chtd.'s Rights and to Enforce Lien for Attorney's Fees. ("Motion to Adjudicate").  (Exh. 1).   In the prayer for relief to the Motion to Adjudicate, Leverty respectfully requested a Judgment be entered against Ray Warren Exley which attaches to the Subject Property.

Seeing the writing on the wall with regard to a Judgment attaching to the Subject Property, on May 12, 2017, **less than 10 days** after Leverty's Motion to Adjudicate was filed with Court, Ray Warren Exley deeded the Subject Property titled in his name to the Ray Warren Exley Family Trust, with Ray Warren Exley as trustee. (Complaint at ¶ 30).  Thereafter, on May 24, 2017, the Ninth Judicial District Court granted a Judgment Lien in favor of Leverty which attaches to the Subject Property. (Exh. 2).

In an effort to enforce the Judgment Lien, on or about February 12, 2017, Leverty filed a Complaint against Ray Warren Exley that was removed to United States District Court District of Nevada., Case No. 3:17-CV-0175-MMD-VPC. (Complaint at ¶ 35-36).  On or about July 27, 2017, Federal Court Magistrate Judge Cooke held a mediation in the matter in which the parties reached a settlement which was binding upon Ray Warren Exley, Defendant Juliana Mayer Loza and Defendant Athena Medical Group, Inc. Defined Benefit Plan and Trust Chtd. (Complaint at ¶ 45).  Thereafter, Ray Warren Exley and Defendant Loza fired their counsel and announced their intention to not comply with the settlement agreement agreed upon in Court. (Complaint at ¶ 46-47).  Leverty was forced to file a Motion to Compel the settlement agreement. (Complaint at ¶ 48).  On February 12, 2018, a hearing on the motion to enforce settlement was held wherein Magistrate Cooke was forced to read virtually all of the transcript that was made recording the terms of the settlement agreement previously agreed upon by Ray Warren Exley, Defendant Juliana Mayer Loza and Defendant Athena Medical Group, Inc. Defined Benefit Plan and Trust Chtd. (Complaint at ¶ 49). From the bench, Magistrate Judge Cook stated she would be issuing a written report and recommendation that the terms of the settlement agreement previously agreed upon related to the Subject Property would be affirmed, and that Ray Warren Exley, Defendant Juliana Mayer Loza's and Defendant Athena Medical Group, Inc. Defined Benefit Plan and Trust Chtd.'s attempts to renege on the settlement agreement were baseless. (Complaint at ¶ 50).

1    In keeping with the spirit of attempting to avoid paying for any legal services concerning the

2    successful Subject Property lawsuit, on February 23, 2018, <u>a mere 2 days</u> after Magistrate Judge Cooke

3    stated her intention to uphold the settlement agreement, Ray Warren Exley signed a Quitclaim Deed

4    transferring the Subject Property, for "NON-CONSIDERATION" to Defendant Athena Medical Group

5    Defined Contribution Pension Plan and Trust Number Three. (Exh. 3)

6    On March 19, 2018, Federal Magistrate Judge Cooke issued a report and recommendation

7    confirming the settlement agreement affecting the Subject Property, which was accepted an adopted by

8    U.S. District Court Judge Du on February 29, 2019. (Complaint at ¶ 56-61).    On February 25, 2019, the

9    United States District Court issued a Judgment in a Civil Case which was recorded against the Subject

10    Property on March 5, 2019. (Exh. 4).

11    Thereafter, in an effort to secure payment on amounts owed to Leverty & Associates Law Chtd.,

12    Leverty, on or about January 22, 2021, Leverty purchased and obtained a Deed of Trust recorded against

13    the Subject Property on February 1, 2017, which was related to a Promissory Note on the Subject

14    Property dated May 23, 2017. (Complaint at ¶ 56-61).

15    Consistent with the prior conduct of Defendants, Defendant Ingrid Van Veurings, as trustee of

16    Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, countered

17    Leverty's purchase of the Deed of Trust with another transfer of the Subject Property to avoid the

18    Judgment in a Civil Case.  On or about January 22, 2021, the Subject Property was once again quit

19    claimed, for "NO CONSIDERATION," to Defendant Juliana Mayer Loza.  (Complaint at ¶ 73; Exh. 5).

20    Thereafter, on March 12, 2021, Leverty & Associates Law Chtd. obtained a Writ of Execution

21    against Ray Warren Exley and Juliana Mayer Loza from the United States District Court District of

22    Nevada. (Exh. 6).  Pursuant to the Writ of Execution obtained, the U.S. Marshall was permitted to seize

23    the Subject Property to satisfy the judgment against Ray Warren Exley and Defendant Juliana Meyer

24    Loza who now had title to the Subject Property. (Exh. 6).  On March 23, 2021, Leverty also filed the

25    fraudulent transfer Complaint against the Defendants in this matter.

26    As the Court may have noticed and has now come to expect, the Subject Property was once again

27    transferred to hinder, delay and/or defraud Leverty & Associates as a Judgement Creditor. On March

28    30, 2021, <u>less than two weeks</u> after the Writ of Execution, and <u>only 7 days after</u> the fraudulent transfer

Complaint was filed, Defendant Juliana Loza filed a Quit Claim Deed on the Subject Property (Exh. 7).

As provided in the newest Quitclaim Deed, Defendant Juliana Mayer Loza has now decided to "reject" the January 22, 2021, transfer from Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three to herself, stating "said conveyance as an error and Quitclaims any and all interest in the property back to Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three.

## C.    LEGAL ARGUMENT

Leverty & Associates Law Chtd.'s Complaint against Defendants alleges fraudulent transfers of the Subject Property and respectfully prays the Court set aside such fraudulent transfers such that Ray Warren Exley[1] or the Estate of Ray Warren Exley be declared the rightful owners of the Subject Property[2].

The elements for a fraudulent transfer are as follows:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a)    With actual intent to hinder, delay or defraud any creditor of the debtor; or

(b)    Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(1)    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2)    Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or his ability to pay as they became due.

NRS 112.180(1)

In determining a party's actual intent to hinder, delay or defraud a creditor, the following factors are to be evaluated:

1.    The transfer or obligation was to an insider;
2.    The debtor retained possession or control of the property transferred after the transfer;
3.    The transfer or obligation was disclosed or concealed;
4.    Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
5.    The transfer was of substantially all the debtor's assets;

---

[1] Ray Warren Exley passed away in June of 2020. (Complaint at ¶ 69).
[2] The current fair market value of the Subject Property is in excess of $1.2 million. (Exh. 8).

APPLICTION FOR JUDGMENT BY DEFAULT

6.    The debtor absconded;
7.    The debtor removed or concealed assets;
8.    The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
9.    The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
10.    The transfer occurred shortly before or shortly after a substantial debt was incurred; or
11.    The debtor transferred the essential assets of the business to a lienor who t ransferred the assets to an insider of the debtor.

NRS 112.180(2)

Here, the Defaulted Defendants clearly fraudulently transferred the Subject Property on numerous occasions to hinder, delay and/or defraud Leverty & Associates Law Chtd.  The Defendants patters of actions in response to Leverty's attempt to collect monies owed makes it clear their actions were designed to hinder, delay and/or defraud Leverty & Associates.  As addressed below, the Subject Property was the only asset titled in the name of Ray Warren Exley personally, and the fraudulent transfers by Ray Warren Exley and his shell entities left Ray Warren Exley insolvent, as defined by NRS 112.60, and unable to pay debts owed to Leverty which are in excess of $485,000.  (Exh. 9).

The first fraudulent transfer occurred on May 12, 2017, a mere **10 days** after Leverty's Motion to Adjudicate was filed with Court.  Ray Warren Exley deeded the Subject Property titled in solely his name to the Ray Warren Exley Family Trust, with Ray Warren Exley as trustee.  (Complaint at ¶ 30). Leverty & Associates claim arose before the May 12, 2017, transfer with an intent to hinder, delay and/or defraud Leverty's ability to collect upon monies owed.  (*See* NRS 112.180(1), (2)(d)).  The transfer was clearly to an insider, as the transfer was from Ray Warren Exley to Ray Warren Exley as trustee. (*See* NRS 112.180(2)(a)).  Despite the transfer, on June 5, 2017, Ray Warren Exley executed a Subordination Agreement still listing himself as owner of the Subject Property.  Thus, Ray Warren Exley, as trustee, clearly retained possession and control of the Subject Property transferred.  (*See* NRS 112.180(2)(b)).  The transfer was not disclosed to known creditor Leverty & Associates by Ray Warren Exley, who intentionally removed the asset from his title and eventual Estate.  (*See* NRS 112.180(2)(b), (g)).  Before the transfer was made, Ray Warren Exley was faced with a Motion to Adjudicate and Enforce Attorney's Lien.  (*See* NRS 112.180(2)(d)).  The Subject Property transferred is the only significant, and possibly sole asset of value of Ray Warren Exley.  (Complaint at ¶ 27). This allegation was recently confirmed by Mr. Gene M. Kaufmann, Esq. during a hearing in Exley's potential

California probate matter that has <u>not</u> been granted probate due to a lack of Estate assets. (Exh. 9). During the hearing, Mr. Kaufmann, who represents special administrator Juliana Mayer Loza in the Special Administration of Ray Warren Exley's Estate in the Ninth Judicial District Court, Case No. 20-PB-00129, informed the Court that Ray Warren Exley has no assets of value in his name to be probated (Exh. 9). (*See* NRS 112.180(2)(c)). There was no consideration given in the transfer of the Subject Property, and as a result of this transfer, Ray Warren Exley became insolvent and unable to pay Leverty & Associate's debt, as he voluntarily divested himself of his assets that would be used to pay for such debt. (*See* NRS 112.180(h), (i); NRS 112.190). Finally, as addressed above, Ray Warren Exley transferred the Subject Property shortly after the debt to Leverty & Associates was incurred. (*See* NRS 112.180(j)).

The second fraudulent transfer occurred on or about February 23, 2018, when the Ray Warren Exley signed a Quitclaim Deed transferring the Subject Property, for "NON CONSIDERATION" to Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. As a matter of law, this is a fraudulent transfer. (*See* NRS 112.190). There are several things to unpack with this transfer. First, the alleged basis for the property transfer from the trust to Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three was the discovery of an amount owed on a 1987 Promissory Note secured by a Deed of Trust, with the beneficiary being Athena Medical Group, Inc. Defined Benefit Plan Trust, Chtd. (Complaint at ¶ 53). This transfer was this allegedly made on an antecedent debt. Pursuant to NRS 112.190(2), because the transfer was from an entity controlled by Ray Warren Exley and/or his spouse to another entity controlled by Ray Warren Exley and/or his spouse, based on an allegedly antecedent debt, it is a fraudulent transfer. Of issue, is the fact that Athena Medical Group, Inc. and the Trustees of the Athena Medical Group, Inc. Retirement Trust adopted a Resolution wherein it was resolved that the 1987 Secured Promissory Note was "NULL AND VOID AND WITHOUT VALUE." (Exh. 10). In addition to the basis for the transfer being non-existent and without sufficient value (*See* NRS 112.180(2)(h)) the promissory note was not even for the benefit of Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, the recipient of the transfer. Finally, the existence of Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three at the time of the transfer is questionable in and of itself. (Complaint at ¶ 67).

As before, this second fraudulent transfer was done with an intent to hinder, delay and/or defraud Leverty's ability to collect upon monies owed.  As outlined above, the fraudulent transfer of the Subject Property to Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three occurred a mere 2 days after Magistrate Judge Cook stated she would be issuing a written report and recommendation that the terms of the settlement agreement previously agreed upon related to the Subject Property would be affirmed against Ray Warren Exley, Defendant Juliana Mayer Loza and Defendant Athena Medical Group, Inc. Defined Benefit Plan and Trust Chtd. (Complaint at ¶ 50).  The transfer of the Subject Property was made to an insider.  (See NRS 112.180(2)(a), NRS 112.150(7)). Ray Warren Exley has represented to the United Stated District Court Central District of California that he is a participant in Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and as shown by Exhibit 11 at p. 25, his wife, Defendant Jillian Mayer Loza, who pursuant to NRS 112.150(7)(a) is a defined insider as a spouse, is a "Fiduciary, Administrator and Managing Trustee" of Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, meaning she has control of Athena Medical Group Defined Contribution Pension Plan and Trust Number Three.  (See  NRS 112.180(2)(a), (b)).  The transfer was not disclosed to known creditor Leverty & Associates. (See NRS 112.180(2)(c)).  Before the transfer was made, Ray Warren Exley, Defendant Juliana Mayer Loza and Defendant Athena Medical Group, Inc. Defined Benefit Plan and Trust Chtd were faced with a settlement agreement affecting the Subject Property. (See NRS 112.180(2)(d)).  Finally, as addressed above, Ray Warren Exley, as trustee to his own trust, transferred the Subject Property shortly after the Court stated its intention to enforce the settlement agreement.  (See NRS 112.180(2)(j)).

As addressed above, the third fraudulent transfer occurred on or about January 22, 2021, when the Subject Property was once again quit claimed, for "NO CONSIDERATION," to Defendant Juliana Mayer Loza.  (NRS 112.180(2)(h)).  This was done **on the same date** Leverty purchased and obtained a Deed of Trust recorded against the Subject Property on February 1, 2017, which was related to a Promissory Note on the Subject Property dated May 23, 2017. (See NRS 112.180(2)(j)). Once again, this transfer was done with an intent to hinder, delay and/or defraud Leverty's ability to collect upon monies owed.  (See NRS 112.180(1)).  The transfer was clearly to an insider, as the transfer was to Defendant Juliana Mayer Loza, spouse to Ray Warren Exley and "Fiduciary, Administrator and Managing Trustee"

of Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. (*See* NRS 112.180(2)(a)).   Defendants clearly retained possession or control of the Subject Property transferred. (*See* NRS 112.150(7), NRS 112.180(2)(b)).   The transfer was not disclosed to known creditor Leverty & Associates. (*See* NRS 112.180(2)(c), (g)).   Before the transfer was made, Ray Warren Exley was faced with potential foreclosure action/suit.  (*See* NRS 112.180(d)).   There was no consideration given in the transfer of the Subject Property.  (*See* NRS 112.180(2)(h), NRS 112.190).   Finally, as addressed above, the Subject Property was transferred shortly after the debt to Leverty & Associates was incurred.  (*See* NRS 112.180(2)(j)).

Finally, the fourth fraudulent transfer occurred on or about March 30, 2021, when Defendant Juliana Loza filed a Quit Claim Deed on the Subject Property (Exh. 7).   As provided in the newest Quitclaim Deed, Defendant Juliana Mayer Loza has now decided to "reject" the January 22, 2021, transfer from Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three to herself, stating "said conveyance as an error" and Quitclaims any and all interest in the property back to Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. Once again, this was clearly done with an intent to hinder, delay and defraud Leverty's ability to collect upon monies owed. (*See* NRS 112.180).   The transfer was clearly to an insider, as the transfer was to Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, as addressed above. (*See* NRS 122.180(2)(a)).   Defendants clearly retained possession or control of the Subject Property transferred. (*See* NRS 112.180(2)(b)).   The transfer was not disclosed to known creditor Leverty & Associates. (*See* NRD 112.180(2)(c), (g)).   Before the transfer was made, Defendants were faced with a Writ of Execution **less than two weeks** prior related to the Subject Property, and only **7 days after** the fraudulent transfer Complaint was filed (*See* NRD 112.180(2)(d). Once again, there was no consideration given in the transfer of the Subject Property. (*See* NRS 112.180(2)(h), NRS 112.190).   Finally, as addressed above, the Subject Property was transferred shortly after the Writ of Execution was granted by the Court and the Complaint in this fraudulent transfer matter was filed. (*See* NRS 112.180(j)).

In summary, it is clear that the Subject Property was involved in a series of fraudulent transfer all aimed with the intent to hinder, delay and/or defraud Leverty's ability to collect upon monies owed. (*See* NRS 112.180).   Because none of these transfers were done in good faith, and because there was

clear actual intent pursuant to numerous NRS 112.180(2) factors, including that there was no reasonable equivalent value for any of the transfers, Leverty & Associates Law Chtd. respectfully requests the Court set aside the numerous fraudulent transfers of the Subject Property pursuant to NRS 112.210 and 112.220, such that Ray Warren Exley or the Estate of Ray Warren Exley be declared the rightful owners of the Subject Property.

### D.   FORECLOSURE MONIES

As addressed above, Leverty purchased and obtained a Deed of Trust recorded against the Subject Property on February 1, 2017, which was related to a Promissory Note on the Subject Property dated May 23, 2017.  (Complaint at ¶ 56-61).  Leverty intends to foreclose on the Subject Property due to the borrower's default for failure to pay monies due and owing.

Leverty & Associates Law Chtd. respectfully requests the Court issue an order requiring the trustee or agent for the note holder to, after initial amounts are payed to the lender or note holder, deposit such remainder of funds with the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas so that such funds may be safeguarded in a blocked financial account until such time they can be properly allocated and disbursed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Leverty & Associates Law Chtd. respectfully requests the Court grant its Application for Judgment by Default against the "Defaulted Defendants."

DATED this 21 day of May, 2021

LEVERTY & ASSOCIATES LAW CHTD.

Jess P. Rinehart, Esq., NV Bar No. 11697
832 Willow Street
Reno, NV 89502
(775) 322-6636
*Attorney for Plaintiff Leverty & Associates Law Chtd.*

## DECLARATION OF JESS P. RINEHART

I, Jess P. Rinehart, declare under penalty of perjury under the laws of the State of Nevada as follows:

1.     I am an attorney duly licensed to practice in the State of Nevada, Nevada Bar No. 11697.

2.     I represent Leverty & Associates Law Chtd. in the above entitled action.

3.     I certify that all exhibits identified herein are true and correct copies of those documents as maintained at the offices of Leverty & Associates Law, Chtd.:

| EXH. # | DESCRIPTION |
|--------|-------------|
| 1 | May 3, 2017, Motion to Adjudicate Leverty & Associates Law Chtd.'s Rights and to Enforce Lien for Attorney's Fees |
| 2 | May 24, 2017, Judgment Lien |
| 3 | February 24, 2018, Quitclaim Deed |
| 4 | February 25, 2019, Judgment in a Civil Case; w/ Filing – Douglas County Recorder |
| 5 | January 22, 2021, Quitclaim Deed |
| 6 | March 12, 2021, Writ of Execution |
| 7 | March 30, 2021, Quit Claim Deed |
| 8 | June 5, 2017, Subordination Agreement |
| 9 | Declaration of William R. Ginn, Esq. |
| 10 | August 26, 2014, Resolution re: Promissory Note |
| 11 | Filing - United Stated District Court Central District of California |

DATED this 21 day of May, 2021

Jess P. Rinehart, Esq.

APPLICTION FOR JUDGMENT BY DEFAULT

## AFFIRMATION
### (NRS 239B.030)

The undersigned does hereby affirm that the preceding document filed in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas, does not contain personal information of any person.

Dated this 21 date of May, 2021.

LEVERTY & ASSOCIATES LAW CHTD.

Jess P. Rinehart, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this date no Defendants in this matter were served with the foregoing document, as no Defendants have personally appeared or appeared through a representative in this matter.

Dated this 21 date of May, 2021.

LEVERTY & ASSOCIATES LAW CHTD.

Employee of Leverty & Associates Law Chtd.

## INDEX OF EXHIBITS

| EXH. # | DESCRIPTION | PAGES* |
|--------|-------------|--------|
| 1 | May 3, 2017, Motion to Adjudicate Leverty & Associates Law Chtd.'s Rights and to Enforce Lien for Attorney's Fees | 45 |
| 2 | May 24, 2017, Judgment Lien | 3 |
| 3 | February 24, 2018, Quitclaim Deed | 3 |
| 4 | February 25, 2019, Judgment in a Civil Case; w/ Filing – Douglas County Recorder | 2 |
| 5 | January 22, 2021, Quitclaim Deed | 4 |
| 6 | March 12, 2021, Writ of Execution | 3 |
| 7 | March 30, 2021, Quit Claim Deed | 5 |
| 8 | June 5, 2017, Subordination Agreement | 5 |
| 9 | Declaration of William R. Ginn, Esq. | 2 |
| 10 | August 26, 2014, Resolution re: Promissory Note | 2 |
| 11 | United Stated District Court Central District of California | 33 |

*Number of Pages Does Not Include the Divider Page That Marks the Exhibit Number at the Top and Bottom of the Page

APPLICTION FOR JUDGMENT BY DEFAULT

# EXHIBIT 9

# EXHIBIT 9

RECEIVED

MAY 24 2021

Douglas County
District Court Clerk

FILED

2021 MAY 25  AM 8: 58

BOBBIE R. WILLIAMS
CLERK

B C. WALKER DEPUTY

MAY 25 2021

1   Case No.: 2021-CV-00057

2   Dept No.: I

3   This document does not contain personal information of any person

4

5

6   IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

    IN AND FOR THE COUNTY OF DOUGLAS

7

8   LEVERTY & ASSOCIATES LAW CHTD.,

9                       Plaintiff,

10          v.

11  Athena Medical Group Defined Contribution
    Pension Plan and Trust Number Three; et al.

12                     Defendants.

13                  JUDGMENT BY DEFAULT

14      Judgment by Default against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada

15  Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee
16
    of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings
17
18  individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical

19  Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena

20  Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for

21  Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group

22  Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined

23
    Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust
24
    Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada
25
26  non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray

27  Exley Estate.

28

JUDGMENT BY DEFAULT

This matter came before the Court on Plaintiff Leverty & Associates Law Chtd.'s Application for Judgment by Default. The Court, having review the file, the pleadings therein, the argument of counsel, and the evidence presented, THE COURT HEREBY FINDS:

1.    On March 23, 2021, Leverty & Associates Law Chtd. ("Leverty") filed a Complaint against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate. (Hereinafter Collectively "Defaulted Defendants").

2.    On March 31, 2021, Defendant Juliana Mayer Loza was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

3.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza, and no further time has been requested or granted.

4.    On March 31, 2021, Defendant Ray W. Exley M.D. Nevada Family Trust was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

5.      On April 23, 2021, the Clerk of the Court entered Default against Defendant Ray W. Exley M.D. Nevada Family Trust, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ray W. Exley M.D. Nevada Family Trust, and no answer or other appearance had been filed by Defendant Ray W. Exley M.D. Nevada Family Trust, and no further time has been requested or granted.

6.      On March 31, 2021, Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

7.      On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

8.      On March 31, 2021, Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

9.      On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the

date of service, had expired since service upon Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

10.    On March 31, 2021, Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

11.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

12.    On March 31, 2021, Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

13.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

14.    On March 31, 2021, Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

15.    On April 23, 2021, the Clerk of the Court entered Default against Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no further time has been requested or granted.

16.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

17.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

18.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

19.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

20.    On April 9, 2021, Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

21.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no answer or other appearance had been filed by Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no further time has been requested or granted.

22.    On April 9, 2021, Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

23.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, and no answer or other

appearance had been filed by Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate.

24.    On or about May 21, 2021, Plaintiff Leverty & Associates Law Chtd. filed an Application for Judgment by Default against the Default Defendants which was dated May 21, 2021.

25.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about May 12, 2017, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from Ray Warren Exley, M.D. to Ray Warren Exley, as Trustee of the Ray Warren Exley, M.D. Nevada Family Trust.  ("First Fraudulent Transfer").

26.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about February 23, 2018, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from the Ray Warren Exley, M.D. Nevada Family Trust to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Second Fraudulent Transfer").

27.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about January 22, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred

pursuant to a "Quit Claim Deed" from Athena Medical Group Defined Contribution Pension Plan and Trust Number Three to Juliana Mayer Loza. ("Third Fraudulent Transfer").

28.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about March 30, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quit Claim Deed" from to Juliana Mayer Loza to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Fourth Fraudulent Transfer").

29.    Pursuant to Nevada law, and the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), the First Fraudulent Transfer, Second Fraudulent Transfer, Third Fraudulent Transfer and Fourth Fraudulent Transfer, are all void.

IT IS HEREBY ORDERED:

1.    The May 12, 2017, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2017-898535, is hereby void.

2.    The February 23, 2018, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2018-910723, is hereby void.

3.    The January 22, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-960445, is hereby void.

4.    The March 30, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-964432, is hereby void.

5.    Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, hereby reverts back and is to be titled in the name of Ray Warren Exley, M.D.

JUDGMENT BY DEFAULT

6.      Upon any foreclosure on Douglas County Assessor Parcel No. 1318-25-111-017, after payment of monies to the foreclosing party/lender, the trustee or agent for the foreclosing party shall deposit all remaining monies with the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas so that such funds may be safeguarded and deposited into a blocked financial account until such time they can be properly allocated or disbursed.

DATED this _25_ day of __May__, 2021

DISTRICT COURT JUDGE

JUDGMENT BY DEFAULT

# EXHIBIT 10

# EXHIBIT 10

APN# 1318-25-111-017

DOUGLAS COUNTY, NV          2021-968971
Rec:$40.00
Total:$40.00                06/11/2021 01:12 PM
LEVERTY & ASSOCIATES LAW        Pgs=11

0013655520210968971010115

KAREN ELLISON, RECORDER          E03

**Recording Requested by:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

( for Recorder's use only )

**When Recorded Mail to:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

JUDGMENT BY DEFAULT
_____
( **Title of Document** )

**Please complete Affirmation Statement below:**

[X] I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

[ ] I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:
_____
(State specific law)

_____                    _____
**Signature**                                                **Title**

Jess Rinehart
_____
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.          (Additional recording fee applies)

RECEIVED

MAY 24 2021

Douglas County
District Court Clerk

FILED

2021 MAY 25  AM 8 59

TED R. WILLIAMS
CLERK

BY _CWade_ DEPUTY

Case No.: 2021-CV-00057

Dept No.: 1

This document does not contain personal information of any person

IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

LEVERTY & ASSOCIATES LAW CHTD.,

                Plaintiff,

        v.

Athena Medical Group Defined Contribution
Pension Plan and Trust Number Three; et al.

                Defendants.

### JUDGMENT BY DEFAULT

Judgment by Default against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada

Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee

of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings

individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical

Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena

Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group

Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined

Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust

Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada

non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray

Exley Estate.

This matter came before the Court on Plaintiff Leverty & Associates Law Chtd.'s Application for Judgment by Default. The Court, having review the file, the pleadings therein, the argument of counsel, and the evidence presented, THE COURT HEREBY FINDS:

1.    On March 23, 2021, Leverty & Associates Law Chtd. ("Leverty") filed a Complaint against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate. (Hereinafter Collectively "Defaulted Defendants").

2.    On March 31, 2021, Defendant Juliana Mayer Loza was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

3.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza, and no further time has been requested or granted.

4.    On March 31, 2021, Defendant Ray W. Exley M.D. Nevada Family Trust was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

5.      On April 23, 2021, the Clerk of the Court entered Default against Defendant Ray W. Exley M.D. Nevada Family Trust, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ray W. Exley M.D. Nevada Family Trust, and no answer or other appearance had been filed by Defendant Ray W. Exley M.D. Nevada Family Trust, and no further time has been requested or granted.

6.      On March 31, 2021, Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

7.      On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

8.      On March 31, 2021, Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

9.      On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the

date of service, had expired since service upon Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

10.     On March 31, 2021, Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

11.     On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

12.     On March 31, 2021, Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

13.     On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

14.     On March 31, 2021, Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

15.     On April 23, 2021, the Clerk of the Court entered Default against Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no further time has been requested or granted.

16.     On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

17.     On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

18.     On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

19.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

20.    On April 9, 2021, Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

21.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no answer or other appearance had been filed by Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no further time has been requested or granted.

22.    On April 9, 2021, Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

23.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, and no answer or other

appearance had been filed by Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate.

24.   On or about May 21, 2021, Plaintiff Leverty & Associates Law Chtd. filed an Application for Judgment by Default against the Default Defendants which was dated Mary 21, 2021.

25.   The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about May 12, 2017, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from Ray Warren Exley, M.D. to Ray Warren Exley, as Trustee of the Ray Warren Exley, M.D. Nevada Family Trust.  ("First Fraudulent Transfer").

26.   The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about February 23, 2018, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from the Ray Warren Exley, M.D. Nevada Family Trust to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Second Fraudulent Transfer").

27.   The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about January 22, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred

pursuant to a "Quit Claim Deed" from Athena Medical Group Defined Contribution Pension Plan and Trust Number Three to Juliana Mayer Loza. ("Third Fraudulent Transfer").

28.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about March 30, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quit Claim Deed" from to Juliana Mayer Loza to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Fourth Fraudulent Transfer").

29.    Pursuant to Nevada law, and the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), the First Fraudulent Transfer, Second Fraudulent Transfer, Third Fraudulent Transfer and Fourth Fraudulent Transfer, are all void.

IT IS HEREBY ORDERED:

1.    The May 12, 2017, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2017-898535, is hereby void.

2.    The February 23, 2018, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2018-910723, is hereby void.

3.    The January 22, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-960445, is hereby void.

4.    The March 30, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-964432, is hereby void.

5.    Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, hereby reverts back and is to be titled in the name of Ray Warren Exley, M.D.

6.    Upon any foreclosure on Douglas County Assessor Parcel No. 1318-25-111-017, after payment of monies to the foreclosing party/lender, the trustee or agent for the foreclosing party shall deposit all remaining monies with the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas so that such funds may be safeguarded and deposited into a blocked financial account until such time they can be properly allocated or disbursed.

DATED this __25__ day of __May__, 2021

_____
DISTRICT COURT JUDGE

CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original in file and of record in my office.
DATE __6-11-21__
BOBBIE R. WILLIAMS, Clerk of Court of the State of Nevada, in and for the County of Douglas,
By _____ Deputy

JUDGMENT BY DEFAULT

# EXHIBIT 11

# EXHIBIT 11



# DOUGLAS COUNTY, NEVADA
# ASSESSOR'S OFFICE
### Trent A. Tholen, Assessor

| Assessor Home | Personal Property | Sales Data | Annual Taxes | Recorder Website |

## Parcel Detail for Parcel # 1318-25-111-017

Prior Parcel # 0000-07-324-110

### Location

Property Location 429 PANORAMA DR
   Town KINGSBURY GID
      District 410.0 - KINGSBURY GID
Subdivision KINGSBURY PALISADES   Lot 13   Block
Property Name

| Add'l Addresses |
| Parcel Map |

### Ownership

Assessed Owner Name EXLEY, RAY WARREN MD
   Mailing Address
      9504 HIGHRIDGE PL
      BEVERLY HILLS, CA 90210
Legal Owner Name EXLEY, RAY WARREN MD

Vesting Doc #, Date   968971   06/11/2021   Year/ Book / Page 21 /
6 / 0

Map Document #/s

| Ownership History |
| Document History |

### Description

Total Acres .550        Square Feet 23,958
Ag Acres .000           W/R Acres .000
                        Improvements
Single-family Detached 1   Non-dwelling Units 0
Single-family Attached 0   Mobile Home Hookups 0        Stories 1.0
Multiple-family Units 0     Wells 0        Garage Square Ft... 576
Mobile Homes 0             Septic Tanks 0     Attached / Detached A
Total Dwelling Units 1     Buildings Sq Ft 0
| Improvement List |       Residence Sq Ft 1,896
| Improvement Sketches |   Basement Sq Ft 0
| Improvement Photos |     Finished Basement SF 0

### Appraisal Classifications

Current Land Use Code 200   | Code Table |

Zoning Code(s)

Re-appraisal Group 1        Re-appraisal Year 2020
Original Construction Year 1971   Weighted Year

### Assessed Valuation

| Assessed Values | 2021-22 | 2020-21 | 2019-20 |
| --- | --- | --- | --- |
| Land | 164,500 | 164,500 | 164,500 |
| Improvements | 25,492 | 26,002 | 26,499 |
| Personal Property | 0 | 0 | 0 |
| Ag Land | 0 | 0 | 0 |
| Exemptions | 0 | 0 | 0 |
| Net Assessed Value | 189,992 | 190,502 | 190,999 |
| Increased (New) Values | | | |
| Land | 0 | 0 | 0 |
| Improvements | 0 | 0 | 0 |
| Personal Property | 0 | 0 | 0 |

### Taxable Valuation

| Taxable Values | 2021-22 | 2020-21 | 2019-20 |
| --- | --- | --- | --- |
| Land | 470,000 | 470,000 | 470,000 |
| Improvements | 72,834 | 74,291 | 75,711 |
| Personal Property | 0 | 0 | 0 |
| Ag Land | 0 | 0 | 0 |
| Exemptions | 0 | 0 | 0 |
| Net Taxable Value | 542,834 | 544,291 | 545,711 |
| Increased (New) Values | | | |
| Land | 0 | 0 | 0 |
| Improvements | 0 | 0 | 0 |
| Personal Property | 0 | 0 | 0 |

| Back to Search List |

## Ownership History for Parcel # 1318-25-111-017

### Current Owners

| Name | From |
|------|------|
| EXLEY, RAY WARREN MD<br><br>9504 HIGHRIDGE PL<br>BEVERLY HILLS, CA 90210 | 2021 |

### Prior Owners

| Name | From | To |
|------|------|-----|
| LOZA, JULIANA MAYER<br>C/O GORDEN GORDEN LAWYERS<br>1200 WHISHIRE BL STE #608<br>LOS ANGELES, CA 90017 | 2021 | 2021 |
| CONTRIBUTION PLAN AND TRUST #3 | 2021 | 2021 |
| ATHENA MEDICAL GROUP DEFINED<br><br>9504 HIGHRIDGE PL<br>BEVERLY HILLS, CA 90210 | 2021 | 2021 |
| ATHENA MED GRP PEN PLAN & TRUST<br>195 HWY 50 STE 104<br>PMB 7172-262<br>STATELINE, NV 89449 | 2020 | 2021 |
| DOUGLAS COUNTY TRUSTEE<br>C/O CLERK-TREASURER<br>PO BOX 218<br>MINDEN, NV 89423 | 2019 | 2020 |
| ATHENA MED GRP PEN PLAN & TRST<br><br>195 HWY 50 STE 104 MB 7172-262<br>STATELINE, NV 89449 | 2018 | 2019 |
| EXLEY, RAY WARREN M D TTEE<br><br>9504 HIGH RIDGE PL<br>BEVERLY HILLS, CA 90210 | 2016 | 2018 |
| EXLEY, RAY WARREN TTEE | 2015 | 2016 |
| EXLEY NEVADA FAMILY TRUST<br><br>9504 HIGH RIDGE PL<br>BEVERLY HILLS, CA 90210 | 2015 | 2016 |
| O'BRIEN, LOIS | 1983 | 2016 |
| EXLEY, RAY WARREN<br><br>9504 HIGH RIDGE RD<br>BEVERLY HILLS, CA 90210 | 1983 | 2015 |

NOTE: This is not a complete history and should not be used in place of a title search.

Go Back

# EXHIBIT 12

# EXHIBIT 12

# HARRIS LAW PRACTICE LLC
## ATTORNEY AND COUNSELOR AT LAW
### STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

June 22, 2021

*Via Email- geneva@allied1031exchange.net – and -*
*Facsimile- 888-313-0021*
Allied Foreclosure Services
190 W. Huffaker Lake, #408
Reno, NV 89511

Re:   Juliana Mayer Loza Chapter 13 BK-21-50466-btb
APN: 1318-25-111-017- 425 Panorama Drive, Stateline, NV 89449

To Whom It May Concern:

This law firm represents Juliana Mayer Loza in a Chapter 13 bankruptcy case filed in the United States Bankruptcy Court, Reno, Nevada, on June 22, 2021.   Enclosed please find a copy of the Notice of Bankruptcy Case Filing.

In that regard, it is our understanding that a trustee's foreclosure sale is scheduled to occur on Wednesday, June 23, 2021, with respect to the Debtor's real property located at 425 Panorama Drive, Stateline, NV 89449, identified as your Foreclosure No. 18034.

Also enclosed herewith are two (2) Quit Claim Deeds recorded in Douglas County, State of Nevada, showing the subject real property title in Ms. Loza's name.  Ms. Loza also has a beneficial interest in the Athena Medical Group Defined Contribution Pension Plan and Trust Number Three.

Due to Ms. Loza's Chapter 13 filing, the 11 U.S.C. §362(a) bankruptcy automatic stay is in effect as to any pending collection or foreclosure actions. Please confirm that your scheduled trustee's foreclosure sale will <u>not</u> take place as currently scheduled.

Thank you.

Very truly yours,
*/s/ Stephen R. Harris*
STEPHEN R. HARRIS, ESQ.

Encl.
cc:   Leverty & Associates Law, CHTD.,
Attn: Vernon E. Leverty, Esq. and William R. Ginn, Esq.(via email)
Juliana Mayer Loza (via email)

**Jess Rinehart**

| | |
|---|---|
| From: | Bill Ginn |
| Sent: | Thursday, June 24, 2021 4:26 PM |
| To: | Gene Leverty; Patrick Leverty; Jess Rinehart |
| Subject: | Fwd: J. Mayer Loza Chapter 13- Order Shortening Time- hearing tomorrow June 25 at 10:00 a.m. |
| Attachments: | 11--Order Shortening Time- Mtn for Sanctions and to Declare Foreclosure Sale Void.pdf |

Get Outlook for iOS

From: Steve Harris <steve@harrislawreno.com>
Sent: Thursday, June 24, 2021 3:57 PM
To: Bill Ginn; law@ottoltd.com
Cc: Gene Kaufmann; juliana.loza@julianaloza.com
Subject: J. Mayer Loza Chapter 13- Order Shortening Time- hearing tomorrow June 25 at 10:00 a.m.

Hello Bill and Judy-

Attached please find the entered Order Shortening Time setting the hearing on Ms. Loza's Motion for Sanctions for tomorrow June 25, 2021, at 10:00 a.m. in the United States Bankruptcy Court before Honorable Judge Beesley.  Per the Order Shortening Time, any opposition to the Motion must be filed and served by 9:00 a.m. tomorrow.

My office is currently preparing the Notice of Hearing on the Motion and my office will forward the Notice once filed.

**The hearing will be held underlined telephonically.  The call in information for Judge Beesley is as follows:**

**Phone:  888-684-8852**
**Passcode:  2981680#**

This information can also be found on the U.S. Bankruptcy Court District of Nevada website under Judge Beesley's calendar
https://www.nvb.uscourts.gov/calendars/webcalendars/Calendars/BTB%2006-25-2021.pdf

Thank you, Steve Harris
**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

# EXHIBIT 13

# EXHIBIT 13

APN: 1318-25-111-017

DOUGLAS COUNTY, NV    **2021-969516**
Rec:$40.00
Total:$40.00          06/22/2021 03:03 PM
JULIANA L. LOZA                    Pgs=4

001371682021096951 6004 0048

KAREN ELLISON, RECORDER          E07

RECORDING REQUESTED BY and
**AFTER RECORDING MAIL THIS DOCUMENT TO:**
Gene M. Kaufmann, Esq.
SULLIVAN LAW
1625 State Route 88, Suite 401
Minden, NV 89423

**MAIL TAX STATEMENTS TO GRANTEE:**
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.                    *(Per NRS 239B. 030)*

## QUIT CLAIM DEED

The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three by and through its Trustee Committee and the Board of Directors of its sponsoring corporation, herein by and through its Co-Trustee and Corporate Officer/Secretary Ingrid van Vuerings, having determined by unanimous consent in consideration of the Distribution of some of her entitled ERISA Plan Benefits, does hereby QUIT CLAIM to **Juliana Mayer Loza** an individual, all rights, title and interest of the undersigned in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: . 429 Panorama Drive, Stateline, Nevada 89449,more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-964432.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title from a Tax Exempt ERISA Trust.

Dated: This _21_ day of June, 2021 in Los Angeles County California, USA

By: _____

Ingrid van Vuerings, Co-Trustee
the ATHENA MEDICAL GROUP DEFINED
CONTRIBUTION PENSION PLAN AND
TRUST Number Three and Corporate Officer of the
Athena Medical Group, Inc., (Nevada)

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA       )

                                  )     ss:

COUNTY OF LOS ANGELES   )

On _21 June 2021_ before me _Alexandra Kelsey_ notary public, personally appeared **Ingrid van Vuerings** who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within _Quit Claim Deed_ and acknowledged to me that she executed same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of California that the forgoing paragraph is true and correct.

WITNESS my hand and official seal.

_Alexandra Kelsey_

ALEXANDRA KELSEY
COMM. #2298832
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires July 31, 2023

STATE OF NEVADA
DECLARATION OF VALUE

1.  Assessor Parcel Number(s)
    a)_____1318-25-111-017_____
    b)_____
    c)_____
    d)_____

2.  Type of Property:
    a) ☐ Vacant Land    b) ☑ Single Fam. Res.
    c) ☐ Condo/Twnhse   d) ☐ 2-4 Plex
    e) ☐ Apt. Bldg      f) ☐ Comm'l/Ind'l
    g) ☐ Agricultural   h) ☐ Mobile Home
    i) ☐ Other_____

    ┌─────────────────────────────────────┐
    │ FOR RECORDERS OPTIONAL USE ONLY      │
    │ BOOK_____PAGE_____          │
    │ DATE OF RECORDING:_____          │
    │ NOTES: _Trust of - 94_                │
    └─────────────────────────────────────┘

3.  Total Value/Sales Price of Property:              $_____
    Deed in Lieu of Foreclosure Only (value of property)  (_____
    Transfer Tax Value:                               $_____
    Real Property Transfer Tax Due:                   $ $0.00_____

4.  If Exemption Claimed:
    a.  Transfer Tax Exemption per NRS 375.090, Section # 7_____
    b.  Explain Reason for Exemption: A transfer of title to or from a trust without consideration

5.  Partial Interest: Percentage being transferred: _____%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity ___Grantor____

Signature _____    Capacity _____

        SELLER (GRANTOR) INFORMATION              BUYER (GRANTEE) INFORMATION
              (REQUIRED)                                 (REQUIRED)

Print Name: Ingrid van Vuerings, Trustee      Print Name: Juliana Mayer Loza
Address: 195 Hwy 50 Ste 104, P.M.B.7172-262   Address: 195 Hwy 50 Ste 104
City:    Stateline                            City:    State Line
State: NV        Zip: 89449-7172              State: NV        Zip: 89449

COMPANY/PERSON REQUESTING RECORDING
        (required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law      Escrow #_____
Address: 1625 State Route 88, Ste. 401
City:    Minden              State: NV              Zip: 89423
        (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

STATE OF NEVADA
DECLARATION OF VALUE

1.  Assessor Parcel Number(s)
    a)_____1318-25-111-017_____
    b)_____
    c)_____
    d)_____

2.  Type of Property:
    a) ☐ Vacant Land     b) ☑ Single Fam. Res.
    c) ☐ Condo/Twnhse   d) ☐ 2-4 Plex
    e) ☐ Apt. Bldg       f) ☐ Comm'l/Ind'l
    g) ☐ Agricultural    h) ☐ Mobile Home
    i) ☐ Other_____

    | FOR RECORDERS OPTIONAL USE ONLY |
    |---|
    | BOOK_____ PAGE_____ |
    | DATE OF RECORDING:_____ |
    | NOTES: _Trust Of_ -_9t_ |

3.  Total Value/Sales Price of Property:                    $_____
    Deed in Lieu of Foreclosure Only (value of property)   (_____
    Transfer Tax Value:                                    $_____
    Real Property Transfer Tax Due:                        $ $0.00_____

4.  If Exemption Claimed:
    a.  Transfer Tax Exemption per NRS 375.090, Section # 7
    b.  Explain Reason for Exemption: A transfer of title to or from a trust without consideration
    _____

5.  Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity ____Grantor____
Signature _____    Capacity _____

SELLER (GRANTOR) INFORMATION          BUYER (GRANTEE) INFORMATION
         (REQUIRED)                              (REQUIRED)

Print Name: Ingrid van Vuerings, Trustee   Print Name: Juliana Mayer Loza
Address: 195 Hwy 50 Ste 104, P.M.B.7172-262   Address: 195 Hwy 50 Ste 104
City:   Stateline                          City:   State Line
State: NV        Zip: 89449-7172           State: NV        Zip: 89449

COMPANY/PERSON REQUESTING RECORDING
         (required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law   Escrow #_____
Address: 1625 State Route 88, Ste. 401
City:   Minden              State: NV              Zip: 89423
         (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# EXHIBIT 14

# EXHIBIT 14

APN: 1318-25-111-017

DOUGLAS COUNTY, NV
Rec:$40.00
Total:$40.00
JULIANA L. LOZA

**2021-969515**
06/22/2021 03:03 PM
Pgs=4

0013716720210969515040041

KAREN ELLISON, RECORDER                E07

RECORDING REQUESTED BY and
<u>AFTER RECORDING MAIL THIS DOCUMENT TO:</u>
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

<u>MAIL TAX STATEMENTS TO GRANTEE:</u>
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any
person or persons.                                                          *(Per NRS 239B. 030)*

## QUIT CLAIM DEED

A default Judgment, entered in Douglas County District Court case number 2021-CV-00057, purported to vest title with RAY WARREN EXLEY, deceased. Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY contests the validity of the default judgment and contends that legal title remains vested with The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three. Therefore, Juliana Mayer Loza does hereby QUIT CLAIM any interest which the Estate may have to The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449,more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-910723.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title to a Tax Exempt ERISA Trust.

Dated: This 22 day of June, 2021 in Minden, Douglas County, Nevada.

By: _____

Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF NEVADA              )
                             )      ss:
COUNTY OF DOUGLAS            )

On ___June 22, 2021___ before me ___Lisa Apple_____

notary public, personally appeared Juliana Mayer Loza, Special Administrator, of the Estate of

RAY WARREN EXLEY who proved to me on the basis of satisfactory evidence to be the person

whose name is subscribed to the within ___Quit Claim Deed___ and acknowledged to

me that she executed same in her authorized capacity, and that by her signature on the instrument

the person, or the entity upon behalf of which the person acted, executed the instrument

I certify under PENALTY of PERJURY under the laws of the State of Nevada that the forgoing

paragraph is true and correct.

WITNESS my hand and official seal.



NOTARY PUBLIC
STATE OF NEVADA
County of Douglas
00-62875-5      LISA APPLE
My Appointment Expires September 8, 2021

STATE OF NEVADA
DECLARATION OF VALUE

1.  Assessor Parcel Number(s)
    a)_____1318-25-111-017_____
    b)_____
    c)_____
    d)_____

2.  Type of Property:
    a) ☐ Vacant Land   b) ☑ Single Fam. Res.
    c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
    e) ☐ Apt. Bldg     f) ☐ Comm'l/Ind'l
    g) ☐ Agricultural  h) ☐ Mobile Home
    i) ☐ Other_____

    FOR RECORDERS OPTIONAL USE ONLY
    BOOK_____PAGE_____
    DATE OF RECORDING:_____
    NOTES:_____Trust Of - 9_____

3.  Total Value/Sales Price of Property:          $_____
    Deed in Lieu of Foreclosure Only (value of property)  (_____
    Transfer Tax Value:                           $_____
    Real Property Transfer Tax Due:               $ $0.00_____

4.  If Exemption Claimed:
    a.  Transfer Tax Exemption per NRS 375.090, Section # 7_____
    b.  Explain Reason for Exemption: A transfer of title to or from a trust without consideration

5.  Partial Interest: Percentage being transferred: _____%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____     Capacity _____Grantor_____

Signature _____     Capacity _____

    SELLER (GRANTOR) INFORMATION              BUYER (GRANTEE) INFORMATION
          (REQUIRED)                                (REQUIRED)

Print Name: Juliana Mayer Loza              Print Name: Ingrid van Vuerings, Trustee
Address:_195 Hwy 50 Ste 104_               Address: 195 Hwy 50 Ste 104, P.M.B.7172-262
City:_Stateline_                           City:  Stateline
State:_NV_     Zip:_89448_                  State:  NV        Zip: 89449-7172

COMPANY/PERSON REQUESTING RECORDING
        (required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law    Escrow #_____
Address: 1625 State Route 88, Ste. 401
City:   Minden              State: NV              Zip:  89423
            (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# EXHIBIT 15

# EXHIBIT 15

## DECLARATION OF JESS P. RINEHART

I, Jess P. Rinehart, do hereby declare that the following assertions are true to the best of my knowledge, information and belief:

1.      I am an attorney at law admitted to practice before all courts of the State of Nevada.

2.      I make this Declaration based upon personal knowledge and in lieu of an Affidavit pursuant to NRS 53.045.

3.      I am counsel for Leverty & Associates Law Chtd and Automatic Funds Transfer Services, a Seattle Corp. dba Allied Trustee Services.

4.      On or about Monday, June 21, 2021, two days before the foreclosure sale, I visited Douglas County Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 80449.  Upon my visit to the property, I inquired and was informed by a neighbor that no person resides at the property, including Juliana Mayer Loza, and that no person had visited or stayed at the property in a long time.

5.      On June 24, 2021, I called the Douglas County Assessor regarding the two quitclaim deeds of June 22, 2021.  Upon inquiry, I was informed by the County Assessor's office that such filings were deficient, and did not transfer title to the Subject Property.

6.      On June 24, 2021, I searched the Douglas County Assessor real property records.  On the Douglas County Assessor's website, I was able to find and print a Douglas County, Nevada Assessor's Office Parcel Detail for Douglas County APN #1318-25-111-017.  The parcel detail provides that title to the property is in the name of Ray Warren Exley MD.  (*See* Exhibit 15).

DATED this 25 day of June, 2021.

_____
Jess P. Rinehart, Esq.

# EXHIBIT 16

# EXHIBIT 16

RECEIVED

APR 14 2021

Douglas County
District Court Clerk

FILED

2021 APR 14  PM 3:18

BOBBIE R. WILLIAMS
CLERK

By WALKER  DEPUTY

1 | Case No.: 2021-CV-00057

2 | Dept No.: II

3 | This document does not contain personal information of any person.

4

5 |           IN THE NINTH JUDICIAL DISTRICT COURT

6 |              OF THE STATE OF NEVADA

7 |           IN AND FOR THE COUNTY OF DOUGLAS

8 | LEVERTY & ASSOCIATES LAW CHTD.,

9 |                    Plaintiff,

10 |             vs.

11 | Athena Medical Group Defined Contribution

12 | Pension Plan and Trust Number Three; et al.

13 |

14 |                    Defendants.

15

16 |          DECLARATION OF SERVICE OF

17 |            SUMMONS AND COMPLAINT

18 | (Attached is the Declarations of Service for Juliana Mayer Loza)

19 |      DATED this 13th day of April 2021.

20

21 |                    LEVERTY & ASSOCIATES LAW CHTD.

22

23 | Vernon E. Leverty, Esq., NV Bar # 1266
   | Patrick R. Leverty, Esq., NV Bar #8840

24 | William R. Ginn, Esq., NV Bar #6989
   | 832 Willow Street

25 | Reno, NV 89502
   | Attorneys for Plaintiff

26

27

28



- 1 -

| *Attorney or Party without Attorney:*<br>VERNON E. LEVERTY, Bar #1266<br>LEVERTY & ASSOCIATES LAW CHTD<br>832 WILLOW ST.<br>RENO, NV  89502<br>*Telephone No:* 775-322-6636     *FAX No:* 775-322-3953 | | | *For Court Use Only* |
|---|---|---|---|
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Douglas County Court-Ninth Judicial District Court Of Nevada | | | |
| *Plaintiff:* LEVERTY & ASSOCIATES LAW, CHTD<br>*Defendant:* JULIANA MAYER LOZA | | | |
| **AFFIDAVIT OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2021-CV-00057 |

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS AND COMPLAINT

*3.  a. Party served:*          JULIANA MAYER LOZA

*4.  Address where the party was served:*     9504 HIGHRIDGE PL.
                                             Beverly Hills, CA  90210

*5.  I served the party:*
   a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Mar. 31, 2021 (2) at: 8:19AM
6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

*7.  Person Who Served Papers:*                    *Fee for Service:*        $60.00
   a. CHRISTOPHER  DEMIRDJIAN
   b. SKIP-N-SERVE
      P.O. BOX 6848
      San Pedro, CA  90734
   c. (310) 831-1160, FAX (310) 833-7240

*8.  I declare under penalty of perjury under the laws of the State of NEVADA and under the laws of the United States Of America that the foregoing is true and correct.*

AFFIDAVIT OF SERVICE          (CHRISTOPHER  DEMIRDJIAN)
                                                          13304   .assolev.15156