Vernon E. Leverty, Esq., NV Bar No. 1266
Patrick R. Leverty, Esq., NV Bar No. 8840
William R. Ginn, Esq., NV Bar No. 6989
Jess P. Rinehart, Eq., NV Bar No. 11697
832 Willow Street; Reno, NV 89502
Telephone: (775) 322-6636
*Attorneys for Leverty & Associates Law, Chtd.*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>JULIANA MAYER LOZA,<br><br>        Debtor | )<br>)<br>)<br>)  BK-21-50466-btb<br>)<br>)  Chapter 13<br>)<br>)  **OPPOSITION TO DEBTOR'S**<br>)  **MOTION FOR RECONSIDERATION**<br>)  **OF ORDER, TO AMEND**<br>)  **JUDGMENT, FOR NEW HEARING,**<br>)  **OR ALTERNATIVE FOR**<br>)  **ADDITIONAL FINDINGS**<br>)  **PURUSANT TO FRBP 9023, 9024 AND**<br>    **7052** |

Leverty & Associates Law Chtd. and Automatic Funds Transfer Service, a Seattle Corp. dba Allied Trustee Services, by the through its undersigned counsel, hereby opposes Debtor's Motion for Reconsideration of Order, to Amend Judgment, For New Hearing, or Alternative for Additional Findings. This opposition is made and based upon the following opposition, the papers and pleadings on file herein, and anything else the Court wishes to consider.

## I.   Background.

In approximately April 2014, Ray Warren Exley approached Leverty & Associates Law, Chtd. ("Leverty") whom, approximately 32 years before, he had used to assist him in purchasing the property at 429 Panorama Drive, Stateline, NV, 89449, ("The Property") about representing him in litigation with his ex-wife. From April 2014 through early February 2017, Exley was a client of Leverty & Associates. During this representation, Leverty & Associates was successful in obtaining 100% ownership of The Property for Exley.

Despite the success in the case against his ex-wife, the relationship between Leverty and Exley deteriorated because of his attempts, with the aid and direction of Debtor Juliana Mayer Loza (hereinafter "Loza") to avoid paying for any legal fees and services provided by Leverty. This resulted in Leverty & Associates withdrawing from representation, and filing an attorney lien against the Property thereafter.  In February of 2017, Leverty filed an attorney's lien on the Subject Property with the Douglas County Recorder.  On May 3, 2017, Leverty filed a Motion to Adjudicate Leverty's Rights and to Enforce Lien for Attorney's Fees. (Exh. 1).  In the prayer for relief to the Motion to Adjudicate, Leverty respectfully requested a Judgment be entered against Exley which attaches to the Subject Property.

Seeing the writing on the wall with regard to a judgment attaching to the Subject Property, on May 12, 2017, less than 10 days after Leverty's Motion to Adjudicate was filed with Court, Exley deeded the Subject Property titled in his name to the Ray Warren Exley Family Trust, with Exley as trustee.  Thereafter, on May 24, 2017, the Ninth Judicial District Court granted a Judgment Lien in favor of Leverty which attaches to the Subject Property.  (Exh. 2).

In an effort to enforce the Judgment Lien, on or about February 12, 2017, Leverty filed a Complaint against Exley that was removed to United States District Court District of Nevada., Case No. 3:17-CV-0175-MMD-VPC.  On or about July 27, 2017, Federal Court Magistrate Judge Cooke held a mediation in the matter in which the parties reached a settlement which was binding upon Exley. On July 29, 2017, Ray Warren Exley, purportedly the spouse of Debtor, and the Debtor, entered into a settlement agreement with Leverty & Associates that required them to pay Leverty & Associates attorneys fees incurred, but not paid, in Ray Exley's pursuit of sole ownership of a parcel of property located at 429 Panorama Drive, Stateline Nevada. See *Leverty & Assocs. Law Chtd. v. Exley*, 2018 U.S. Dist. LEXIS 221766, at *4 (D. Nev. Nov. 5, 2018).

Thereafter, Exley and Loza fired their counsel and announced their intention to refuse to comply with the settlement agreement agreed upon in Court. As a result of numerous shenanigans by Loza and Exley, and significant motion practice required by the shenanigans of Loza and Exley (set forth in detail in *Leverty & Assocs. Law Chtd. v. Exley*, No. 3:17-cv-00175-MMD-WGC, 2018 U.S. Dist. LEXIS 221766 (D. Nev. Nov. 5, 2018)), the Court ultimately reduced the

settlement agreement terms to a judgment, and, in addition, sanctioned Exley in the amount of $45,045.

In keeping with the spirit of attempting to avoid paying for any legal services concerning the successful Subject Property lawsuit, on February 23, 2018, a mere 2 days after Magistrate Judge Cooke stated her intention to uphold the settlement agreement, Exley signed a Quitclaim Deed transferring the Subject Property, for "NON CONSIDERATION" to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. (hereinafter "Athena") (Exh. 3).

On March 19, 2018, Federal Magistrate Judge Cooke issued a report and recommendation confirming the settlement agreement affecting the Subject Property, which was accepted an adopted by U.S. District Court Judge Du on February 29, 2019. On February 25, 2019, the United States District Court issued a Judgment in a Civil Case which was recorded against the Subject Property on March 5, 2019. (Exh. 4). Thereafter, in an effort to secure payment on amounts owed to Leverty, Leverty, on or about January 22, 2021, Leverty purchased and took an assignment of a Deed of Trust recorded against the Subject Property on February 1, 2017, which was related to a Promissory Note on the Subject Property dated May 23, 2017.

Consistent with their prior conduct, Athena, one of the numerous affiliated entities of Exley, countered Leverty's purchase of the Deed of Trust with another transfer of the Subject Property to avoid the Judgment in a Civil Case. On or about January 22, 2021, the Subject Property was once again quit claimed, for "NO CONSIDERATION," this time to Loza.

Thereafter, on March 12, 2021, Leverty obtained a Writ of Execution against Ray Warren Exley and Loza from the United States District Court District of Nevada. (Exh. 5). Pursuant to the Writ of Execution obtained, the U.S. Marshall was permitted to seize the Subject Property to satisfy the judgment against Exley. (Exh. 6). As the Court may have come to expect, the Subject Property was once again transferred to hinder, delay and/or defraud Leverty as a Judgement Creditor. On March 30, 2021, less than two weeks after the Writ of Execution, and only 7 days after the fraudulent transfer Complaint was filed, Loza filed a Quit Claim Deed on the Subject Property (Exh. 7). As provided in the Quitclaim Deed, Loza has now decided to "reject" the January 22, 2021, transfer from Athena to herself, stating "said conveyance [was] an error," quitclaiming the Subject property back to Athena. (Exh. 7).

- 3 -

Concurrently with the actions described in the preceding paragraph, Loza moved to quash the Writ of Execution contending on March 22, 2021 that Loza was not a party to the litigation and "the court does not have personal or subject jurisdiction over [Loza]" (Exh. 8 at 4:12-15). Loza went on to argue "[a]As there are no Causes of Action against Loza and there is no appearance or answer filed by Loza in this litigation. [sic] There is no personal or subject matter jurisdiction asserted by this Court as a result of any pleading naming Loza." (Id. at 5:5-7)

Loza also argued: "There is no judgment against Loza in this litigation from which an appeal lies or which would cause Loza to be a judgment debtor. There is no money judgment naming Loza issued by this Court." (Id. at 16-17).

In her reply in support of her motion to quash, Loza argued that State law did not support a writ of attachment against her in her individual capacity: "State law does not allow Plaintiff to seize the property owned by a separate legal entity or the property of an individual that is not a 'defendant' in this litigation." (Exh. 9 at 3:11-12). At the hearing on the motion to quash, Judge Du ruled that she would not quash the writ of execution, but did direct that Loza could be served only *as the personal representative of the estate of Ray W. Exley.* (Exh. 10)[1]

On March 23, 2021, Leverty also filed the fraudulent transfer Complaint against numerous Exley affiliated Defendants in the Ninth Judicial District Court of Nevada in and for the County of Douglas, Case No. 2021-CV-00057. (Exh. 6). After the defendants were served, no defendant appeared, or even reached out seeking an extension of time to respond, prior to the deadlines to respond set forth in NRCP 12(a)(1)(A). Thereafter, on May 25, 2021, the Ninth Judicial District issued a default judgment, finding the four transfers referred to above were fraudulent and done with the intent to hinder, delay, and/or defraud Exley's creditors, and, pursuant to the Uniform Fraudulent transfers Act (NRS 112), the Court voided the four fraudulent transfers, and the property reverted back to the name of Ray Warren Exley, M.D. (Exh. 11, 13). In accordance with the Court's May 25, 2021, Order, on June 11, 2021, Leverty filed the Judgment by Default with the Douglas County Recorder, thereby transferring title of the real property into the name of Ray Warren Exley MD. (Exh. 12, 13).

---

[1] As a deceased person or his estate cannot declare bankruptcy, this debt cannot be that of Loza.

On June 22, 2021, at 7:07 pm on the night before the foreclosure sale of the Subject Property, counsel for Loza, Steve Harris, provided a June 22, 2021, written letter via electronic mail.  (Exh. 14).   It should be no surprise to the Court, Loza once again attempted to fraudulently transfer the Subject Property to hinder, delay and/or defraud Leverty as a judgment creditor of Exley, and as the foreclosing party on the Subject Property.  (Exhs. 15, 16).   The first fraudulent transfer dated June 21, 2021, was a quitclaim that attempted to transfer title from Athena into the name of Loza, in her individual capacity.  (Exh. 15).  The second fraudulent transfer dated June 22, 2021, was a quitclaim deed that attempted to transfer title from Special Administrator Juliana Loza of the Estate of Ray Warren Exley to Athena. (Exh. 16).   Three (3) hours after the two (2) newest fraudulent transfers, Loza fraudulently and in bad faith declared Chapter 13 bankruptcy to hinder, delay, and/or defraud Leverty.  On June 23, 2021, a foreclosure sale took place on the Subject Property with the property going to the highest bidder.[2]

Thereafter, Loza sought sanctions against Leverty & Associates for allegedly violating the automatic stay. This issue was briefed, and then argued. On July 23, 2021, this Court issued an order determining that because the property was titled in the name of Ray Warren Exley at the time of the filing of the complaint and at the time of the foreclosure sale, then there was no violation of the stay, because Loza did not own or possess the property as of June 22, 2021, and the property was not part of her bankruptcy estate.

Now, after engaging in a series of fraudulent transfers that resulted in her being divested from any interest in the property in question, Debtor Juliana Loza continues in her unremitting fraudulent conduct in seeking reconsideration of this Court's decision of July 23, 2021.  In seeking the approval of this Court to further engage in her fraud and to increase the cost of the litigation, Loza seeks to set aside this Court's decision of July 23, 2021 for four reasons. These are:

1.    The Court allegedly committed error by relying upon the filed documentation with the Douglas County Reporter, and not the unsupported arguments of Loza;

---

[2] After the foreclosure and after this Court's decision on the motion for sanctions, the deed was provided to the purchaser and the remaining funds were provided to the Ninth Judicial District Court pursuant to its order.

2.    Loza failed to present any arguments or evidence as to why she had a legal and equitable interest in a property that was not held in her name;

3.    The Court should have held an evidentiary hearing that was not asked for;

4.    Loza had a community property interest in a property that was at all pertinent times in her late husband's name/her late husband's trust's name/her late husband's pension plan's name and was his property from not just before his marriage to Loza, but also from before his marriage to his first wife.

## II.    LEGAL ARGUMENT

### A.    The Matter May Be Moot

On August 16, 2021 bankruptcy trustee William A. VanMeter filed a motion to dismiss the bankruptcy. Doc 27. Unsurprisingly, given Loza's consistent difficulty in complying with Court orders, this is due to Loza's repeated and willful failures to comply with the debtors requirements for a Chapter 13 bankruptcy, including failing to a plan and/or schedules and statements as required by 11 U.S.C. §§ 521(a)(1), 1321 and Fed. R. Bankr. P. 1007 and/or 3015(b); a failure to turnover requested tax returns or tax returns otherwise required by 11 U.S.C. § 1308 and/or tax refunds for 2019 and 2020; failure to file a plan that is feasible or that can otherwise be confirmed; and a failure to provide the Trustee with requested financial documentation or has otherwise failed to cooperate with the Trustee as required by 11 U.S.C. § 521(3). Doc. 27.

If the bankruptcy is dismissed, then the entire motion is moot, and there is no need for any of the relief requested by Loza.

### B.    Standards for Reconsideration.

For the Court to grant reconsideration – whether under Fed. R. Civ. Proc. 59 or FRBP 9023., the party seeking reconsideration must show that the prior decision was erroneous for one of four bases. These are:
(1)  where the motion is necessary to correct "manifest errors of law or fact upon which the judgment rests;"
(2)  where the motion is necessary to present newly discovered or previously unavailable evidence;
(3)  where the motion is necessary to "prevent manifest injustice;" and
(4)  where the amendment is justified by an intervening change in controlling law.
*Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Any party trying to convince a court that its prior decision constitutes "clear error" or was "manifestly unjust" faces a difficult task. *Ross v. Rodriguez (In re Rodriguez)*, Nos. 18-14694-MKN, 18-01085-MKN, 2019 Bankr. LEXIS 888, at *6 (Bankr. D. Nev. Mar. 19, 2019). Reconsideration is extraordinary and "should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Additionally, a motion for reconsideration may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). Additionally, reconsideration will be denied if it would serve no useful purpose. *Stevo Design, Inc. v. SBR Mktg.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013).

Here, the relief requested not only is based on a reargument of issues previously argued, but because it will serve no useful purpose, reconsideration should be denied.

### C.  The Court's Decision Was Factually and Legally Correct

Manifest error means "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Sinclair*, 2017 Bankr. LEXIS 1491, at *24 (Bankr. E.D. Cal. May 30, 2017). Loza has failed to show how this Court has made any error that is plain and indisputable, either of fact or of law. Instead, Loza's motion for reconsideration is just a "sour grapes" motion because this Court saw through her fraudulent scheme which the Ninth Judicial District Court had previously found fraudulent as well.

#### 1.  Loza Failed To Present Any Facts To Show She Had Any Interest In The Property At The Time of Her Filing.

Fatally, Loza's Motion fails to present any evidence or argument as to why she had any interest in the Property at the time of her filing that she could not present earlier. Loza's new argument is that because she had a potential legal and/or equitable interest under the property as Exley's sole beneficiary, then the automatic stay applied. However, Loza failed to make this argument previously, even though the proper ownership of the property was clearly known and at issue before her bankruptcy filing. See Doc. 7, See also Exh. 1 to Doc. 23; see also Exhs. 11, 12, 13, 16.

Loza attempted to quitclaim her interests between herself and Athena. However, under NRS 140.040(2), before Loza, as the special administrator of the estate could transfer the property, she

1    required a court order. Unsurprisingly, she failed to obtain such an order, making any transfer of

2    the property to her void *ab initio.*

3         Since Loza's attempted transfers of the property to Athena were either invalid (because there

4    was nothing to transfer) or void *ab initio* (because they were done without court order as required

5    by Nevada law), and the transfers were done by quitclaim, there was nothing to transfer. A

6    quitclaim deed only transfers the rights of the transferor (*Miranti v. Advance Mgmt. Corp.*, 88

7    Nev. 59, 62, 493 P.2d 707, 708-709 (1972)), no more and no less. On June 21, 22 and 23, the

8    title of the Property was in the name of Ray Warren Exley, an individual. See Exhs. 11, 12, 13.

9    The June 21 and 22, 2021 attempted quitclaim transfers (Exhs. 15, 16) only transferred the

10   ownership interests that (1) The Estate of Ray Exley had in the property at that point in time and

11   (2) the interests that Athena had in the property at that point in time. Since at that point in time,

12   neither the Estate of Ray Exley nor Athena had any interests in the property, then Loza had no

13   interest in the property. 11 U.S.C. § 362(a) does not stay actions against property which is not a

14   part of the estate. *In re Fintel*, 10 B.R. 50, 51 (Bankr. D. Or. 1981); see also *Atighi v. DLJ Mortg.*

15   *Capital Inc. (In re Atighi)*, 2011 Bankr. LEXIS 889, at *12 (B.A.P. 9th Cir. Jan. 28,

16   2011)("Because the San Diego property was not a part of the bankruptcy estate…it was not

17   protected by the automatic stay.") Loza, who is a trustee of Athena, in her schedules, states that

18   she has no idea of what her interest is in Athena. (Doc. 22) Similarly, she is a trustee of the Ray

19   Warren Exley M.D. Nevada Irrevocable Trust, of what she also claims she has no idea of what

20   its value is. Id.

21        Once evidence was introduced to show that Loza had no interest in the property – and could

22   not have any interest in the property – for the automatic stay to be in place, it was incumbent

23   upon Loza to present evidence to support why the automatic stay applied to this particular parcel

24   of property. If the bankruptcy estate does not extend to the property in question, then the stay

25   cannot apply to it.

26        At the time of the motion and the hearing on the sanctions, Loza did not present any evidence

27   of any kind showing she actually owned or had an actual interest in the Property at the time of

28   the foreclosure action. Additionally, Loza has not – because she cannot – present any evidence

that she actually owned or had an actual interest in the Property at the time of the foreclosure action. Therefore, reconsideration is not warranted, or available.

### 2.   No New Evidence Has Been Presented

Loza has failed to present any newly discovered or previously unavailable evidence. All of the "evidence" presented in her motion for reconsideration is "evidence" that she possessed at the time when she started her bankruptcy process back in January 2021, or when the issue of the actual ownership of the property was previously argued in June 2021.

Loza argues that she was allegedly "unaware" of the fact that Leverty would be claiming that she did not own the property. Legal theories or arguments of counsel are neither "facts" or "evidence." See *Estakhrian v. Obenstine*, 233 F. Supp. 3d 824, 837 n.11 (C.D. Cal. 2017)("A legal theory is not evidence"); *Flemino v. Vulcan Recoveries, LLC (In re Flemino*), Nos. 13-14866-MKN, 19-01051-MKN, 2020 Bankr. LEXIS 977, at *13 n.12 (Bankr. D. Nev. Mar. 11, 2020)("the arguments of counsel… are not evidence.")

The order regarding the ownership of the property was (1) both a public record in litigation where Loza was a named defendant (Exh. 11)and (2) was filed against the property prior to Loza's bankruptcy filing. (Exh. 12, 13) Loza even recognizes this order in her attempted quitclaim deed to Athena. (Exh. 16) Therefore, this argument is, at best, unavailing.

Next, Loza claims that her lodging of the wills in the Ninth Judicial District Court of Mr. Exley is "new evidence." However, as Exley allegedly died more than a year before Loza filed bankruptcy (and more than 6 months before she started her bankruptcy planning), Loza could have discovered (and almost certainly did discover) and lodged these wills long before she filed either her bankruptcy petition or her motion for sanctions. Therefore, this is not new evidence. Indeed, it is sandbagging by Loza. The court will not reconsider an order on the basis of newly discovered evidence if the evidence "could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987); *Branch Banking & Tr. Co. v. Frank*, 2013 U.S. Dist. LEXIS 176727, at *22 (D. Nev. Dec. 17, 2013).

Since Loza could have (1) obtained presented the wills to the Ninth Judicial District Court before filing bankruptcy; (2) looked at the Court docket *in Leverty & Associates v. Athena*; or (3) checked the publicly available filings on the Property that showed that the property ownership

was in the name of Ray Exley, as an individual, and not as a part of any estate, Loza's arguments are unavailing.

### 3. There Is No Manifest Injustice.

There is no manifest injustice. A "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds" *In re Oak Park Calabasas Condo. Ass'n,* 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003). Nowhere in Loza's motion for reconsideration does she identify what "manifest injustice" this Court allegedly engaged in, as there are no errors in the Court's decision that are direct, obvious, or observable. Instead, like a petulant child, Loza's view of manifest injustice apparently is that she does not like the outcome of this Court's decision which affects her fraudulent scheme and fraudulent transfers as ruled upon by the Ninth Judicial District Court. "A party's mere disagreement with a prior decision, however, is not evidence of clear error nor does it make the decision manifestly unjust." *Ross v. Rodriguez (In re Rodriguez),* Nos. 18-14694-MKN, 18-01085-MKN, 2019 Bankr. LEXIS 888, at *6 (Bankr. D. Nev. Mar. 19, 2019).

The Court did not shift the burden onto the debtor to invoke the automatic stay. Instead, the Court asked the debtor to show how she had any valid interest in the Property so as to invoke the automatic stay. The Court's order on this issue is clear – the property is not in the name of the Debtor and, at the time of the transfer, the debtor had no interest in the property. As admitted in the Debtor's motion for reconsideration, Ray Exley died on or about June 1, **2020**.  It was not until almost 14 months later that Ray Exley's alleged "wills"[3] were lodged with the Court – which is the first part of the process of opening an estate to address his real property.

Without showing any manifest injustice, there is no basis to grant reconsideration.

### 4. There Has Been No Change In The Intervening Law.

Finally, there is no good cause for reconsideration because there has been no change in the intervening law.

Since Loza fails to present any facts, evidence, or law required to show that reconsideration is warranted, or how the Court committed manifest error by following the legal and proper title

---

[3] Leverty & Associates does not concede that either of these so-called wills are valid.

to the property as it existed as of the date of the debtor's filing for bankruptcy, Loza's motion should be denied in its entirety because she cannot meet the standards for reconsideration under Rule 59 or FRBP 9023.

**D.   Other Issues.**

    **1.   Loza's Own Errors Do Not Warrant Reconsideration**

Loza argues that the Court should have held an evidentiary hearing to address whether Loza had an interest in the property. However, this is not what Loza requested. In her motion, Loza did not request an evidentiary hearing as to the scope or interest in her property. See Doc. 7. In the oral argument on the motion for sanctions, neither Loza, nor either of the two attorneys who argued on her behalf requested an evidentiary hearing on the issues. See Doc. 23, Exh. 1.

Merely because Loza now wants an evidentiary hearing does not mean that is what she sought. Specifically, Loza sought an order:

> (1) Compelling Leverty and Allied to cancel any trustee deeds issued at the Real Property foreclosure sale;
> (2) finding that the Real Property foreclosure sale was conducted in violation of the 11 U.S.C. §362(a) automatic stay and is void and of no effect;
> (3) finding that Leverty and Allied knowingly and willfully violated the automatic stay;
> (4) awarding Debtor emotional distress damages in the amount of $50,000;
> (5) awarding Debtor punitive damages in the amount of $50,000, or more;
> (6) awarding Debtor her actual attorneys' fees and costs incurred in recovering her Real Property, estimated at $10,000, to be determined after this Motion is fully adjudicated; and
> (7) for such other relief as this Court deems to be appropriate or necessary.

Doc. 7 at 8-16.

Nowhere is there any request that this Court hold an evidentiary hearing to collaterally attack a valid State Court judgment. Nowhere in this is there any request for the Court to hold an evidentiary hearing about what the scope, if any, of her ownership interest may be in light of the Ninth Judicial District Court decision.

The remedies sought by Loza are binary – either she had an interest in the property, or she did not. Loza knew of the Ninth Judicial District Court ruling as of the time of her filing of the bankruptcy. She could have requested an evidentiary hearing that she now seeks, but, for reasons known only to her, she did not. Since this Court correctly ruled that Loza did not have an interest in the property based upon the titling of the property, the Ninth Judicial District Court rulings,

and the actual evidence and argument presented before the bankruptcy Court, there is no basis for this Court to waste the Courts times and resources to hold a hearing that will find exactly what the Court already found – based on the law, at the time of her filing for bankruptcy, Loza had no interest in the property.

### 2. Leverty & Associates Does Not Have a Judgment Against Loza in Her Individual Capacity.

Loza, in her individual capacity, is not a judgment debtor in the *Leverty v. Exley* matter. As shown by the Court's order:

> Mr. Walker advises the Court that Ms. Loza has filed substitutions of party in other cases pending against Mr. Exley, but not in this one because it is closed. He requests that the Court allow Ms. Loza to be substituted in her capacity as personal representative for Mr. Exley's estate. The Court grants the request and directs the Clerk's Office to modify the docket to substitute Juliana Loza **in her capacity as personal representative of the Estate of Ray Exley.**

(Exh.10, **emphasis added**)

The writ that went out did not provide for Ms. Loza as a judgment debtor in her individual capacity.

### 3. Loza Never Owned The Property As Community Property.

Loza falsely claims that she owns an interest in the property as it was allegedly community property. This is false.

Loza does not own a community interest share in the property, and, except for a brief period that she later disavowed, never has had an interest in the property.

Pursuant to NRS 123.220 "All property, other than that stated in NRS 123.130, acquired after marriage by either spouse or both spouses, is community property." NRS 123.130 states: "All property of a spouse owned by him or her before marriage, and that was acquired by him or her afterwards by gift, bequest, devise, descent or by an award for personal injury damages, with the rents, issues and profits thereof, is his or her separate property." In addition, NRS 123.150 states that the recording of property in the County recorder is evidence of that person's separate property.

At the end of the *Exley v. O'Brien* litigation, the property was deeded to Ray Warren Exley in his individual capacity. (Exh. 1). Thereafter, Ray Exley transferred his interest in the property to the "Ray Warren Exley Family Trust." (Exh. 13). After that, the Property was transferred to

Athena. (Exh. 3, 13). In January 2021, Loza was quitclaimed the property from Athena, but she rejected this transfer. (Exh. 7 and 13).

Thereafter, on May 25, 2021, the Ninth Judicial District Court ruled that all of the transfers were fraudulent transfers, and determined that the proper owner of the property was Ray Warren Exley, as an individual.

Thereafter, Loza attempted to (1) quitclaim the rights of the (non-existent) Estate of Ray Warren Exley in the property to Athena, and (2) quitclaim Athena's interests in the property to herself. (Exh. 15 and 16).

Unlike a warranty deed, which can transfer other elements, such as easements, a quitclaim deed only transfers the rights of the transferor. See *Miranti v. Advance Mgmt. Corp.,* 88 Nev. 59, 62, 493 P.2d 707, 708-709 (1972)("the quitclaim deed transferred any interest in the property which the Mirantis might have retained."); See also *Brophy Mining Co. v. Brophy & Dale Gold & Silver Mining Co*., 15 Nev. 101, 107 (1880). It is well-established under Nevada law that a grantor can convey no greater title or interest than he or she has in the property *SEC v. Glob. Express Capital Real Estate Inv. Fund I, LLC*, 2010 U.S. Dist. LEXIS 132231, at *7-8 (D. Nev. Nov. 30, 2010), citing *Brophy Mining*. Since all of the Loza/Exley/Athena transfers of the property were done via quitclaim, none of them – particularly the final two transfers – transferred any actual interests in the property.

Additionally, at the time when the property was sold, it was in the name of Ray Warren Exley. Therefore, there was no violation of the automatic stay because Loza did not have an interest in the property at the time of the sale.

III. **CONCLUSION**

Loza's motion or reconsideration has no legal or factual grounds to stand. It should go without saying that one who is seeking relief from the Court for alleged errors should not be making false statements to the Court. As shown above, Loza's motion for "reconsideration" is nothing more than a thinly veiled attempt to impose further pain on Leverty & Associates for successfully representing her former husband, and having the temerity to seek to be paid for the services rendered.

1   Loza has not meet the standards for reconsideration, as she has shown no manifest errors of

2   law or fact, previously unknown facts, or any intervening change in the law to support her

3   baseless claims.

4   Therefore, Loza's motion for reconsideration should be denied in its entirety.

5   DATED: This 20th day of August, 2021.

6

7                                         LEVERTY & ASSOCIATES LAW CHTD.

8                                         _____
                                          Vernon E. Leverty, NV Bar No. 1266
9                                         William R. Ginn, Esq., NV Bar No. 6989
                                          Patrick R. Leverty, Esq., NV Bar No. 8840
10                                        Jess P. Rinehart, Esq., NV Bar No. 11697
                                          832 Willow Street; Reno, Nevada  89502
11                                        *Attorneys for Leverty & Associates Law, Chtd.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT LIST**

| Exh No. | Description | No. Pages* |
|---------|-------------|------------|
| 1 | Motion to Adjudicate Attorney's lien dated May 3, 2017, filed in *Exley v. O'Brien*, Ninth Judicial District Court, case no. 14-cv-0130 (fw/o exhibits). | 15 |
| 2 | Order granting Judgment Lien to Leverty & Associates dated May 24, 2017 , filed in *Exley v. O'Brien,* Ninth Judicial District Court, case no. 14-cv-0130. | 3 |
| 3 | Quitclaim Deed transferring property commonly known as 429 Panorama Drive, Stateline Nevada, 89449, dated February 23, 2018 | 3 |
| 4 | Judgment in a Civil Case dated February 25, 2019, filed *in Leverty & Associates v. Exley*, United States District Court for the State of Nevada, case no. 3:17-cv-00175-MMD-WGC | 2 |
| 5 | Writ of Execution dated March 12, 2021, filed in *Leverty & Associates v. Exley*, United States District Court for the State of Nevada, case no. 3:17-cv-00175-MMD-WGC | 3 |
| 6 | Complaint filed in *Leverty & Associates v. Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, et. al,* dated March 23, 2021, Ninth Judicial District Court, case no. 2021-CV-00057 | 26 |
| 7 | Quitclaim Deed transferring property commonly known as 429 Panorama Drive, Stateline Nevada, 89449, dated March 30, 2021 | 5 |
| 8 | Motion to Quash Writ of Execution (Doc. 184), dated March 22, 2021, filed in *Leverty & Associates v. Exley*, United States District Court for the State of Nevada, case no. 3:17-cv-00175-MMD-WGC (w/o exhibits) | 8 |
| 9 | Reply in Support of Motion to Quash Writ of Execution (Doc. 187), dated April 10, 2021 filed in *Leverty & Associates v. Exley*, United States District Court for the State of Nevada, case no. 3:17-cv-00175-MMD-WGC | 8 |
| 10 | Minutes of Proceedings for hearing held on April 23, 2021 in *Leverty & Associates v. Exley*, United States District Court for the State of Nevada, case no. 3:17-cv-00175-MMD-WGC | 2 |
| 11 | Judgment by Default, dated May 25, 2021 in *Leverty & Associates v. Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, et. al,* dated March 23, 2021, Ninth Judicial District Court, case no. 2021-CV-00057 | 9 |
| 12 | Filing with Douglas County Recorder, dated June 11, 2021, filing the Judgment by Default, dated May 25, 2021 in *Leverty & Associates v. Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, et. al,* dated March 23, 2021, Ninth Judicial District Court, case no. 2021-CV-00057 | 10 |
| 13 | Douglas County Assessor's Office parcel detail for Parcel #1318-25-111-017, commonly referred to as 429 Panorama Drive, Stateline Nevada, | 2 |

| 14 | Letter dated June 22, 2021 from Harris Law Practice, LLC to Allied Foreclosure Services | 2 |
| 15 | Quitclaim Deed transferring property commonly known as 429 Panorama Drive, Stateline Nevada, 89449, dated June 21, 2021 | 5 |
| 16 | Quitclaim Deed transferring property commonly known as 429 Panorama Drive, Stateline Nevada, 89449, dated June 26, 2021 | 4 |

*Does not include the Exhibit Divider Number

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of Leverty & Associates Law, Chtd., and that service of the foregoing was made via the Court's electronic filing system to:

Stephen R. Harris, Esq.
Harris Law Practice
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
*Attorneys for Debtor*

DATED: This 20th day of August, 2021.

_____
An Employee of Leverty & Associates Law Chtd.

# Exhibit 1

# Exhibit 1

1  Case No. 14-cv-0130

2  Dept. No. II

RECEIVED

MAY 03 2017

Douglas County
District Court Clerk

FILED

2017 MAY -3 PM 1:15

BOBBIE R. WILLIAMS
CLERK
A. NEWTON
BY_____DEPUTY

6

7    IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8         IN AND FOR THE COUNTY OF DOUGLAS

9  RAY WARREN EXLEY, an individual,        )
                                          )
10            Plaintiff,                   )    MOTION TO ADJUDICATE LEVERTY &
                                          )    ASSOCIATES LAW CHTD.'S RIGHTS
11      vs.                                )    AND   TO   ENFORCE   LIEN   FOR
                                          )    ATTORNEY'S FEES
12  LOIS M. O'BRIEN, an individual; DOES   )
    I-XXX; and ABC CORPORATIONS A-Z;      )
13  inclusive,                             )
                                          )
14            Defendants.                  )
                                          )
15  _____      )
                                          )
    LOIS M. O'BRIEN, an individual        )
16                                         )
              Counter-Claimant,            )
17                                         )
        vs.                                )
18                                         )
    RAY WARREN EXLEY, an individual;      )
19  DOES 1-100, inclusive, and ROE        )
    CORPORATIONS 1-100 inclusive, .       )
20                                         )
              Counter-Defendants,          )
21                                         )
    _____      )
                                          )
22  AND ALL RELATED CLAIMS.                )
                                          )
23

24        Leverty & Associates Law Chtd., hereby brings this Motion to Adjudicate its Rights and to

25  Enforce its Lien for Attorney's Fees.  This Motion is based on Nevada Revised Statute 18.015, the

    following memorandum of points and authorities, the attached exhibits and declaration of counsel,
26
    the pleadings on file herein and any other evidence the Court wishes to consider.
27

28

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.    <u>INTRODUCTION</u>

In April 2014, Ray Warren Exley ("Dr. Exley") reached out and solicited Leverty & Associates Law, Chtd. ("Leverty & Associates") to represent him in a dispute with his ex-wife over a piece of property in Stateline, Nevada. Ultimately, this led to Leverty & Associates successful representation of Dr. Exley before this Court, where Dr. Exley obtained all of the relief this Court could offer. Dr. Exley then declined to pay his attorneys fees.

As a result, on February 1, 2017, Leverty & Associates filed a Notice of Lien for Attorney's Fees, and properly served it upon all interested parties pursuant to Nevada Revised Statute ("NRS") 18.015(3). While the Notice of Lien is in the amount of $151,226.76, this amount was inadvertently overstated. The actual amount sought by Leverty & Associates is $150,780.76.[1]

As a result of Dr. Exley's refusal to pay his attorneys, Leverty & Associates has been forced to adjudicate its rights and enforce its lien for attorney's fees before the Court. Dr. Exley's statements and actions have made it clear that payment will not be forthcoming.

Leverty & Associates attempted to resolve this dispute outside judicial intervention to no avail. Instead of paying his bill, Dr. Exley wishes to transfer the real property title from his name to one or more unknown entities or other individuals, effectively removing any security interest Leverty & Associates relied upon for payment and its basis for its representation of Dr. Exley. Leverty & Associates has proposed and provided Dr. Exley with an assignable deed of trust and promissory note in hopes of resolution, but Dr. Exley has flatly refused to even consider the security proposal.

Throughout Leverty & Associates' representation of Dr. Exley, Dr. Exley was provided with monthly billings computed on a time and charge basis with itemized listings of legal services performed. Dr. Exley has never disputed the monthly billings and itemized services performed and has recently represented that he will remunerate Leverty & Associates for all amounts due and

---

[1] The original amount requested was $151,226.76, but in preparing the declarations for Dr. Exley's motion for attorneys fees, Leverty & Associates discovered two separate billing entries, totaling $446.00, that should not have been included in Dr. Exley's bills.

1    owing.  Despite his assurances of payment in full, Dr. Exley's actions and statements are to the

2    contrary.

3    II.    FACTS

4         As the Court is aware, this litigation arises over an ownership dispute involving a home at

5    429 Panorama Drive, Stateline, Nevada 89449. ("Panorama Property")  When Dr. Exley initially

6    sought representation from Leverty & Associates in April 2014, the owners of the Panorama

7    Property were listed as Ray Warren Exley, M.D., an unmarried man, and Lois O'Brien, an unmarried

8    woman, as Joint Tenants.

9         Based on Dr. Exley's word, in April of 2014, Leverty & Associates, as attorney, began

10   providing legal services to Dr. Exley, as client. Dr. Exley and Leverty & Associates reached a written

11   agreement for legal services over the Panorama Property in June 2014. (Exh. 1).  On June 13, 2014,

12   Leverty & Associates filed suit on behalf of Dr. Exley against his ex-wife, and co-tenant, Lois

13   O'Brien in the Ninth Judicial District Court of the State of Nevada, in and for the County of

14   Douglas, Case No. 14-cv-0130.

15        After discovery closed, on August 8, 2016, Leverty & Associates filed the motion for

16   summary judgment that they drafted on behalf of Dr. Exley.  Upon full briefing on the matter,

17   including a countermotion for summary judgment filed by Dr. O'Brien, on October 21, 2016, this

18   Court granted summary judgment in favor of Dr. Exley, reserving issues regarding setoff for trial.

19        On January 19, 2017, a one day trial was held in this case regarding the issue of whether Dr.

20   O'Brien was entitled to any financial offset concerning the real property.  Leverty & Associates

21   represented Dr. Exley at this trial. On January 26, 2017, this Court issued an Order granting Dr.

22   Exley judgment as a matter of law, providing Dr. O'Brien is not entitled to any financial setoff. At

23   this point in time, Leverty & Associates had successfully advocated on behalf of Dr. Exley

24   concerning the sole substantive issues in the matter and ruled upon by the Court.

25        Leverty & Associates provided legal services to Dr. Exley through January of 2017.  From

26   April of 2014 through January 23, 2017, Leverty & Associates provided Dr. Exley with monthly

27   billings statements detailing and itemizing legal services performed. (Mtn. Atty. Fees, Appendix 1,

28                                                      2

1   Exh. 1 at Declaration 1:13-18 and at Exh. 1 to Declaration).[2]  Dr. Exley has failed to make any

2   payments for attorney's fees accrued.[3]

3         Through January 23, 2017, Dr. Exley was provided with monthly billings which provided

4   for an amount due and owing to Leverty & Associates of $150,780.76.[4]  (See Mtn. Atty. Fees,

5   Appendix 1, Exh.1 at Exh. 1 to Declaration; Exh. 1). Of this amount, $149,445.50 is attributable to

6   unpaid attorney's fees for which Dr. Exley was billed.  The remaining $1,335.26 is attributable to

7   outstanding costs billed.  (See Mtn. Atty. Fees, Appendix 1, Exh.1 at Exh. 1 to Declaration).

8         From the onset of legal representation, the parties agreed that attorneys fees would be

9   calculated and owed to Leverty & Associates on a time and charge basis based upon hourly rates

10  agreed to by the parties.[5]  Monetary amounts accrued for each monthly period were provided to Dr.

11  Exley as monthly billings statements detailing and itemizing legal services performed and the

12  respective work and hourly rate for a given attorney's services.  (See Mtn. Atty. Fees, Appendix 1,

13  Exh. 1 at Exh. 1 to Declaration).  Monthly bills were due when presented, a matter discussed with

14  Dr. Exley on more than one occasion and expressly stated in the June 3, 2014, electronic mail in

15  which Dr. Exley did not object.  (Mtn. Atty. Fees, Appendix 1, Exh. 1 at Exh. 2 to Declaration).

16  However, as Leverty & Associates began providing legal services, Dr. Exley began to fail to to make

17  payments on amounts due and owing.  Despite his failure to pay as he had previously agreed to do,

---

[2] The attorney-client communications in these bills have been redacted.

[3] The very small amount paid went to costs.

[4] As set forth above in footnote 1, the billed and lien amount of $151,226,76 was inadvertently overstated by $446.00.

[5] The parties verbally agreed from the onset of legal representation in April of 2014 upon hourly rates and basis for billing (Mtn. Atty. Fees, Appendix 2, Exh. 3 at 2:10-11; Appendix 1, Exh. 1 at Declaration 1:21-22).  For April and May 2014, Leverty & Associates provided legal services to Dr. Exley related to the real property at issue.  During this time, Leverty & Associates provided Dr. Exley with monthly billing statements reflecting the agreed upon rates, identifying the respective attorneys and their hourly rates. (Mtn. Atty. Fees, Appendix 1, Exh. 1 at Exh. 1 to Declaration).  Two months after the onset of legal representation, in June of 2014, Leverty & Associates discounted its normal hourly rates and provided written verification of the agreement via a June 3, 2014, email to Dr. Exley. (Mtn. Atty. Fees, Appendix 2, Exh. 3 at 2:12-20; Appendix 1, Exh. 1 at 1:23-2:3; Appendix 1, Exh. 1 at Exh 2 to Declaration; Exh. 1).  Dr. Exley acknowledged the June 3, 2014, electronic mail and did not raise any objection or concern to the respective hourly rates and time and charge basis for billing. (Mtn. Atty. Fees, Appendix 1, Exh. 1 at Declaration 2:23-25; Exh. 1).

3

1  Leverty & Associates went out on a limb for Dr. Exley (*See* Exh. 2 at Exh. D) and agreed to further

2  representation based upon Dr. Exley's repeated promises and assurances that Leverty & Associates

3  would have security in the Nevada real property in dispute (Mtn. Atty. Fees, Appendix 2, Exh. 3 at

4  15:8-10). Based upon this representation for future payment, Leverty & Associates zealously

5  advocated on Dr. Exley's behalf and achieved extraordinarily favorable results for Dr. Exley. (Mtn.

6  Atty. Fees, Appendix 2, Exh. 3 at 15:10-13).

7  Once he received the extraordinarily results in his favor, Dr. Exley informed Leverty &

8  Associates that upon the filing of transfer documents transferring 100 % ownership interest to Dr.

9  Exley, Dr. Exley advised he was immediately transferring the real property title out of his name, and

10  into the name of one or more trust, LLC or individual(s), depriving Leverty & Associates of the

11  security promised by Dr. Exley for the attorneys fees.  (Exh 2, Declaration of Vernon E. Leverty at

12  ¶¶ 5, 6 and 7).

13  Leverty & Associates has requested payment in full and has attempted to resolve this matter

14  without judicial intervention.  However, despite Dr. Exley's repeated assurances that payment will

15  be made in full on all amounts due and owing (Exh. 2 at ¶¶ 8, 10 and 11), it has become apparent that

16  payment is not forthcoming, and a real property transfer to other entities or individuals would be

17  detrimental to Leverty & Associates.

18  To resolve this impasse, Leverty & Associates proposed, prepared, and provided Dr. Exley

19  with an assignable deed of trust and promissory note in hopes of resolution. (Exh. 2 at ¶ 12). Dr.

20  Exley has shown no interest in providing security in the real property, and refused to consider the

21  proposal. Despite its best efforts, this issue has come to an impasse at this time and Leverty &

22  Associates has been forced to adjudicate its rights and enforce its lien for attorney's fees before the

23  Court pursuant to NRS 18.015(6).

24  On February 1, 2017, Leverty & Associates filed a Notice of Lien for Attorney's Fees. The

25  Notice of Lien for Attorney's Fees claims the lien, states the amount of the lien, and was properly

26  served upon Dr. Exley pursuant to NRS 18.015(3). (Exh. 3). Thereafter, and *subsequent* to the filing

27  of the attorney's lien, the Court entered a March 14, 2017, final Judgment, declaring Dr. Exley the

28

1  sole owner of the Panorama Property, with Dr. O'Brien having no right, title or interest in the

2  property.

3  III.    LEGAL ARGUMENT

4       A.    LEGAL STANDARD FOR ATTORNEY'S LIEN

5       Nevada Revised Statue ("NRS") 18.015(1) provides an attorney at law "shall have a lien"

6  (a) Upon any claim, demand or cause of action...which has been placed in an attorney's hands by a

7  client for suit or collection, or upon which a suit or other action has been instituted." NRS 18.015(4)

8  provides a lien pursuant to NRS 18.015(1)(a) attaches to any verdict, judgement or decree entered

9  and to any money or property recovered which is recovered on account of the suit or action.

10      Nevada recognizes two kinds of attorney's lien. *Figliuzzi v. District Court*, 111 Nev. 338,

11  342, 890 P.2d 798, 801 (1995). The first lien, a creature of statute, is a "charging lien on the

12  judgment or settlement [that] the attorney has obtained for the client." (Emphasis added). *Argentena*

13  *Consol. Mining Co. V. Jolley Urga Wirth Woodbury & Standish*, 125. Nev. 527, 532, 216 P.3d 779

14  (2009) (overruled on other grounds), citing to *Figliuzzi*, 111 Nev. At 342, 890 P.2d at 801.

15      "A district court is empowered to render judgment either for or against a person or entity only

16  if it has jurisdiction over the parties and the subject matter." *Argentena*, 125 Nev. at 532-533

17  (overruled on other grounds) citing to *C.H.A. Venture v. G.C. Wallace Consulting*, 106 Nev. 381,

18  383, 794 P.2d 707, 708 (1990). "The district court's in personam jurisdiction to adjudicate a fee

19  dispute based on a charging lien is derived from the fact that the client has already submitted...to the

20  court's jurisdiction and the court has personal jurisdiction over the attorney due to the attorney's

21  appearance as the client counsel of record." *Argentena*, 125 Nev. at 533 (overruled on other grounds)

22  citing to *Earl v. Las Vegas Auto Parts*, 73 Nev. 58, 63, 307 P.2d 781, 783 (1957). "Concerning the

23  court's subject matter jurisdiction, the court has in rem jurisdiction to resolve a fee dispute between

24  an attorney and client, which arises from a charging lien, because the attorney's fee is recovered on

25  account fo the suit or the action." *Argentena*, 125 Nev. at 533 (overruled on other grounds).

26      Pursuant to NRS 18.015(6), "On motion filed by an attorney having a lien...the court shall,

27  after 5 days' notice to all interested parties, adjudicate the rights of the attorney...and enforce the

28                                              5

lien." (Emphasis added).

B.     LEVERTY & ASSOCIATES HAS AN ENFORCEABLE LIEN ATTACHING TO THE REAL PROPERTY RECOVERED

Pursuant to NRS 18.015, Leverty & Associates has an enforceable charging lien which attaches to APN No. 1318-25-111-017 as a result of final Judgment entered by the Court.

i.     Leverty & Associates has an Enforceable Charging Lien

Pursuant to NRS 18.015(3), an attorney "perfects a lien...by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client, and if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien."

a.     Notice was Served Upon Dr. Exley Pursuant to NRS 18.015(3)

Pursuant to NRS 18.015(3), an attorney perfects a lien by first "serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client, and if applicable, upon the party against whom the client has a cause of action claiming the lien and stating the amount of the lien."

On February 1, 2017, Leverty & Associates filed its Notice of Lien for Attorney's Fees. Pursuant to the Certificate of Service, on January 31, 2017, "a true and correct copy...was sent via US Certified Mail, return receipt requested" to Dr. Exley and Dr. O'Brien. The Notice of Lien for Attorney's Fees was delivered to the USPS Facility on January 31, 2017, and was received and signed for by Dr. Exley on February 8, 2017. (Exh. 3).

The February 1, 2017, Notice of Lien for Attorney's Fees provides Leverty & Associates is claiming a lien which attaches to real property recovered on account of the action, and is being claimed in the amount of $151,226.75. However, as provided in Section II above, the total unpaid balance shall be reduced to $150,780.76, with the unpaid portion of attorney's fees being reduced to $149,445.50 and the unpaid costs being $1,335.26. NRS 18.015(3) does not require a specific dollar amount. *Golighty & Vannah, PLLC v. TJ Allen, LLC*, 373 P.3d 103, 106, 2016 Nev. LEXIS 484 (2016).

////

6

b.      Leverty & Associates Charging Lien is Perfected and Has Priority

A charging lien attaches to the property which is recovered on account of judgment..."from the time of service of the notice." *Id*, 373 P.3d at 105 (finding a personal injury settlement obtained prior to notice of the lien being sent prevents the lien from being perfected and having priority, but affirming the existence of the lien and the district court's pro-rata distribution of the proceeds received after notice).

Here, the Court entered a January 26, 2017, Order granting summary judgment. The January 26, 2017, Order provides, in pertinent part, "IT IS FURTHER ORDERED that Dr. Exley shall submit a *proposed judgment* consistent with...the order granting summary judgment..." (*Emphasis Added*).      The Court's March 14, 2017 final Judgment declared Dr. Exley the sole owner of the Panorama Property.

Prior to the issuance of the March 14, 2017, final Judgment, Leverty & Associates filed a Notice of Lien for Attorney's Fees on February 1, 2017. As such, Leverty & Associates' attorney's lien has been perfected and has priority as to the real property.[6]

On February 22, 2017, this Court entered an Order granting Leverty & Associates' Law Chtd.'s Motion to Withdrawal as counsel, and notice of entry of this order was filed on February 27, 2017. Despite the fact that Leverty & Associates withdrew prior to the Court's March 14, 2017, Judgment on the property, Leverty & Associates still possess an enforceable attorney's lien. This is because the plain language of NRS 18.015 makes no distinction for a final judgment obtained on real property after an attorney has withdrawn. "An attorney 'shall have a lien' if employed by a client; there is no requirement that the attorney serve the client at the moment of recovery. Instead, there is a generalized requirement of a recovery so that the lien can actually attach to something of value." *McDonald Carano Wilson LLP v. Bourassa Grp., LLC*, 131 Nev.__, 362 P.3d 89, 91 (2015).

---

[6] Should the Court find that Leverty & Associates' lien has not been perfected, the Court should still award attorney's fees to Leverty & Associates based upon the fees as set forth in *Golighty & Vannah* concerning an un-perfected lien. Furthermore, the Court may find that the lien is still perfected due to the fact that the Court entered an October 21, 2016, Order granting summary judgment on the property.

1   NRS 18.015 "allows an attorney to enforce a charging lien against a client's affirmative recovery,

2   even if that attorney withdrew before recovery occurred." *Id* (finding the district court erred by

3   precluding McDonald Carano from enforcing its charging lien due to its withdrawal.)

4       Here, real property was recovered on behalf of suit, satisfying the generalized requirement

5   of a recovery so that the lien can actually attach to something of value.   Leverty & Associates's lien

6   attaches to the Panorama Property.

      ii.    **Leverty & Associates' Charging Lien Attaches to the Real Property Recovered**

8       Pursuant to NRS 18.015(4)(a), Leverty & Associates charging lien attaches to "any judgment

10  or decree entered...and to any money or property recovered on account of the suit or other action."

11  As outlined above in Section II, Leverty and Associates provided legal services to Dr. Exley,

12  including filing suit on his behalf, and prosecuting this action through trial. The suit was intended

13  to resolve the dispute over the Panorama Property. As set forth more fully above, Leverty &

14  Associates obtained an extraordinary recovery for Dr. Exley, first via the motion for summary

15  judgment researched and drafted by Leverty & Associates on behalf of Dr. Exley, and later at trial.

16  A final judgment was entered on the summary judgement and trial results on March 14, 2017.

17  (Judgment, 1:19-25).

18      Pursuant to NRS 18.015(4)(a), Leverty & Associates Law Chtd.'s lien attaches to the March

19  14, 2017, final Judgment and the real property recovered on account of the suit. See *McDonald*

20  *Carano Wilson LLP*, supra. ("There is a generalized requirement of a recovery so that the lien can

21  actually attach to something of value.")

      iii.    **Leverty & Associates' Charging Lien is for an Amount Agreed Upon by the Parties**

23      As shown by Exh. 1, an agreement for legal services was approved by and between Dr.

24  Exley, as client, and Leverty & Associates, as attorney.

      a.    **Total Amount of Fees Agreed Upon**

26      Pursuant to NRS 18.015, the lien amount shall be "for the amount of any fee agreed upon by

27  the attorney and client." As detailed in Exh. 1, Leverty & Associates and Dr. Exley agreed upon

28

1  attorneys fees which would be calculated and owed to Leverty & Associates on a time and charge

2  basis based upon hourly rates agreed to by the parties. "Basic contract principles require, for an

3  enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v.*

4  *Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "A meeting of the minds exists when

5  the parties have agreed upon the contract's essential terms." *Certified Fire Prot. V. Precision*

6  *Constr. Inc.*, 128 Nev. 371, 378, 283 P.3d 250 (2012) citing to *Roth v. Scott*, 112 Nev. 1078, 1083,

7  921 P.2d. 1262, 1265 (1996).

8      Here, the parties agreed upon legal representation and legal services in exchange for amounts

9  due and owing to Leverty & Associates. From the onset of legal representation, the parties agreed

10  to the essential terms. The parties agreed that attorneys fees would be calculated and owed to

11  Leverty & Associates on a time and charge basis based upon hourly rates agreed to by the parties,

12  and agreed to the hourly rates for each attorney.[7] Monetary amounts accrued for each monthly period

13  were provided to Dr. Exley as monthly billings statements detailing and itemizing legal services

14  performed and the respective work and hourly rate for a given attorney's services. (*See* Mtn. Atty.

15  Fees, Appendix 1, Exh. 1 at Exh. 1 to Declaration).

16      From April of 2014 through January 23, 2017, Dr. Exley was provided with monthly billings

17  which provided for an amount due and owing to Leverty & Associates. As detailed above, the

18  unpaid portion of attorney's fees is $149,445.50, and the unpaid of costs are $1,335.26.

19      On or about April 17, 2017, Dr. Exley filed a Motion for Attorney's fees seeking the same

20  attorneys fees that he was billed by Leverty & Associates. In the conclusion of his motion, Dr. Exley

21  requested that "This court should enter its order against O'Brien and in favor of Exley in the amount

22  of...$149,512 claimed by Dr. Exley." (Mtn. Atty. Fees, 8:5-6). With such a straightforward request,

23  the only issue appears to be the fact that the amount of attorney's fees owed to Leverty & Associates

24  shall be reduced to $149,445.50, as extensively touched upon this Motion. Furthermore, in multiple

25  email correspondence to Leverty & Associates subsequent to the January 23, 2017, final monthly

26  _____

27      [7] For April and May 2014, this was based on an oral agreement. After June 2014, it was

based on a written agreement. (Exh. 1)

28                                                            9

1    billing, Dr. Exley repeated assured that payment will be made in full on all amounts due and owing.

2    (Exh. 2 at ¶¶ 8, 10 and 11). These assurances by Dr. Exley once again evidence his acknowledgment

3    and agreement to the essential terms that were laid out in the June 3, 2014, correspondence from Mr.

4    Leverty, and the thirty-four (34) itemized monthly billings provided to Dr. Exley which included

5    respective rates and a running balance due and owing to Leverty & Associates.

6        Leverty & Associates respectfully requests this Court enter a Judgment in the amount of

7    $150,780.76 against the Panorama Property, the real property in which Leverty & Associates' lien

8    attaches. In the alternative, should the Court determine that the outstanding costs of $1,335.26[8] not

9    be included in the judgment, Leverty & Associates respectfully requests this Court enter judgment

10   in the amount of $149,445.50 for the outstanding balance of attorney's fees owed.

11           b.      In the Alternative, the Lien is for an Amount of Reasonable
                     Services Rendered
12

13       As provided in Section II(B)(iii)(a) above, the lien in this matter is clearly for an amount fees

14   agreed upon by the attorney and client. Dr. Exley has not disputed his monthly billings and has

15   acknowledged that payment will be made in full on all amounts due and owing. Nonetheless, despite

16   Dr. Exley's ratification of the bills by seeking those amounts from Dr. O'Brien, based upon Dr.

17   Exley's past conduct, Leverty & Associates must address an alterative fee calculation should the

18   need arise.

19       Pursuant to NRS 18.015, "In the absence of an agreement, the lien is for a reasonable fee for

20   the services which the attorney has rendered for the client." Once again, Dr. Exley received monthly

21   itemized billings with a running balance of amounts due and owing. In response to the billings

22   provided, Dr. Exley provided assurances as to his forthcoming payment in full (Exh. 2 at ¶¶ 8, 10

23   and 11). In doing so, Dr. Exley acknowledged that such fees sought by Leverty & Associates were

24   reasonable. By seeking these same fees from Dr. O'Brien, Dr. Exley acknowledged that these fees

25

26   [8] The total costs incurred by Leverty & Associates is $6,264.74. Dr. Exley's
     Memorandum of Costs seeks costs of $32,295.39, which is far in excess of the amount of costs
     incurred by Dr. Exley's attorneys or billed to Dr. Exley by Leverty & Associates. Indeed, Leverty
27   & Associates is unaware of any services that were incurred by any outside entity for Dr. Exley's
     litigation against Dr. O'Brien.

28                                                    10

1    were reasonable.

2        As provided in Dr. Exley's Motion for Attorney's Fees, "the parties undertook extensive

3    discovery, and filed cross motions for summary judgment," in addition to, a January 19, 2017, trial.

4    (Mtn. Atty. Fees, 2:7-8). Based upon the extensive legal services performed, Dr Exley provided the

5    Court with three declarations of counsel in support of an award for attorney's fees. (Mtn. Atty. Fees,

6    Appendix 1 and 2). As detailed in the declarations filed by Dr. Exley, the rates charged are

7    reasonable and supportable in the community. (Mtn. Atty. Fees, Appendix 2, Exhibit 3 at 6:9-9:4;

8    Appendix 1, Exhibit 1 at 3:25-6:6). Furthermore, in previous correspondence sent on behalf of Dr.

9    Exley, Dr, Exley acknowledges Leverty & Associates rate is well inside the published average. (Exh.

10    2 at ¶ 13).

11        As provided in Section II above, and in the declarations of counsel filed by Dr. Exley, the

12    results obtained by Leverty and Associates were excellent, with the two substantive issues in this

13    matter being decided in favor of Dr. Exley.  In acknowledgment of the results, in previous

14    correspondence sent on behalf of Dr. Exley, Dr. Exley touts Leverty & Associates incredible work

15    and success. (Exh. 2 at ¶ 9).

16        Finally, Dr. Exley's Motion for Attorney's Fees addresses Mr. Carlson's, namely the attorney

17    representing Ms. O'Brien until he withdrew, fees as support for the reasonableness of an award for

18    attorney's fees based upon Leverty & Associates' billings.  Dr. Exley addresses the fact that Mr.

19    Carlson's fees reached over $100,000 through December 14, 2016, with total fees likely being

20    significantly more and somewhere in the range of $154,000. (Mtn. Atty. Fees, 4:1-5).  Dr. Exley

21    infers this as a comparative reasonable billing despite the fact that such billing is greater than Leverty

22    & Associates and does not take into account amounts billed by Leverty & Associates for the

23    preparation and conducting of the January 19, 2017, trial.  If anything, Leverty & Associates

24    reasonable rate could be in excess of the $149,445.50 in attorneys fees sought, especially in light of

25    the fact that Leverty & Associates reduced its normally hourly rates in June of 2014. (Mtn. Atty.

26    Fees, Appendix 2, Exh. 3 at 2:12-20).

27    ////

28                                                11

IV.    CONCLUSION

Leverty & Associates respectfully requests the Court timely adjudicate Leverty & Associates rights and enforce its lien for attorney's fees pursuant to the time frame provided for in NRS 18.015. Leverty & Associates Law Chtd. respectfully requests the Court enter a Judgment stating the following:

1.    The Judgment is in the amount of $150,780.76 against APN No. 1318-25-111-017, real property of value in which Leverty & Associates' lien attaches.

2.    The attorneys fees incurred were reasonable and necessary.

3.    The attorneys fees were incurred pursuant to a valid contract between Leverty & Associates and Dr. Exley; and

4.    Any monies awarded and paid to Dr. Exley be deposited with the Court so that the Court can properly disburse monies due and owing to satisfy any Judgment obtained.

### AFFIRMATION
(NRS 239B.030)

The undersigned does hereby affirm that the preceding document filed in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas does not contain any personal information.

DATED this 2 day of May, 2017.

LEVERTY & ASSOCIATES LAW CHTD.

Jess P. Rinehart, Esq, NV Bar No. 11697

12

1

<u>CERTIFICATE OF SERVICE</u>

2

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee

3

of Leverty & Associates Law, Chtd., and that I mailed a copy of the foregoing hand, via U.S.

4

Mail, prepaid, upon:

5

Ray Warren Exley, M.D.               Lois M. O'Brien, M.D.
9504 Highridge Place                 1836 Parnell Avenue, Unit 201

6

Beverly Hills, CA 90201              Los Angeles, CA 90025

7

DATED this _3_ day of May, 2017.

8

9

An Employee of Leverty & Associates Law, Chtd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INDEX OF EXHIBITS

2

| EXH. # | DESCRIPTION | PAGES* |
|--------|-------------|--------|
| 1 | Written Agreement for Legal Services | 4 |
| 2 | Declaration of Vernon E. Leverty (With REDACTED Exhibits, A, B, C, D, E and F) | 21 |
| 3 | Proof Service - Dr. Exley | 1 |

*Number of Pages Does <u>Not</u> Include the Divider Page that Marks the Exhibit Number at the Top and Bottom of the Page

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

# Exhibit 2

# Exhibit 2

1 | Case No. 14-cv-0130

2 | Dept. No. II

**RECEIVED**

MAY 24 2017

Douglas County
District Court Clerk

**FILED**

2017 MAY 24  AM 9:01

BOBBIE R. WILLIAMS
CLERK

A. NEWTON DEPUTY

IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

RAY WARREN EXLEY, an individual,

   Plaintiff,

  vs.

LOIS M. O'BRIEN, an individual; DOES I-XXX; and ABC CORPORATIONS A-Z; inclusive,

   Defendants.

    JUDGMENT LIEN

LOIS M. O'BRIEN, an individual

   Counter-Claimant,

  vs.

RAY WARREN EXLEY, an individual; DOES 1-100, inclusive, and ROE CORPORATIONS 1-100 inclusive,

   Counter-Defendants,

AND ALL RELATED CLAIMS.

   THIS MATTER comes before the court at the request of Leverty & Associates Law Chtd., on its May 3, 2017, Motion to Adjudicate Leverty & Associates Law Chtd.'s Rights and to Enforce Lien for Attorney's Fee. Plaintiff Ray Warren Exley filed an opposition dated May 15, 2017, and Leverty & Associated Law Chtd. filed a reply dated May 22, 2017.

1

The Court having considered the pleadings and it satisfactorily appearing from the evidence submitted by the parties, the COURT HEREBY FINDS:

1) Leverty & Associates Law Chtd., as attorney, began providing legal services to Ray Warren Exley, as client, in April 2014;

2) A valid and enforceable agreement for legal services, specifically the prosecution of the instant litigation, existed between Leverty & Associates Law Chtd., as attorney, and Ray Warren Exley, as client;

3) Leverty & Associates Law Chtd. provided legal services to Ray Warren Exley from April of 2014 through January of 2017;

4) From April of 2014 through January of 2017, Leverty and Associates Law Chtd. provided Ray Warren Exley with monthly billings computed on a time and charge basis with itemized listings of legal services performed. Such monthly billings identified respective attorneys' work performed, respective hourly rates, and included a full running balance on all amounts due and owing to Leverty & Associates;

5) As of the February 1, 2017, filing of Leverty & Associates Law Chtd.'s Notice of Attorney's Lien, recorded in the office of the County Recorder of Douglas County, State of Nevada as Document No. 2017-894082, Ray Warren Exley had a balance due and owing to Leverty & Associates of $150,780.76, with $149,445.50 of the outstanding balance being attributable to outstanding attorney's fees, and $1,335.26 being attributable to outstanding costs;

6) Ray Warren Exley has not paid the attorneys fees charged to him that he is liable to pursuant to the contract between him and Leverty & Associates Law, Chtd;

7) The hourly rates charged by Leverty & Associates Law, Chtd. are reasonable in this community;

8) The number of hours incurred by Leverty & Associates Law, Chtd. were reasonable and necessary in the prosecution of the case; and

9) The total amount charged by Leverty & Associates Law, Chtd., was reasonable and necessary given the character of this litigation.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1) Leverty & Associates Law Chtd.'s May 3, 2017, Motion to Adjudicate Levety & Associates Law Chtd.'s Rights and to Enforce Lien for Attorney's Fee is hereby granted;

2) Leverty & Associates Law Chtd.'s February 1, 2017, Notice of Attorney's Lien, recorded in the office of the County Recorder of Douglas County, State of Nevada as Document No. 2017-894082, is enforceable in the amount of $150,780.76, and has been perfected pursuant to NRS 18.015;

3) Leverty & Associates Law Chtd., as judgment creditor, is hereby granted a Judgment Lien against judgment debtor, Ray Warren Exley, and any successors in interest who acquired an interest in APN 1318-25-111-017 following the recording of Leverty & Associates February 1, 2017, Notice of Attorney's Lien, Document No. 2017-

2

894082, including, but not limited to, Ray Warren Exley, M.D., Nevada Family Trust;

4)   Any successor in interest who acquired an interest in APN 1318-25-111-017 following the recording of Leverty & Associates February 1, 2017, Notice of Attorney's Lien, Document No. 2017-894082, takes title or any possessory interest of APN 1318-25-111-017 subject to the February 1, 2017, Notice of Attorney's Lien and this Judgment Lien;

5)   Leverty & Associates Law Chtd.'s February 1, 2017, Notice of Attorney's Lien, Document No. 2017-894082, attaches to APN 1318-25-111-017, real property commonly known as 429 Panorama Drive, Stateline, NV 89449;

6)   Leverty & Associates Law Chtd., as judgment creditor, is hereby granted an attached, perfected and enforceable Judgment Lien in the amount of $150,780.76 against APN 1318-25-111-017, real property commonly known as 429 Panorama Drive, Stateline, NV 89449;

7)   The $150,780.76 Judgment Lien against APN 1318-25-111-017, real property commonly known as 429 Panorama Drive, Stateline, NV 89449, is effective as of the February 1, 2017, Notice of Attorney's Lien, Document No. 2017-894082;

8)   Any monies awarded to Ray Warren Exley in this matter shall be deposited with the Court so that such monies can be properly allocated and disbursed to Leverty & Associates Law Chtd. in partial and/or whole satisfaction of this Judgment Lien.

9)   Interest shall be added as compound interest monthly at the legal rate set forth in NRS 17.130(2) from the date of this Judgment until such time as it is satisfied.

IT IS SO ORDERED

DATED this 29th day of May, 2017.



DISTRICT COURT JUDGE

3

# Exhibit 3

# Exhibit 3

APN: 1318-25-111-017

WHEN RECORDED RETURN TO:

ATHENA MEDICAL GROUP, INC.
E.R.I.S.A. RETIREMENT TRUST
195 Hwy 50 Suite 104
P.M.B. 7172-262
Stateline, NV 89449-7172

DOUGLAS COUNTY, NV
Rec:$35.00                    **2018-910723**
Total:$35.00            02/23/2018 10:54 AM
ATHENA MEDICAL GROUP, INC            Pgs=3



0006928520180910723003031

KAREN ELLISON, RECORDER            E07

## QUITCLAIM DEED

FOR NON CONSIDERATION, Ray Warren Exley as Trustee of the **RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST** hereby releases and forever quitclaims to the **ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST** Number Three all the rights, title and interest of the undersigned in and to real property Assessor's Parcel No. 1318-25-111-017, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449, more particularly described as follows:

That portion of Lots 13 & 14 of Kingsbury Palisades as said lots were set forth on the map filed in the office of the County Recorder of Douglas County, State of Nevada, September 18, 1962, Document No. 20864, Official Records of Douglas County, State of Nevada, and that portion of the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., being a portion of Lot 11 - Kingsbury Lakeview, unofficial, described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, an arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29° 12' West 1,347.78 feet; thence North 0°05' West 132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co., a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas County, Nevada. APN: 1318-25-1111-017

DATED this 22 day of February, 2018.

RAY WARREN EXLEY, TRUSTEE
THE RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST
DATED DECEMBER 30, 2015

(ALL SIGNATURES MUST BE ACKNOWLEDGED)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy or validity of that document

STATE OF CALIFORNIA        )
                           )ss
COUNTY OF LOS ANGELES      )

On 22 Feb 2018 before me Alexandra Kelsey A Notary Public, personally appeared RAY WARREN EXLEY M.D. who provided to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and the his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS by my hand and official seal.
Signature Alexandra Kelsey
Name Alexandra Kelsey
(Typed or printed)

ALEXANDRA KELSEY
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2115191
LOS ANGELES COUNTY
My Comm. Expires July 31, 2019

(Area reserved for official notarial seal)

STATE OF NEVADA DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a)  1318-25-111-017
   b)
   c)
   d)

2. Type of Property:
   a) ☐ Vacant Land   b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg     f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural  h) ☐ Mobile Home
   i) ☐ Other

   FOR RECORDERS OPTIONAL USE ONLY
   BOOK_____ PAGE_____
   DATE OF RECORDING:
   NOTES: _Verified Trust_

3. Total Value/Sales Price of Property:              $  $0.00
   Deed in Lieu of Foreclosure Only (value of property)  $  $0.00
   Transfer Tax Value:                               $  $0.00
   Real Property Transfer Tax Due:                   $  $0.00

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section #  7
   b. Explain Reason for Exemption:  A transfer of property to the Athena ERISA Retirement Trust
      and Athena Medical Group Defined Contribution Pension Plan and Trust without consideration.

5. Partial Interest:  Percentage being transferred:  100.0 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____  Capacity  Trustee, RW Exley MD Nevada Fam. Trust

Signature _____  Capacity  Trustee, Athena Medical Group, ERISA Trust

SELLER (GRANTOR) INFORMATION          BUYER (GRANTEE) INFORMATION
(REQUIRED)                            (REQUIRED)

Print Name: Ray W. Exley, M.D, Trustee,    Print Name: ATHENA MEDICAL GROUP DEFINED
   Ray Warren Exley, M.D. Nevada Family Trust   CONTRIBUTION PENSION PLAN AND TRUST NO.3
Address:  9504 Highridge Place            Address:  195 HWY 50 Suite 104/ PMB 7172-262
City:  Beverly Hills                      City:  Stateline
State:  California   Zip:  90210          State:  Nevada   Zip:  89447

COMPANY/PERSON REQUESTING RECORDING
   (required if not the seller or buyer)
Print Name:_____  Escrow #_____
Address:_____
City:_____  State:_____  Zip:_____
(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# Exhibit 4

# Exhibit 4

DOUGLAS COUNTY, NV    **2019-926706**
Rec $35 00
Total $35 00    03/15/2019 09 26 AM
LEVERTY & ASSOCIATES LAW    Pgs=2

APN# 1318-25-111-017

0008807020190926706060020029

KAREN ELLISON, RECORDER

Recording Requested by/Mail to:

Name   Vernon E Leverty, Esq

Address   832 Willow Street

City/State/Zip   Reno, Nevada 89502

Mail Tax Statements to:

Name _____

Address _____

City/State/Zip _____

## JUDGMENT IN A CIVIL CASE

### Title of Document (required)

- - - - - - - - - - - - (Only use if applicable) - - - - - - - - - - - -

The undersigned hereby affirms that the document submitted for recording
DOES contain personal information as required by law  (check applicable)

_____ Affidavit of Death – NRS 440 380(1)(A) & NRS 40 525(5)

_____ Judgment – NRS 17 150(4)

_____ Military Discharge – NRS 419 020(2)

_____
Signature

VERON E LEVERTY
Printed Name

This document is being (re-)recorded to correct document #_____, and is correcting

_____

_____

AO450 (NVD Rev 2/18)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CERTIFIED COPY
Clerk, United States District Court
By _____
Deputy Clerk

LEVERTY & ASSOCIATES LAW CHTD ,

                    Plaintiff,

v

RAY WARTREN EXLEY, et al

                    Defendants

JUDGMENT IN A CIVIL CASE

Case Number   3 17-cv-00175-MMD-WGC

____  **Jury Verdict.**  This action came before the Court for a trial by jury  The issues have been tried and the jury has rendered its verdict

____  **Decision by Court.**  This action came to trial or hearing before the Court  The issues have been tried or heard and a decision has been rendered

__X__  **Decision by Court.**  This action came for consideration before the Court  The issues have been considered and a decision has been rendered

   **IT IS ORDERED AND ADJUDGED** that the two reports and recommendations of Magistrate Judge Cobb (ECF Nos  135, 137) are adopted

   **IT IS FURTHER ORDERED AND ADJUDGED** that the parties' objections (ECF Nos  136, 139) are overruled

   **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's motions for sanctions (ECF Nos  97, 117) are granted in part and denied in part as explained in Judge Cobb's R&R Regarding Sanctions (ECF No  137)  The Court imposes sanctions in favor of Plaintiff and against Defendant in the amount of $45,045

   **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's motion to enter judgment (ECF No  141) is granted

   **IT IS FURTHER ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Plaintiff and against Defendant as follows  (1) the Settlement Amount of $161,000, with interest accruing at the legal rate set forth in NRS § 17 130(2) commencing on July 27, 2017 (ECF No  92-1 at 3, ¶ 1), and (2) the sanctions amount of $45,045

   Date   February 25, 2019



DEBRA K  KEMPI
Clerk

/s/K  Walker
Deputy Clerk

# Exhibit 5

# Exhibit 5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEVERTY & ASSOCIATES LAW CHTD., a )
Nevada Corporation, )
)
Plaintiff, )
)
v. )
)
RAY WARREN EXLEY, an individual; DOES ) Case No. 3:17-00175-MMD-VPC
I-XXX; and ABC CORPORATIONS A-Z; )
inclusive, )
)
_____Defendants )
RAY WARREN EXLEY, an individual; )
)
Counter-Plaintiff )
)
v )
)
LEVERTY & ASSOCIATES LAW CHTD., a )
Nevada Corporation,DOES I-XXX; and ABC )
CORPORATIONS A-Z inclusive, )
)
Counter-Defendants )

_____

**WRIT OF EXECUTION**

TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF NEVADA:

    On February 25, 2019, a Judgment was entered in the docket of the above-entitled Court

and action, in favor of Leverty & Associates Law Chtd. as Judgment Creditor and against Ray

Warren Exley, deceased[1] and Juliana Loza as Judgment Debtors, for $161,000 principal, making

a total of $161,000 JUDGMENT AS ENTERED.

    WHEREAS, according to an affidavit and request for issuance of writ of execution filed

herein, it appears that further sums have accrued since the entry of judgment, to wit:

    $38,598.08 accrued interest.

    Credit must be given for payments and partial satisfaction in the amount of zero dollars

and no cents ($0.00), leaving a net balance of $ _$199,598.08_____ ACTUALLY DUE on the

_____

[1] Juliana Loza is the personal representative to the Estate of Ray Warren Exley.  (ECF
177).

1

1    date of the issuance of this writ, of which $161,000 is due on the Judgment as entered, and bears

2    interest pursuant to the Court's February 25, 2019, Judgment (ECF 145) as follows:

3        Interest has been accruing at the legal rate set forth in NRS § 17.130(2), commencing on

4    July 27, 2017. The ACCRUED interest since July 27, 2017, was computed at the following rates

5    pursuant to the Court's February 25, 2019, Judgment:

6        a.    July 27, 2017 through December 31, 2017 - 6.25%

7        b.    January 1, 2018 through June 30, 2018 - 6.5%

8        c.    July 1, 2018 through December 31, 2018 - 7.00%

9        d.    January 1, 2019 through June 30, 2019 - 7.50%

10       e.    July 1, 2019 through December 31, 2019 - 7.50%

11       f.    January 1, 2020 through June 30, 2019 - 6.75%

12       g.    July 1, 2020 through December 31, 2020 - 5.25%

13       h.    January 1, 2021 through March 11, 2021 - $5.25%

14       The $161,000 due on the Judgment as entered, bears interest at 5.25% in the amount of

15   $23.16 PER DAY from the date of the Affidavit and Request for Issuance of Writ of Execution

16   to the date of issuance of this writ, to which must be added the accrued costs and fees and the

17   commissions and costs of the officer executing this writ.

18       Notice by mail of any sale of property under this writ of execution has been requested.

19   The following named persons have requested such notice of sale:

20       Vernon E. Leverty, Esq.
         William R. Ginn, Esq,
21       Leverty & Associates Law Chtd.
         832 Willow St.
22       Reno, NV 89502
         (775) 3226636
23

24       YOU ARE THEREFOR COMMANDED to satisfy said Judgment with interest and costs
     as provided by law and your costs and disbursements out of the personal property of said
25   debtors, except that for any pay period, 75 percent of the disposable earnings of the debtor
     during this period or for each week of the period 30 times the minimum hour wage prescribed by
26   section 6(a)(1) of the Federal Labor Standards Act of 1938 [29 U.S.C. Sec. 206(a)(1)], and in the
     effect at the time the earnings are payable, whichever is greater, is exempt from any levy of
27   execution pursuant to this writ, and if sufficient personal property cannot not found, then out of
     the debtors real property, or if the Judgment be a lien upon real property, then out of the real

28                                            2

Case 3:17-cv-00175-MMD-WGC   Document 182   Filed 03/12/21   Page 3 of 3

property belonging to such debtors, and make return of this writ not less than (10) days nor more than sixty (60) days after your receipt thereof with what you have done endorsed hereon.

Judgment Creditor/Plaintiff will identify to the U.S. Marshall or his representatives assets that are to be seized to satisfy the judgment and order. Said assets include real property of said debtors, including Douglas County Assessor Parcel Number 1318-25-111-017, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449.

YOU ARE FURTHER COMMANDED if necessary, to turn over any property seized under this order to a third party custodian or to the plaintiff. The U.S. Marshall or his representative is authorized to use reasonable force in the execution of this Judgment/Order and the Judgment Creditor/Plaintiff will hold the U.S. Marshall Services harmless of any liability that may be imposed as a result of the execution of the Judgment.



Date: ___March 12, 2021___

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

I hereby attest and certify on _3-17-2021_
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _SamanthaC_ Deputy Clerk

3

# Exhibit 6

# Exhibit 6

1  LEVERTY & ASSOCIATES LAW CHTD.
Vernon E. Leverty, Esq., NV Bar No. 1266
2  Patrick R. Leverty, Esq., NV Bar No. 8840
William R. Ginn, Esq., NV Bar No. 6989
3  Jess P. Rinehart, Esq., NV Bar No. 11697
832 Willow Street
4  Reno, Nevada 89502
Telephone: (775) 322-6636
5  Facsimile: (775) 322-3953
Attorneys for Plaintiff

FILED

2021 MAR 23 PM 4: 06

DOBBIE R. WILLIAMS
CLERK

BY M. CARNEY DEPUTY

RECEIVED

MAR 2 3 2021

Douglas County
District Court Clerk

6

7  **IN THE NINTH JUDICIAL DISTRICT COURT OF NEVADA**

8  **IN AND FOR THE COUNTY OF DOUGLAS**

9  LEVERTY & ASSOCIATES LAW CHTD.,

10                              Plaintiff,
                        vs.
11

12  Athena Medical Group Defined Contribution
    Pension Plan and Trust Number Three;
13  Athena Medical Group, Inc. E.R.I.S.A.
    Retirement Trust; Athena Medical Group Inc.,
14  a Nevada corporation aka Athena Medical Group
    Corp., a Nevada non filing entity; Athena
15  Medical Group, Inc. Defined Benefit Pension
    Plan and Trust Chtd.; The Estate of Ray W.
16  Exley; Ingrid van Vuerings individually and as
    a corporate officer of Athena Medical Group
17  and as Trustee of the Athena Medical Group Inc.
    Defined Pension Plan and Trust Number Three;
18  Ingrid van Vuerings as Trustee for Athena
    Medical Group Inc. Defined Benefit Pension
19  Plan and Trust, Chtd.; Juliana Mayer Loza as a
    corporate officer of Athena Medical Group, Inc.,
20  and as Trustee of the Athena Medical Group
    Defined Pension Plan and Trust Number Three;
21  Juliana Mayer Loza as Special Administrator and
    Personal Representative of Ray Exley Estate;
22  Ray W. Exley M.D. Nevada Family Trust; Juliana
    Mayer Loza; Athena Medical Group, Inc. Defined
23  Contribution Plan Number Two; Juliana Mayer
    Loza as Trustee of Athena Medical Group, Inc.
24  Defined Contribution Plan Number Two;  Does I
    through XXX; ABC Corporations A-M; and N-Z
25  Limited Liability Partnerships,
                                    Defendants. /

Case No.: 2021-CV-00057

Dept. No.: II

**COMPLAINT**

26      Plaintiff LEVERTY & ASSOCIATES LAW CHTD. claims and alleges causes of action

27  against the above-named Defendants, as follows:

28                                              1

# I. JURISDICTION

1. Plaintiff Leverty & Associates Law Chtd. is, and at all times mentioned in this Complaint, a Nevada professional corporation.

2. Defendant Athena Medical Group Inc. is a Nevada corporation, formed in Nevada on or about November 13, 2012. It is also referred to as Athena Medical Group Corp, which, on or about July 29, 2019 was registered with the Nevada Secretary of State as a Nevada non-filing domestic entity.

3. Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. is an alleged pension benefit entity.

4. Defendant Ingrid van Vuerings, Defendant Juliana Mayer Loza are Trustees or acting as Trustees in the State of Nevada for Athena Medical Group, Inc. Defined Benefits Pension Plan and Trust Chtd.

5. Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, also known as Athena Medical Group Defined Contribution Pension Plan and Trust Number 3 (hereinafter "ADBP3") is an alleged trust entity for Athena Medical Group, a Nevada non-filing domestic entity. At all pertinent times, Juliana Mayer Loza and/or Ingrid van Vuerings were Trustees or acting as Trustees for ADBP3 in the State of Nevada and engaging on its behalf in transactions in the State of Nevada.

6. Defendant Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust located, at all pertinent times, at 195 Hwy 50, Suite 104, Stateline, Nevada 89449-7172. At all pertinent ?times, Juliana Mayer Loza and/or Ingrid van Vuerings were Trustees or acting as Trustees in the State of Nevada engaging on its behalf in transactions in the State of Nevada. Defendant Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust may be an alter ego or other name used for ADBP3.

7. Due to the apparent co-mingling of the assets and names of ADBP3 and Defendant Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust, all references "ADBP3" may mean either of these entities, unless the name of the entity is fully spelled out.

8.  Defendant Ingrid van Vuerings acting as the Trustee in the State of Nevada and as the Trustee of the ADBP3, who acted to transfer real property held by ADBP3 to Juliana Mayer Loza.  It is believed Ingrid van Vuerings is a resident of Los Angeles, California.

9.  Ingrid van Vuerings as Trustee or acting in the State of Nevada as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust, Chtd.

10.  Defendant Ingrid van Vuerings is an officer of Athena Medical Group, Inc., a Nevada corporation.

11.  Defendant Juliana Mayer Loza is a corporate officer of Athena Medical Group, Inc., a Nevada corporation, also known as Athena Medical Group Corp.

12.  Defendant Juliana Mayer Loza is a Trustee or acting as a Trustee in the State of Nevada of Athena Medical Group, Inc. Defined Contribution Plan Number Two.

13.  Defendant Juliana Mayer Loza is Trustee in the State of Nevada of ADPB3.

14.  Upon information and belief, Defendant Juliana Mayer Loza, is the special administrator and personal representative of the Ray W. Exley Estate with Letters of Administration issued in Case No. 20-PB-00129 Ninth Judicial Court of the State of Nevada, In and For the County of Douglas, on or about November 12, 2020.

15.  Defendant Athena Medical Group, Inc. Defined Contribution Pension Plan Number Two, also referenced as Number 002 effective as of July 1, 1978 (hereinafter "ADBP2"). The address listed for this entity is 9504 Highridge Place, Beverly Hills, CA 90210.

16.  Athena Medical Group, Inc., is a former California corporation, commenced on or about June 5, 1978, and suspended as a California corporation at year end of 2012. On information and belief, the Nevada corporation of Athena Medical Group commenced November 13, 2012, was the replacement entity for Defendant Athena Medical Group, Inc. Defined Contribution Pension Plan Number Two ("ADBP2").

17.  Defendant Ray W. Exley Estate, as referenced in Case No. 20-PB-00129 Ninth Judicial Court of the State of Nevada, In and For the County of Douglas.

18.  Defendant Ray W. Exley M.D. Nevada Family Trust dated 12/9/2015, a Nevada trust for

3

1    property holdings in the State of Nevada.

2  19.   Defendant Juliana Mayer Loza , a.k.a. Juliana M. Exley, as the former spouse and

3    successor trustee of Ray W. Exley M.D. Nevada Family Trust dated 12/9/2015.

4  20.   Defendant Juliana Mayer Loza, individually and at all pertinent times, is a self proclaimed

5    resident of the State of Nevada. Hereinafter, Defendant Juliana Mayer Loza is referred to

6    as "Loza."

7  21.   Plaintiff does not know the true names or capacities of the defendants sued herein as DOES

8    I through XXX; therefore, Plaintiff sues said Defendants by such fictitious names and prays

9    leave that, when the true names of said Defendants are ascertained, they may be inserted

10    with appropriate allegations. Plaintiff is informed and believes, and upon such information

11    and belief, alleges that each of the defendants designated herein by such fictitious names

12    is responsible in some manner for the events and happenings hereinafter referred to and

13    that such conduct of Defendants caused injury and damages proximately thereby to

14    Plaintiff. Upon learning the true names and identities of DOES I through XXX, Plaintiff

15    will seek leave of Court to amend this Complaint.

16  22.   Plaintiff does not know the true names or capacities of the defendants sued herein as ABC

17    CORPORATIONS A-M; therefore, Plaintiff sues said Defendants by such fictitious names

18    and prays leave that, when the true names of said Defendants are ascertained, they may be

19    inserted with appropriate allegations. Plaintiff is informed and believes, and upon such

20    information and belief, allege that each of the defendants designated herein by such

21    fictitious names is responsible in some manner for the events and happenings hereinafter

22    referred to and that such conduct of Defendants caused injury and damages proximately

23    thereby to Plaintiff. Upon learning the true names and identities of ABC CORPORATION

24    A-M, Plaintiff will seek leave of Court to amend this Complaint.

25  23.   Plaintiff does not know the true names or capacities of the defendants sued herein as N-Z

26    Limited Liability Partnerships; therefore, Plaintiff sues said Defendants by such fictitious

27    names and prays leave that, when the true names of said Defendants are ascertained, they

28

1   may be inserted with appropriate allegations. Plaintiff is informed and believes, and upon

2   such information and belief, alleges that each of the defendants designated herein by such

3   fictitious names is responsible in some manner for the events and happenings hereinafter

4   referred to and that such conduct of Defendants caused injury and damages proximately

5   thereby to Plaintiff. Upon learning the true names and identities of N-Z Limited Liability

6   Partnerships, Plaintiff will seek leave of Court to amend Complaint.

7   24.   At all times relevant herein, Defendants, and each of them, were the agents and employees

8   of each of the remaining Defendants, and were at all times acting within the course and

9   scope of said agency and employment, and each Defendant has ratified and approved the

10  acts of the other. Therefore, each Defendant is liable for the acts of each remaining

11  Defendant. That the conduct of each and every Defendant was ratified and adopted by each

12  and every other Defendant in this action.

13  25.   The Corporation Defendants, and each of them, were acting by and through their

14  authorized employees, agents, and/or representatives, who were acting within the scope and

15  course of said capacity, and whose conduct was ratified by each of said Defendants.

16  26.   The Limited Liability Partnership Defendants, and each of them, were acting by and

17  through their authorized employees, agents, and/or representatives, who were acting within

18  the scope and course of said capacity, and whose conduct was ratified by each of said

19  Defendants. The parties have caused events to occur in Nevada from which these claims

20  arise.

21                                    **II. FACTS**

22  27.   On or about May 8, 2014, Ray W. Exley M.D. executed a Deed of Trust in favor of Athena

23  Medical Group, Inc., Defined Benefit Pension Plan Trust Chtd on his real property located

24  at 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel No. 1318-25-111-017.

25  (Hereinafter "The Property") The Deed of Trust was recorded in Douglas County, Nevada,

26  on or about May 14, 2014 as Document 0842993.

27  28.   On information and belief, Athena Medical Group Inc. Defined Benefit Pension Plan Trust

28                                       5

1    Chtd was the pension plan of Ray W. Exley, M.D., in which, in the year 2014, he was the

2    administrator and trustee.

3  29.  On or about August 26, 2014, there was a Resolution by the Board of Directors of the

4    Athena Medical Group, Inc., and the Trustees of the Athena Medical Group, Inc.

5    Retirement Trust, being Resolution #2014-08A voiding in its entirety the July 1, 1987

6    Secured Promissory Note Signed by Ray W. Exley M.D. The Resolution signed by Juliana

7    Loza as Trustee of Athena Retirement Trust and as President and CEO of Athena Medical

8    Group, Inc., Ross Willner, as a Trustee of Athena Retirement Trust and as Sr. Vice

9    President of Athena Medical Group, Inc., and Charles Exley, as a Trustee of Athena

10    Retirement Trust and as Vice President of Athena Medical Group, Inc. It was witnessed

11    by Ingrid van Vuerings, Secretary/Treasurer of Athena Medical Group Inc and a Trustee

12    of Athena Retirement Trust. In pertinent part, the Resolution provided:

13    "Now, THEREFORE, BE IT RESOLVED that the Athena Medical
      Group, Inc., having considered the aforesaid matters, hereby finds
14    the July 1, 1987 Secured Promissory Note dated July 1, 1987 NULL
      AND VOID AND WITHOUT VALUE, and further directs
15    attorneys Leverty Law Chartered to immediately undertake to
      revoke, terminate and forever satisfy and discharge said Promissory
16    Note and Deed of Trust and Assignment of Rents, Document
      number 8942993 re parcel 1318-25-111-017 recorded in Douglas
17    County, State of Nevada on May 21, 2014."

18  30.  Commencing from about April 2014 up to and through February 2017, Ray Warren Exley,

19    M.D. (hereinafter "Dr. Exley"), was a client of Plaintiff in which it represented him

20    concerning his ex-wife's claim in The Property.  After a trial in January of 2017, the Court

21    fully awarded  Ray Warren Exley the property, as it was determined his ex-wife had no

22    interest.

23  31.  While Plaintiff represented Ray Warren Exley in his property dispute with his ex-wife, it

24    periodically provided him with statements for legal services incurred on his behalf. The

25    amounts due and owing accumulated because of the promise of Dr. Exley to pay them

26    immediately after the trial. Statements were provided by Plaintiff to Dr. Exley from April

27    2014 through January 2017.

28                                        6

32. Despite the success of the trial, the relationship with Dr. Exley deteriorated because of his attempts, with the aid and direction of Loza, to avoid paying for legal services by attempting to obtain the deed to the property and casting negative assertions about Plaintiff attorneys.

33. Dr. Exley, at the urging and instruction of Loza, refused to pay his long outstanding attorney statements for services provided by Plaintiff, resulting in Plaintiff withdrawing in representing Dr. Exley in early February 2017.

34. On or about February 12, 2017, Leverty & Associates filed an attorney's lien on the Property in the amount of the accrued, but unpaid, attorneys fees.

35. On February 14, 2017, Plaintiff filed a Complaint in the Second Judicial District Court, in and for the State of Nevada, County of Washoe. The complaint was served on Dr. Exley on February 25, 2017. On March 17, 2017, Plaintiff made an offer of judgment to Dr. Exley for $147,226.76, pursuant to NRCP 68, which was not accepted.

36. On March 22, 2017, Dr. Exley removed the case that Plaintiff filed in the Second Judicial District Court, in and for State of Nevada, County of Washoe, to the United States District Court, District of Nevada, and filed a lengthy and legally unsupportable counterclaim alleging seven causes of action against Plaintiff.

37. On or about April 4, 2017, Defendant Ingrid van Vuerings, as alleged Trustee, Secretary and Plan Administrator for Athena Medical Group Inc. Defined Benefit Pension Plan Trust Chtd, executed a substitution of original Trustee for the Deed of Trust in favor of Athena Medical Group, Inc., Defined Benefit Pension Plan Trust Chtd on the real property located at 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel 1318-25-111-017. The Deed of Trust was recorded in Douglas County, Nevada, on or about May 14, 2014 as Document 0842993. The substituted Trustee in place of the original Trustee. Vernon E. Leverty, was Centennial Title Company. This Substitution of Trustee was filed on April 7, 2017 as Document 2017-896951.

38. On or about May 12, 2017, Dr. Exley deeded The Property to Ray Warner Exley as Trustee

7

1       of the Ray Warner Exley, M.D. Nevada Family Trust.

2   39.   After Leverty & Associates filed a motion to confirm its attorney's lien, that was opposed

3       by Exley, on or about May 25, 2017, the Ninth Judicial District Court issued an attorney's

4       lien in favor of Leverty & Associates Law Chtd. on Dr. Exley's Stateline property.

5   40.   On or about May 26, 2017, Dr. Exley executed a Subordination Agreement related to The

6       Property, securing him as owner and the lien of Athena Medical Group, Inc. Defined

7       Benefit Pension Plan and Trust CHTD as Creditor was subordinated to the Deed of Trust

8       securing the loan made by NOVASEL & SCHWARTE INV. INC. The Subordination

9       Agreement was executed by Defendant Ingrid van Vuerings as Trustee for Athena Medical

10      Group, Inc. Defined Benefit Pension Plan and Trust Chtd. As Creditor and Ray Warren

11      Exley, M.D., as owner. The Subordination Agreement provided:

12          This Agreement, executed this 26th day of May, 2017, by RAY
            WARREN EXLEY M.D. owner of the land hereafter described and
13          hereinafter referred to as "Owner"and the Athena Medical Group,
            Inc, Defined Benefit Pension Plan and Trust CHTD, hereinafter
14          referred to as "CREDITOR".

15      This document was recorded with Douglas County on June 5, 2017 as document

16      2017-899575.

17  41.   On or about May 31, 2017, Ray Warren Exley as Trustee of the Ray Warren Exley M.D.

18      Nevada Family Trust executed a NOTE SECURED BY A DEED OF TRUST concerning

19      The Property regarding the $150,000 loan in which he promised to pay Robert I. Novasel

20      and Richard W. Schwarte, as co-trustee of the Novasel and Schwarte Investments Inc.

21      Profit Sharing Plan the loan with interest of 11%.

22  42.   The Deed of Trust benefitting Novasel & Schwarte, made May 23, 2017, by Ray Warren

23      Exley as Trustee of the RAY WARREN EXLEY, M.D. Nevada Family Trust whose

24      address set forth as 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel No.

25      1318-25-111-017 was recorded in Douglas County on June 5, 2017 as document

26      2017-899576.

27  43.   On June 1, 2017, there was a case management conference before Federal Court Magistrate

28                                  8

Judge Cooke. At this conference, Exley, who was appearing pro se, admitted that he was approving improper assistance in drafting and preparing his pleadings. When Exley was asked about specific issues in his motions, it was obvious to Magistrate Judge Cooke that Exley had no idea about either the arguments or concepts in the motion. Exley then stated that the Court was being improperly influenced by Leverty & Associates. The Court then set a continued case management conference to occur on June 20, 2017, and ordered Exley to appear in person at the June 20, 2017, case management conference to discuss the matters with him.

44. Exley retained counsel, and, in violation of the Court's order, did not appear at the June 20, 2017, case management conference. The Court set a show cause hearing for July 27, 2017. The parties also set a mediation with the Court to follow the show cause hearing for July 27, 2017. Exley then fired his counsel, and retained new counsel.

45. On or about July 27, 2017, Federal Court Magistrate Judge Cooke held a mediation following the Show Cause Hearing. After a full day mediating, the parties reached the terms of a settlement. The Court then placed the material terms of the settlement on the record, and received the confirmation of all parties as to the terms of the settlement. The Court's record of settlement included that the settlement was binding as to Dr. Exley, Loza and Athena Medical Group, Inc. Defined Benefit Plan Trust.

46. However, the formal settlement agreement was unable to be completed despite approximately three (3) months of attempting to finalize the settlement agreement with Dr. Exley's and Loza's then counsel before Dr. Exley and Loza fired their counsel in October of 2017.

47. On October 31, 2017, Dr. Exley's and Loza's then counsel filed his motion to withdraw. Dr. Exley and Loza then announced their intention to not comply with the settlement agreement.

48. Plaintiff then filed its Motion to Compel compliance with the settlement agreement. Dr. Exley, with the aid and assistance of Loza, filed a motion to vacate the mediation

9

1    agreement. The Magistrate Judge denied the motion to vacate the mediation agreement.

2    49.    On February 21, 2018, the hearing on the motion to enforce the settlement was held.

3    Statements during the hearing by Dr. Exley and Loza led Magistrate Judge Cooke to read

4    virtually all of the transcript that was made recording the terms of the settlement agreement

5    made immediately after they were agreed upon on July 27, 2017, by Dr. Exley, Loza and

6    Athena Medical Group, Inc. Defined Benefit Plan Trust.

7    50.    From the bench, Magistrate Judge Cooke stated that she would be issuing a written report

8    and recommendation that the terms of the settlement agreement that were placed on the

9    record would be affirmed, and that Exley's claim that no agreement as to the terms of the

10    settlement had occurred was baseless.

11    51.    Less than 24 hours after the hearing held on February 21, 2018, with the Magistrate Judge

12    on enforcing the settlement in which Magistrate Judge Cooke advised she was going to

13    enforce the settlement, Dr. Exley, with the assistance of Defendant Loza and recorded on

14    February 23, 2018, transferred for "NON CONSIDERATION" the only significant and

15    possibly sole asset of Dr. Exley except for his interest in his pension plan, being The

16    Property, which was solely in his name as Trustee of his trust to which he had transferred

17    to such trust on May 12, 2017, and then as Trustee of his trust transferred The Property to

18    ADBP3.

19    52.    ADBP3, to which The Property was transferred to, was an alleged trust benefitting Dr.

20    Exley as a participant and his wife, Loza, was an alleged fiduciary of such trust.

21    53.    The alleged basis for the transfer of the property from Dr. Exley's trust to ADBP3, as

22    asserted in Dr. Exley's Opposition to Motion to Expunge Lis Pendes, filed June 27, 2019,

23    in the United States District Court, District of Nevada matter, Case No.

24    3:17-cv-00175-MMD-WGC, was because it was allegedly discovered by its Trustees, in

25    May of 2018, that Dr. Exley owed on a 1987 Promissory Note secured by a Deed of Trust,

26    with the beneficiary being Athena Medical Group Inc. Defined Benefit Plan Trust, Chtd.

27    In May of 2018, the Trustees of ADBP3, allegedly determined the loan made to Dr. Exley

28                                        10

1    by Athena Medical Group Inc., Defined Benefit Plan Trust, Chtd., despite it having been

2    long ago determined to have been paid in full, was now due and payable. Exley received

3    no consideration for the transfer of the real property to the alleged pension plan for the

4    alleged unpaid loan to Dr. Exley.

5    54.   Prior to the transfer of The Property to ADBP3, the property was held, in all respects, by

6          Dr. Exley by and through his Nevada trust. Prior to the transfer by Dr. Exley to his Nevada

7          trust, Dr. Exley had held full title to The Property in his own name.

8    55.   The beneficiary of Dr. Exley's promissory note, secured by the 1987 Deed of Trust, was

9          never ADBP3.

10   56.   On March 19, 2018, Federal Magistrate Judge Cooke issued "Sealed-Report and

11         Recommendation." This report confirmed all but one paragraph of the settlement proposal

12         that Plaintiff provided to Dr. Exley's then counsel. The Magistrate's order recommended

13         the settlement terms be reduced to a judgment by Federal Court Judge Miranda M. Du.

14   57.   Federal Magistrate Judge Cooke, in her Report of March 19, 2018, provided the terms of

15         the settlement were:

16         "The parties and counsel understood that the settlement was a
           mutual release of all claims raised in the litigation, including claims
17         between Leverty and Exley, Leverty and Loza, and Leverty and
           Athena, Nevada ECF 55-9 at 5:11-25, 6:1-25, 7:1-19."

18   58.   Federal Magistrate Judge Cooke, in her March 19, 2018, report, provided:

19
           "The parties and counsel understood and agreed that Leverty has a
20         first priority judgment lien on real property located in Douglas
           County, Nevada known as the Panorama Drive property and that the
21         judgment lien would remain in place."

22   59.   Federal Magistrate Judge Cooke, in her March 19, 2018, report, provided:

23         "The very first settlement term placed on the record to which all
           parties and counsel agreed, was that Athena Nevada, Inc would be
24         part of the mutual release of all claims, whether or not they were
           raised in the litigation."
25
           Further, provided in the report:
26
           "The court agrees that this is an essential term of the settlement
27         agreement that Exley and Loza agreed to, therefore, the settlement

28                                            11

1    agreement is enforceable."

2    The report further provides:

3        "Based upon the foregoing, the court concludes that Exley, Loza
         and Athena Nevada entered into a binding settlement agreement in
4        open court on July 27, 2017."

5    60.    Federal Magistrate Judge Cooke, in her Order dated March 19, 2018, provided that Loza

6    appeared telephonically. Federal Magistrate Judge Cooke wrote in her report, "It is evident

7    to the court that Loza had injected herself in this case from its inception..."

8    61.    On February 22, 2019, U.S. District Court Judge Du further accepted and adopted the

9    Magistrate Judge Cook's Report and Recommendation and the motion to enforce the

10    settlement agreement was granted and bound Dr. Exley, Loza and Athena Medical Group

11    Defined Benefit Plan Trust Chtd to the settlement.

12    62.    On April 18, 2018, Plaintiff filed its Motion for Sanctions against Dr. Exley.

13    63.    The Federal Magistrate Judge Cobb then made his Report and Recommendation to the

14    Honorable Miranda M. Du, United States District Judge,  on Plaintiff's Motion for

15    Sanctions against Dr. Exley. The Magistrate stated in the report: "The Court finds that

16    Leverty's request for sanctions and fees and costs should be granted in part and denied in

17    part. Sanctions against Exley are clearly warranted under the court's inherent power due

18    to Exley's bad faith conduct, including his refusal to execute the settlement agreement and

19    needless multiplication of this litigation."  The Magistrate Judge determined that Exley

20    be sanctioned in the amount of $45,045.00, to be paid within 30 days of an order adopting

21    and accepting the Report and Recommendation.

22    64.    Honorable United States District Court Judge Miranda M. Du accepted the Report and

23    Recommendation concerning Sanctions against Dr. Exley and so ordered sanctions on

24    February 22, 2019. According to the terms of Judge Du's order, Dr. Exley had 30 days

25    from February 22, 2019, to pay the full sanctions. The awarded sanctions have yet to be

26    paid and the 30 days have long expired for payment.

27    65.    Honorable Miranda M. Du's February 22, 2019 order provides:

28                                    12

1          It is further ordered that Plaintiff's motion to enter judgment (ECF N.141) is granted.

2          It is further ordered that the Clerk enter judgment in favor of Plaintiff and against Defendant as follows: The Settlement

3          Agreement Amount of $161,000, with interest accruing at the legal rate set forth in NRS 17.130(2) commencing July 27, 2017 (ECF

4          No. 92-1 at 3 Par 1) and (2) the sanctions amount of $45,045.

5   66.   The judgment rendered by Honorable Miranda M. Due was recorded against The Property

6       on March 5, 2019. The judgment filing lays out the United States District Court, District

7       of Nevada matter, Case No. 3:17-CV-00175-MMD-WGC, and provides a settlement of

8       $161,000 with interest accruing at the legal rate as provided in NRS 17.130(2)

9       commencing July 27, 2017, and sanctions in the amount of $45,045 with interest effective

10      and commencing February 25, 2019.

11   67.   On information and belief, on the date of this Complaint, there are no filings with the

12      Department of the Treasury, Internal Revenue Service or the Department of Labor

13      Employee Benefit Security Administration, by FORM 5500 or otherwise for Athena

14      Medical Group Defined Contribution Pension Plan and Trust Number Three, also known

15      as Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust, as the U.S. Department of

16      Labor's website that allows for searching of ERISA entities only identifies a single entity

17      that has filed for Athena Medical Group as the only filings with the U.S. Department of

18      Labor is for Athena Medical Group, Inc. Defined Contribution Pension Plan Number Two,

19      as submitted by Loza as the Plan Administrator.

20   68.   A notice of default and election to sell, under the terms of the Deed of Trust recorded June

21      5, 2017, as Document No. 2017-899576 Official Records, Douglas County, Nevada, was

22      first recorded April 2, 2020, as Document No. 2020-944258 and re-recorded September

23      24, 2020, as Document No. 2020-953294 Official Records, Douglas County, Nevada,

24      concerning The Property.

25   69.   On information provided by Dr. Exley's Nevada attorney, Kirk Nevada Walker, in a reply

26      filed June 24, 2020, in the Response to Show Cause in Case 80844 in the Supreme Court

27      of the State of Nevada, was the first notice that Dr. Exley had died. The Reply, in its

28

1     opening paragraph, provided, "Mr. Exley passed away in June 2020 and counsel was

2     retained in this matter on the afternoon of June 24, 2020." The Reply further provided,

3     "Appellant filed its Response to Order to Show Cause ("Response") on June 1, 2020. Ray

4     Warren Exley passed away on or about June 1, 2020."

5   70.    It has been recently learned that Dr. Exley died on June 1, 2020. It has been recently

6     learned that a Notice of Petition to Administer Estate of Ray Warren Exley, a.k.a. Ray W.

7     Exley a.k.a. Ray W. Exley, M.D., a.k.a. Ray Ex-Ley M.D., was filed on October 16, 2020,

8     in the Superior Court of California, County of Los Angeles, being Case No. 20STPB08595.

9     However, to date, no administrator has yet been appointed in said California proceeding.

10  71.    On or about November 9, 2020, Juliana Loza Exley, spouse and successor trustee of the

11     Ray Warren Exley, M.D. Nevada Family Trust dated 12/9/15 was duly appointed as

12     Special Administrator in the Ninth Judicial District Court of the State of Nevada. On

13     November 12, 2020, the Court ordered that Loza be duly appointed as Special

14     Administrator of the Ray Warren Exley estate and was given court authority to act by

15     virtue thereof.

16  72.    On or about January 22, 2021, Leverty & Associates Law Chtd. obtained the Deed of Trust,

17     recorded against The Property on February 1, 2017, from Robert I. Novasel and Richard

18     W. Schwarte, Co-Trustees of the Novasel & Schwarte Investments, Inc. Profit Sharing Plan

19     and, in all respects, was assigned all rights, title and interest in said Deed of Trust. The

20     assignment of the Deed of Trust was recorded, demonstrating that all rights, title and

21     interest in the Deed of Trust recorded June 5, 2017, securing The Property, related to the

22     Promissory Note on the property dated May 23, 2017, incurred by Dr. Exley as Trustor and

23     Trustee of the Ray Warren Exley, M.D. Nevada Family Trust, with beneficiary being

24     Robert Novasell and Richard W. Schwarte, Co-Trustees of the Novasel & Schwarte

25     Investments, Inc., Profit Sharing Plan. On January 22, 2021, and possibly on notice a few

26     days prior, Defendant Loza was made aware that the Deed of Trust, recorded June 5, 2017,

27     was, in all respects, assigned to Leverty & Associates Law Chtd.

28                                      14

73. On January 22, 2021, ADBP3 quitclaimed The Property to Loza for no consideration, providing that the transfer was pursuant to the terms of the trust.

**FIRST CAUSE OF ACTION**
**(Fraudulent Transfer Against Defendants**
**Juliana Loza, ADBP3, Ingrid van Vuerings)**

74. Plaintiff hereby incorporates by reference and realleges each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

75. On February 22, 2019, in Federal Case No. 3:17-CV-00175- MMM-WGC, Plaintiff obtained a final judgment in the sum of $161,000 with interest at NRS 17.130(2) commencing July 17, 2017 against Defendant Dr. Exley including Defendant Loza and Defendant Athena Medical Group Defined Benefit Plan Trust. An abstract of such final judgment was recorded on March 15, 2019, in the Office of the County Recorder of Douglas County, Nevada, as Document 2019-926706, against The Property.

76. By virtue of that judgment, Plaintiff acquired a judgment lien on all of the right, title, and interest of Defendant Dr. Exley, Defendant Loza and Athena Medical Group Defined Benefit Plan Trust in and to all of Defendant's real property, including but not limited to, The Property.

77. On February 22, 2018, Dr. Exley, as the Trustee of his Trust known as Ray W. Exley Nevada Family Trust, transferred The Property to ADBP3. The alleged later asserted reasons provided on Dr. Exley's behalf for the transfer was that Dr. Exley allegedly owed on a 1987 Promissory Note secured by a Deed of Trust with the beneficiary being Athena Medical Group Inc. Defined Benefit Plan Trust, Chtd. was determined by Dr. Exley's wife, Loza to be still due and payable, requiring the alleged transfer.

78. On information and belief, Dr. Exley was the primary, and possibly sole, beneficiary and recipient of the benefits of ADBP3. However, ADBP3 NEVER had a security interest in The Property, so Dr. Exley's beneficial interest in ADBP3, was assessable for collection of the judgment entered by U.S. District Judge Du.

79. On January 22, 2021, ADBP 3 transferred The Property to Loza for no consideration.

15

80. Prior to the transfer on January 22, 2021, Defendants Athena Medical Group Inc., a Nevada corporation, aka Athena Medical Group Corp., the Estate of Ray W. Exley, Ingrid van Vuerings, ADBP3, and Juliana Loza in her individual capacity as Will trustee and special administrator of the estate of Ray W. Exley, fraudulently and unlawfully agreed and conspired together to conceal the true ownership of the real property with intent to defraud creditors of Dr. Exley, his trust, his estate and his beneficial interest in ADBP3, and especially Plaintiff, by making improper transfers without real consideration or entitlement from ADBP3

81. By virtue of the conspiracy and the acts in pursuit of it, The Property was recorded in the name of Defendant Loza, but the property was in fact owned by Defendant Ray W. Exley Nevada Family Trust. Neither Defendant ADBP3, nor Loza paid any consideration nor were otherwise legally entitled to the real property and the property should be subject to the Plaintiff's judgment.

82. Plaintiff is informed and believes, and thereupon alleges, that Defendant Loza and Defendant ADBP3, claimed an interest in The Property. However, the claim of said Defendants, and each of them, is without any right whatsoever and said Defendants, and each of them, have no legal or equitable right, claim or interest in said property.

83. Plaintiff therefore seeks a declaration that the title to the subject property is the vestiges of Defendant Ray W. Exley as Trustee of his trust and said property should be subject to the judgment against him. Further, that Defendants Juliana Loza and ADBP3, and each and every Defendant, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff's judgment.

## SECOND CAUSE OF ACTION
**(Aiding, Abetting, Conspiracy in Fraudulent Transfers by Defendants Ingrid van Vuerings, Juliana M Loza, and ADBP3)**

84. Plaintiff hereby incorporates by reference and realleges each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

85. Defendant Ingrid van Vuerings, at all times, was aware that Plaintiff asserted that Dr. Ray

16

1   Exley owed it for attorney fees and costs related to representing him in a Nevada legal

2   action concerning The Property, commencing in April 2014 to January 2017.

3   86.   Defendant Loza, at all times, was aware that Plaintiff asserted that Dr. Ray Exley owed

4   it for attorney fees and costs related to representing him in a Nevada legal action

5   concerning The Property, commencing in April 2014 to January 2017.

6   87.   Defendant Ingrid van Vuerings, at all pertinent times including in the year 2017, was the

7   Trustee of Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust, Chtd.

8   88.   Defendant Loza, at all pertinent times including in the year 2017, was the Trustee of

9   Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust, Chtd.

10   89.   Defendant Ingrid van Vuerings was aware, on or shortly after July 27, 2017, that Dr. Exley

11   had agreed to a settlement with Plaintiff that was placed on the U.S. Magistrate Judge's

12   record where it was agreed to pay Plaintiff the sum of $161,000.00 with interest thereon,

13   secured by the existing lien on The Property.

14   90.   Defendant Loza was aware, on or shortly after July 27, 2017, that Dr. Exley had agreed

15   to a settlement with Plaintiff that was placed on the U.S. Magistrate Judge's record where

16   it was agreed to pay Plaintiff the sum of $161,000.00 with interest thereon, secured by the

17   existing lien on The Property.

18   91.   Defendant Ingrid van Vuerings was aware, on or about October 31, 2017, that Dr. Exley

19   and Defendant Loza had determined to not proceed with the agreed upon settlement.

20   92.   Defendant Ingrid van Vuerings was aware that, because Dr. Exley and Defendant Loza had

21   determined to not enter into the previously agreed upon settlement, Plaintiff filed a Motion

22   to Compel compliance with the settlement agreement. Defendant Ingrid van Vuerings is

23   further aware because, on information and belief, she assisted Defendant Loza prepare and

24   file a Motion to vacate the mediation settlement.

25   93.   Under the terms of ADBP3 which, upon information and belief, was created by Defendant

26   Loza and, on information and belief, also with the assistance of Defendant Ingrid van

27   Vuerings, that the primary beneficiary and entitled recipient of ADBP3 benefits was Ray

28   17

1    W. Exley or his Trust, Ray W. Exley M.D. Nevada Family Trust.

2    94.    Defendant Ingrid van Vuerings was, at all pertinent times including in the year 2021, the

3    Trustee of ADBP3 and she aided and abetted Defendant Loza in the alleged transfer of the

4    real property from ADBP3 to Loza on or about January 22, 2021.

5    95.    Defendant Loza was, at all pertinent times including in the year 2021, the Trustee of

6    ADBP3 and she improperly transferred assets purportedly owned by the trust, specifically

7    The Property, into her own name on or about January 22, 2021, in violation of her fiduciary

8    duties to the trust.

9    96.    Defendant Ingrid van Vuerings learned, on or before January 22, 2021, that the promissory

10    note and deed of trust executed by Dr. Exley on or about May 26, 2017, in favor of Novasel

11    & Schwarte Investment Inc., had been purchased by Plaintiff such that all rights and

12    entitlement of the Promissory Note and Deed of Trust were assigned to Plaintiff on or

13    about January 22, 2021.

14    97.    Defendant Loza, on or before January 22, 2021, that the promissory note and deed of trust

15    executed by Dr. Exley on or about May 26, 2017, in favor of Novasel & Schwarte

16    Investment Inc., had been purchased by Plaintiff such that all rights and entitlement of the

17    Promissory Note and Deed of Trust were assigned to Plaintiff on or about January 22,

18    2021.

19    98.    On information and belief, Defendant Ingrid van Vuerings then conspired, aided and

20    abetted Defendant Loza in transferring the property from an attachable asset of Dr. Exley

21    in an intentional attempt to wrongfully transfer the property to Loza in an effort to prevent

22    execution against ADBP3.

23    99.    Defendant Ingrid van Vuerings, as Trustee of the ADBP3 executed, on or about January

24    22, 2021, the Quitclaim deed transferring The Property to Loza.

25    100.    Defendant Ingrid van Vuerings and Defendant Loza knew, or should have known, that

26    these actions and attempted transfer of the only assets of Dr. Exley were for the purpose

27    of preventing the Nevada property from being attached for payment of outstanding

28    18

1    judgment and for outstanding due and owing sanctions.

2    101.    As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

3    aiding and abetting Dr. Exley and Defendant Loza's fraudulent transfer of The Property,

4    Plaintiff has been damaged in an amount in excess of this Court's jurisdictional minimum.

5    102.    As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

6    fraudulent transfer of the only asset of Dr. Exley and only asset for which the judgment

7    entered by the Court could be satisfied, Plaintiff has been damaged in an amount in excess

8    of this Court's jurisdictional minimum and the transfers should be null and voided by the

9    Courts.

10    103.    In engaging in these actions, the actions of Defendant Ingrid van Vuerings, Defendant

11    ADBP3 and Defendant Loza were done with oppression, malice and fraud. Plaintiff,

12    therefore, seeks punitive damages by way of punishment and deterrence in an amount to

13    be determined at trial.

14    **THIRD CAUSE OF ACTION**
**(Aiding and Abetting in Fraudulent Transfer by Ingrid van Vuerings,**
15    **Loza, ADBP3, Does I through XXX, ABC Corporations A-M**
**and N-Z Limited Liability Partnerships)**

16
17    104.    Plaintiff hereby incorporates by reference and realleges each and every allegation contained

   in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

18
19    105.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

20    Limited Liability Partnership were, at all times, aware that Plaintiff asserted that Dr. Ray

21    Exley owed it for attorney fees and costs related to representing him in a Nevada legal

   action concerning The Property, commencing in April 2014 to January 2017.

22
23    106.    Defendant Ingrid van Vuerings, at all pertinent times including in the year 2017, was the

24    Trustee of Athena Medical Group, Inc, Defined Benefit Pension Plan and Trust, Chtd.

25    107.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

26    Limited Liability Partnership were aware, on or shortly after July 27, 2017, that Dr. Exley

27    had agreed to a settlement with Plaintiff that was placed on the U.S. Magistrate Judge's

28   

1    court record where it was agreed to pay Plaintiff the sum of $161,000.00 with interest

2    thereon, secured by the existing lien on The Property.

3    108.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

4    Limited Liability Partnership were aware, on or about October 31, 2017, that Dr. Exley and

5    Defendant Exley had determined to not proceed with the agreed upon settlement.

6    109.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

7    Limited Liability Partnership were aware and/or later learned that, because Dr. Exley and

8    Defendant Loza had determined to not enter into the previously agreed upon settlement,

9    Plaintiff filed a Motion to Compel compliance with the settlement agreement. Defendant

10    Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z Limited

11    Liability Partnership were further aware because, on information and belief, they, and each

12    of them, assisted Defendant Loza prepare and file a Motion to vacate the mediation

13    settlement.

14    110.    Under the terms of ADBP3 which, upon information and belief, was created by Defendant

15    Loza and, on information and belief, also with the assistance of Defendant Ingrid van

16    Vuerings, and Does I through XXX, ABC Corporations A-M and N-Z Limited Liability

17    Partnership that the beneficiary and entitled recipient of ADBP3 benefits was Ray W.

18    Exley or his Trust, Ray W. Exley M.D. Nevada Family Trust.

19    111.    Defendant Ingrid van Vuerings and Does I through XXX, ABC Corporations A-M and N-Z

20    Limited Liability Partnership were, at all pertinent times including in the year 2021, the

21    Trustee of ADBP3 and she aided and abetted Defendant Loza in the alleged transfer of the

22    real property from ADBP3 to Loza on or about January, 22, 2021.

23    112.    Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporation A-M, and N-Z

24    Limited Liability Partnership learned, on or before January 22, 2021, that the promissory

25    note and deed of trust executed by Dr. Exley on or about May 26, 2017, in favor of

26    Novasel & Schwarte Investment Inc. had been purchased by Plaintiff such that all rights

27    and entitlement of the Promissory Note and Deed of Trust were assigned to Plaintiff on or

28

1    about January 22, 2022.

2  113.  On information and belief, Defendant Ingrid van Vuerings, Does I through XXX, ABC

3    Corporations A-M and N-Z Limited Liability Partnership then conspired, aided and abetted

4    Defendant Loza in transferring the property from an attachable asset of Dr. Exley in an

5    intentional attempt to wrongfully transfer the property to Loza in an effort to prevent

6    execution against ADBP3.

7  114.  Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

8    Limited Liability Partnership substantially assisted, aided and abetted Defendant Loza in

9    wrongfully and improperly transferring the primary and only asset of Dr. Exley, The

10    Property, to Loza.

11  115.  Defendant Ingrid van Vuerings, as Trustee of the ADBP3, executed, on or about January

12    22, 2021, the Quitclaim deed transferring The Property to Loza.

13  116.  Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M, N-Z

14    Limited Liability Partnership, and Defendant Loza knew, or should have known, that these

15    actions and attempted transfer of the only assets of Dr. Exley were for the purpose of

16    preventing the Nevada property from being attached for payment of the outstanding

17    judgment and for outstanding due and owing sanctions.

18  117.  Defendant Ingrid van Vuerings, Does I through XXX, ABC Corporations A-M and N-Z

19    Limited Liability Partnership, by their actions in improperly transferring the said real

20    property to Loza, were the direct and proximate result of transferring the said property to

21    Loza and substantially assisting, aiding and abetting the property's improper transfer.

22  118.  As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

23    aiding and abetting Dr. Exley and Defendant Loza's fraudulent transfer of The Property,

24    Plaintiff has been damaged in an amount in excess of this Court's jurisdictional minimum.

25  119.  As a result of Defendant Ingrid van Vuerings', Defendant ADBP3's and Defendant Loza's

26    fraudulent transfer of the only asset of Dr. Exley and only asset for which the judgment

27    entered by the Court could be satisfied, Plaintiff has been damaged in an amount in excess

28                             21

1 of this Court's jurisdictional minimum and the transfers should be null and voided by the

2 Courts.

3 120. In engaging in these actions, the actions of Defendant Ingrid van Vuerings, Defendant

4   ADBP3 and Defendant Loza were done with oppression, malice and fraud. Plaintiff,

5   therefore, seeks punitive damages by way of punishment and deterrence in an amount to

6   be determined at trial.

7         **FOURTH CAUSE OF ACTION**
   **(Declaratory Relief Seeking the Court's Determination of the Person, Trust or Entity**

8     **that Should Validly Hold Title of the Real Property,**
       **for Rights and Entitlements upon Foreclosure)**

9
10 121. Plaintiff hereby incorporates by reference and realleges each and every allegation contained

   in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

11
12 122. Plaintiff has the assignment to the Deed of Trust and Promissory Note, which is currently

13   being foreclosed on for lack of any payment thereon by Dr. Ray W, Exley or his Trust.

14 123. Defendants  Loza, Ingrid van Vuerings, Ray W. Exley, M.D. Nevada Family Trust,

15   ADBP3, Does I  through XXX, ABC Corporations A-M and N-Z Limited Liability

16   Partnerships have transferred The Property, among persons and entities, without

17   consideration, all being done in subversive actions for the purpose of attempting to destroy

18   the ability of Plaintiff to collect on its Judgments.

19 124. The various transfers of the said property were done at times to attempt to avoid the ability

20   of Plaintiff to collect on its judgment. These transfers by Defendants, Ingrid van Vuerings,

21   ADBP3, Athena Medical Group, Inc., aka , Athena Medical Group Corp., Athena Medical

22   Group Inc. Defined Benefit Plan Number Two, Athena Medical Group Inc. E.R,I.S.A

23   Retirement Trust, Athena Medial Group, Inc. Defined Benefit Pension Plan and Trusts

24   Chartered were transacted in the attempt to prevent the collection of a just debt which

25   resulted in judgments.

26 125. The result of the improper multiple transfers of said real property has resulted in the

27   property being now in the name of Loza, for no consideration, having been transferred to

28

1    her by ADBP3, which obtained the said property when it had no entitlement to it. ADBP3

2    had no right or entitlement to the real property being transferred, with no consideration, by

3    Ray. W. Exley as Trustee of Ray W. Exley M.D. Nevada Family Trust.

4    126.    The intent of Dr. Ray Exley, Defendants Loza, Ingrid van Vuerings, ADBP3, Athena

5    Medical Group, Inc. aka Athena Medical Group Corp.; Athena Medical Group Inc. Defined

6    Benefit Plan Number Two, Athena Medical Group Inc. E.R,I.S.A Retirement Trust, Athena

7    Medical Group, Inc. Defined Benefit Pension Plan and Trusts Chartered, Does I through

8    XXX, ABC Corporations A-M and NZ Limited Liability Partnership was primarily to

9    avoid Plaintiff being able to collect on its judgments.

10   127.    The multiple improper transfers of the said real property has resulted in a question that, if

11   there becomes excess money over and above the money owed to Plaintiff for its now

12   holding of the Deed of Trust which is currently being foreclosed for non payment, to whom

13   such excess funds should be paid? If Loza is determined by the Court to not be the current

14   owner of the property and not entitled to funds over and above the foreclosure amount, then

15   the real property will revert to ADBP3, the Ray W. Exley M.D. Nevada Family Trust, or

16   even possibly to the Estate of Ray Warren Exley, at which time a Writ of Execution can

17   be exercised against his interest.

18   128.    An actual controversy has arisen and now exists between Plaintiff and Defendants, and

19   each of them, concerning their respective rights, if any, in that Plaintiff contends none of

20   the transfers of The Property, on or after the title was held by Ray W. Exley, M.D., Nevada

21   Family Trust, were valid or for any purpose or right and done only to avoid Judgments.

22   129.    Plaintiff desires a judicial determination of the valid ownership for consideration of The

23   Property and a determination of the person, trust or entity entitled to any excess funds over

24   and above payment of all prior liens against the said real property.

25   130.    A judicial declaration is necessary and appropriate at this time, under the circumstances,

26   in order that Plaintiff and its agents may ascertain whose has entitlement to The Property.

27   131.    A judicial declaration is necessary and appropriate at this time, under the circumstances,

28                                                         23

in order that Plaintiff and its agents may ascertain rights and duties upon foreclosure and entitlement for collection of judgments.

## FIFTH CAUSE OF ACTION
### (Conspiracy vs. All Defendants)

132.     Plaintiff hereby incorporates by reference and realleges each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

133.     At all times pertinent, Loza acted in a fiduciary and/or controlling capacity with each of the following defendants: Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; and Athena Medical Group, Inc. Defined Contribution Plan Number Two.

134.     At all times pertinent, Loza acted as a corporate officer for the following entities: Athena Medical Group Inc., a Nevada corporation,  aka Athena Medical Group Corp., a Nevada non filing entity.

135.     Since November 2020, Loza has acted in a fiduciary capacity for the Estate of Ray W. Exley.

136.     Loza's actions on behalf of these defendants are indistinguishable as to which entity they were done on behalf of, and thus, by co-mingling them, has subjected them to liability.

137.     The actions of Ray W. Exley, during his life, on behalf of Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; and Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical Group Inc., a Nevada corporation aka Athena Medical Group Corp., and in his individual capacity, were indistinguishable from each other, and thus, by co-mingling them, has subjected each of them to liability.

138.     At all times pertinent Ingrid van Vuerings was acting in a fiduciary capacity for Athena Medical Group; Athena Medical Group Inc. Defined Pension Plan and Trust Number

24

1 | Three; and Athena Medical Group Inc. Defined Benefit Pension Plan and Trust, Chtd.

2 | 139. At all times pertinent Ingrid van Vuerings was acting as a corporate officer for Athena

3 | Medical Group.

4 | 140. Corporations and Trusts can only operate through their officers, employees, and/or trustees.

5 | 141. All actions of the Corporate and Trust Defendants, and the Estate of Ray W. Exley as

6 | described in this complaint were performed through their corporate officers and/or

7 | fiduciaries.

8 | 142. Upon information and belief, Loza and van Vuerings acted in concert to improperly

9 | transfer The Property from the ownership of one or more of the Defendants and to ensure

10 | that the other Defendants were not provided with any ownership interest in The Property

11 | in an attempt to avoid paying the legitimate debts of the Estate of Ray W. Exley to

12 | creditors, including, but not limited to, Leverty & Associates.

13 | 143. Leverty & Associates has been harmed as a result of the actions of Defendants in an

14 | amount in excess of this Court's jurisdictional minimum.

15 | **PRAYER FOR RELIEF**

16 | Wherefore, Plaintiff, prays for relief as follows:

17 | 1. For an order from this court that the transfer from Defendant ADBP3 to Defendant

18 | Juliana M. Loza be set aside and voided to the extent necessary to satisfy

19 | Plaintiff's judgment of $161,000.00 with interest at the legal rate set forth in NRS

20 | 17.130.2, commencing July 27, 2017;

21 | 2. For an order enjoining Defendants ADBP3, Defendant Juliana M. Loza or any

22 | named Defendant in this case from selling, transferring, encumbering, or disposing

23 | of the real property located at 429 Panorama Drive, Stateline, Nevada 89449,

24 | Assessor's Parcel No. 1318-25-111-017;

25 | 3. Plaintiff be awarded damages in excess of this Court's jurisdictional minimum and

26 | in such amounts as may be proven at trial;

27 | 4. For special and consequential damages in an amount to be proved at trial;

28 | 25

5.   For pre-judgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate;

6.   For a declaration that the real property at 429 Panorama Drive, Stateline, Nevada 89449, Assessor's Parcel No. 1318-25-111-017, is currently rightfully owned by either Ray W. Exley, M.D. Nevada Family Trust and/or ADBP3 and/or the Estate of Ray Warren Exley;

7.   For costs and attorneys' fees incurred in connection with this action;

8.   For punitive damages in such amount as may be proved at trial; and

9.   For such other and further relief as the Court deems just and appropriate.

**AFFIRMATION**
**(NRS 239B.030)**

The undersigned does hereby affirm that the preceding document filed in the Ninth Judicial District Court, does not contain any personal information.

Dated this 23RD day of March, 2021.

LEVERTY & ASSOCIATES LAW CHTD.

Vernon E. Leverty, Esq., NV Bar No. 1266
Patrick R. Leverty, Esq., NV Bar No. 8840
William R. Ginn, Esq., NV Bar No. 6989
Jess P. Rinehart, Esq., NV Bar No. 11697
832 Willow Street
Reno, Nevada 89502
Attorneys for Plaintiff

# Exhibit 7

# Exhibit 7

APN: 1318-25-111-017

DOUGLAS COUNTY, NV
RPTT:$0.00  Rec:$40.00
$40.00        Pgs=4
DEEDS.COM, INC.
KAREN ELLISON, RECORDER

2021-964432
03/30/2021 08:35 AM

E07

RECORDING REQUESTED BY and
AFTER RECORDING MAIL THIS DOCUMENT TO:
  Gene M. Kaufmann, Esq.
  SULLIVAN LAW
  1625 State Route 88, Suite 401
  Minden, NV  89423

MAIL TAX STATEMENTS TO GRANTEE:

  Athena Medical Group Defined Contribution
  Pension Plan Number Three
  9504 Highridge Place
  Beverly Hills, CA 90210

☑ I the undersigned hereby affirm, that this document submitted for recording does not contain the social security
number of any person or persons.                                                 *(Per NRS 239B.030)*

## QUIT CLAIM DEED

Whereas, the ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PLAN AND
TRUST Number Three, on or about January 22, 2021 executed a quitclaim transfer of
ownership to Juliana Mayer Loza.

Juliana Mayer Loza herein rejects said conveyance as an error and Quitclaims any and all
interest in the property to the ATHENA MEDICAL GROUP DEFINED
CONTRIBUTION PLAN AND TRUST Number Three;

All rights, title and interest of the undersigned in and to real property situated in the
County of Douglas, State of Nevada, commonly known by its physical address: 429
Panorama Drive, Stateline, Nevada 89449, more particularly described as follows:

That portion of Lots 13 & 14 of Kingsbury Palisades as said lots were set forth on
the map filed in the office of the County Recorder of Douglas County, State of
Nevada, September 18, 1962, Document No. 20864, Official Records of Douglas
County, State of Nevada, and that portion of the Southwest ¼ of the Northwest ¼
of Section 25, Township 13 North, Range 18 East, M.D.B. & M., being a portion
of Lot 11 – Kingsbury Lakeview, unofficial, described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on
the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most
Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly
right of way line of Panorama Drive; thence Southeasterly along said right of way
line along a curve concave to the Southeast with a central angle of 30°27'44" and
a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to
the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence
North 89°54' West, 99.81 feet to a point from which the West ¼ corner of said
Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West
132.00 feet to the point of beginning.



RESERVING therefrom that portion lying in the Southwest ¼ of the Northwest ¼ of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co., a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas County, Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 02/23/2018 as Document No. 2018-910723.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.**  This conveyance is a transfer of title from a trust without consideration.



Dated:    03/26/2021

Juliana Mayer Loza

9C880BC6-F5F2-4778-A463-B95B462FDA2D — 2021/03/26 15:59:44 -5:00 — Remote Notary



## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of    Nevada                             )
                                               ) ss:
County of  Douglas                             )

        03/26/2021                    Lisa Apple

       On _____, before me, _____, a notary public, personally remotely appeared **Juliana Mayer Loza,** who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

       I certify under PENALTY of PERJURY under the laws of the State of Nevada that the foregoing paragraph is true and correct.

**WITNESS** my hand and official seal.

_Lisa Apple_
NOTARY PUBLIC

LISA APPLE
NOTARY PUBLIC
STATE OF NEVADA
Commission # 00-62875-5
My Appt. Expires September 08, 2021





## Quitclaim Deed 2.pdf

| | |
|---|---|
| DocVerify ID: | 9C880BC6-F5F2-4778-A463-B95B462FDA2D |
| Created: | March 26, 2021 15:39:44 -8:00 |
| Pages: | 3 |
| Remote Notary: | Yes / State: NV - Notarial act performed by means of audio video communication |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary, or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

### E-Signature Summary

**E-Signature 1: Juliana Loza (Jml)**
March 26, 2021 15:50:17 -8:00 [3762EB446CF1] [76.91.241.203]
estate-of@rayexley.com (Principal) (Personally Known)

**E-Signature Notary: Lisa Apple (LA)**
March 26, 2021 15:50:17 -8:00 [1CCFF606E1FD] [174.83.167.9]
lisa@mindenlaw.com
I, Lisa Apple, did witness the participants named above electronically sign this document.





DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat.
All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.

| | | |
|---|---|---|
| DocVerify ID: 9C880BC6-F5F2-4778-A463-B95B462FDA2D | | |
| www.docverify.com | Generated Cover Page | B95B462FDA2O |  |

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a) 1318-25 111-017
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land   b) ☒ Single Fam. Res.
   c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg     f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural  h) ☐ Mobile Home
   i) ☐ Other_____

   FOR RECORDERS OPTIONAL USE ONLY
   BOOK_____ PAGE_____
   DATE OF RECORDING:_____
   NOTES:_____
   Trust Cert OK - KLC

3. Total Value/Sales Price of Property:                          $_____
   Deed in Lieu of Foreclosure Only (value of property)
   Transfer Tax Value:                                          $_____
   Real Property Transfer Tax Due:                             $_____

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7
   b. Explain Reason for Exemption: To be given in trust
      without consideration

5. Partial Interest:  Percentage being transferred:_____%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____  Capacity Attorney for Seller

Signature _____  Capacity _____

SELLER (GRANTOR) INFORMATION          BUYER (GRANTEE) INFORMATION
(REQUIRED)                            (REQUIRED)

Print Name: Juliann Maya Leza         Print Name: Sam
Address: 9504 Hazbrodon Place         Address: _____
City: Beverly Hills CA                City: _____
State: CA    Zip: 90210               State: _____  Zip: _____

COMPANY/PERSON REQUESTING RECORDING
(required if not the seller or buyer)
Print Name: Gena Mc Kaufmann          Escrow #_____
Address: 1625 Highway 88, Suite 401
City: Minden           State: NV                     Zip: 8942-3
          (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# Exhibit 8

# Exhibit 8

1  KIRK NEVADA WALKER, ESQ.
   Nevada Bar No. 11315
2  **NEVADA WALKER, PLLC**
   400 S. 4th Street, Suite 500
3  Las Vegas, NV 89101
   Telephone:    (702) 793-4125
4  E-Mail: kirk@nevadawalker.com

5  Attorneys for Defendant/Counter-Claimant
   RAY WARREN EXLEY

6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9  LEVERTY & ASSOCIATES LAW CHTD., a          Case No.: 3:17-00175-MMD-VPC
   Nevada Corporation,
10
                    Plaintiff,                **MOTION TO QUASH WRIT OF**
11                                             **EXECUTION**
   v.
12
   RAY WARREN EXLEY, an individual; DOES
13 I-XXX; and ABC CORPORATIONS A-Z;
   inclusive,
14
                    Defendants.
15 RAY WARREN EXLEY, an individual,

16                  Counter-Plaintiff,

17 v.

18 LEVERTY & ASSOCIATES LAW CHTD., a
   Nevada Corporation; DOES I-XXX; and ABC
19 CORPORATIONS A-Z, inclusive,

20                  Counter-Defendants.

21         COMES NOW, Defendant/Counter-Plaintiff RAY WARREN EXLEY, by his estate's personal

22 representative JULIANA LOZA, through counsel Kirk Nevada Walker, Esq., of the law firm Nevada

23 Walker, PLLC, and hereby files the following Motion to Quash Writ of Execution that was entered on

24 March 12, 2021 (ECF No. 182) in this matter.

25         This Motion is based upon the Pleadings and Papers on file with this Court, the below

26 memorandum of points and authorities, and oral argument that may be entertained by this Court, if any,

27 // //

28 // //

*(vertical sidebar text)* NEVADA WALKER, PLLC
400 S. 4TH ST., STE. 500
LAS VEGAS, NV 89101

at the hearing of this Motion.

Dated this 19th day of March 2021.

NEVADA WALKER, PLLC

By: _____
KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
400 S. 4th Street, Suite 500
Las Vegas, NV 89101

Attorneys for Defendant/Counter-Claimant
RAY WARREN EXLEY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This Court entered a Writ of Execution naming a non-party and non-resident of Nevada, Juliana Loza, as a Judgment Debtor. The Writ of Execution also authorized the seizure of the real property asset known as 429 Panorama Drive, which real property is not owned by any party in this litgiation.

The Writ of Execution surpasses the boundaries of the Court's authority as it does not have authority to assert jurisdiction over a non-party in this matter or the power to seize real property that is not owned by any party to this lawsuit. Therefore, Defendant respectfully moves to quash the Writ of Execution entered on March 12, 2021 (ECF No. 182).

### II.

### STATEMENT OF FACTS

On March 12, 2021, Plaintiff filed an Affidavit and Request for Issuance of Writ of Execution in this matter (ECF 181). Said Request attested that Juliana Loza was a Judgment Debtor "pursuant to the Court's March 19, 2018 Report and Recommendation (ECF 92 *Sealed*) and May 11, 2018 Order (ECF 102)."[1] Plaintiff's Affidavit references the February 25, 2019 Judgment (ECF 145) as the Judgment upon which the Writ of Execution is based.[2]

---

[1] ECF 181, ¶1.
[2] *Id.* at ¶3.

2

ECF 92 contains no language that supports the finding that Loza stipulated to being a party to this lawsuit or to owing any amount of Plaintiff's alleged damages. There is no evidence supporting the finding that Loza consented to jurisdiction to this court as a non-party to this lawsuit relating to any of Plaintiff's damages, even if she was involved in the settlement agreement.

A review of the sealed court proceedings (ECF 55-9 ps.16-17) supports the finding that Loza never stipulated to becoming a judgment debtor in this case or that she was liable to Plaintiff for any of the damages alleged in the underlying Complaint and any amendments thereto.

The Order Accepting and Adopting Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF 102) does not even contain the word Loza in the four corners of the document and provides no support for Loza consenting to becoming a party or a judgment debtor in any way. The Judgment dated February 25, 2019 Judgment (ECF 145) does not contain Loza's name and judgment was only granted against only a singular Defendant (Exley).

The Writ of Execution's caption does not contain Loza in it, yet still names her as a judgment debtor.[3] The Writ of Execution also incorrectly orders the U.S. Marshall to seize the real property located at 429 Panorama Drive, Stateline, Nevada 89449, APN: 1318-25-111-017 (hereinafter "Property"), as property of the judgment debtors, despite the Property not being owned by any parties to this case.

The Ninth Circuit Court of Appeals confirmed that the settlement agreement in this litigation did not affect the title of the Property.[4] The Ninth Circuit disagreed with Plaintiff that it was entitled to the Property because of the terms of the settlement agreement.[5] The Court specifically stated:

> "Leverty argues that the district court's order enforcing the settlement agreement with Exley gave Leverty an entitlement to the Property. We disagree. The relevant part of the order provides that "to the extent that Exley . . . wished to obtain refinancing" to perform the agreement, Leverty would work in good faith to accommodate such refinancing. That provision does not obligate Exley to refinance the Property. Nor does the agreement give Leverty any legal interest in the Property; Leverty's interest remains limited to the money judgment only."[6]

---

[3] ECF 182, p.1, ln.19.

[4] Memorandum dated December 11, 2020, attached hereto as <u>Exhibit A</u>, and incorporated herein by reference.

[5] Ex. A, p.3, ¶2.

[6] *Id.*

3

The Ninth Circuit's findings regarding the settlement agreement are binding on this Court and must be followed. Both Plaintiff's liens and its *lis pendens* has been expunged pursuant to Court order. Despite the orders and higher court's clear ruling on the settlement agreement, Plaintiff again attempts to include the Property in the Writ of Execution, causing Defendant to incur additional attorney's fees and costs.

On March 17, 2021, counsel for Loza attempted to meet and confer regarding this matter by sending email correspondence requesting the Writ of Execution be corrected.[7] At the time of this filing, Plaintiff did not respond to counsel's attempt to meet and confer, which necessitated the filing of this Motion.

**III.**

**LEGAL ARGUMENT**

**(A)      LOZA IS NOT A PARTY TO THIS LITIGATION**

Loza is not a party to this litigation and the court does not have personal or subject matter jurisdiction over her. Consequently, this Court cannot enter any judgments against her or writs that seize her personal assets, when there are no claims against her individually in any pleading.

Personal jurisdiction exists only if exercise of personal jurisdiction complies with Nevada's "long-arm" statute and federal due process standards. Nevada's "long-arm" statute provides for personal jurisdiction to the full extent of federal due process. Therefore, the Court need only apply federal due process standards to determine personal jurisdiction.[8] Here, there is no pleading with any claims or Causes of Action against Loza individually, therefore it is impossible that Loza can be liable for Plaintiff's damages in this matter against a separate individual or parties.

There is no general appearance by Loza in this litigation. "A general appearance is entered when a person (or the person's attorney) comes into court as party to a suit and submits to the jurisdiction of the court. A special appearance is entered when a person comes into court to test the court's jurisdiction

---

[7] *See* email correspondence from Mr. Walker to Mr. Ginn dated March 17, 2021 attached hereto as <u>Exhibit B</u>, and incorporated herein by reference.

[8] *Corbello v. DeVito*, 844 F. Supp. 2d 1136, 1148 (D. Nev. 2012).

or the sufficiency of service."[9] Loza never agreed to became a party to this lawsuit and therefore did not submit to this Court's jurisdiction. As such, the Court does not have general jurisdiction over Loza relating to Plaintiff's claims and only may have jurisdiction over her if Plaintiff alleges she breached the settlement agreement's terms.

As there are no Causes of Action against Loza and there is no appearance or answer filed by Loza in this litigation. There is no personal or subject matter jurisdiction asserted by this Court as a result of any pleading naming Loza. Despite this fact, Loza is now an individual judgment debtor in this litigation and personally named in the Court's Writ of Execution. As is discussed below, Defendant now moves to quash the Writ of Execution as it is not proper.

**(B)      THERE IS NO JUDGMENT AGAINST LOZA**

FRCP 69 governs the execution of judgment. It provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."[10] FRCP 54(a) states "'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

There is no judgment against Loza in this litigation from which an appeal lies or which would cause Loza to be a judgment debtor. There is no money judgment naming Loza issued by this Court. Despite this fact, a Writ of Execution has been issued naming Loza individually as a judgment debtor and giving Plaintiff power to seize her personal assets despite the fact that she is not a party to this litigation, appears in no proper caption in the pleadings, and that no Complaint alleges any claims against her in any of the papers.

As there is no judgment against Loza, it is impossible for her to be a judgment debtor in this matter and therefore a Writ of Execution against her is not proper and should be expunged.

*// //*

*// //*

---

[9] *FRITZ HANSEN A/S v. Dist. Ct.*, 6 P.3d 982, 983, 116 Nev. 650 (Nev. 2000)(citing *Milton v. Gesler*, 107 Nev. 767, 769, 819 P.2d 245, 247 (1991)).

[10] Fed. R. Civ. P. 69(a).

5

**(C) THE SETTLEMENT AGREEMENT DOES NOT GIVE PLAINTIFF AN INTEREST IN THE PROPERTY.**

The Writ of Execution orders the seizure of the Property, which is not owned by any party in this matter and without any legal support to do so. The Ninth Circuit Court of Appeals already determined that the settlement agreement did not give Plaintiff any right to the title of the property.

The Court specifically stated:

> "Leverty argues that the district court's order enforcing the settlement agreement with Exley gave Leverty an entitlement to the Property. We disagree. The relevant part of the order provides that "to the extent that Exley . . . wished to obtain refinancing" to perform the agreement, Leverty would work in good faith to accommodate such refinancing. That provision does not obligate Exley to refinance the Property. Nor does the agreement give Leverty any legal interest in the Property; Leverty's interest remains limited to the money judgment only."[11]

The Ninth Circuit's findings regarding the settlement agreement are binding on this Court and must be followed. The higher court found that the settlement agreement in this matter did not give Plaintiff any legal interest in the property and that it only gave Plaintiff a money judgment. The Writ of Execution is not proper as it orders the seizure of the Property that is not owned by any party in this litigation. Both Plaintiff's liens on the Property and its *lis pendens* on the Property has been expunged pursuant to Court order.

Despite the previous orders releasing the liens on the Property and *lis pendens* on the Property and higher court's clear ruling on the settlement agreement in this matter, Plaintiff continued to include the Property in the Writ of Execution, causing Defendant and non-party Loza to incur needless attorney's fees and costs. Therefore, Defendant submits this Motion to Quash the improper Writ of Execution and to award fees and costs for the filing of the same and correct any public record that references Loza being a judgment debtor or liable for any of Plaintiff's damages.

*// //*

*// //*

*// //*

---

[11] *Id.*

6

**IV.**

**CONCLUSION**

Defendant moves to quash the improper Writ of Execution as it names Loza as an individual judgment debtor despite there being no claims against Loza in any pleading or judgment against her in this lawsuit. The Writ of Execution also improperly ordered the Property to be seized despite the Ninth Circuit Court of Appeals finding that the settlement agreement gave no interest to Plaintiff in the Property. Moreover, the Property is not owned by any party in this lawsuit and its title is not relevant to Plaintiff's claims in this action. Defendant moves to quash the Writ and respectfully requests fees and costs be awarded to Defendant for its payment of fees and costs to file this Motion.

The undersigned hereby affirms that the preceding document does not contain the social security number of any person.

Dated this 22nd day of March, 2021.

NEVADA WALKER, PLLC

By: _____
KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
400 S. 4th Street, Suite 500
Las Vegas, NV 89101

Attorneys for Defendant/Counter-Claimant
RAY WARREN EXLEY

7

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 22nd day of March, 2021, I filed and served a true and correct copy of the foregoing, MOTION TO QUASH WRIT OF EXECUTION, by electronic mail transmission only, by electronic filing of a true and correct copy of the same to each party addressed on the Service List Manager.

By:

_____

An Employee of Nevada Walker, PLLC

8

# Exhibit 9

# Exhibit 9

1  KIRK NEVADA WALKER, ESQ.
   Nevada Bar No. 11315
2  **NEVADA WALKER, PLLC**
   400 S. 4th Street, Suite 500
3  Las Vegas, NV 89101
   Telephone:    (702) 793-4125
4  E-Mail: kirk@nevadawalker.com

5  Attorneys for Defendant/Counter-Claimant
   RAY WARREN EXLEY

6

                    **UNITED STATES DISTRICT COURT**
7
                         **DISTRICT OF NEVADA**
8

9  LEVERTY & ASSOCIATES LAW CHTD., a        Case No.: 3:17-00175-MMD-VPC
   Nevada Corporation,
10
                     Plaintiff,
11                                          **REPLY IN SUPPORT OF MOTION**
   v.                                       **TO QUASH WRIT OF**
12                                          **EXECUTION**
   RAY WARREN EXLEY, an individual; DOES
13 I-XXX; and ABC CORPORATIONS A-Z;
   inclusive,
14
                     Defendants.
15 RAY WARREN EXLEY, an individual,

16                   Counter-Plaintiff,

17 v.

18 LEVERTY & ASSOCIATES LAW CHTD., a
   Nevada Corporation; DOES I-XXX; and ABC
19 CORPORATIONS A-Z, inclusive,

20                   Counter-Defendants.

21         COMES NOW, Defendant/Counter-Plaintiff RAY WARREN EXLEY, by his estate's personal

22 representative JULIANA LOZA, through counsel Kirk Nevada Walker, Esq., of the law firm Nevada

23 Walker, PLLC, and hereby files the following Reply in Support of the Motion to Quash Writ of

24 Execution that was entered on March 12, 2021 (ECF No. 182) in this matter.

25         This Reply is based upon the Pleadings and Papers on file with this Court, the below

26 // //

27 // //

28 // //

NEVADA WALKER, PLLC
400 S. 4TH ST., STE. 500
LAS VEGAS, NV 89101

memorandum of points and authorities, and oral argument that will be entertained by this Court.

Dated this 10th day of April 2021.

NEVADA WALKER, PLLC

By: _____
KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
400 S. 4th Street, Suite 500
Las Vegas, NV 89101

Attorneys for Defendant/Counter-Claimant
RAY WARREN EXLEY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff's Opposition provides no legal support for the Court entering a Writ of Execution naming a non-party and non-resident of Nevada, Juliana Loza, as a Judgment Debtor and seizing the property of a non-party. The Writ of Execution also authorized the seizure of the real property asset known as 429 Panorama Drive, which real property is not owned by any party in this litgation and is improper. Therefore, Defendant respectfully moves to quash the Writ of Execution entered on March 12, 2021 (ECF No. 182).

### II.

### STATEMENT OF FACTS

The Settlement Agreement expressly states that "Loza is not a party to the Litigation but has been made a party to this Settlement Agreement…" [1] Plaintiff provides no evidence that Loza consented to be a party in this litigation and there are presently zero causes of action or claims against her listed in any of the pleadings in this matter.

// //

// //

---

[1] *See Plaintiff's Opposition*, p.4, ls.14-15.

2

### III.

### LEGAL ARGUMENT

**(A)** **NEITHER NRS 31.010(1) NOR NRS 31.240 SUPPORT A WRIT OF ATTACHMENT IN THIS MATTER**

NRS 31.010(1) provides that the Court can only attach property of the Defendant and not the property of a separate entity. It provides:

> "1. Except as otherwise provided in subsection 2, the plaintiff at the time of issuing the summons, or at any time thereafter, may apply to the court for an order directing the clerk to issue a writ of attachment and thereby cause ***the property of the defendant*** to be attached as security for the satisfaction of any judgment that may be recovered, ***unless the defendant gives security*** to pay such judgment as provided in this chapter."

Emphasis added.

State law does not allow Plaintiff to seize the property owned by a separate legal entity or the property of an individual that is not a "defendant" in this litigation. Allowing a writ of attachment to seize property of a separate legal entity or individual who is not a defendant is clear error. Moreover, even if the Court somehow could assert jurisdiction over a separate legal entity or individual who is not a party to this litigation, those entities or persons would be given an opportunity to "give security" instead of allowing the writ to issue.

Plaintiff cites NRS 31.240 to support its conclusion that the writ of attachment was proper.[2] However, NRS 31.240 applies to writs of garnishments and not writs of attachments. Even so, NRS 31.240 also limits writs of garnishments the "money, credits, effects, debts, choses in action and other personal property ***of the defendant*** in the possession or under the control of any third person to be attached as security for any judgment the plaintiff may recover ***in the action against the defendant***." Emphasis added. Loza is not on any proper caption, nor has she been served with any causes of action against her and is not a defendant or party in this litigation, despite being ordered to appear and despite being included in the settlement agreement. To hold that a person or party in a settlement agreement is tantamount to being a party in litigation is clear error and entirely dismisses all court rules and state statutes.

---

[2] *See Plaintiff's Opposition*, p.6, ls.12-13.

3

Consequently, neither NRS 31.010(1) nor NRS 31.240 support a writ of attachment against property owned by an individual or separate legal entity that is not a defendant in this matter. Therefore, Defendant's Motion to Quash should be granted.

**(B)** **THE SETTLEMENT AGREEMENT SUPPORTS THAT LOZA IS NOT A DEFENDANT OR PARTY IN THIS LITIGATION**

After Plaintiff wrongly asserted the Settlement Agreement gave it some legal right to the Property, Plaintiff now wrongly contends that somehow the Settlement Agreement makes Loza a party and Defendant in this litigation and therefore liable for all damages.

The Settlement Agreement is clear that "Loza is not a party to the Litigation but has been made a party to this Settlement Agreement…" [3] To somehow construe that to mean that Loza is a party and a Defendant in this litigation is error. Loza's intent to not be a party is clear as the Settlement Agreement contains no verbiage substituting Loza in as a Defendant or that she individually would be liable for any of the damages asserted by Plaintiff. There is no evidence presented by Plaintiff that Loza is personally a party to this lawsuit or that Plaintiff has any causes of action against her that would warrant her becoming a Defendant or judgment debtor in this suit. Being part of a settlement agreement does not make one a Defendant in litigation. This is especially so when the Settlement Agreement expressly states that Loza is not a party to the Litigation.

Plaintiff contends that Loza is a party because the Court ordered Loza to appear. However, the Court can order any entity or individual to appear if it requires the same. Courts typically require insurance carrier representatives to appear at hearings or mandatory settlement conferences, but it does not make the insurance carrier or the individual representative a party to the case. Plaintiff does not cite any legal authority for its assertion that a party ordered to appear becomes a party/defendant/judgment debtor by complying with the same.

Plaintiff contends that Loza should be a party/defendant/judgment-debtor because her funds were going to pay for settlement. First and foremost, the Settlement Agreement contains the full terms of the settlement and Loza does not commit to paying any of the damages. Second, paying for a

---

[3] *See Plaintiff's Opposition*, p.4, ls.14-15.

4

settlement does not make one a party. It is commonplace for insurance carriers to pay for the settlements of its insureds and they never become a party upon that payment taking place. Plaintiff fails to cite any legal authority to support the assertion that paying a settlement amount makes the payor a party/defendant/judgment-debtor.

Plaintiff provides no evidence that Loza intended to take on the liability asserted by Plaintiff and the Settlement Agreement contradicts Plaintiff's argument and expressly states that she is NOT a party. Therefore, a Writ of Attachment should not issue against her and she should not haphazardly become a party/defendant/judgment debtor.

**(C)      THE MOTION TO QUASH IS RIPE**

Plaintiff argues that the Motion to Quash is not ripe because it has not been served, but provides no legal support for the assertion or citations to any statutory or case law. Presently there exists a Writ of Attachment against Loza individually which is actionable and enforceable against her personally and was done pursuant to the Court's power. Loze has been denied two loans on the Property because her only collateral is under a Federal Writ and could be seized by Federal Marshalls at any moment. This has resulted in fees and costs unnecessarily being incurred in order to dispute this injustice. Damage has been sustained and the Motion to Quash is ripe and further damage is not required to be ripe.

**(D)      THE PROPERTY WAS NOT SUBJECT TO THE SETTLEMENT AGREEMENT**

Plaintiff incorrectly asserts that the Property was subject to the Settlement Agreement, but does not list any verbiage from the Settlement Agreement to support this claim or address the Ninth Circuit Court of Appeals' finding that the Settlement Agreement did not give Plaintiff any legal interest in the Property.

The Ninth Circuit Court of Appeals already analyzed the Settlement Agreement and found:

> "Leverty argues that the district court's order enforcing the settlement agreement with Exley gave Leverty an entitlement to the Property. We disagree. The relevant part of the order provides that "to the extent that Exley . . . wished to obtain refinancing" to perform the agreement, Leverty would work in good faith to accommodate such refinancing. That provision does not obligate Exley to refinance the Property. Nor does the agreement

1    give Leverty any legal interest in the Property; Leverty's interest remains
     limited to the money judgment only." [4]

2

3    The Ninth Circuit's interpretation of the Settlement Agreement is binding on this Court and must

4    be followed. Referencing that a party had the option to refinance the Property is not equivalent to the

5    Property being subject to the Settlement Agreement, which is why both Plaintiff's liens on the Property

6    and its *lis pendens* on the Property has been expunged pursuant to Court order already.

7    Despite the clear findings of the higher court, Plaintiff continues to include the Property in the

8    Writ of Execution, causing Defendant and non-party Loza to incur additional attorney's fees and costs.

9    Therefore, Defendant submits this Motion to Quash the improper Writ of Execution and to award fees

10   and costs for the filing of the same and correct any public record that references Loza being a judgment

11   debtor or liable for any of Plaintiff's damages.

12                                          **IV.**

13                                  **CONCLUSION**

14   For the reasons stated above, Defendant moves to quash the improper Writ of Execution as it

15   names Loza as an individual judgment debtor despite there being no claims against Loza in any pleading

16   or judgment against her in this lawsuit. The Writ of Execution also improperly ordered the Property to

17   be seized despite the Ninth Circuit Court of Appeals finding that the settlement agreement gave no

18   interest to Plaintiff in the Property and that the Property is not owned by any Defendant. Defendant

19   moves to quash the Writ and respectfully requests fees and costs be awarded to Defendant for its

20   payment of fees and costs to file these papers.

21   The undersigned hereby affirms that the preceding document does not contain the social security

22

23

24

25   // //

26   // //

27   // /

28
     _____
     [4] See Exhibit A to Motion to Quash, p.3.

                                            6

number of any person.

Dated this 10th day of April, 2021.

NEVADA WALKER, PLLC

By: _____
KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
400 S. 4th Street, Suite 500
Las Vegas, NV 89101

Attorneys for Defendant/Counter-Claimant
RAY WARREN EXLEY

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of April, 2021, I filed and served a true and correct copy of the foregoing, REPLY IN SUPPORT OF MOTION TO QUASH WRIT OF EXECUTION, by electronic mail transmission only, by electronic filing of a true and correct copy of the same to each party addressed on the Service List Manager.

By:

_____

An Employee of Nevada Walker, PLLC

# Exhibit 10

# Exhibit 10

## Bill Ginn

| | |
|---|---|
| **From:** | cmecf@nvd.uscourts.gov |
| **Sent:** | Friday, April 23, 2021 3:31 PM |
| **To:** | cmecfhelpdesk@nvd.uscourts.gov |
| **Subject:** | Activity in Case 3:17-cv-00175-MMD-WGC Leverty & Associates Law Chtd. v. Exley Order on Motion |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 4/23/2021 at 3:31 PM PDT and filed on 4/23/2021
**Case Name:** Leverty & Associates Law Chtd. v. Exley
**Case Number:** 3:17-cv-00175-MMD-WGC
**Filer:**
**WARNING: CASE CLOSED on 05/11/2018**
**Document Number:** 188(No document attached)

**Docket Text:**
**MINUTES OF PROCEEDINGS - Video Conference Motion Hearing held on 4/23/2021 before Chief Judge Miranda M. Du. Crtrm Administrator: *Peggie Vannozzi*; Pla Counsel: *Vernon Leverty, William Ginn*; Def Counsel: *Kirk Walker*; Court Reporter: *Kathy French*; Time of Hearing: *1:38 PM - 1:26 PM*; Courtroom: *5*; Juliana Loza joins by telephone late.**

**The Court notes that, as of the time the case is called, Ms. Loza has not joined the conference.**

**The Court makes preliminary remarks about the nature of this hearing. The Court has reviewed the Motion (ECF No. [184]) to quash writ of execution, the response (ECF no. [184]) and the reply (ECF No. [187].) Mr. Walker advises the Court that Ms. Loza has filed substitutions of party in other cases pending against Mr. Exley, but not in this one because it is closed. He requests that the Court allow Ms. Loza to be substituted in her capacity as personal representative for Mr. Exley's estate. The Court grants the request and directs the Clerk's Office to modify the docket to substitute Juliana Loza in her capacity as personal representative of the Estate of Ray Exley.**

**Mr. Walker and Mr. Ginn present argument on Defendants' motion to quash (ECF No. [184].) Ms. Loza joins by telephone during Mr. Walker's argument. The Court makes findings for the record and denies Defendant's motion to quash the writ of attachment (ECF No. [184].)**

**The Court will not impose further sanctions as to ECF No. [171]. The Court imposed sanctions (see ECF No. [144] at 8) and finds that Plaintiff remains entitled to those sanctions. Mr. Ginn asks the Court about imposition of interest on those sanctions. The Court denies Plaintiff's oral motion for a determination of interest on sanctions. The Court will not rule on the issue absent a written motion.**

**Mr. Walker requests clarification with regard to Ms. Loza. The Court is not quashing service of the writ on her as personal representative of the estate.**

**(no image attached) (Copies have been distributed pursuant to the NEF - PAV)**


**3:17-cv-00175-MMD-WGC Notice has been electronically mailed to:**

Day R. Williams (Terminated)    day_williams@sbcglobal.net

Vernon E. Leverty    gene@levertylaw.com, bill@levertylaw.com

William Ginn    bill@levertylaw.com, staff@levertylaw.com, wr.ginn@gmail.com

Patrick R. Leverty    pat@levertylaw.com, patleverty@gmail.com, staff@levertylaw.com

Kirk Nevada Walker    kirk@nevadawalker.com

Jess P. Rinehart    jess@levertylaw.com

**3:17-cv-00175-MMD-WGC Notice has been delivered by other means to:**

# Exhibit 11

# Exhibit 11

RECEIVED

MAY 24 2021

Douglas County
District Court Clerk

FILED

2021 MAY 25  AM 8: 50

BOBBIE R. WILLIAMS
CLERK

B C. WALKER DEPUTY

MAY 25 2021

Case No.: 2021-CV-00057

Dept No.:  I

This document does not contain personal information of any person

IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

LEVERTY & ASSOCIATES LAW CHTD.,

Plaintiff,

v.

Athena Medical Group Defined Contribution
Pension Plan and Trust Number Three; et al.

Defendants.

### JUDGMENT BY DEFAULT

Judgment by Default against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada

Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee

of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings

individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical

Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena

Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group

Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined

Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust

Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada

non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray

Exley Estate.

This matter came before the Court on Plaintiff Leverty & Associates Law Chtd.'s Application for Judgment by Default. The Court, having review the file, the pleadings therein, the argument of counsel, and the evidence presented, THE COURT HEREBY FINDS:

1. On March 23, 2021, Leverty & Associates Law Chtd. ("Leverty") filed a Complaint against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate. (Hereinafter Collectively "Defaulted Defendants").

2. On March 31, 2021, Defendant Juliana Mayer Loza was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

3. On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza, and no further time has been requested or granted.

4. On March 31, 2021, Defendant Ray W. Exley M.D. Nevada Family Trust was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

5.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ray W. Exley M.D. Nevada Family Trust, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ray W. Exley M.D. Nevada Family Trust, and no answer or other appearance had been filed by Defendant Ray W. Exley M.D. Nevada Family Trust, and no further time has been requested or granted.

6.    On March 31, 2021, Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

7.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

8.    On March 31, 2021, Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

9.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the

date of service, had expired since service upon Defendant Ingrid Van Vuerings individually and as a

Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined

Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant

Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of

the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been

requested or granted.

10.    On March 31, 2021, Defendant Juliana Mayer Loza as Trustee of Athena Medical Group,

Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which

was filed with the Court on April 14, 2021.

11.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana

Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more

than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer

Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer

or other appearance had been filed by Defendant Juliana Mayer Loza as Trustee of Athena Medical

Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

12.    On March 31, 2021, Defendant Ingrid Van Vuerings as Trustee for Athena Medical

Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and

Complaint, which was filed with the Court on April 14, 2021.

13.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van

Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as

more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ingrid

Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.,

and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

14.    On March 31, 2021, Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

15.    On April 23, 2021, the Clerk of the Court entered Default against Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no further time has been requested or granted.

16.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

17.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

18.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

19.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

20.    On April 9, 2021, Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

21.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no answer or other appearance had been filed by Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no further time has been requested or granted.

22.    On April 9, 2021, Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

23.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, and no answer or other

1    appearance had been filed by Defendant Juliana Mayer Loza as Special Administrator and Personal

2    Representative of Ray Exley Estate.

3        24.    On or about May 21, 2021, Plaintiff Leverty & Associates Law Chtd. filed an

4    Application for Judgment by Default against the Default Defendants which was dated May 21, 2021.

5        25.    The Application for Judgment by Default provides, and is supported by attached exhibits

6    that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its

7
8    physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in

9    accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform

10   Act), on or about May 12, 2017, when title to Assessor Parcel No. 1318-25-111-017 was transferred

11   pursuant to a "Quitclaim Deed" from Ray Warren Exley, M.D. to Ray Warren Exley, as Trustee of the

12   Ray Warren Exley, M.D. Nevada Family Trust.  ("First Fraudulent Transfer").

13       26.    . The Application for Judgment by Default provides, and is supported by attached exhibits

14   that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its

15
16   physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in

17   accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform

18   Act), on or about February 23, 2018, when title to Assessor Parcel No. 1318-25-111-017 was transferred

19   pursuant to a "Quitclaim Deed" from the Ray Warren Exley, M.D. Nevada Family Trust to Athena

20   Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Second Fraudulent

21   Transfer").

22       27.    The Application for Judgment by Default provides, and is supported by attached exhibits

23
24   that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its

25   physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in

26   accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform

27   Act), on or about January 22, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred

JUDGMENT BY DEFAULT

1  pursuant to a "Quit Claim Deed" from Athena Medical Group Defined Contribution Pension Plan and

2  Trust Number Three to Juliana Mayer Loza. ("Third Fraudulent Transfer").

3       28.    The Application for Judgment by Default provides, and is supported by attached exhibits

4  that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its

5  physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in

6  accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform

7  Act), on or about March 30, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred

8  pursuant to a "Quit Claim Deed" from to Juliana Mayer Loza to Athena Medical Group Defined

9  Contribution Pension Plan and Trust Number Three.  ("Fourth Fraudulent Transfer").

10

11      29.    Pursuant to Nevada law, and the provisions of Nevada Revised Statute Chapter 112 –

12  Fraudulent Transfers (Uniform Act), the First Fraudulent Transfer, Second Fraudulent Transfer, Third

13  Fraudulent Transfer and Fourth Fraudulent Transfer, are all void.

14      IT IS HEREBY ORDERED:

15      1.     The May 12, 2017, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-

16
17  017, Douglas County Recorder Document No. 2017-898535, is hereby void.

18      2.     The February 23, 2018, transfer of title to Douglas County Assessor Parcel No. 1318-25-

19  111-017, Douglas County Recorder Document No. 2018-910723, is hereby void.

20
21      3.     The January 22, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-

22  111-017, Douglas County Recorder Document No. 2021-960445, is hereby void.

23      4.     The March 30, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-

24  111-017, Douglas County Recorder Document No. 2021-964432, is hereby void.

25      5.     Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical

26  address of 429 Panorama Drive, Stateline, Nevada 89449, hereby reverts back and is to be titled in the

27  name of Ray Warren Exley, M.D.

6.    Upon any foreclosure on Douglas County Assessor Parcel No. 1318-25-111-017, after payment of monies to the foreclosing party/lender, the trustee or agent for the foreclosing party shall deposit all remaining monies with the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas so that such funds may be safeguarded and deposited into a blocked financial account until such time they can be properly allocated or disbursed.

DATED this 25 day of May, 2021

DISTRICT COURT JUDGE

JUDGMENT BY DEFAULT

# Exhibit 12

# Exhibit 12

APN#  1318-25-111-017

**Recording Requested by:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

DOUGLAS COUNTY, NV
Rec:$40.00
Total:$40.00
LEVERTY & ASSOCIATES LAW

**2021-968971**
06/11/2021 01:12 PM
Pgs=11

0013655520210968971011015

KAREN ELLISON, RECORDER                E03

**When Recorded Mail to:**
Name: Leverty & Associates Law
Address: 832 Willow St.
City/State/Zip: Reno, NV 89502

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

( for Recorder's use only )

JUDGMENT BY DEFAULT

## ( Title of Document )

### Please complete Affirmation Statement below:

[X] I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

[ ] I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:_____
                                    (State specific law)

Signature _____          Title _____

Jess Rinehart
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.          (Additional recording fee applies)

RECEIVED

MAY 24 2021

Douglas County
District Court Clerk

FILED

2021 MAY 25  AM 8 58

ROGER WILLIAMS
CLERK
BY _____ DEPUTY

Case No.: 2021-CV-00057

Dept No.: 1

This document does not contain personal information of any person

IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

LEVERTY & ASSOCIATES LAW CHTD.,

Plaintiff,

v.

Athena Medical Group Defined Contribution
Pension Plan and Trust Number Three; et al.

Defendants.

## JUDGMENT BY DEFAULT

Judgment by Default against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada

Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee

of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings

individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical

Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena

Medical Group. Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group

Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined

Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust

Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada

non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray

Exley Estate.

This matter came before the Court on Plaintiff Leverty & Associates Law Chtd.'s Application for Judgment by Default. The Court, having review the file, the pleadings therein, the argument of counsel, and the evidence presented, THE COURT HEREBY FINDS:

1.    On March 23, 2021, Leverty & Associates Law Chtd. ("Leverty") filed a Complaint against Defendants Juliana Mayer Loza; Ray W. Exley M.D. Nevada Family Trust; Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three; Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two; Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Athena Medical Group, Inc. Defined Contribution Plan Number Two; Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd.; Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity and Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate. (Hereinafter Collectively "Defaulted Defendants").

2.    On March 31, 2021, Defendant Juliana Mayer Loza was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

3.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza, and no further time has been requested or granted.

4.    On March 31, 2021, Defendant Ray W. Exley M.D. Nevada Family Trust was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

5.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ray W. Exley M.D. Nevada Family Trust, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ray W. Exley M.D. Nevada Family Trust, and no answer or other appearance had been filed by Defendant Ray W. Exley M.D. Nevada Family Trust, and no further time has been requested or granted.

6.    On March 31, 2021, Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

7.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as a Corporate Officer of Athena Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

8.    On March 31, 2021, Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

9.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, as more than 21 days, exclusive of the

date of service, had expired since service upon Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings individually and as a Corporate Officer of Athena Medical Group and as Trustee of the Athena Medical Group Defined Pension Plan and Trust Number Three, and no further time has been requested or granted.

10.    On March 31, 2021, Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

11.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Juliana Mayer Loza as Trustee of Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

12.    On March 31, 2021, Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

13.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Ingrid Van Vuerings as Trustee for Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Ingrid Van Vuerings as Trustee for

Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

14.    On March 31, 2021, Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

15.    On April 23, 2021, the Clerk of the Court entered Default against Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no answer or other appearance had been filed by Defendant Athena Medical Group Defined Contribution Pension Plan and Trust Number Three, and no further time has been requested or granted.

16.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

17.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Contribution Plan Number Two, and no further time has been requested or granted.

18.    On March 31, 2021, Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd. was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

19.    On April 23, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no answer or other appearance had been filed by Defendant Athena Medical Group, Inc. Defined Benefit Pension Plan and Trust Chtd., and no further time has been requested or granted.

20.    On April 9, 2021, Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

21.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no answer or other appearance had been filed by Defendant Athena Medical Group Inc., a Nevada Corporation aka Athena Medical Group Corp., a Nevada non-filing entity, and no further time has been requested or granted.

22.    On April 9, 2021, Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate was served a copy of the Summons and Complaint, which was filed with the Court on April 14, 2021.

23.    On May 7, 2021, the Clerk of the Court entered Default against Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, as more than 21 days, exclusive of the date of service, had expired since service upon Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate, and no answer or other

appearance had been filed by Defendant Juliana Mayer Loza as Special Administrator and Personal Representative of Ray Exley Estate.

24.    On or about May 21, 2021, Plaintiff Leverty & Associates Law Chtd. filed an Application for Judgment by Default against the Default Defendants which was dated Mary 21, 2021.

25.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate. Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about May 12, 2017, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from Ray Warren Exley, M.D. to Ray Warren Exley, as Trustee of the Ray Warren Exley, M.D. Nevada Family Trust. ("First Fraudulent Transfer").

26.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate. Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about February 23, 2018, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quitclaim Deed" from the Ray Warren Exley, M.D. Nevada Family Trust to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Second Fraudulent Transfer").

27.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate. Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about January 22, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred

pursuant to a "Quit Claim Deed" from Athena Medical Group Defined Contribution Pension Plan and Trust Number Three to Juliana Mayer Loza. ("Third Fraudulent Transfer").

28.    The Application for Judgment by Default provides, and is supported by attached exhibits that demonstrate, Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, was fraudulently transferred in accordance with the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), on or about March 30, 2021, when title to Assessor Parcel No. 1318-25-111-017 was transferred pursuant to a "Quit Claim Deed" from to Juliana Mayer Loza to Athena Medical Group Defined Contribution Pension Plan and Trust Number Three. ("Fourth Fraudulent Transfer").

29.    Pursuant to Nevada law, and the provisions of Nevada Revised Statute Chapter 112 – Fraudulent Transfers (Uniform Act), the First Fraudulent Transfer, Second Fraudulent Transfer, Third Fraudulent Transfer and Fourth Fraudulent Transfer, are all void.

IT IS HEREBY ORDERED:

1.    The May 12, 2017, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2017-898535, is hereby void.

2.    The February 23, 2018, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2018-910723, is hereby void.

3.    The January 22, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-960445, is hereby void.

4.    The March 30, 2021, transfer of title to Douglas County Assessor Parcel No. 1318-25-111-017, Douglas County Recorder Document No. 2021-964432, is hereby void.

5.    Douglas County Assessor Parcel No. 1318-25-111-017, commonly known by its physical address of 429 Panorama Drive, Stateline, Nevada 89449, hereby reverts back and is to be titled in the name of Ray Warren Exley, M.D.

6.    Upon any foreclosure on Douglas County Assessor Parcel No. 1318-25-111-017, after payment of monies to the foreclosing party/lender, the trustee or agent for the foreclosing party shall deposit all remaining monies with the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas so that such funds may be safeguarded and deposited into a blocked financial account until such time they can be properly allocated or disbursed.

DATED this ⚡5 day of _May_____, 2021

DISTRICT COURT JUDGE

CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original in file and of record in my office.
DATE 6 - 11 - 21
BOBBIE R. WILLIAMS , Clerk of Court of the State of Nevada, in and for the County of Douglas,
By _____ , Deputy

JUDGMENT BY DEFAULT

# Exhibit 13

# Exhibit 13



# DOUGLAS COUNTY, NEVADA
# ASSESSOR'S OFFICE
## Trent A. Tholen, Assessor

| Assessor Home | Personal Property | Sales Data | Annual Taxes | Recorder Website |

## Parcel Detail for Parcel # 1318-25-111-017

Prior Parcel # [ 0000-07-324-110 ]

### Location

Property Location 429 PANORAMA DR
Town KINGSBURY GID
District 410.0 - KINGSBURY GID
Subdivision KINGSBURY PALISADES    Lot 13    Block
Property Name

[ Add'l Addresses ]
[ Parcel Map ]

### Ownership

Assessed Owner Name EXLEY, RAY WARREN MD
Mailing Address
    9504 HIGHRIDGE PL
    BEVERLY HILLS, CA 90210
Legal Owner Name EXLEY, RAY WARREN MD

[ Ownership History ]
[ Document History ]

Vesting Doc #, Date [ 968971 ]  06/11/2021  Year / Book / Page 21 / 6 / 0

Map Document #/s

### Description

Total Acres .550            Square Feet 23,958
Ag Acres .000              W/R Acres .000
                           Improvements
Single-family Detached 1    Non-dwelling Units 0
Single-family Attached 0    Mobile Home Hookups 0        Stories 1.0
Multiple-family Units 0     Wells 0                      Garage Square Ft... 576
Mobile Homes 0             Septic Tanks 0               Attached / Detached A
Total Dwelling Units 1      Buildings Sq Ft 0

[ Improvement List ]       Residence Sq Ft 1,896
[ Improvement Sketches ]   Basement Sq Ft 0
[ Improvement Photos ]     Finished Basement SF 0

### Appraisal Classifications

Current Land Use Code 200  [ Code Table ]

Zoning Code(s)

Re-appraisal Group 1        Re-appraisal Year 2020
Original Construction Year 1971    Weighted Year

### Assessed Valuation

| Assessed Values | 2021-22 | 2020-21 | 2019-20 |
|---|---|---|---|
| Land | 164,500 | 164,500 | 164,500 |
| Improvements | 25,492 | 26,002 | 26,499 |
| Personal Property | 0 | 0 | 0 |
| Ag Land | 0 | 0 | 0 |
| Exemptions | 0 | 0 | 0 |
| Net Assessed Value | 189,992 | 190,502 | 190,999 |
| Increased (New) Values | | | |
| Land | 0 | 0 | 0 |
| Improvements | 0 | 0 | 0 |
| Personal Property | 0 | 0 | 0 |

### Taxable Valuation

| Taxable Values | 2021-22 | 2020-21 | 2019-20 |
|---|---|---|---|
| Land | 470,000 | 470,000 | 470,000 |
| Improvements | 72,834 | 74,291 | 75,711 |
| Personal Property | 0 | 0 | 0 |
| Ag Land | 0 | 0 | 0 |
| Exemptions | 0 | 0 | 0 |
| Net Taxable Value | 542,834 | 544,291 | 545,711 |
| Increased (New) Values | | | |
| Land | 0 | 0 | 0 |
| Improvements | 0 | 0 | 0 |
| Personal Property | 0 | 0 | 0 |

[ Back to Search List ]

## Ownership History for Parcel # 1318-25-111-017

### Current Owners

| Name | From |
|------|------|
| EXLEY, RAY WARREN MD<br><br>9504 HIGHRIDGE PL<br>BEVERLY HILLS, CA 90210 | 2021 |

### Prior Owners

| Name | From | To |
|------|------|-----|
| LOZA, JULIANA MAYER<br>C/O GORDEN GORDEN LAWYERS<br>1200 WHISHIRE BL STE #608<br>LOS ANGELES, CA 90017 | 2021 | 2021 |
| CONTRIBUTION PLAN AND TRUST #3 | 2021 | 2021 |
| ATHENA MEDICAL GROUP DEFINED<br><br>9504 HIGHRIDGE PL<br>BEVERLY HILLS, CA 90210 | 2021 | 2021 |
| ATHENA MED GRP PEN PLAN & TRUST<br>195 HWY 50 STE 104<br>PMB 7172-262<br>STATELINE, NV 89449 | 2020 | 2021 |
| DOUGLAS COUNTY TRUSTEE<br>C/O CLERK-TREASURER<br>PO BOX 218<br>MINDEN, NV 89423 | 2019 | 2020 |
| ATHENA MED GRP PEN PLAN & TRST<br><br>195 HWY 50 STE 104 MB 7172-262<br>STATELINE, NV 89449 | 2018 | 2019 |
| EXLEY, RAY WARREN M D TTEE<br><br>9504 HIGH RIDGE PL<br>BEVERLY HILLS, CA 90210 | 2016 | 2018 |
| EXLEY, RAY WARREN TTEE | 2015 | 2016 |
| EXLEY NEVADA FAMILY TRUST<br><br>9504 HIGH RIDGE PL<br>BEVERLY HILLS, CA 90210 | 2015 | 2016 |
| O'BRIEN, LOIS | 1983 | 2016 |
| EXLEY, RAY WARREN<br><br>9504 HIGH RIDGE RD<br>BEVERLY HILLS, CA 90210 | 1983 | 2015 |

NOTE: This is not a complete history and should not be used in place of a title search.

Go Back

# Exhibit 14

# Exhibit 14

## HARRIS LAW PRACTICE LLC
### ATTORNEY AND COUNSELOR AT LAW
STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

June 22, 2021

*Via Email- geneva@allied1031exchange.net -- and -*
*Facsimile- 888-313-0021*
Allied Foreclosure Services
190 W. Huffaker Lake, #408
Reno, NV 89511

   Re: **Juliana Mayer Loza Chapter 13 BK-21-50466-btb**
     **APN: 1318-25-111-017- 425 Panorama Drive, Stateline, NV 89449**

To Whom It May Concern:

   This law firm represents Juliana Mayer Loza in a Chapter 13 bankruptcy case filed in the United States Bankruptcy Court, Reno, Nevada, on June 22, 2021.   Enclosed please find a copy of the Notice of Bankruptcy Case Filing.

   In that regard, it is our understanding that a trustee's foreclosure sale is scheduled to occur on Wednesday, June 23, 2021, with respect to the Debtor's real property located at 425 Panorama Drive, Stateline, NV 89449, identified as your Foreclosure No. 18034.

   Also enclosed herewith are two (2) Quit Claim Deeds recorded in Douglas County, State of Nevada, showing the subject real property title in Ms. Loza's name.  Ms. Loza also has a beneficial interest in the Athena Medical Group Defined Contribution Pension Plan and Trust Number Three.

   Due to Ms. Loza's Chapter 13 filing, the 11 U.S.C. §362(a) bankruptcy automatic stay is in effect as to any pending collection or foreclosure actions. Please confirm that your scheduled trustee's foreclosure sale will <u>not</u> take place as currently scheduled.

   Thank you.

        Very truly yours,
        */s/ Stephen R. Harris*
        STEPHEN R. HARRIS, ESQ.

Encl.
cc: Leverty & Associates Law, CHTD.,
  Attn: Vernon E. Leverty, Esq. and William R. Ginn, Esq.(via email)
  Juliana Mayer Loza (via email)

**Jess Rinehart**

| | |
|---|---|
| From: | Bill Ginn |
| Sent: | Thursday, June 24, 2021 4:26 PM |
| To: | Gene Leverty; Patrick Leverty; Jess Rinehart |
| Subject: | Fwd: J. Mayer Loza Chapter 13- Order Shortening Time- hearing tomorrow June 25 at 10:00 a.m. |
| Attachments: | 11--Order Shortening Time- Mtn for Sanctions and to Declare Foreclosure Sale Void.pdf |

Get Outlook for iOS

---

**From:** Steve Harris <steve@harrislawreno.com>
**Sent:** Thursday, June 24, 2021 3:57 PM
**To:** Bill Ginn; law@ottoltd.com
**Cc:** Gene Kaufmann; juliana.loza@julianaloza.com
**Subject:** J. Mayer Loza Chapter 13- Order Shortening Time- hearing tomorrow June 25 at 10:00 a.m.

Hello Bill and Judy-

Attached please find the entered Order Shortening Time setting the hearing on Ms. Loza's Motion for Sanctions for tomorrow June 25, 2021, at 10:00 a.m. in the United States Bankruptcy Court before Honorable Judge Beesley.  Per the Order Shortening Time, any opposition to the Motion must be filed and served by 9:00 a.m. tomorrow.

My office is currently preparing the Notice of Hearing on the Motion and my office will forward the Notice once filed.

**The hearing will be held telephonically.**  The call in information for Judge Beesley is as follows:

**Phone:  888-684-8852**
**Passcode:  2981680#**

This information can also be found on the U.S. Bankruptcy Court District of Nevada website under Judge Beesley's calendar
https://www.nvb.uscourts.gov/calendars/webcalendars/Calendars/BTB%2006-25-2021.pdf

Thank you, Steve Harris
**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

1

# Exhibit 15

# Exhibit 15

APN: 1318-25-111-017

RECORDING REQUESTED BY and
**AFTER RECORDING MAIL THIS DOCUMENT TO:**
Gene M. Kaufmann, Esq.
SULLIVAN LAW
1625 State Route 88, Suite 401
Minden, NV 89423

**MAIL TAX STATEMENTS TO GRANTEE:**
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

DOUGLAS COUNTY, NV    **2021-969516**
Rec:$40.00
Total:$40.00    06/22/2021 03:03 PM
JULIANA L. LOZA    Pgs=4



001371682021096951604004S

KAREN ELLISON, RECORDER    E07

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.    *(Per NRS 239B. 030)*

## QUIT CLAIM DEED

The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three by and through its Trustee Committee and the Board of Directors of its sponsoring corporation, herein by and through its Co-Trustee and Corporate Officer/Secretary Ingrid van Vuerings, having determined by unanimous consent in consideration of the Distribution of some of her entitled ERISA Plan Benefits, does hereby QUIT CLAIM to **Juliana Mayer Loza** an individual, all rights, title and interest of the undersigned in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449, more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-964432.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title from a Tax Exempt ERISA Trust.

Dated: This ___21___ day of June, 2021 in Los Angeles County California. USA

By: _____

Ingrid van Vuerings, Co-Trustee
the ATHENA MEDICAL GROUP DEFINED
CONTRIBUTION PENSION PLAN AND
TRUST Number Three and Corporate Officer of the
Athena Medical Group, Inc., (Nevada)

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )      ss:
COUNTY OF LOS ANGELES        )

On _21 June 2021_ before me _Alexandra Kelsey_ notary public, personally appeared **Ingrid van Vuerings** who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within _Quit Claim Deed_ and acknowledged to me that she executed same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of California that the forgoing paragraph is true and correct.

WITNESS my hand and official seal.



ALEXANDRA KELSEY
COMM. #2228032
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires July 31, 2023

STATE OF NEVADA
DECLARATION OF VALUE

1.  Assessor Parcel Number(s)
    a)_____1318-25-111-017_____
    b)_____
    c)_____
    d)_____

2.  Type of Property:
    a) ☐ Vacant Land    b) ☑ Single Fam. Res.
    c) ☐ Condo/Twnhse   d) ☐ 2-4 Plex
    e) ☐ Apt. Bldg      f) ☐ Comm'l/Ind'l
    g) ☐ Agricultural   h) ☐ Mobile Home
    i) ☐ Other_____

    ┌─────────────────────────────────────┐
    │ FOR RECORDERS OPTIONAL USE ONLY      │
    │ BOOK_____PAGE_____         │
    │ DATE OF RECORDING:_____         │
    │ NOTES: _Trust of - 9_                │
    └─────────────────────────────────────┘

3.  Total Value/Sales Price of Property:                $_____
    Deed in Lieu of Foreclosure Only (value of property) (_____
    Transfer Tax Value:                                 $_____
    Real Property Transfer Tax Due:                     $ $0.00_____

4.  If Exemption Claimed:
    a.  Transfer Tax Exemption per NRS 375.090, Section # 7_____
    b.  Explain Reason for Exemption: A transfer of title to or from a trust without consideration

5.  Partial Interest:  Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature_____    Capacity _____Grantor_____

Signature_____    Capacity _____

SELLER (GRANTOR) INFORMATION          BUYER (GRANTEE) INFORMATION
        (REQUIRED)                            (REQUIRED)

Print Name: Ingrid van Vuerings, Trustee    Print Name: Juliana Mayer Loza
Address: 195 Hwy 50 Ste 104, P.M.B.7172-262  Address: 195 Hwy 50 Ste 104
City:    Stateline                           City: State Line
State: NV        Zip: 89449-7172             State: NV     Zip: 89449

COMPANY/PERSON REQUESTING RECORDING
        (required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law    Escrow #_____
Address: 1625 State Route 88, Ste. 401
City:    Minden                State: NV           Zip: 89423
            (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a)_____1318-25-111-017_____
   b)_____
   c)_____
   d)_____

2. Type of Property:
   a) ☐ Vacant Land    b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg     f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural  h) ☐ Mobile Home
   i) ☐ Other_____

   | FOR RECORDERS OPTIONAL USE ONLY |
   | BOOK_____ PAGE_____ |
   | DATE OF RECORDING:_____ |
   | NOTES: _Trust of - 91_ |

3. Total Value/Sales Price of Property:            $_____
   Deed in Lieu of Foreclosure Only (value of property)  (_____
   Transfer Tax Value:                             $_____
   Real Property Transfer Tax Due:                 $ $0.00_____

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7____
   b. Explain Reason for Exemption: A transfer of title to or from a trust without consideration
   _____

5. Partial Interest:  Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity _____Grantor_____

Signature _____    Capacity _____

SELLER (GRANTOR) INFORMATION              BUYER (GRANTEE) INFORMATION
         (REQUIRED)                               (REQUIRED)

Print Name: Ingrid van Vuerings, Trustee    Print Name: Juliana Mayer Loza
Address: 195 Hwy 50 Ste 104, P.M.B.7172-262  Address: 195 Hwy 50 Ste 104
City: Stateline                              City: State Line
State: NV        Zip: 89449-7172            State: NV        Zip: 89449

COMPANY/PERSON REQUESTING RECORDING
      (required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law    Escrow #_____
Address: 1625 State Route 88, Ste. 401
City: Minden              State: NV              Zip: 89423
       (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# Exhibit 16

# Exhibit 16

APN: 1318-25-111-017

RECORDING REQUESTED BY and
AFTER RECORDING MAIL THIS DOCUMENT TO:
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

MAIL TAX STATEMENTS TO GRANTEE:
Juliana Mayer Loza
c/o Gordon Gordon Lawyers
1200 Wilshire Blvd., Suite #608
Los Angeles, CA 90017

DOUGLAS COUNTY, NV
Rec:$40.00
Total:$40.00
JULIANA L. LOZA

2021-969515
06/22/2021 03:03 PM
Pgs=4

0013716720210969515004 0041

KAREN ELLISON, RECORDER          E07

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.                                              *(Per NRS 239B. 030)*

## QUIT CLAIM DEED

A default Judgment, entered in Douglas County District Court case number 2021-CV-00057, purported to vest title with RAY WARREN EXLEY, deceased. Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY contests the validity of the default judgment and contends that legal title remains vested with The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three. Therefore, Juliana Mayer Loza does hereby QUIT CLAIM any interest which the Estate may have to The ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST Number Three in and to real property Assessor's Parcel No. 1318-25-111-014, real property situated in the County of Douglas, State of Nevada, commonly known by its physical address: 429 Panorama Drive, Stateline, Nevada 89449,more particularly described as follows:

COMMENCING at the Southwest corner of said Lot 13, as said Lot is set forth on the map of Kingsbury Palisades; thence North 0°03'38" East, 58.73 feet the most Northerly corner of said Lot 13; thence East 117.33 feet to a point in the Westerly right of way line of Panorama Drive; thence Southeasterly along said right of way line along a curve concave to the Southeast with a central angle of 30°27'44" and a radius of 125.00 feet, and arc distance of 66.46 feet; thence South 41.33 feet to the Southeast corner of said Lot 13; thence continuing South 131.68 feet; thence North 89°54' West, 99.81 feet to a point from which the West 1/4 corner of said Section 25, bears South 29°12' West 1,347.78 feet; thence North 0°05' West132.00 feet to the point of beginning.

RESERVING therefrom that portion lying in the Southwest 1/4 of the Northwest 1/4 of Section 25, Township 13 North, Range 18 East, M.D.B. & M., all of the minerals and mineral ores of any kind, nature and description, on or beneath the surface of said land and of the right to mine and remove said minerals and mineral ores as reserve in the deed from Clover Valley Lumber Co,, a Nevada Corporation, to H.E. West, recorded December 22, 1947, in Book Y of Deeds, Page 321, Douglas Nevada. APN: 1318-25-111-014

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and any reversions, remainders, rents, issues or profits thereof.

This legal description was previously recorded 03/30/2021 as Document No. 2021-910723.

The undersigned Grantor declares:

**Documentary transfer tax is $0.00.** This conveyance is a transfer of title to a Tax Exempt ERISA Trust.

Dated: This ⟍2 2⟋ day of June, 2021 in Minden, Douglas County, Nevada.

By: _____

Juliana Mayer Loza, Special Administrator, of the Estate of RAY WARREN EXLEY

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF NEVADA          )
                         )      ss:
COUNTY OF DOUGLAS        )

On _June 22, 2021_ before me _Lisa Apple_
notary public, personally appeared Juliana Mayer Loza, Special Administrator, of the Estate of
RAY WARREN EXLEY who proved to me on the basis of satisfactory evidence to be the person
whose name is subscribed to the within _Quit Claim Deed_ and acknowledged to
me that she executed same in her authorized capacity, and that by her signature on the instrument
the person, or the entity upon behalf of which the person acted, executed the instrument

I certify under PENALTY of PERJURY under the laws of the State of Nevada that the forgoing
paragraph is true and correct.

WITNESS my hand and official seal.

_Lisa apple_



NOTARY PUBLIC
STATE OF NEVADA
County of Douglas
LISA APPLE
00-62875-5
My Appointment Expires September 11, 2021

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a) _____ 1318-25-111-017 _____
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land   b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse  d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg     f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural  h) ☐ Mobile Home
   i) ☐ Other _____

   FOR RECORDERS OPTIONAL USE ONLY
   BOOK_____ PAGE_____
   DATE OF RECORDING:_____
   NOTES:_____ _Trust OF - 9_
   _____

3. Total Value/Sales Price of Property:            $_____
   Deed in Lieu of Foreclosure Only (value of property)  (_____
   Transfer Tax Value:                             $_____
   Real Property Transfer Tax Due:                 $ $0.00_____

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section # 7 _____
   b. Explain Reason for Exemption: A transfer of title to or from a trust without consideration

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____  Capacity _____ Grantor _____

Signature _____  Capacity _____

SELLER (GRANTOR) INFORMATION              BUYER (GRANTEE) INFORMATION
        (REQUIRED)                                (REQUIRED)

Print Name: Juliana Moyer Loza             Print Name: Ingrid van Vuerings, Trustee
Address: 195 Hwy 50 Ste 104               Address: 195 Hwy 50 Ste 104, P.M.B.7172-262
City: Stateline                           City: Stateline
State: NV        Zip: 89449               State: NV        Zip: 89449-7172

COMPANY/PERSON REQUESTING RECORDING
        (required if not the seller or buyer)
Print Name: Gene M. Kaufmann Esq., Sullivan Law          Escrow # _____
Address: 1625 State Route 88, Ste. 401
City: Minden              State: NV              Zip: 89423
           (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)