STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE:<br><br>JULIANA MAYER LOZA,<br><br>Debtor.<br><br>_____/ | Case No. 21-50466-nmc<br>(Chapter 13)<br><br>**OPPOSITION TO TRUSTEE'S<br>MOTION TO DISMISS**<br><br>Hrg. Date:  October 12, 2021<br>Hrg. Time:  2:00 p.m. |

JULIANA MAYER LOZA, Debtor in the above-captioned Chapter 13 case, by and through her attorney STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, hereby files her Opposition to the TRUSTEE'S MOTION TO DISMISS (DE 27) ("Motion"), and states and alleges as follows:

1.  The Motion alleges that the Debtor: (1) failed to file a plan and/or schedules and statements; (2) failed to turnover requested tax returns for 2019 and 2020; (3) failed to file a plan that is feasible or that otherwise can be confirmed; (4) failed to provide the Trustee with documentation; and (5) had not appeared at a first meeting of creditors. *See Motion* at 2.

2.  The Debtor has filed her proposed Plan (DE 32), Schedules (DE 22) and Statement of Financial Affairs (DE 22). The Debtor also appeared at her properly noticed creditors' meeting on August 25, 2021, and the Trustee continued the meeting to November 17, 2021, at 11:30 a.m. The Debtor has not provided the Trustee with tax returns for 2019 and 2020 because the Debtor is a foreign national and has never had to file tax returns due to a lack of taxable income. In fact,

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1

as of the Petition Date, the Debtor did not have a social security number or tax identification number because she has never needed one. The Debtor also provided the Trustee with copies of her pre-petition bank statements and is not aware of any other documentation that is missing.

3. The Debtor filed a Motion for Reconsideration (DE 23) of this Court's prior order finding that she did not have a legal or equitable interest in the Stateline, Nevada house she shared with her deceased husband, even though the Debtor is the special administrator and sole beneficiary of her husband's estate. A hearing on the Motion for Reconsideration is scheduled for October 12, 2021, at 2:00 p.m. If this Court finds that the post-petition foreclosure sale of the Stateline residence is void, then the Debtor will have ample opportunity to fund her Plan and pay her creditors either from rental income or sales proceeds. Finally, the Debtor is current on her Plan payments.

## LEGAL ARGUMENT

Under 11 U.S.C. § 1307(c), the Court may convert or dismiss a case, whichever is in the best interest of creditors and the estate, for cause. 11 U.S.C. § 1307(c). Section 1307(c) then lists a non-exclusive list of factors which constitute cause. *Id*; *Brown v. Billingslea (In re Brown)*, No. SC-14-1388-JuKlPa, 2015 Bankr. LEXIS 3625 *16 (B.A.P. 9th Cir. Oct. 26, 2015). Thus, Section 1307(c) requires a two-step analysis; first the Court must determine there is "cause," then the Court must decide between conversion or dismissal based on the best interest of creditors and estate. *Brown*, 2015 Bankr. LEXIS 3625 *17 (quoting *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006)).

Here, no cause exists under Section 1307(c) to convert or dismiss the Debtor's case because the Debtor has filed her Plan, Schedules, Statement of Financial Affairs, provided documents to the Trustee, attended her first creditors' meeting, and made her Plan payments.

The Debtor's case is also relatively new—only three months old, so there is no evidence of prejudicial delay. What is more, the hearing on the Debtor's pending Motion for Reconsideration was delayed because the previously assigned judge announced his retirement, and it took a few weeks for a new judge to be assigned to the Debtor's case. The Debtor also has not had the benefit of even one Plan confirmation hearing, and it is premature to allege that the

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

2

Debtor's Plan is unconfirmable without even knowing the totality of creditors' claims filed in this Chapter 13 case.

### **CONCLUSION**

Based on the foregoing, the Debtor respectfully requests that this Court deny the Motion, or alternatively, continue the hearing for a later date to allow the Debtor time to cure any alleged deficiencies in the documentation provided to the Trustee; and for such other and further relief as is just and proper.

DATED this 28th day of September 2021.

/s/ Stephen R. Harris
_____
STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
Attorneys for Debtor

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

3