# Exhibit 3

# Exhibit 3

KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
**NEVADA WALKER, PLLC**
400 S. 4th Street, Suite 500
Las Vegas, NV 89101
Telephone: (702) 793-4125
E-Mail: kirk@nevadawalker.com

Attorneys for Defendant/Counter-Claimant
RAY WARREN EXLEY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEVERTY & ASSOCIATES LAW CHTD., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAY WARREN EXLEY, an individual; DOES I-XXX; and ABC CORPORATIONS A-Z; inclusive,<br><br>Defendants.<br>RAY WARREN EXLEY, an individual,<br><br>Counter-Plaintiff,<br><br>v.<br><br>LEVERTY & ASSOCIATES LAW CHTD., a Nevada Corporation; DOES I-XXX; and ABC CORPORATIONS A-Z, inclusive,<br><br>Counter-Defendants. | Case No.: 3:17-00175-MMD-VPC<br><br>**MOTION TO QUASH WRIT OF EXECUTION** |

COMES NOW, Defendant/Counter-Plaintiff RAY WARREN EXLEY, by his estate's personal representative JULIANA LOZA, through counsel Kirk Nevada Walker, Esq., of the law firm Nevada Walker, PLLC, and hereby files the following Motion to Quash Writ of Execution that was entered on March 12, 2021 (ECF No. 182) in this matter.

This Motion is based upon the Pleadings and Papers on file with this Court, the below memorandum of points and authorities, and oral argument that may be entertained by this Court, if any,

// //

// //

at the hearing of this Motion.

Dated this 19th day of March 2021.

                                       NEVADA WALKER, PLLC

By: _____
KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
400 S. 4th Street, Suite 500
Las Vegas, NV 89101

Attorneys for Defendant/Counter-Claimant
RAY WARREN EXLEY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This Court entered a Writ of Execution naming a non-party and non-resident of Nevada, Juliana Loza, as a Judgment Debtor. The Writ of Execution also authorized the seizure of the real property asset known as 429 Panorama Drive, which real property is not owned by any party in this litgiation.

The Writ of Execution surpasses the boundaries of the Court's authority as it does not have authority to assert jurisdiction over a non-party in this matter or the power to seize real property that is not owned by any party to this lawsuit. Therefore, Defendant respectfully moves to quash the Writ of Execution entered on March 12, 2021 (ECF No. 182).

### II.

### STATEMENT OF FACTS

On March 12, 2021, Plaintiff filed an Affidavit and Request for Issuance of Writ of Execution in this matter (ECF 181). Said Request attested that Juliana Loza was a Judgment Debtor "pursuant to the Court's March 19, 2018 Report and Recommendation (ECF 92 *Sealed*) and May 11, 2018 Order (ECF 102)."[1] Plaintiff's Affidavit references the February 25, 2019 Judgment (ECF 145) as the Judgment upon which the Writ of Execution is based.[2]

---

[1] ECF 181, ¶1.
[2] *Id.* at ¶3.

2

ECF 92 contains no language that supports the finding that Loza stipulated to being a party to this lawsuit or to owing any amount of Plaintiff's alleged damages. There is no evidence supporting the finding that Loza consented to jurisdiction to this court as a non-party to this lawsuit relating to any of Plaintiff's damages, even if she was involved in the settlement agreement.

A review of the sealed court proceedings (ECF 55-9 ps.16-17) supports the finding that Loza never stipulated to becoming a judgment debtor in this case or that she was liable to Plaintiff for any of the damages alleged in the underlying Complaint and any amendments thereto.

The Order Accepting and Adopting Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF 102) does not even contain the word Loza in the four corners of the document and provides no support for Loza consenting to becoming a party or a judgment debtor in any way. The Judgment dated February 25, 2019 Judgment (ECF 145) does not contain Loza's name and judgment was only granted against only a singular Defendant (Exley).

The Writ of Execution's caption does not contain Loza in it, yet still names her as a judgment debtor.[3] The Writ of Execution also incorrectly orders the U.S. Marshall to seize the real property located at 429 Panorama Drive, Stateline, Nevada 89449, APN: 1318-25-111-017 (hereinafter "Property"), as property of the judgment debtors, despite the Property not being owned by any parties to this case.

The Ninth Circuit Court of Appeals confirmed that the settlement agreement in this litigation did not affect the title of the Property.[4] The Ninth Circuit disagreed with Plaintiff that it was entitled to the Property because of the terms of the settlement agreement.[5] The Court specifically stated:

> "Leverty argues that the district court's order enforcing the settlement agreement with Exley gave Leverty an entitlement to the Property. We disagree. The relevant part of the order provides that "to the extent that Exley . . . wished to obtain refinancing" to perform the agreement, Leverty would work in good faith to accommodate such refinancing. That provision does not obligate Exley to refinance the Property. Nor does the agreement give Leverty any legal interest in the Property; Leverty's interest remains limited to the money judgment only."[6]

---

[3] ECF 182, p.1, ln.19.
[4] Memorandum dated December 11, 2020, attached hereto as <u>Exhibit A</u>, and incorporated herein by reference.
[5] Ex. A, p.3, ¶2.
[6] *Id.*

3

The Ninth Circuit's findings regarding the settlement agreement are binding on this Court and must be followed. Both Plaintiff's liens and its *lis pendens* has been expunged pursuant to Court order. Despite the orders and higher court's clear ruling on the settlement agreement, Plaintiff again attempts to include the Property in the Writ of Execution, causing Defendant to incur additional attorney's fees and costs.

On March 17, 2021, counsel for Loza attempted to meet and confer regarding this matter by sending email correspondence requesting the Writ of Execution be corrected.[7] At the time of this filing, Plaintiff did not respond to counsel's attempt to meet and confer, which necessitated the filing of this Motion.

## III.

## LEGAL ARGUMENT

### (A) LOZA IS NOT A PARTY TO THIS LITIGATION

Loza is not a party to this litigation and the court does not have personal or subject matter jurisdiction over her. Consequently, this Court cannot enter any judgments against her or writs that seize her personal assets, when there are no claims against her individually in any pleading.

Personal jurisdiction exists only if exercise of personal jurisdiction complies with Nevada's "long-arm" statute and federal due process standards. Nevada's "long-arm" statute provides for personal jurisdiction to the full extent of federal due process. Therefore, the Court need only apply federal due process standards to determine personal jurisdiction.[8] Here, there is no pleading with any claims or Causes of Action against Loza individually, therefore it is impossible that Loza can be liable for Plaintiff's damages in this matter against a separate individual or parties.

There is no general appearance by Loza in this litigation. "A general appearance is entered when a person (or the person's attorney) comes into court as party to a suit and submits to the jurisdiction of the court. A special appearance is entered when a person comes into court to test the court's jurisdiction

---

[7] *See* email correspondence from Mr. Walker to Mr. Ginn dated March 17, 2021 attached hereto as <u>Exhibit B</u>, and incorporated herein by reference.

[8] *Corbello v. DeVito*, 844 F. Supp. 2d 1136, 1148 (D. Nev. 2012).

4

or the sufficiency of service."[9] Loza never agreed to became a party to this lawsuit and therefore did not submit to this Court's jurisdiction. As such, the Court does not have general jurisdiction over Loza relating to Plaintiff's claims and only may have jurisdiction over her if Plaintiff alleges she breached the settlement agreement's terms.

As there are no Causes of Action against Loza and there is no appearance or answer filed by Loza in this litigation. There is no personal or subject matter jurisdiction asserted by this Court as a result of any pleading naming Loza. Despite this fact, Loza is now an individual judgment debtor in this litigation and personally named in the Court's Writ of Execution. As is discussed below, Defendant now moves to quash the Writ of Execution as it is not proper.

**(B) THERE IS NO JUDGMENT AGAINST LOZA**

FRCP 69 governs the execution of judgment. It provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."[10] FRCP 54(a) states "'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

There is no judgment against Loza in this litigation from which an appeal lies or which would cause Loza to be a judgment debtor. There is no money judgment naming Loza issued by this Court. Despite this fact, a Writ of Execution has been issued naming Loza individually as a judgment debtor and giving Plaintiff power to seize her personal assets despite the fact that she is not a party to this litigation, appears in no proper caption in the pleadings, and that no Complaint alleges any claims against her in any of the papers.

As there is no judgment against Loza, it is impossible for her to be a judgment debtor in this matter and therefore a Writ of Execution against her is not proper and should be expunged.

// //

// //

---

[9] *FRITZ HANSEN A/S v. Dist. Ct.*, 6 P.3d 982, 983, 116 Nev. 650 (Nev. 2000)(citing *Milton v. Gesler*, 107 Nev. 767, 769, 819 P.2d 245, 247 (1991)).
[10] Fed. R. Civ. P. 69(a).

5

**(C) THE SETTLEMENT AGREEMENT DOES NOT GIVE PLAINTIFF AN INTEREST IN THE PROPERTY.**

The Writ of Execution orders the seizure of the Property, which is not owned by any party in this matter and without any legal support to do so. The Ninth Circuit Court of Appeals already determined that the settlement agreement did not give Plaintiff any right to the title of the property.

The Court specifically stated:

> "Leverty argues that the district court's order enforcing the settlement agreement with Exley gave Leverty an entitlement to the Property. We disagree. The relevant part of the order provides that "to the extent that Exley . . . wished to obtain refinancing" to perform the agreement, Leverty would work in good faith to accommodate such refinancing. That provision does not obligate Exley to refinance the Property. Nor does the agreement give Leverty any legal interest in the Property; Leverty's interest remains limited to the money judgment only."[11]

The Ninth Circuit's findings regarding the settlement agreement are binding on this Court and must be followed. The higher court found that the settlement agreement in this matter did not give Plaintiff any legal interest in the property and that it only gave Plaintiff a money judgment. The Writ of Execution is not proper as it orders the seizure of the Property that is not owned by any party in this litigation. Both Plaintiff's liens on the Property and its *lis pendens* on the Property has been expunged pursuant to Court order.

Despite the previous orders releasing the liens on the Property and *lis pendens* on the Property and higher court's clear ruling on the settlement agreement in this matter, Plaintiff continued to include the Property in the Writ of Execution, causing Defendant and non-party Loza to incur needless attorney's fees and costs. Therefore, Defendant submits this Motion to Quash the improper Writ of Execution and to award fees and costs for the filing of the same and correct any public record that references Loza being a judgment debtor or liable for any of Plaintiff's damages.

// //

// //

// //

---

[11] *Id.*

6

## IV.

## **CONCLUSION**

Defendant moves to quash the improper Writ of Execution as it names Loza as an individual judgment debtor despite there being no claims against Loza in any pleading or judgment against her in this lawsuit. The Writ of Execution also improperly ordered the Property to be seized despite the Ninth Circuit Court of Appeals finding that the settlement agreement gave no interest to Plaintiff in the Property. Moreover, the Property is not owned by any party in this lawsuit and its title is not relevant to Plaintiff's claims in this action. Defendant moves to quash the Writ and respectfully requests fees and costs be awarded to Defendant for its payment of fees and costs to file this Motion.

The undersigned hereby affirms that the preceding document does not contain the social security number of any person.

Dated this 22nd day of March, 2021.

NEVADA WALKER, PLLC

By: _____
KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
400 S. 4th Street, Suite 500
Las Vegas, NV 89101

Attorneys for Defendant/Counter-Claimant
RAY WARREN EXLEY

7

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of March, 2021, I filed and served a true and correct copy of the foregoing, MOTION TO QUASH WRIT OF EXECUTION, by electronic mail transmission only, by electronic filing of a true and correct copy of the same to each party addressed on the Service List Manager.

By:

_/s/_____
An Employee of Nevada Walker, PLLC

# EXHIBIT A

9

# EXHIBIT B

10