# Exhibit 4

# Exhibit 4

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEVERTY & ASSOCIATES LAW, CHTD., A NEVADA CORPORATE ENTITY,
Appellant,
vs.
JULIANA LOZA EXLEY, SPECIAL ADMINISTRATOR OF THE ESTATE OF RAY WARREN EXLEY; THE RAY WARREN EXLEY, M.D. NEVADA FAMILY TRUST, RAY WARREN EXLEY, TRUSTEE; ATHENA MEDICAL GROUP, INC. E.R.I.S.A. RETIREMENT TRUST; ATHENA MEDICAL GROUP INC. DEFINED BENEFIT PENSION PLAN CHTD.; ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST NUMBER THREE; AND ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST NUMBER 3,
Respondents.

No. 80857

FILED
JUN 09 2021
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment in a foreclosure action. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

Appellant Leverty & Associates Law, CHTD (Leverty) successfully represented Ray Exley in an action regarding the ownership of

a Lake Tahoe property.[1] Exley failed to pay Leverty's attorney fees and Leverty brought a separate breach of contract action against Exley to recover those fees. While that matter was pending, Leverty also obtained an attorney's lien against the property. Leverty then obtained a personal judgment against Exley in the breach of contract action. A few months later, Leverty filed the underlying action to foreclose on the property under the attorney's lien. The district court concluded that the foreclosure action violated Nevada's one-action rule and dismissed the matter with prejudice.

Leverty contends that the one-action rule does not apply to attorney liens. We agree. NRS 40.430(1) provides, in relevant part, that "there may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate." NRS 40.428 defines a "[m]ortgage or other lien" as one that does not arise "pursuant to a judgment or decree of any court of competent jurisdiction." Attorney liens are judicial liens that attach by virtue of a judgment or decree. See NRS 18.015. Thus, they are not the type of lien to which NRS 40.430(1) applies. While an attorney lien is a debt, to conclude that NRS 40.430(1) could apply to such a debt, instead of only to debts or rights secured by *mortgages or other liens* upon real estate as those terms are defined in NRS 40.258, would render the second half of NRS 40.430(1) superfluous. This, we cannot do. *See Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014) (explaining that this court reviews questions of statutory interpretation de novo); *Orion Portfolio Servs. 2, LLC v. County of Clark*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010) (providing that this court

---

[1]Exley died during the pendency of this appeal and respondent Juliana Loza Exley, the administrator of his estate, has been substituted in his place.

must construe statutes as a whole, considering all provisions together, and ensuring that no part of the statute is rendered meaningless). Accordingly, the district court erred when it concluded that the underlying matter was precluded by the one-action rule, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Thomas W. Gregory, District Judge
Leverty & Associates Law, Chtd.
Athena Medical Group Defined Contribution Pension Plan and Trust Number 3
Athena Medical Group Defined Contribution Pension Plan and Trust Number Three
Athena Medical Group Inc. Defined Benefit Pension Plan Chtd.
Athena Medical Group, Inc. E.R.I.S.A. Retirement Trust
Nevada Walker, PLLC
Douglas County Clerk