# Exhibit 6

# Exhibit 6

RECEIVED

JUL 1 5 2021

Douglas County
District Court Clerk

FILED

2021 JUL 15 PM 1: 25

BOBBIE R. WILLIAMS
CLERK

BY _____ DEPUTY

JUL 1 9 2021

1  KIRK N. WALKER. ESQ.
   Nevada Bar No. 11315
2  **NEVADA WALKER, PLLC**
   400 South 4th Street, Suite 500
3  Las Vegas, NV 89101
   Telephone: (702) 793-4125
4  E-Mail: kirk@nevadawalker.com

5
   Attorneys for Defendant
6  ATHENA MEDICAL GROUP, INC.

7

8              IN THE NINTH JUDICIAL DISTRICT COURT OF NEVADA

9                 IN AND FOR THE COUNTY OF DOUGLAS

10

11  LEVERTY & ASSOCIATES LAW CHTD.,          CASE NO:    2021-CV-00057
                                             DEPT. NO:   II
12                 Plaintiff.

13  vs.                                      **ATHENA MEDICAL GROUP,**
                                             **INC.'S MOTION TO SET ASIDE**
14  ATHENA    MEDICAL    GROUP    DEFINED    **DEFAULT AND VACATE**
    CONTRIBUTION PENSION PLAN AND TRUST      **DEFAULT JUDGMENT**
15  NUMBER THREE; ATHENA MEDICAL GROUP,
    INC. E.R.I.S.A. RETIREMENT TRUST; ATHENA
16  MEDICAL GROUP INC., a Nevada corporation aka    Hearing Requested
    ATHENA MEDICAL GROUP CORP., a Nevada
17  non filing entity; ATHENA MEDICAL GROUP,
    INC. DEFINED BENEFIT PENSION PLAN AND
18  TRUST CHTD.; THE ESTATE OF RAY W.
    EXLEY; INGRID VAN VUERINGS individually
19  and as a corporate officer of ATHENA MEDICAL
    GROUP and as Trustee of the ATHENA MEDICAL
20  GROUP INC. DEFINED PENSION PLAN AND
    TRUST NUMBER THREE; INGRID VAN
21  VUERINGS as Trustee for ATHENA MEDICAL
    GROUP INC. DEFINED BENEFIT PENSION
22  PLAN AND TRUST. CHTD.; JULIANA MAYER
    LOZA as a corporate officer of ATHENA
23  MEDICAL GROUP, INC., and as Trustee of the
    ATHENA    MEDICAL    GROUP    DEFINED
24  PENSION PLAN AND TRUST NUMBER THREE;
    JULIANA MAYER LOZA as Special Administrator
25  and Personal Representative of RAY EXLEY
    ESTATE; RAY W. EXLEY M.D. NEVADA
26  FAMILY TRUST; JULIANA MAYER LOZA;
    ATHENA MEDICAL GROUP, INC. DEFINED
27  CONTRIBUTION  PLAN  NUMBER  TWO;
    JULIANA MAYER LOZA as Trustee of ATHENA
28  MEDICAL    GROUP,    INC.    DEFINED



NEVADA WALKER, PLLC
400 S. 4TH ST., STE. 500
LAS VEGAS, NV 89101

CONTRIBUTION PLAN NUMBER TWO; DOES
I through XXX; ABC CORPORATIONS A-M; and
N-Z Limited Liability Partnerships.

Defendants.

## ATHENA MEDICAL GROUP, INC.'S MOTION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT

COME NOW, Defendant ATHENA MEDICAL GROUP, INC. ("Athena") administrator of A ATHENA MEDICAL GROUP, INC. administrator of: ATHENA MEDICAL GROUP DEFINED CONTRIBUTION PENSION PLAN AND TRUST NUMBER THREE; ATHENA MEDICAL GROUP, INC. E.R.I.S.A. RETIREMENT TRUST; ATHENA MEDICAL GROUP, INC. DEFINED BENEFIT PENSION PLAN AND TRUST CHTD.; ATHENA MEDICAL GROUP, INC. DEFINED CONTRIBUTION PLAN NUMBER TWO; and ATHENA MEDICAL GROUP INC. DEFINED PENSION PLAN AND TRUST NUMBER THREE.. by and through its counsel of record, KIRK N. WALKER, ESQ. of the law firm NEVADA WALKER, PLLC, and hereby files this Motion to to Set Aside Default and Vacate Default Judgment as follows.

This Motion is made and based upon the papers and pleadings on file herein, the Points and Authorities submitted herewith, the affidavit and exhibits attached hereto and the oral argument of counsel at the time set for the hearing in this matter.

Dated this 15th day of July, 2021.

NEVADA WALKER, PLLC

By: _____
KIRK N. WALKER, ESQ.
Nevada Bar No. 11315
400 S. 4th Street, Suite 500
Las Vegas, NV 89101

Attorneys for Defendants
ATHENA MEDICAL GROUP, INC.

2

## POINTS AND AUTHORITES

### I.    INTRODUCTION

Plaintiff obtained a default and default judgment against Athena by serving the incorrect resident agent listed with the Nevada Secretary of State. When the same was discovered and the existence of the matter was found then counsel for Athena requested the default be set aside on May 27, 2021. After notifying counsel of representation, default judgment was still sought and obtained without notice to Athena's counsel.

Time has passed and Plaintiff will not stipulate to setting aside the default and default judgment resulting in the need for filing this Motion. The Court should make rulings on the merits of the case and Athena is requesting relief within six months of the default and default judgment being entered against it. Therefore, Athena requests the default against Athena and against any of the plans Athena administers be set aside and that the default judgment(s) be vacated and removed.

### II.    STATEMENT OF FACTS

Athena Medical Group: Inc. (was formed on November 13, 2012 as entity number E0589312012-5 with registered agent of Juliana Loza address 195 Hwy 50, Suite 104, Stateline Nevada USA. Exhibit A. It further lists officer Information and addresses of the officers as 112 North Curry Street, Carson City NV 89703.

Plaintiff filed its Complaint on March 23, 2021. Plaintiff made no service on the address of Athena or attempted the same. Instead, Plaintiff served Athena Medical Group, Inc., a non-filing domestic entity with no Nevada business id number and which does not exist, at 990 Ironwood Dr. Ste. 300, Minden, NV 89423, which is not Athena. Exhibit B. The Entity Number of the Athena which was served in support of this default judgment was E0656532019-5, listed on SilverFlume as a "Non-filing domestic Entity". That "entity" has No Officers. No Business ID, and was established 7/29/2019, more than a year and a half after all significant allegations of fraudulent title transfers contained therein the instant case had occurred. Simply put, the 2019 Athena is not the Defendant in this above captioned case.

Despite this, Plaintiff moved forward with the default and default judgment against Athena. Plaintiff obtained a default and default judgment against Athena Medical Group, Inc., only by **serving parties at addresses not recorded on the SilverFlume website** and not to the actual Defendant entity

3

1  established on 11/13/2012. Although Plaintiff's verified service was to **an Athena Medical Group,**

2  **Inc.,** it was not **the Athena Medical Group who is this Defendant.**

3        Upon learning of the service of this lawsuit, Counsel for Athena reached out to Plaintiff's

4  counsel in good faith and requested the defaults be set aside on May 27, 2021. Exhibit C. Despite

5  knowing that Athena was represented by counsel, Plaintiffs filed their application for default judgment

6  against Athena on June 7, 2021, which resulted in default judgment against Athena on June 8, 2021.

7  Plaintiff never sent the Application or any related documents to Athena's counsel. After multiple

8  correspondence, Plaintiff still refuses to stipulate to set aside the default and judgment, which results

9  in this Motion.

10       Another alleged service of process was to Ms. Ingrid van Vuerings, Corporate Secretary. Here

11  again Plaintiff did not serve the official address listed with SilverFlume, being 112 North Curry Street,

12  Carson City NV 89703. Ms. van Vuerings was NOT contacted or any attempted service at the Carson

13  City address but according to the Plaintiff's Affidavit of service was allegedly serviced at 9504

14  Highridge Pl., Beverly Hills, CA 90210. This address is listed nowhere in any official registry for

15  Athena or Ms. van Vuerings in her official capacity who does not now, nor has ever lived at the

16  Beverly Hills address and certainly was not physically present on March 31, 2021. Exhibit D.

17       Service upon Ms. Juliana Loza was also alleged at the same 9504 Highridge Pl., Beverly Hills,

18  CA 90210 address. This too is not an official address, but most important the Affidavit of Service

19  states effective service was performed "by leaving the copies with or in the presence of JULIANA

20  LOZA". Highridge Place is a gated compound with only an interphone which is connected through

21  the internet. Ms. Loza was not at the address which is not her "official residence". Most important is

22  that on the date in question, Ms. Loza who is also Mrs. Ray Exley; recently widowed, was out of town

23  from March 29- until April 2, 2021. She was in inconsolable morning over her recently deceased

24  husband whose birthday is April 1. Exhibit D.

25       This Court should set aside the default against Athena and vacate the default judgment against

26  it and allow Athena to defend the allegations on the merits.

27  // //

28  // //

III.    LEGAL ARGUMENT

A. Default against Athena should be set aside and Default Judgment vacated

Nevada Rule of civil procedure Rule 55 c) allows a default to be set aside, "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered may likewise set it aside in accordance with Rule 60." "[t]t [is] the policy of the law that cases should be disposed of in this court on their merits whenever possible" *Hotels El Rancho v. Pray*, 64 Nev. 22, 26 176 P.2d 236, 238 (Nev. 1947); *Hotel last Frontier v. Frontier Prop.*, 79 Nev. 150,380 P.2d 293 (1963).

The phrase "good Cause Shown" as used in Rule 55(c) is "broad in scope" and encompasses the mistake, inadvertence, excusable neglect, fraud, etc. Referred to in Rule 60(b), but also "may be broader than the standard which must be met pursuant to NRCP 60(b) to vacate a default judgment." *Sealed Unit Part Co. v. Alpha Gramma of Chapter of Gamma Phi Beta Sorority*, 99 Nev. 641,642,688 P.2d 288,289, 1983 Nev. LEXIS 495. *2; *Intermountain Lumber & Builder Supply v. Glen Falls Ins. Co.*, 83 Nev. 126, 129, 424, P.2d 884, 886, 1967 Nev. LEXIS 240, *4.

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; or, (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 6 months after the proceeding was taken or the date that written notice of entry of the judgment or order was served. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Nev. R. Civ. Pro.§ 60(b)

Additionally, the Court has given guidelines to which should be considered by the court in determining whether or not to set aside a default judgment: (1) "moving party must show some excuse

for its failure to answer or otherwise defend; (2) showing that a meritorious defense exists to the claim of relief; and (3) recognition of basic underlying policy that cases should be decided on their merits." *Sealed Units Parts Co.*, 99 Nev. T 642, 668 P.2d at 289; *Tahoe Village Realty v. DeSmet*, 95 Nev. 131,590 P.2d 1158 (1979); *Lentz v. Boles*, 84Nev. 197,438 P.2d 254 (1968); *Hotel Last Frontier*, 79 Nev. At 153-156.

In the present case. Athena was not properly served at its resident agent's address or made aware of this litigation before obtaining default. Plaintiff served a different entity in error and did not serve Ingrid at the address stated. After knowing that Athena was represented by counsel, Plaintiff pursued default judgment against Athena and did not notice its counsel. Default judgment was entered less than six months ago and cases should be tried on their merits. Consequently, Athena requests that the default filed by Plaintiff against it be set aside and the default judgment be vacated.

**B. Service must be made upon Athena's attorney**

"Rule 5(b) Service: How Made. (1) Serving an Attorney. If a party is represented by an attorney. service under this rule must be made on the attorney unless the court orders service on the party." Nevada Rules of Civil Procedure §5(b). Counsel for Athena notified Plaintiffs of the representation and Plaintiff still filed its papers to obtain a default judgment without any notice to counsel. Regardless of whether the Service of Process was valid or not or whether Defendant Counsel had made an appearance in the instant case. Plaintiff had an obligation to have communication with counsel under NRCP §Rule 5(b). Therefore. the default should be set aside and default judgment vacated so that the parties may litigate the merits of the case.

**IV.    CONCLUSION**

Athena respectfully requests that the Default be set aside against it in this matter, that the Default Judgment be vacated. The undersigned hereby affirms that the preceding document does not

// //

// //

// //

1  contain the social security number of any person.

2      Dated this 15th day of July, 2021.

3                                          NEVADA WALKER, PLLC

4                               By:    _____

5                                      KIRK NEVADA WALKER, ESQ.
                                       Nevada Bar No. 11315
6                                      400 S. 4th Street, Suite 500
                                       Las Vegas, NV 89101

7
                                       Attorneys for Defendant
8                                      ATHENA MEDICAL GROUP, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of July, 2021, I filed and served a true and correct copy of the foregoing, ATHENA MEDICAL GROUP, INC.'S MOTION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT, by electronic mail transmission only, and by serving the same on the persons listed below via U.S. regular mailing:

> Vernon E. Leverty, Esq.
> William R. Ginn, Esq.
> LEVERTY & ASSOCIATES LAW CHTD.
> 832 Willow St.
> Reno, NV 89502

By:

_____

An Employee of Nevada Walker, PLLC

8

# EXHIBIT A

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

ATHENA MEDICAL GROUP, INC.

**Entity Number:**

E0589312012-5

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Active

**Formation Date:**

11/13/2012

**NV Business ID:**

NV20121687001

**Termination Date:**

Perpetual

**Annual Report Due Date:**

11/30/2021

### REGISTERED AGENT INFORMATION

**Name of Individual or Legal Entity:**

JULIANA LOZA

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Non-Commercial Registered Agent

**NV Business ID:**

**Office or Position:**

**Jurisdiction:**

**Street Address:**

195 HIGHWAY 50 SUITE 104, STATELINE, NV, 89449, USA

**Mailing Address:**

**Individual with Authority to Act:**

**Fictitious Website or Domain Name:**

## OFFICER INFORMATION

☐ VIEW HISTORICAL DATA

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| President | JULIANA LOZA | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Secretary | INGRID VAN VUERINGS | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Treasurer | INGRID VAN VUERINGS | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Director | ABIU AILLAUD | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Director | CHARLES E EXLEY | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |

< Previous   ...   1  [2]  ...   Next >   Page 1 of 2, records 1 to 5 of 6        Go to Page

## CURRENT SHARES

| Class/Series | Type | Share Number | Value |
|--------------|------|--------------|-------|
| | Authorized | 25 | 25.000000000000 |

Page 1 of 1, records 1 to 1 of 1

Number of No Par Value Shares:

0

Total Authorized Capital:

625

Filing History    Name History    Mergers/Conversions

Return to Search    Return to Results

# EXHIBIT B

IN THE NINTH JUDICIAL DISTRICT COURT
IN AND FOR THE COUNTY OF DOUGLAS

Laverty's Associates Law Corp.,
                            Plaintiff,
        vs.                                     CASE NO.    2021-cv-08857

Athena Medical Group Defined Contribution
Pension Plan and Trust Number Three, et al.,
                            Defendant(s).

### DECLARATION OF SERVICE

Keith James Milligan, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the SUMMONS, COMPLAINT; On 4/8/2021 and served the same on 4/9/2021 at 3:57 PM by delivery and leaving a copy with:

Tricia - Process Specialist pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of Minden Lawyers, LLC, registered agent for Athena Medical Group Inc., a Nevada corporation aka Athena Medical Group Corp., a Nevada non-filing entity, at the registered address of:

980 Ironwood Dr Ste 330, Minden, NV 89423-5159

A description of Tricia is as follows
| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|--------|--------------------|------|-----|--------|--------|
| Female | Caucasian | Brown | 51-55 | 5'7 - 6'0 | 301-220 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

STATE OF NEVADA
COUNTY OF Lyon

Executed on  4/12/2021
by Keith James Milligan
Registration : R-2018-01535

No notary is required per NRS 53.045

X _____
Keith James Milligan
Registration : R-2018-01535
Reno Carson Messenger Service, Inc #323
185 Martin St.
Reno, NV 89509
(775) 322-2424
www.renocarson.com

Order#: R116560 NVPRF411

# EXHIBIT C

| | |
|---|---|
| From: | Kirk Walker |
| To: | gene@levertlaw.com; pat@levertlaw.com; Bill Ginn |
| Subject: | Leverty & Assoc. Law Chtd. v. Athena Medical Group Defined Contribution Pension Plan and Trust Number Three; Case: 2021-cv-00057 |
| Date: | Thursday, May 27, 2021 8:23:00 AM |
| Attachments: | image001.png |
| | image002.jpg |
| | image003.jpg |
| | image004.jpg |

Good morning,

Our office has been retained by the Athena Medical Group and its related entities in this matter. While we believe there were some issues with service, we would like to appear and understand that one or several defaults have been entered already. Can you please forward us any defaults that have been entered and let us know if you are willing to set aside certain defaults as well?

Thank you for your anticipated response. Have a good day!

Kirk N. Walker
Attorney at Law

kirk@nevadawalker.com
Tel: (702) 793-4125
Licensed in CO, DC, NV, OR, TX & WA

Nevada Walker, PLLC
400 South 4th St., Ste. 500
Las Vegas, Nevada 89101
www.nevadawalker.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

# EXHIBIT D

## DECLARATION OF JULIANA LOZA

I, JULIANA LOZA, hereby declare as follows:

1. I am an adult and over the age of eighteen (18) years old and I am of sound mind. I am the defendant in the above-captioned action. I have personal knowledge of the matters set forth herein, which I know to be true and correct. If called upon to testify, I could and would competently do so.

2. I am familiar with 9504 Highridge Place, Beverly Hills, California ("property").

3. The property is a compound with no access to persons inside from the property street line as shown in photographs I recently made from the CCTV camera system. (Exhibit 1).

4. Through the CCTV system I can view any of about 20 cameras, speak and hear over certain camera speakers and access the gate two-way interphone and remotely open the secure gate. Contact with persons at the gate is always through interphone connected with the CCTV system and remotely accessible through the internet. Speaking over the interphone is not proof the party is present at the property as through the internet I or whomever can be anywhere the internet has a connection.

5. I have read the Affidavits submitted by Mr. Leverty and can state under oath and without equivocation that on or about those dates, no person entered the property, had personal contact nor received any documents "in person" or accepted substitute service for any documents.

6. My husband, Dr. Ray Exley passed away in June 2020 and as his birthday is April 1 was not at the property between March 29 and April 2, 2021, but in deep morning, visiting and spending time in places we shared or where I could be alone.

7. The statement by the process server that he was "with or in the presence of JULIANA LOZA" or anyone who is member of my household and "I informed him or her of the general nature of the papers" as stated in the Affidavit are all false and fabricated.

8. Ingrid van Vuerings is not now nor ever has been a resident of the above address and since January 1, 2021 has not stayed at said address, and due to the complexity of the gate or interphone, I am generally the only person who answers, but as stated above, that can be from anywhere.

I declare under penalty of perjury under the laws of the State of California and State of Nevada that the foregoing is true and correct.

Executed on July 9, 2021 in the County of Los Angeles, California.

JULIANA LOZA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Decl. of Juliana Loza
re Service of Process
Case No. 2021-cv-0057

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



GATED ENTRANCE

Decl. of Juliana Loza
re Service of Process
Case No. 2021-cv-0057



Decl. of Juliana Loza
re Service of Process
Case No. 2021-cv-0057