# Exhibit 7

# Exhibit 7

Case No.: 2021-CV-00057

Dept No.: I

This document does not contain personal information of any person

IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

LEVERTY & ASSOCIATES LAW CHTD.,

    Plaintiff,

   v.

Athena Medical Group Defined Contribution
Pension Plan and Trust Number Three; et al.

    Defendants.

## OPPOSITION TO ATHENA MEDICAL GROUP, INC.'s MOTION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT

  Plaintiff LEVERTY & ASSOCIATES LAW CHTD., by and through its undersigned counsel, and pursuant to NRCP 60(b), hereby opposes Athena Medical Group, Inc.'s Motion to Set Aside Default and Vacate Default Judgment. This Opposition is based on the following memorandum of points and authorities, the exhibits attached hereto, the papers and pleadings on file herein, and any other matters the Court wishes to consider.

## I. INTROUDCTION

  Before the Court is Athena Medical Group, Inc.'s motion to set aside a judgment by default entered by the Court upon the Court having reviewed the file, the pleadings therein, the argument of counsel and the evidence presented.

  The facts presented with this opposition are clear. Defendant Athena Medical Group, Inc. was properly served in this matter. Pursuant to the sworn affidavit of an independent out of state process server, Athena Medical Group, Inc.'s President, who is also the listed resident agent, was served. The

facts also show Athena Medical Group, Inc.'s related attorney was served with the Complaint, and

Athena well aware of the current lawsuit prior to the entry of any clerk's defaults in this matter. Athena

Medical Group, Inc. has shown no mistake, excusable neglect or lack of knowledge of the procedural

requirements so as to set aside a default judgment entered by the Court.

Athena Medical Group, Inc.'s motion is full of falsehoods and misrepresentations, and it finds

itself in this position due to its own bad faith conduct in attempting to avoid service of process and delay

the answering of Leverty's fraudulent transfer Complaint. This Court has wide discretion in ruling

upon this motion to set aside, and it should not condone the actions of Athena Medical Group, Inc.

## II.    LEGAL STANDARD

NRCP 60(b) provides "[o]n Motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence….; (3) fraud...; (4) the

judgement is void; (5) the judgment has been satisfied…; and (6) any other reason that justifies relief."

The showing of mistake, inadvertence, surprise, or excusable neglect, singly, or in combination, **must**,

of course, be made." *Hotel Last Frontier Corp. v. Frontier Properties*, 79 Nev. 150, 154, 380 P.2d 293

(1963) citing to *Blundin v. Blundin*, 38 Nev. 212, 147 P. 1083. Good cause means a "substantial reason;

one that affords a legal excuse." *Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). For

Athena to show good cause it must "plead and prove specific facts that demonstrate good cause for [its]

failure" to answer and defend itself. *State v. Eighth Judicial Dist. Court*, 121 Nev. 225, 232, 112 P.3d

1070, 1075 (2005).

The Court may look to a variety of factors in determining whether to set aside a default judgment

under NRCP 60. "A factor of importance is the party's lack of knowledge as to procedural

requirements," and "good faith is significant." *See Hotel Last Frontier Corp. v. Frontier Properties*, 79

Nev. 150, 154, 380 P.2d 293 (1963), *Banks v. Heater*, 95 Nev. 610, 612, 600 P.2d 245 (1979). "The

total absence of such showing [a meritorious defense] has defeated the movant's application to set aside the judgment." *Id* at 154, citing to *Kelso v. Kelso*, 78 Nev. 99, 369 P.2d 668; *Guardia v. Guardia*, 48 Nev. 230, 229 P. 386, *Lukey v. Thomas*, 75 Nev. 20, 333 P.2d 979.

The purpose of the rule is <u>not</u> to give a party some affirmative right which he has ***lost by his own conduct.*** *Killip v. Empire Mill Co.*, 2 Nev. 34, 1866 Nev. LEXIS 10 (1866). (Emphasis added). The salutary purpose of NRCP 60(b) is to redress any injustices that may have resulted because of excusable neglect or the wrongs of the opposing party. *Nevada Indus. Dev., Inc. v. Benedetti*, 103 Nev. 360, 741 P. 2d 802 (1987). "The requirements of the rule [NRCP 60(b)] are simple and direct. To condone the actions of a party who has sat on its rights only to make a last-minute rush to set aside judgment would be to turn NRCP 60(b) into a device for delay." *Union Petrochemical Corp. v. Scott*, 96 Nev. 337, 609 P.2d 323 (1980). (*Emphasis added*).

The district court has <u>wide discretion</u> in ruling on a motion to set aside a judgment under NRCP 60(b), and **barring an abuse of discretion, its determination will not be disturbed**. *Union Petrochemical Corp. v. Scott*, 96 Nev. 337, 609 P.2d 323 (1980); *See also Carlson v. Carlson*, 108 Nev. 358, 832 P.2d 380 (1992).

## III.    LEGAL ARGUMENT

Athena Medical Group, Inc.'s motion to set aside the default judgment is premised entirely upon the service of process effectuated in this matter. Athena's motion is full or falsehoods and misrepresentations, and relies entirely upon Athena's bold and daring argument that the out of state process server, with no skin in the game, has neglected his duty and made a false sworn statement to the Court. Athena Medical Group, Inc's arguments fail for numerous reasons.

Athena Medical Group, Inc.'s motion argues that there are two (2) *active* entities with the name Athena Medical Group, Inc. registered with the Nevada Secretary of State, and Leverty improperly served the wrong Athena Medical Group, Inc. This argument fails for several reasons. First, the fact

there are two (2) *active* affiliated entities with the exact same name must be addressed. (Exh. 1). The underlying Complaint regarding fraudulent transfers evidenced a scheme in which the Defendants held numerous affiliated entities in which the subject property was fraudulently transferred to hinder, delay and/or defraud known creditors. In similar fashion, there are two (2) *active* companies named Athena Medical Group, Inc. Both Athena Medical Group, Inc. entities are affiliates of each other.[1] Make no mistake, this was done in a bad faith effort to delay and hinder the effectuation of service of process, as the two *active* entities have different resident agents listed. As provided by Nevada law, good faith is significant factor in setting aside a default judgment, and the Court should not condone either Athena Medical Group, Inc.'s bad faith conduct.

Second, both Athena entities were properly served in this matter despite Athena Medical Group, Inc.'s nefarious conduct in an attempt to make effectuating service more difficult. NRCP 4.2(c) provides: "An entity or association that is formed under the laws of this state, is registered to do business in this state, or has appointed a registered agent in this state, may be served by delivering a copy of the summons and complaint to: (i) the registered agent of the entity or association; (ii) any officer or director of a corporation…" (Please also *see* NRCP 4.3(a)(3)). Here, Athena Medical Group, Inc. argues the correct Athena Medical Group, Inc. is Entity No. E0589312012-5. It just so happens that Athena Medical Group, Inc. (Entity No. E0589312012-5), was properly served in this matter.

Pursuant to NRCP 4.2(c)(2), Ms. Juliana Loza was served as an officer (President – See Exh. 5) of the Athena Medical Group, Inc. (Exh. 2). Pursuant to a sworn affidavit filed with the Court on April 14, 2021, service of process was completed by a California process server stating he personally served

---

[1] Both Athena Medical Group, Inc.'s in this matter are affiliated. Ms. Loza is the listed president and resident agent for one of the Athenas, while a prior attorney of Mr. Exley and Ms. Loza, Minden Lawyers LLC, is listed as the resident agent for the other Athena.

OPPOSITION MOTION TO SET ASIDE JUDGMENT BY DEFAULT

"JULIANA MAYER LOZA as CORPORATE OFFICER OF ATHENA MEDICAL GROUP, INC" at 9504 Highridge Pl. Beverley Hills, CA 90201 on March 31, 2021. (Exh. 2).

While Athena Medical Group, Inc. and Ms. Loza would like to argue that this never occurred, the Court has been presented with a sworn affidavit of an independent out of state process server, who has no interest in the outcome of this litigation, that service was effectuated at Ms. Loza's residential address. The Court need not consider either Leverty or Athena's argument as to this matter, as the Court may rely entirely upon the sworn affidavit of service from an independent third party process server. (Exh. 2). Athena's motion attempts to argue that such service was not valid since it was effectuated at an address not listed on the SilverFlume website. This argument fails, as NRCP 4.2 does not require service at a specific address. Further, Athena Medical Group, Inc. previously served Patrick R. Leverty, Esq., officer of Leverty & Associates Law Chtd., at his residential address and not at his address listed with the Secretary of State.[2] (Exh. 6). While it is represented to the Court that 9504 Highridge Pl. is not Ms. Loza's "official address," she has also represented to this very Court that her residential address is 9504 Highridge Pl.[3] (Exh. 3).

The resident agent for Athena Medical Group Inc. (Entity No. E0589312012-5), was served and provided notice as well. (Exh. 4, 5). As provided in Athena Medical Group, Inc's Motion, the resident agent for Entity No. E0589312012-5 is Juliana Loza with an address of 195 Hwy 50, Ste. 104, a UPS store in Stateline, NV. (Motion at 3:14-16). Pursuant to a Declaration of Service of Summons and Complaint, filed with the Court on April 14, 2021, a sworn affidavit of service was completed by a

---

[2] Please see Ninth Judicial District Court of the State of Nevada in and for the County of Douglas, *Athena Medical Group, Inc., et al. v. Leverty & Associates Law Chtd., et al.*, Case No. 2021-CV-0086.
[3] Ms. Loza's residential address is 9504 Highridge Place, Beverley Hills, CA 90210. As provided in the fraudulent transfer Complaint, Leverty began commencing legal services for Ms. Loza and Mr. Exley on or about April 2014. (Complaint at ¶ 30). Since 2014, Leverty has always known Ms. Loza's address as being 9504 Highridge Pl, and our office always used that address as her listed residence for mailed correspondence.

OPPOSITION MOTION TO SET ASIDE JUDGMENT BY DEFAULT

California process server stating he personally served "JULIANA MAYER LOZA" on March 31, 2021 at her residential address of 9504 Highridge Pl. Beverley Hills, CA 90210.  (Exh. 4).  While Defendant argues in its Motion the Affidavit of Service provides the process server left "copies with or in the presence of JULIANA LOZA" (Motion at 4:19-20), the attached Affidavit of Service for Ms. Loza filed with the Court says no such thing.  (Exh. 4).

Defendant's motion also concedes that Athena Medical Group, Inc. (Entity No. E0656532019-5) was served on March 31, 2021.  (i.e. – "Plaintiff served Athena Medical Group, Inc....at 990 Ironwood Dr. Ste. 300, Minden, NV 89423...," "The Entity Number of Athena which was served in support of this default judgment was E0656532019-5..." and "verified service." Motion at 3:18-19, 21-22, 4:1-2).  (Emphases added).  The 990 Ironwood address listed for service of process is that of Minden Lawyers LLC, a previous attorney of record before this Court for Mr. Exley and Ms. Loza, the president of Athena Medical Group, Inc., in the matter of Ray Warren Exley v. Lois M. O'Brien, Case No. 14-CV-0130.[4]

While Athena Medical Group, Inc.'s Motion inexplicably argues that it did not learn about the lawsuit until on or about May 27, 2021 (Motion at 4:3-4), the sworn affidavits of an independent out of state third party process server tell otherwise.  Athena Medical Group, Inc. can not argue excusable neglect when its corporate officer (President) was served, both as an officer and as an individual, its resident agent was served, and its interrelated attorney who has represented Mr. Exley and Ms. Loza, the president of Athena Medical Group, Inc.  Additionally, it is difficult for Athena Medical Group, Inc. to argue for the set aside of the default judgment based upon excusable neglect when numerous interrelated Defendants were all served in this matter and not a single party answered the Complaint.

---

[4] Inexplicably, Athena Medical Group, Inc. makes the argument that the Athena Medical Group that is listed as being at 990 Ironwood address "does not exist" and that this is not Athena. Motion at 3:18-25. It is inequitable to allow a defendant to intentionally manufacture confusion, and then to obtain relief based upon the confusion it created.

Athena Medical Group, Inc.'s motion also argues against proper process based upon the argument Plaintiff never sent the application or related documents to Athena's counsel once he contacted Leverty. This argument fails, as NRCP 55(b)(2) provides a default judgment application to the Court need only be served upon a party who has **appeared** in the matter. Athena Medical Group, Inc. never appeared in this matter until the current Motion. An appearance means "coming into court as party to a suit, either in person or by attorney." *Ogawa v. Ogawa*, 125 Nev. 660, 672, 221 P.3d 699, 707 (2009)(quoting *Nisenzon v. Sadowski*, 689 A.2d 1037, 1048 (R.I. 1997); see also Black's Law Dictionary (11th ed. 2019) (defining "appearance" as "coming into court . . . as a lawyer on behalf of a party") Athena Medical Group, Inc. similarly argues that NRCP 5(b) requires service upon the attorney. However, NRCP 5(b) contemplates service upon a represented party after the party has already appeared in the matter. NRCP 5(a) specifically provides service for papers subsequent to an initial appearance. Rule 5(a)(2) specifically states that "No service is required on a party who is in default for failing to appear."

Finally, Defendant presents argument that Athena Medical Group, Inc. was not properly served since Ms. Ingrid Van Vuerings, Corporate Secretary, does not list 9504 Highridge as an official address. This argument is moot. As provided above, it is clear that Athena Medical Group, Inc. was served in this matter via service of process upon other parties. Despite the matter being moot due to other sufficient service, it is worth noting the last known official address for the Athena benefit plans was "Athena Medical Group, Inc. 9504 Highridge Place, Beverly Hills, CA 90210." (Exh. 7). Since Ms. VanVeurings is allegedly a trustee of these plans, the last filed address with the Department of Labor for the plans is 9504 Highridge Place, and service was at the business address of the plans, then Ms. VanVeurings was properly served.

////

////

V.    CONCLUSION

The Athena entities have not shown any: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) that the judgement is void; (5) that the judgment has been satisfied; or (6) any other reason that justifies relief." Since Rule 55(c) and Rule 60 mandate that the party seeking relief show, beyond a reasonable standard that one or more of these reasons exist to set aside the default, and the Athena entities have failed to show that any of these elements exist in this litigation.  For the foregoing reasons, Leverty & Associates Law Chtd. respectfully requests this Court deny Athena Medical Group, Inc.'s motion in its entirety, as  there is no excusable negligent for Athena Medical Group, Inc.'s failure to timely answer a known Complaint.

In addition, unless the Court is going to deny Athena Medical Group's motion to set aside the default, Leverty & Associates requests a hearing on this matter.

Dated this _____ day of July, 2021

LEVERTY & ASSOCIATES LAW CHTD.

_____
William R. Ginn, Esq.
832 Willow St.
Reno, NV 89502
*Attorneys for Defendant Leverty & Associates Law Chtd.*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(a)(2) and 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of Leverty & Associates Law, Chtd., and that service of the foregoing was made via the Court's electronic filing system to:

| | |
|---|---|
| Kirk N. Walker, Esq.<br>NEVADA WALKER, PLLC<br>400 South 4th Street, Ste. 500<br>Las Vegas, NV 89101<br>*Attorneys for Defendant Athena Medical Group, Inc.* | |

Dated this 28th day of July, 2021

_____
An employee of Leverty & Assoxiates Law Chtd

OPPOSITION MOTION TO SET ASIDE JUDGMENT BY DEFAULT

### INDEX OF EXHIBITS

| EXH. # | DESCRITPION | PAGES* |
|---|---|---|
| 1 | Nevada Secretary of State, SilverFlume – Nevada's Business Portal – Business Entity Search Result – Two (2) Athena Medical Group, Inc. | 2 |
| 2 | Declaration of Service of Summons and Complaint, with Sworn Affidavit of Service – Juliana Mayer Loza as Corporate Officer of Athena Medical Group, Inc. | 2 |
| 3 | Letters of Administration – Special Administrator Juliana Loza – Listed Address – 9504 Highridge Pl., Beverley Hills, CA 90210 | 2 |
| 4 | Declaration of Service of Summons and Complaint, with Sworn Affidavit of Service – Juliana Mayer Loza | 2 |
| 5 | Nevada Secretary of State, SilverFlume – Nevada's Business Portal – Business Entity Search Result – Athena Medical Group, Inc. – Resident Agent – Juliana Loza; President – Juliana Loza | 5 |
| 6 | Nevada Secretary of State, SilverFlume – Nevada's Business Portal – Business Entity Search Result – Leverty & Associates Law, Chtd. | 3 |
| 7 | 2014 Form 5500 – Annual Return/Report - Athena Medical Group, Inc. Defined Contribution Pension Plan – Plan Sponsor Athena Medical Group, Inc. – 9504 Highridge Pl, Beverley Hills, CA 90210 | 8 |

# EXHIBIT 1

# EXHIBIT 1

**BUSINESS ENTITY AND MARK SEARCH RESULT**

| Name | Status | Filing Date | Type | NV Business ID | Entity Number | Mark Number | Actions |
|------|--------|-------------|------|----------------|---------------|-------------|---------|
| Athena Medical Group, Inc | Active | 07/29/2019 | Non-Filing Domestic Entities | | E0656532019-5 | | |
| ATHENA MEDICAL GROUP, INC. | Active | 11/13/2012 | Domestic Corporation (78) | NV20121687001 | E0589312012-5 | | Manage this Busi |

Page 1 of 1, records 1 to 2 of 2

Return To Search

# EXHIBIT 2

# EXHIBIT 2

RECEIVED

APR 1 4 2021

Douglas County
District Court Clerk

FILED

2021 APR 14  PM 3: 18

BOBBIE R. WILLIAMS
CLERK

S.C. WALKER DEPUTY

1  Case No.: 2021-CV-00057

2  Dept No.: II

3  This document does not contain personal information of any person

4

5            IN THE NINTH JUDICIAL DISTRICT COURT

6              OF THE STATE OF NEVADA

7            IN AND FOR THE COUNTY OF DOUGLAS

8  LEVERTY & ASSOCIATES LAW CHTD.,

9                    Plaintiff,

10        vs.

11  Athena Medical Group Defined Contribution
    Pension Plan and Trust Number Three; et al.
12

13

14                    Defendants.

15

16            DECLARATION OF SERVICE OF

17              SUMMONS AND COMPLAINT

18

19  (Attached is the Declarations of Service for Julian Mayer Loza as a corporate officer of Athena

    Medical Group, Inc. and as Trustee of the Athena Medical Group Defined Pension Plan and
20
    Trust Number Three)
21
        DATED this 13th day of April 2021.
22

23

24                          LEVERTY & ASSOCIATES LAW CHTD.

25                          Vernon E. Leverty, Esq., NV Bar # 1266

26                          Patrick R. Leverty, Esq., NV Bar #8840
                            William R. Ginn, Esq., NV Bar #6989
27                          832 Willow Street
                            Reno, NV 89502
28                          Attorneys for Plaintiff

- 1 -

FILE COPY

| *Attorney or Party without Attorney:*<br>VERNON E. LEVERTY, Bar #1266<br>LEVERTY & ASSOCIATES LAW CHTD<br>832 WILLOW ST.<br>RENO, NV 89502<br>*Telephone No:* 775-322-6636        *FAX No:* 775-322-3953<br><br>*Attorney for:* Plaintiff | *For Court Use Only* |
|---|---|
| *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*
    Douglas County Court-Ninth Judicial District Court Of Nevada

*Plaintiff:* LEVERTY & ASSOCIATES LAW, CHTD

*Defendant:* Juliana Mayer Loza As A Corporate Officer Of Athena Medical Group, Inc., And As Trus

| **AFFIDAVIT OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2021-CV-00057 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT

*3. a. Party served:*           JULIANA MAYER LOZA AS A CORPORATE OFFICER OF ATHENA
                                MEDICAL GROUP, INC., AND AS TRUSTEE OF THE AKA ATHENA
                                MEDICAL GROUP DEFINED PENSION PLAN AND TRUST NUMBER THREE

*4. Address where the party was served:*     9504 HIGHRIDGE PL.
                                              Beverly Hills, CA  90210

5. *I served the party:*
    a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive
       process for the party (1) on: Wed., Mar. 31, 2021 (2) at: 8:19AM
6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    a: as an individual defendant

7. *Person Who Served Papers:*                          *Fee for Service:*      $60.00
    a. CHRISTOPHER DEMIRDJIAN
    b. SKIP-N-SERVE
       P.O. BOX 6848
       San Pedro, CA  90734
    c. (310) 831-1160, FAX (310) 833-7240

8. *I declare under penalty of perjury under the laws of the State of NEVADA and under the laws of the United States Of*
   *America that the foregoing is true and correct.*

AFFIDAVIT OF SERVICE                    (CHRISTOPHER DEMIRDJIAN)
                                                        15302   .assolev.15154

# EXHIBIT 3

# EXHIBIT 3

1   CASE NO.: 20-PB-00129

2   DEPT. NO.:  I

RECEIVED

NOV 1 2 2020

Douglas County
District Court Clerk

FILED

2020 NOV 12 PM 12: 57

BOBBIE R. WILLIAMS
CLERK

A. NEWTON DEPUTY

5      IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

6           IN AND FOR THE COUNTY OF DOUGLAS

9   IN THE MATTER OF THE ESTATE OF,     LETTERS OF ADMINISTRATION

10  RAY WARREN EXLEY,

11             Deceased.

         /

13     A PETITION TO APPOINT A SPECIAL ADMINISTRATOR having been

14  filed, JULIANA M. LOZA was, by Order of this Court on November

15  9, 2020, duly appointed as Special Administrator of the RAY

16  WARREN EXLEY, and who, having qualified as such, is hereby

17  authorized to act by virtue thereof.

18                  In Testimony thereof, I have officially
signed these Letters and affixed hereto

19                  the Seal of said Court this  12  day
of  November  , 2020

BY ORDER OF THE COURT
BOBBIE R. WILLIAMS, CLERK

By: _____ A. NEWTON _____
               DEPUTY CLERK

OATH OF OFFICE

I, JULIANA M. LOZA, whose mailing address is 9504 Highbridge Place, Beverly Hills, CA 90210, do verily affirm that I will well and faithfully perform the duties of Special Administrator according to law.

JULIANA M. LOZA

State of Nevada    )
                   )
County of Douglas  )

Subscribed and sworn to (or affirmed) before me on this ___12th___ day of _November_, 20_20_, by JULIANA M. LOZA, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

(Seal) Signature _Lisa Apple_

LISA APPLE
NOTARY PUBLIC
STATE OF NEVADA
Commission # 00-62875-5
My Appt. Expires September 08, 2021

2

# EXHIBIT 4

# EXHIBIT 4

RECEIVED
APR 14 2021
Douglas County
District Court Clerk

FILED
2021 APR 14  PM 3:18
BOBBIE R. WILLIAMS
CLERK
By WALKER  DEPUTY

Case No.: 2021-CV-00057

Dept No.: II

This document does not contain personal information of any person

IN THE NINTH JUDICIAL DISTRICT COURT

OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

LEVERTY & ASSOCIATES LAW CHTD.,

Plaintiff,

vs.

Athena Medical Group Defined Contribution
Pension Plan and Trust Number Three; et al.

Defendants.

**DECLARATION OF SERVICE OF**

**SUMMONS AND COMPLAINT**

(Attached is the Declarations of Service for Juliana Mayer Loza)

DATED this _13th_ day of April 2021.

LEVERTY & ASSOCIATES LAW CHTD.

Vernon E. Leverty, Esq., NV Bar # 1266
Patrick R. Leverty, Esq., NV Bar #8840
William R. Ginn, Esq., NV Bar #6989
832 Willow Street
Reno, NV 89502
Attorneys for Plaintiff



- 1 -

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| VERNON E. LEVERTY, Bar #1266<br>LEVERTY & ASSOCIATES LAW CHTD<br>832 WILLOW ST.<br>RENO, NV 89502<br>Telephone No: 775-322-6636        FAX No: 775-322-3953 | | |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

Douglas County Court-Ninth Judicial District Court Of Nevada

Plaintiff: LEVERTY & ASSOCIATES LAW, CHTD

Defendant: JULIANA MAYER LOZA

| AFFIDAVIT OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2021-CV-00057 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT

3. a. Party served:                                       JULIANA MAYER LOZA

4. Address where the party was served:        9504 HIGHRIDGE PL.
                                                                    Beverly Hills, CA 90210

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Mar. 31, 2021 (2) at: 8:19AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. Person Who Served Papers:                     Fee for Service:        $60.00
   a. CHRISTOPHER DEMIRDJIAN
   b. SKIP-N-SERVE
      P.O. BOX 6848
      San Pedro, CA 90734
   c. (310) 831-1160, FAX (310) 833-7240

8. I declare under penalty of perjury under the laws of the State of NEVADA and under the laws of the United States Of America that the foregoing is true and correct.

AFFIDAVIT OF SERVICE                    (CHRISTOPHER DEMIRDJIAN)            assolev.15156
                                                                                              15304

# EXHIBIT 5

# EXHIBIT 5

## FILING HISTORY

### ENTITY INFORMATION

**Entity Name:**

ATHENA MEDICAL GROUP, INC.

**Entity Number:**

E0589312012-5

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Active

**Formation Date:**

11/13/2012

**NV Business ID:**

NV20121687001

**Termination Date:**

Perpetual

**Annual Report Due Date:**

11/30/2021

FILING HISTORY DETAILS

| File Date | Effective Date | Filing Number | Document Type | Amendment Type | Source | View |
|---|---|---|---|---|---|---|
| 07/06/2021 | 07/06/2021 | 20211583452 | Noncommercial Registered Agent-Statement... | | Internal | 📷 |

| File Date | Effective Date | Filing Number | Document Type | Amendment Type | Source | View |
|---|---|---|---|---|---|---|
| 11/10/2020 | 11/10/2020 | 20201032894 | Annual List | | External | |
| 11/11/2019 | 11/11/2019 | 20190278974 | Annual List | | External | |
| 11/25/2018 | 11/25/2018 | 20180504528-45 | Annual List | | External | |
| 08/31/2017 | 08/31/2017 | 20170372249-37 | Annual List | | External | |
| 11/10/2016 | 11/10/2016 | 20160494693-74 | Annual List | | External | |
| 11/30/2015 | 11/30/2015 | 20150521156-48 | Annual List | | External | |
| 10/31/2014 | 10/31/2014 | 20140742833-04 | Annual List | | External | |
| 07/11/2014 | 07/11/2014 | 20140501009-22 | Amended List | | External | |
| 11/29/2013 | 11/29/2013 | 20130781384-67 | Annual List | | External | |

Page 1 of 1, records 1 to 10 of 10

**FILING DATE SNAPSHOT AS OF: 07/06/2021**

| Business Details | Name Changes | Principal Office | Registered Agent |
| Officer Information | Shares |

| RA Type | Name | Attention | Address1/Address2/City/State/Zip/Country | Email |
|---|---|---|---|---|
| Non-Commercial Registered Agent | JULIANA LOZA | | 195 HIGHWAY 50 SUITE 104, STATELINE, NV, 89449, USA | |

Back          Return to Search          Return to Results

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

ATHENA MEDICAL GROUP, INC.

**Entity Number:**

E0589312012-5

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Active

**Formation Date:**

11/13/2012

**NV Business ID:**

NV20121687001

**Termination Date:**

Perpetual

**Annual Report Due Date:**

11/30/2021

### REGISTERED AGENT INFORMATION

**Name of Individual or Legal Entity:**

STATE AGENT AND TRANSFER SYNDICATE, INC.

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Commercial Registered Agent

**NV Business ID:**

**Office or Position:**

**Jurisdiction:**

NEVADA

**Street Address:**

112 NORTH CURRY STREET, Carson City, NV, 89703 - 4934, USA

**Mailing Address:**

**Individual with Authority to Act:**

John Block

**Fictitious Website or Domain Name:**

## OFFICER INFORMATION

☐ VIEW HISTORICAL DATA

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| President | JULIANA LOZA | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Secretary | INGRID VAN VUERINGS | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Treasurer | INGRID VAN VUERINGS | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Director | ABIU AILLAUD | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Director | CHARLES E EXLEY | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

ATHENA MEDICAL GROUP, INC.

**Entity Number:**

E0589312012-5

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Active

**Formation Date:**

11/13/2012

**NV Business ID:**

NV20121687001

**Termination Date:**

Perpetual

**Annual Report Due Date:**

11/30/2021

### REGISTERED AGENT INFORMATION

**Name of Individual or Legal Entity:**

STATE AGENT AND TRANSFER SYNDICATE, INC.

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Commercial Registered Agent

**NV Business ID:**

**Office or Position:**

**Jurisdiction:**

NEVADA

**Street Address:**

112 NORTH CURRY STREET, Carson City, NV, 89703 - 4934, USA

**Mailing Address:**

**Individual with Authority to Act:**

John Block

**Fictitious Website or Domain Name:**

## OFFICER INFORMATION

☐ VIEW HISTORICAL DATA

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| President | JULIANA LOZA | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Secretary | INGRID VAN VUERINGS | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Treasurer | INGRID VAN VUERINGS | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Director | ABIU AILLAUD | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |
| Director | CHARLES E EXLEY | 112 North Curry Street, Carson City, NV, 89703, USA | 11/10/2020 | Active |

< Previous   ...   1   2   ...   Next >   Page 1 of 2, records 1 to 5 of 6   ⬚   Go to Page

**CURRENT SHARES**

| Class/Series | Type | Share Number | Value |
|---|---|---|---|
| | Authorized | 25 | 25.000000000000 |

Page 1 of 1, records 1 to 1 of 1

Number of No Par Value Shares:

**0**

Total Authorized Capital:

**625**

Filing History        Name History        Mergers/Conversions

Return to Search        Return to Results

# EXHIBIT 6

# EXHIBIT 6

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

LEVERTY & ASSOCIATES LAW CHTD.

**Entity Number:**

C10613-1988

**Entity Type:**

Domestic Professional Corporation (89)

**Entity Status:**

Active

**Formation Date:**

12/30/1988

**NV Business ID:**

NV19881036272

**Termination Date:**

Perpetual

**Annual Report Due Date:**

12/31/2021

### REGISTERED AGENT INFORMATION

**Name of Individual or Legal Entity:**

LEVERTY & ASSOCIATES LAW CHTD.

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Commercial Registered Agent

**NV Business ID:**

**Office or Position:**

**Jurisdiction:**

NEVADA

**Street Address:**

832 WILLOW ST, RENO, NV, 89502, USA

**Mailing Address:**

**Individual with Authority to Act:**

PATRICK R LEVERTY

**Fictitious Website or Domain Name:**

## OFFICER INFORMATION

☐ **VIEW HISTORICAL DATA**

| Title | Name | Address | Last Updated | Status |
|---|---|---|---|---|
| President | PATRICK R LEVERTY | 832 WILLOW STREET, RENO, NV, 89502, USA | 10/01/2018 | Active |
| Secretary | VERNON E LEVERTY | 832 WILLOW ST, RENO, NV, 89502, USA | 10/01/2018 | Active |
| Treasurer | COURTNEY LEVERTY | 832 WILOW STREET, RENO, NV, 89502, USA | 10/01/2018 | Active |
| Director | VERNON E LEVERTY | 832 WILLOW STREET, RENO, NV, 89502, USA | 10/01/2018 | Active |

Page 1 of 1, records 1 to 4 of 4

## CURRENT SHARES

| Class/Series | Type | Share Number | Value |
|---|---|---|---|
| | | No records to view. | |

Number of No Par Value Shares:

**2500**

Total Authorized Capital:

**2,500**

Filing History        Name History        Mergers/Conversions

Return to Search        Return to Results

# EXHIBIT 7

# EXHIBIT 7

# Form 5500

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security
Administration

Pension Benefit Guaranty Corporation

## Annual Return/Report of Employee Benefit Plan

This form is required to be filed for employee benefit plans under sections 104 and 4065 of the Employee Retirement Income Security Act of 1974 (ERISA) and sections 6047(e), 6057(b), and 6058(a) of the Internal Revenue Code (the Code).

▶ Complete all entries in accordance with the instructions to the Form 5500.

OMB Nos. 1210-0110
1210-0089

**2014**

This Form is Open to Public Inspection

## Part I | Annual Report Identification Information

For calendar plan year 2014 or fiscal plan year beginning  07/01/2014  and ending  06/30/2015

**A** This return/report is for:  ☐ a multiemployer plan;   ☐ a multiple-employer plan (Filers checking this box must attach a list of participating employer information in accordance with the form instructions); or
☒ a single-employer plan;   ☐ a DFE (specify) ____

**B** This return/report is:   ☒ the first return/report;   ☐ the final return/report;
☐ an amended return/report;   ☐ a short plan year return/report (less than 12 months).

**C** If the plan is a collectively-bargained plan, check here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**D** Check box if filing under:  ☒ Form 5558;   ☐ automatic extension;   ☐ the DFVC program;
☐ special extension (enter description)

## Part II | Basic Plan Information—enter all requested information

**1a** Name of plan
ATHENA MEDICAL GROUP, INC. DEFINED CONTRIBUTION PENSION PLAN

**1b** Three-digit plan number (PN) ▶  002

**1c** Effective date of plan
07/01/1978

**2a** Plan sponsor's name and address; include room or suite number (employer, if for a single-employer plan)
ATHENA MEDICAL GROUP, INC.

9504 HIGHRIDGE PLACE BEVERLY HILLS. CA 90210

**2b** Employer Identification Number (EIN)
95-3249308

**2c** Plan Sponsor's telephone number
(775)600-2220

**2d** Business code (see instructions)
621111

**Caution: A penalty for the late or incomplete filing of this return/report will be assessed unless reasonable cause is established.**

Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return/report, including accompanying schedules, statements and attachments, as well as the electronic version of this return/report, and to the best of my knowledge and belief, it is true, correct, and complete.

| SIGN HERE | | | |
|---|---|---|---|
| | Signature of plan administrator | Date | Enter name of individual signing as plan administrator |
| SIGN HERE | | | |
| | Signature of employer/plan sponsor | Date | Enter name of individual signing as employer or plan sponsor |
| SIGN HERE | | | |
| | Signature of DFE | Date | Enter name of individual signing as DFE |

Preparer's name (including firm name, if applicable) and address (include room or suite number) (optional)

Preparer's telephone number (optional)

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.

Form 5500 (2014)
v. 140124

Form 5500 (2014)

Page **2**

| | | |
|---|---|---|
| **3a** Plan administrator's name and address ☒ Same as Plan Sponsor | **3b** Administrator's EIN | |
| | **3c** Administrator's telephone number | |

**4** If the name and/or EIN of the plan sponsor has changed since the last return/report filed for this plan, enter the name, EIN and the plan number from the last return/report:

**a** Sponsor's name

**4b** EIN

**4c** PN

| | | |
|---|---|---|
| **5** Total number of participants at the beginning of the plan year | **5** | 2 |
| **6** Number of participants as of the end of the plan year unless otherwise stated (welfare plans complete only lines 6a(1), 6a(2), 6b, 6c, and 6d). | | |
| **a(1)** Total number of active participants at the beginning of the plan year ................... | **6a(1)** | 2 |
| **a(2)** Total number of active participants at the end of  the plan year  ....................... | **6a(2)** | 3 |
| **b** Retired or separated participants receiving benefits ........................................ | **6b** | 0 |
| **c** Other retired or separated participants entitled to future benefits........................ | **6c** | 1 |
| **d** Subtotal. Add lines 6a(2), 6b, and 6c. ...................................................... | **6d** | 4 |
| **e** Deceased participants whose beneficiaries are receiving or are entitled to receive benefits. ........ | **6e** | 0 |
| **f** Total.  Add lines 6d and 6e. ................................................................ | **6f** | 4 |
| **g** Number of participants with account balances as of the end of the plan year (only defined contribution plans complete this item) ...................................................... | **6g** | 2 |
| **h** Number of participants that terminated employment during the plan year with accrued benefits that were less than 100% vested....................................................... | **6h** | 0 |
| **7** Enter the total number of employers obligated to contribute to the plan (only multiemployer plans complete this item).......... | **7** | |

**8a** If the plan provides pension benefits, enter the applicable pension feature codes from the List of Plan Characteristics Codes in the instructions:

2C   3D

**b** If the plan provides welfare benefits, enter the applicable welfare feature codes from the List of Plan Characteristics Codes in the instructions:

| | |
|---|---|
| **9a** Plan funding arrangement (check all that apply) | **9b** Plan benefit arrangement (check all that apply) |
| (1) ☒ Insurance | (1) ☒ Insurance |
| (2) ☐ Code section 412(e)(3) insurance contracts | (2) ☐ Code section 412(e)(3) insurance contracts |
| (3) ☒ Trust | (3) ☐ Trust |
| (4) ☐ General assets of the sponsor | (4) ☒ General assets of the sponsor |

**10** Check all applicable boxes in 10a and 10b to indicate which schedules are attached, and, where indicated, enter the number attached.  (See instructions)

| | |
|---|---|
| **a** Pension Schedules | **b** General Schedules |
| (1) ☒ R  (Retirement Plan Information) | (1) ☐ H  (Financial Information) |
| (2) ☐ MB  (Multiemployer Defined Benefit Plan and Certain Money Purchase Plan Actuarial Information) - signed by the plan actuary | (2) ☒ I  (Financial Information – Small Plan) |
| | (3) ☐ A  (Insurance Information) |
| | (4) ☐ C  (Service Provider Information) |
| (3) ☐ SB  (Single-Employer Defined Benefit Plan Actuarial Information) - signed by the plan actuary | (5) ☐ D  (DFE/Participating Plan Information) |
| | (6) ☐ G  (Financial Transaction Schedules) |

Form 5500 (2014)                                                                                Page 3

| Part III | Form M-1 Compliance Information (to be completed by welfare benefit plans) |
|----------|-----------------------------------------------------------------------------|

**11a** If the plan provides welfare benefits, was the plan subject to the Form M-1 filing requirements during the plan year? (See instructions and 29 CFR 2520.101-2.) .............................………… ☐ Yes   ☐ No

If "Yes" is checked, complete lines 11b and 11c.

**11b** Is the plan currently in compliance with the Form M-1 filing requirements? (See instructions and 29 CFR 2520.101-2.) ……….. ☐ Yes   ☐ No

**11c** Enter the Receipt Confirmation Code for the 2014 Form M-1 annual report. If the plan was not required to file the 2014 Form M-1 annual report, enter the Receipt Confirmation Code for the most recent Form M-1 that was required to be filed under the Form M-1 filing requirements. (Failure to enter a valid Receipt Confirmation Code will subject the Form 5500 filing to rejection as incomplete.)

Receipt Confirmation Code_____

| SCHEDULE I<br>(Form 5500)<br><br>Department of the Treasury<br>Internal Revenue Service<br><br>Department of Labor<br>Employee Benefits Security Administration<br><br>Pension Benefit Guaranty Corporation | Financial Information—Small Plan<br><br>This schedule is required to be filed under section 104 of the Employee Retirement Income Security Act of 1974 (ERISA), and section 6058(a) of the Internal Revenue Code (the Code).<br><br>▶ File as an attachment to Form 5500. | OMB No. 1210-0110<br><br>**2014**<br><br>This Form is Open to Public Inspection |

For calendar plan year 2014 or fiscal plan year beginning    07/01/2014    and ending    06/30/2015

| A Name of plan | B Three-digit |
|---|---|
| ATHENA MEDICAL GROUP, INC. DEFINED CONTRIBUTION PENSION PLAN | plan number (PN) ▶ 002 |

| C Plan sponsor's name as shown on line 2a of Form 5500 | D Employer Identification Number (EIN) |
|---|---|
| ATHENA MEDICAL GROUP, INC. | 95-3249308 |

Complete Schedule I if the plan covered fewer than 100 participants as of the beginning of the plan year. You may also complete Schedule I if you are filing as a small plan under the 80-120 participant rule (see instructions). Complete Schedule H if reporting as a large plan or DFE.

### Part I   Small Plan Financial Information

Report below the current value of assets and liabilities, income, expenses, transfers and changes in net assets during the plan year. Combine the value of plan assets held in more than one trust. Do not enter the value of the portion of an insurance contract that guarantees during this plan year to pay a specific dollar benefit at a future date. Include all income and expenses of the plan including any trust(s) or separately maintained fund(s) and any payments/receipts to/from insurance carriers. Round off amounts to the nearest dollar.

| 1 | Plan Assets and Liabilities: | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|---|
| a | Total plan assets ........................................ | 1a | 10,107,402 | 10,496,798 |
| b | Total plan liabilities ..................................... | 1b | | 0 |
| c | Net plan assets (subtract line 1b from line 1a) ......... | 1c | 10,107,402 | 10,496,798 |
| 2 | Income, Expenses, and Transfers for this Plan Year: | | (a) Amount | (b) Total |
| a | Contributions received or receivable: | | | |
| | (1)   Employers............................................ | 2a(1) | 7,720 | |
| | (2)   Participants......................................... | 2a(2) | 0 | |
| | (3)   Others (including rollovers) ................... | 2a(3) | 0 | |
| b | Noncash contributions ............................. | 2b | 0 | |
| c | Other income........................................... | 2c | 414,574 | |
| d | Total income (add lines 2a(1), 2a(2), 2a(3), 2b, and 2c) ..... | 2d | | 422,294 |
| e | Benefits paid (including direct rollovers) .............. | 2e | | |
| f | Corrective distributions (see instructions) ........... | 2f | | |
| g | Certain deemed distributions of participant loans (see instructions).................................... | 2g | | |
| h | Administrative service providers (salaries, fees, and commissions) | 2h | | |
| i | Other expenses ....................................... | 2i | 32,898 | |
| j | Total expenses (add lines 2e, 2f, 2g, 2h, and 2i)...... | 2j | | 32,898 |
| k | Net income (loss) (subtract line 2j from line 2d) ....... | 2k | | 389,396 |
| l | Transfers to (from) the plan (see instructions) ......... | 2l | | |

**3   Specific Assets:** If the plan held assets at anytime during the plan year in any of the following categories, check "Yes" and enter the current value of any assets remaining in the plan as of the end of the plan year. Allocate the value of the plan's interest in a commingled trust containing the assets of more than one plan on a line-by-line basis unless the trust meets one of the specific exceptions described in the instructions.

| | | | Yes | No | Amount |
|---|---|---|---|---|---|
| a | Partnership/joint venture interests ................................ | 3a | | X | |
| b | Employer real property ............................................. | 3b | | X | |
| c | Real estate (other than employer real property).................... | 3c | | X | |
| d | Employer securities ................................................ | 3d | | X | |
| e | Participant loans................................................... | 3e | X | | 1,523,388 |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500      Schedule I (Form 5500) 2014<br>v. 140124

Schedule I (Form 5500) 2014

Page **2** - [    ]

| | | | Yes | No | Amount |
|---|---|---|---|---|---|
| 3f | Loans (other than to participants) ......................................................... | 3f | | X | |
| g | Tangible personal property......................................................................... | 3g | | X | |

## Part II    Compliance Questions

| 4 | During the plan year: | | Yes | No | Amount |
|---|---|---|---|---|---|
| a | Was there a failure to transmit to the plan any participant contributions within the time period described in 29 CFR 2510.3-102? Continue to answer "Yes" for any prior year failures until fully corrected. (See instructions and DOL's Voluntary Fiduciary Correction Program.)...................... | 4a | | X | |
| b | Were any loans by the plan or fixed income obligations due the plan in default as of the close of plan year or classified during the year as uncollectible? Disregard participant loans secured by the participant's account balance. | 4b | | X | |
| c | Were any leases to which the plan was a party in default or classified during the year as uncollectible? ........................................................................................... | 4c | | X | |
| d | Were there any nonexempt transactions with any party-in-interest? (Do not include transactions reported on line 4a.) ................................................................................. | 4d | | X | |
| e | Was the plan covered by a fidelity bond?..................................................... | 4e | | X | |
| f | Did the plan have a loss, whether or not reimbursed by the plan's fidelity bond, that was caused by fraud or dishonesty? ...................................................................... | 4f | | X | |
| g | Did the plan hold any assets whose current value was neither readily determinable on an established market nor set by an independent third party appraiser? | 4g | | X | |
| h | Did the plan receive any noncash contributions whose value was neither readily determinable on an established market nor set by an independent third party appraiser?................................ | 4h | | X | |
| i | Did the plan at any time hold 20% or more of its assets in any single security, debt, mortgage, parcel of real estate, or partnership/joint venture interest? ................................. | 4i | | X | |
| j | Were all the plan assets either distributed to participants or beneficiaries, transferred to another plan, or brought under the control of the PBGC? ................................................ | 4j | | X | |
| k | Are you claiming a waiver of the annual examination and report of an independent qualified public accountant (IQPA) under 29 CFR 2520.104-46? If "No," attach an IQPA's report or 2520.104-50 statement. (See instructions on waiver eligibility and conditions.) | 4k | X | | |
| l | Has the plan failed to provide any benefit when due under the plan?............................ | 4l | | X | |
| m | If this is an individual account plan, was there a blackout period? (See instructions and 29 CFR 2520.101-3.) | 4m | | X | |
| n | If 4m was answered "Yes," check the "Yes" box if you either provided the required notice or one of the exceptions to providing the notice applied under 29 CFR 2520.101-3................................ | 4n | | | |

5a  Has a resolution to terminate the plan been adopted during the plan year or any prior plan year?
If "Yes," enter the amount of any plan assets that reverted to the employer this year........................ [ ] Yes [X] No    Amount:

5b  If, during this plan year, any assets or liabilities were transferred from this plan to another plan(s), identify the plan(s) to which assets or liabilities were transferred. (See instructions.)

| 5b(1) Name of plan(s) | 5b(2) EIN(s) | 5b(3) PN(s) |
|---|---|---|
| | | |
| | | |
| | | |

5c  If the plan is a defined benefit plan, is it covered under the PBGC insurance program (see ERISA section 4021)? ..... [ ] Yes [ ] No [ ] Not determined

## Part III    Trust Information (optional)

| 6a Name of trust | 6b Trust's EIN |
|---|---|
| | |

| SCHEDULE R<br>(Form 5500)<br><br>Department of the Treasury<br>Internal Revenue Service<br><br>Department of Labor<br>Employee Benefits Security Administration<br><br>Pension Benefit Guaranty Corporation | Retirement Plan Information<br><br>This schedule is required to be filed under section 104 and 4065 of the<br>Employee Retirement Income Security Act of 1974 (ERISA) and section<br>6058(a) of the Internal Revenue Code (the Code).<br><br>▶ File as an attachment to Form 5500. | OMB No. 1210-0110<br><br>**2014**<br><br>This Form is Open to Public<br>Inspection. |
|---|---|---|

For calendar plan year 2014 or fiscal plan year beginning    07/01/2014    and ending    06/30/2015

**A** Name of plan
ATHENA MEDICAL GROUP, INC. DEFINED CONTRIBUTION PENSION PLAN

**B** Three-digit
plan number
(PN)    ▶    002

**C** Plan sponsor's name as shown on line 2a of Form 5500
ATHENA MEDICAL GROUP, INC.

**D** Employer Identification Number (EIN)
95-3249308

---

| Part I | Distributions |
|---|---|

All references to distributions relate only to payments of benefits during the plan year.

**1** Total value of distributions paid in property other than in cash or the forms of property specified in the instructions........................................................................................................................... | 1 | 0

**2** Enter the EIN(s) of payor(s) who paid benefits on behalf of the plan to participants or beneficiaries during the year (if more than two, enter EINs of the two payors who paid the greatest dollar amounts of benefits):

EIN(s): _____    _____

Profit-sharing plans, ESOPs, and stock bonus plans, skip line 3.

**3** Number of participants (living or deceased) whose benefits were distributed in a single sum, during the plan year.................................................................................................................................... | 3

---

| Part II | Funding Information (If the plan is not subject to the minimum funding requirements of section of 412 of the Internal Revenue Code or ERISA section 302, skip this Part) |
|---|---|

**4** Is the plan administrator making an election under Code section 412(d)(2) or ERISA section 302(d)(2)?.......................... ☐ Yes ☒ No ☐ N/A

If the plan is a defined benefit plan, go to line 8.

**5** If a waiver of the minimum funding standard for a prior year is being amortized in this plan year, see instructions and enter the date of the ruling letter granting the waiver.    Date:    Month _____ Day _____ Year _____

If you completed line 5, complete lines 3, 9, and 10 of Schedule MB and do not complete the remainder of this schedule.

**6 a** Enter the minimum required contribution for this plan year (include any prior year accumulated funding deficiency not waived)............................................................................................ | 6a | 0

**b** Enter the amount contributed by the employer to the plan for this plan year................................................ | 6b |

**c** Subtract the amount in line 6b from the amount in line 6a. Enter the result (enter a minus sign to the left of a negative amount)...................................................................... | 6c | 0

If you completed line 6c, skip lines 8 and 9.

**7** Will the minimum funding amount reported on line 6c be met by the funding deadline?.................................... ☐ Yes ☒ No ☐ N/A

**8** If a change in actuarial cost method was made for this plan year pursuant to a revenue procedure or other authority providing automatic approval for the change or a class ruling letter, does the plan sponsor or plan administrator agree with the change?.......................................................................... ☐ Yes ☐ No ☐ N/A

---

| Part III | Amendments |
|---|---|

**9** If this is a defined benefit pension plan, were any amendments adopted during this plan year that increased or decreased the value of benefits? If yes, check the appropriate box. If no, check the "No" box.................................. ☐ Increase ☐ Decrease ☐ Both ☐ No

---

| Part IV | ESOPs (see instructions). If this is not a plan described under Section 409(a) or 4975(e)(7) of the Internal Revenue Code, skip this Part. |
|---|---|

**10** Were unallocated employer securities or proceeds from the sale of unallocated securities used to repay any exempt loan? ............. ☐ Yes ☐ No

**11 a** Does the ESOP hold any preferred stock?................................................................................................. ☐ Yes ☐ No

**b** If the ESOP has an outstanding exempt loan with the employer as lender, is such loan part of a "back-to-back" loan? (See instructions for definition of "back-to-back" loan.)............................................ ☐ Yes ☐ No

**12** Does the ESOP hold any stock that is not readily tradable on an established securities market?................................ ☐ Yes ☐ No

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.

Schedule R (Form 5500) 2014
v. 140124

Schedule R (Form 5500) 2014                                          Page **2** - ☐

| Part V | Additional Information for Multiemployer Defined Benefit Pension Plans |
|---|---|

**13**   Enter the following information for each employer that contributed more than 5% of total contributions to the plan during the plan year (measured in dollars). See instructions. *Complete as many entries as needed to report all applicable employers.*

**a**   Name of contributing employer

**b**   EIN       **c**   Dollar amount contributed by employer

**d**   Date collective bargaining agreement expires *(If employer contributes under more than one collective bargaining agreement, check box* ☐ *and see instructions regarding required attachment. Otherwise, enter the applicable date.)*   Month    Day    Year

**e**   Contribution rate information *(If more than one rate applies, check this box* ☐ *and see instructions regarding required attachment. Otherwise, complete lines 13e(1) and 13e(2).)*
     (1)   Contribution rate (in dollars and cents)
     (2)   Base unit measure: ☐ Hourly    ☐ Weekly    ☐ Unit of production    ☐ Other (specify):

**a**   Name of contributing employer

**b**   EIN       **c**   Dollar amount contributed by employer

**d**   Date collective bargaining agreement expires *(If employer contributes under more than one collective bargaining agreement, check box* ☐ *and see instructions regarding required attachment. Otherwise, enter the applicable date.)*   Month    Day    Year

**e**   Contribution rate information *(If more than one rate applies, check this box* ☐ *and see instructions regarding required attachment. Otherwise, complete lines 13e(1) and 13e(2).)*
     (1)   Contribution rate (in dollars and cents)
     (2)   Base unit measure: ☐ Hourly    ☐ Weekly    ☐ Unit of production    ☐ Other (specify): _____

**a**   Name of contributing employer

**b**   EIN       **c**   Dollar amount contributed by employer

**d**   Date collective bargaining agreement expires *(If employer contributes under more than one collective bargaining agreement, check box* ☐ *and see instructions regarding required attachment. Otherwise, enter the applicable date.)*   Month    Day    Year

**e**   Contribution rate information *(If more than one rate applies, check this box* ☐ *and see instructions regarding required attachment. Otherwise, complete lines 13e(1) and 13e(2).)*
     (1)   Contribution rate (in dollars and cents)
     (2)   Base unit measure: ☐ Hourly    ☐ Weekly    ☐ Unit of production    ☐ Other (specify): _____

**a**   Name of contributing employer

**b**   EIN       **c**   Dollar amount contributed by employer

**d**   Date collective bargaining agreement expires *(If employer contributes under more than one collective bargaining agreement, check box* ☐ *and see instructions regarding required attachment. Otherwise, enter the applicable date.)*   Month    Day    Year

**e**   Contribution rate information *(If more than one rate applies, check this box* ☐ *and see instructions regarding required attachment. Otherwise, complete lines 13e(1) and 13e(2).)*
     (1)   Contribution rate (in dollars and cents)
     (2)   Base unit measure: ☐ Hourly    ☐ Weekly    ☐ Unit of production    ☐ Other (specify): _____

**a**   Name of contributing employer

**b**   EIN       **c**   Dollar amount contributed by employer

**d**   Date collective bargaining agreement expires *(If employer contributes under more than one collective bargaining agreement, check box* ☐ *and see instructions regarding required attachment. Otherwise, enter the applicable date.)*   Month    Day    Year

**e**   Contribution rate information *(If more than one rate applies, check this box* ☐ *and see instructions regarding required attachment. Otherwise, complete lines 13e(1) and 13e(2).)*
     (1)   Contribution rate (in dollars and cents)
     (2)   Base unit measure: ☐ Hourly    ☐ Weekly    ☐ Unit of production    ☐ Other (specify): _____

**a**   Name of contributing employer

**b**   EIN       **c**   Dollar amount contributed by employer

**d**   Date collective bargaining agreement expires *(If employer contributes under more than one collective bargaining agreement, check box* ☐ *and see instructions regarding required attachment. Otherwise, enter the applicable date.)*   Month    Day    Year

**e**   Contribution rate information *(If more than one rate applies, check this box* ☐ *and see instructions regarding required attachment. Otherwise, complete lines 13e(1) and 13e(2).)*
     (1)   Contribution rate (in dollars and cents)
     (2)   Base unit measure: ☐ Hourly    ☐ Weekly    ☐ Unit of production    ☐ Other (specify): _____

Schedule R (Form 5500) 2014                                            Page **3**

| | | | |
|---|---|---|---|
| 14 | Enter the number of participants on whose behalf no contributions were made by an employer as an employer of the participant for: | | |
| | a | The current year......................................................................................... | **14a** | |
| | b | The plan year immediately preceding the current plan year............................ | **14b** | |
| | c | The second preceding plan year.................................................................... | **14c** | |
| 15 | Enter the ratio of the number of participants under the plan on whose behalf no employer had an obligation to make an employer contribution during the current plan year to: | | |
| | a | The corresponding number for the plan year immediately preceding the current plan year..................... | **15a** | |
| | b | The corresponding number for the second preceding plan year......................................................... | **15b** | |
| 16 | Information with respect to any employers who withdrew from the plan during the preceding plan year: | | |
| | a | Enter the number of employers who withdrew during the preceding plan year  ................................... | **16a** | |
| | b | If line 16a is greater than 0, enter the aggregate amount of withdrawal liability assessed or estimated to be assessed against such withdrawn employers | **16b** | |
| 17 | If assets and liabilities from another plan have been transferred to or merged with this plan during the plan year, check box and see instructions regarding supplemental information to be included as an attachment. .................................................................................................. ☐ | | |

| Part VI | Additional Information for Single-Employer and Multiemployer Defined Benefit Pension Plans |
|---|---|

18   If any liabilities to participants or their beneficiaries under the plan as of the end of the plan year consist (in whole or in part) of liabilities to such participants and beneficiaries under two or more pension plans as of immediately before such plan year, check box and see instructions regarding supplemental information to be included as an attachment ................................................................................................ ☐

19   If the total number of participants is 1,000 or more, complete lines (a) through (c)
    a   Enter the percentage of plan assets held as:
        Stock: _____%   Investment-Grade Debt: _____%   High-Yield Debt: _____%   Real Estate: _____%   Other: _____%
    b   Provide the average duration of the combined investment-grade and high-yield debt:
        ☐ 0-3 years   ☐ 3-6 years   ☐ 6-9 years   ☐ 9-12 years   ☐ 12-15 years   ☐ 15-18 years   ☐ 18-21 years   ☐ 21 years or more
    c   What duration measure was used to calculate line 19(b)?
        ☐ Effective duration   ☐ Macaulay duration   ☐ Modified duration   ☐ Other (specify):